1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jeffrey M. Ratinoff, Bar No. 197241
   jratinoff@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  The Letitia Building
   70 South First Street
5  San Jose, CA 95113-2406

6  *mailing address:*
   P.O. Box 1469
7  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
8  Facsimile:    (408) 998-4790

9  Attorneys for Plaintiff
   NEO4J, INC.

10

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13  NEO4J, INC., a Delaware corporation          CASE NO.  5:19-cv-6226

14                Plaintiff,                      **COMPLAINT FOR: (1) TRADEMARK
                                                 INFRINGEMENT; (2) FALSE
15  v.                                           ADVERTISING AND FALSE
                                                 DESIGNATION OF ORIGIN; AND (3)
16  GRAPH FOUNDATION, INC., an Ohio              FEDERAL AND STATE UNFAIR
    corporation,                                 COMPETITION**
17
                  Defendant.                      **DEMAND FOR JURY TRIAL**
18

19

20        Plaintiff Neo4j, Inc. ("Plaintiff" or "Neo4j") hereby brings the present action against

21  Defendant Graph Foundation ("Defendant" or "Graph Foundation") and alleges as follows:

22                            <u>**NATURE OF ACTION**</u>

23        1.       This is an action for damages and injunctive relief arising out of Defendant's

24  infringement of Plaintiff's federally-registered trademark under Section 32(1) of the Lanham Act,

25  15 U.S.C. § 1114(1), for unfair competition, false advertising and false designation of origin

26  under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related

27  claims of unfair competition under the State of California's Unfair Competition Laws, all arising

28  ///

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3351764.5
COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND
(3) FEDERAL AND STATE UNFAIR COMPETITION

from the Defendant's unauthorized use of Plaintiff's NEO4J® trademark in connection with the distribution, advertising, promotion, offering, and/or sale of Defendant's goods or services.

## THE PARTIES

2.      Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business in San Mateo, California. Plaintiff originally incorporated as Neo Technology, Inc. and then changed its name to Neo4j, Inc. in or about July 2017. Plaintiff is the graph company behind the number one database, and surrounding platform, for connected data, marketed and sold under the trademark NEO4J®. The NEO4J® graph database platform helps organizations make sense of their data by revealing how people, processes and digital systems are interrelated. This connections-first approach powers intelligent applications tackling challenges such as artificial intelligence, fraud detection, real-time recommendations and master data.

3.      Plaintiff boasts the world's largest dedicated investment in native graph technology. It has more than 300 commercial customers, including global enterprises like Walmart, Comcast, Cisco, eBay, and UBS use NEO4J® to create a competitive advantage from connections in their data. Plaintiff also does substantial business with government agencies, including agencies within the United States Government.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant Graph Foundation is a corporation that is incorporated in Ohio and has its principal place of business in Wooster, Ohio.  Plaintiff is informed and believes, and thereon alleges, that Defendant purports to be a not for profit corporation and open source software development company that offers graph platform software, which competes with the NEO4J® graph platform.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court over the subject matter of this action is predicated, pursuant to 28 U.S.C. § 1331, on the fact that Plaintiff presents a civil action arising under the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051 et seq.  The remainder of Plaintiff's claims are subject to the jurisdiction of this Court, pursuant to 28 U.S.C. §§ 1338(b) and 1367, because the claims are joined with one or more substantial and related claims under the Lanham Act.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3351764.5                                    - 1 -
COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

6.     This action arises out of wrongful acts committed by Defendant in California and this District, which acts subject Defendant to the personal jurisdiction of this Court. Plaintiff is informed and believes, and based thereon alleges that Defendant specifically targets consumers and derives substantial revenue within California and this District, and expects its actions to have consequences within California and this District.  For all of these reasons, personal jurisdiction over Defendant exists.

7.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this District. In addition, Defendant has on a continual basis committed the wrongful acts alleged below within this District, in business interactions purposely elicited by Defendant with or directed to residents of the District, all of which has harmed and continues to harm Plaintiff within this District.

## INTRADISTRICT ASSIGNMENT

8.     Pursuant to Northern District Local Rule 3-2(c) and Northern District General Order 44, venue in this action is proper in any Courthouse in this District because this case is brought under the Lanham Act and involves intellectual property rights.

## PLAINTIFF AND THE NEO4J® BRAND

9.     Plaintiff was formed after its founders encountered performance problems with relational database management systems (RDMS).  Plaintiff then developed a graph database management system developed under the NEO4J® brand and quickly became the industry leader in graph database solutions and software.

10.     In conjunction with its business, Plaintiff filed for and obtained several federally registered trademarks.  Specifically, Plaintiff is the owner of U.S. Trademark Registration No. 4,784,280 for the word mark "NEO4J" covering the following goods and services (the "NEO4J® Mark"):

- (IC 009) Computer programs for managing, storing, and accessing data from a database, analyzing data in computer databases for business purposes, processing in the nature of updating data in computer databases, and visualizing in the nature

/ / /

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ● PALO ALTO

842\3351764.5

- 2 -

COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

of creating graphs from data stored in databases; computer programs for storing, managing, and querying data from databases on computers, computer networks, and global computer networks.

- (IC 035) Consulting services and advice in the field of updating and maintenance of data in computer databases.

- (IC 041) Educational services, namely, conducting training classes, certification training, workshops, tutorial sessions, and online classes in the fields of designing computer databases and updating and maintenance of data in computer databases, and distributing course materials in connection therewith; providing training services in the fields of designing computer databases and updating and maintenance of data in computer databases, and distributing course materials in connection therewith.

- (IC 042) Providing a web site featuring technology that enables end users to store, manage, and query data from databases on computers, computer networks, and global computer networks; cloud computing featuring software for use in managing, storing, and accessing data from a database, analyzing data in computer databases for business purposes, processing in the nature of updating data in computer databases, and visualizing in the nature of creating graphs from data stored in databases; Technical support services, namely, installation, administration, and troubleshooting of database applications; Computer services, namely, providing consultation services and advice in the fields of designing computer databases.

- (IC 045) Consulting services and advice in the field of maintaining the security and integrity of databases.

11.     Plaintiff first used the NEO4J® Mark in June 2006 and first used that mark in commerce in May 2007, and has continually used the NEO4J® Mark since being published by the USPTO in May 2015 and issued on August 4, 2015.  A true and correct copy of U.S. Trademark Registration No. 4,784,280 is attached hereto as **Exhibit 1**.

12.     Plaintiff has spent considerable effort and investment in the NEO4J® Mark and brand, which as a result have become widely known and are closely identified with Plaintiff and represent substantial, valuable goodwill.

**THE EVOLUTION OF NEO4J'S LICENSING MODEL FOR NEO4J® SOFTWARE**

13.     Prior to November 2018, Neo4j's business model was to offer a free open source version of its primary software offering, NEO4J® Community Edition ("Community Edition"), under the GPLv3 license. This edition is limited in its feature set and offers no support.  Users requiring additional features for more advanced commercial operation, together with support, licensed its NEO4J® Enterprise Edition ("NEO4J® EE") under commercial terms.  NEO4J® EE

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3351764.5                                                    - 3 -
COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

is a full superset of Neo4j® Community Edition, containing significant additional functionality intended for commercial use.

14.     Plaintiff originally offered the NEO4J® EE under both a paid for commercial license and the free GNU Affero General Public License, version 3 ("AGPLv3").   A commercial license to NEO4J® EE entitled the purchaser to use it in a proprietary setting with industry standard terms, receive support or professional services from Plaintiff, and the right to receive software updates, which included feature updates, bug fixes and assistance.  Purchasing a commercial license at a fair price supported the continued development and improvement of NEO4J® software.

15.     In May 2018, Plaintiff released NEO4J® EE version 3.4, which it continued to offer under a proprietary commercial license.  However, it replaced the AGPLv3 with a stricter license, the AGPLv3 with Commons Clause.  This new license, while allowing code to be publicly viewable and used within a certain limited scope of usage, is generally recognized in the software industry not to qualify as open source, as it prohibits all third-party resale and services activity.  Plaintiff added the Commons Clause to its license for NEO4J® EE to prevent third parties, such as Defendant, from monetizing such software while not contributing back to the companies who are producers of the software.

16.     In November 2018, Plaintiff released version 3.5 of NEO4J® EE solely under a commercial license, while it continued to offer the Community Edition as open source software.  This meant that Plaintiff was no longer publishing source code for NEO4J® EE on open source terms.  This was done to simplify its licensing model, as well as prevent bad actors (such as Defendant) from willfully misrepresenting the AGPLv3 with Commons Clause and profiting by providing commercial support services in closed, proprietary projects.

17.     All versions of NEO4J® software are subject to Neo4j's Trademark Policy found on its website, which states in relevant part:

> Although some Neo4j projects may be available under free and open licenses, those licenses cover copyright only and do not include any express or implied right to use our trademarks. Neo4j does not allow third parties to use its trademarks without a written agreement or express permission. Thus, Neo4j projects that are available under open source licenses may be copied,

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3351764.5                          - 4 -
COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

modified, or sold by third parties, but they cannot be branded or marketed with Neo4j trademarks in the absence of a trademark license.

While open-source licenses allow modification of copyrighted software and distribution in original or modified form, such distribution could be misleading if distributed under the same name. This could cause confusion among consumers of the software as to source. They may mistakenly believe they are receiving software that is produced or supported by Neo4j. This Policy describes the circumstances under which you may use our trademarks, regardless of the type of license you may have from Neo4j.

\* \* \*

Any use of the Marks must be licensed and comply with these guidelines. Whenever you use one of the Marks, you must always do so in a way that does not mislead anyone, either directly or by omission, about exactly what they are getting and from whom. For example, you cannot say you are distributing the Neo4j® software when you're distributing a modified version of it, because people would be confused when they are not getting the same features and functionality they would get if they downloaded the software directly from us. You also cannot distribute Neo4j® software using the Marks if you do not have a license from us, because that would imply that your distribution comes from or is supported by Neo4j. You cannot use our Marks on your website in a way that suggests that your website is an official website or that we endorse your website, unless permitted in a written agreement with us.

A true and correct copy of Plaintiff's Trademark Guidelines (https://neo4j.com/trademark-policy) is attached hereto as **Exhibit 2**.

## **DEFENDANT'S INFRINGEMENT OF THE NEO4J® MARK**

18.     Plaintiff is informed and believes, and based thereon alleges that Defendant Graph Foundation was formed on or around June 21, 2018 in response to Plaintiff's decision to only offer NEO4J® EE under a commercial license and to evade the restrictions imposed thereon. Defendant admits as much on its website (https://www.graphfoundation.org/neo4j-is-open-core-now-what-ujah7ein5mis/):

We started Graph Foundation, Inc. (referred to as The Graph Foundation) in June 2018 when we noticed Neo4j's position beginning to change and the implications of this for the community and ecosystem. The Graph Foundation is a nonprofit with 501(c)(3) status and ***its goal is to take over neo4j enterprise development*** ...

A true and correct copy of this statement located on Graph Foundation's website is attached hereto as **Exhibit 3** (emphasis added).

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3351764.5

- 5 -

COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

19.     Defendant offers ONgDB graph database software, which it describes on its website (https://www.graphfoundation.org/projects/ongdb/) as the "free and open source Neo4j Enterprise project," and "a non-restrictive fork of Neo4j, the world's leading Graph Database."  A true and correct copy of this webpage is attached hereto as **Exhibit 4**.  Defendant even admits that the name of its software is derived from the NEO4J® Mark: "we decided on the name ONgDB (oh-n-gee-db) which stands for Open Native Graph DB but also ONgDB's Neo4j Graph DB." *See* Exhibit 3.

20.     Defendant does not have a trademark license from Plaintiff.  Thus, not only are such statements in violation of Plaintiff's Trademark Guidelines, but also create consumer confusion that Defendant is offering a current authorized version of NEO4J® EE or that ONgDB is otherwise endorsed by Plaintiff.

21.     Defendant deceptively markets ONgDB as being the equivalent of Plaintiff's current version of NEO4J® EE that is only available via a commercial license.  For example, Graph Foundation states on its website that "ONgDB distributions are licensed under AGPLv3 as a free and open drop-in replacements of Neo4j Enterprise commercial licensed distributions with the same version number."  *See* Exhibit 4.

22.     Plaintiff is informed and believes, and based thereon alleges that ONgDB is actually compiled from a patchwork of source code from older versions of official NEO4J® software, and includes source code authored by Defendant, while being passed off by Defendant as identical to Neo4j's current commercial-only releases of NEO4J® EE.

23.     By recompiling older releases of NEO4J® source code that is frozen in time, Defendant is creating software that is not of the same quality as if were compiled by Plaintiff. This is because Defendant is not using Plaintiff's build infrastructure, which carries out tens of thousands of functional, performance, load, stress, and other tests to ensure quality.  ONgDB also does not include critical fixes nor does it contain any other ongoing improvements made by Plaintiff to NEO4J® EE. Further, because Defendant introduced its own modifications in recompiling ONgDB from various iterations of NEO4J® software, this increases the potential for stability and compatibility issues with ONgDB.  As a result, Defendant is misleading consumers

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3351764.5

- 6 -

COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

into believing they are downloading an exact copy of Plaintiff's current commercial-only releases of NEO4J® EE from Graph Foundation's website, which in actuality they are receiving an inferior product that is not a true "drop in" replacement.

24.     Additionally, the ONgDB download available on Graph Foundation's website at https://cdn.graphfoundation.org/ongdb/dist/ongdb-enterprise-3.5.4-windows.zip contains numerous executable files which are called "neo4j" that clearly infringes on the NEO4J® Mark:



> This PC  >  Downloads  >  ongdb-enterprise-3.5.4-windows  >  ongdb-enterprise-3.5.4  >  lib

| Name | Type | Compressed size |
| --- | --- | --- |
| neo4j-3.5.4 | Executable Jar File | 85 KB |
| neo4j-annotation-processors-3.... | Executable Jar File | 12 KB |
| neo4j-ast-3.5-3.5.4 | Executable Jar File | 1,236 KB |
| neo4j-auth-plugin-api-3.5.4 | Executable Jar File | 28 KB |
| neo4j-backup-3.5.4 | Executable Jar File | 126 KB |
| neo4j-bolt-3.5.4 | Executable Jar File | 238 KB |
| neo4j-causal-clustering-3.5.4 | Executable Jar File | 1,098 KB |
| neo4j-cluster-3.5.4 | Executable Jar File | 291 KB |
| neo4j-codegen-3.5.4 | Executable Jar File | 429 KB |
| neo4j-collections-3.5.4 | Executable Jar File | 118 KB |
| neo4j-com-3.5.4 | Executable Jar File | 137 KB |
| neo4j-command-line-3.5.4 | Executable Jar File | 38 KB |
| neo4j-common-3.5.4 | Executable Jar File | 119 KB |
| neo4j-concurrent-3.5.4 | Executable Jar File | 32 KB |
| neo4j-configuration-3.5.4 | Executable Jar File | 32 KB |
| neo4j-consistency-check-3.5.4 | Executable Jar File | 340 KB |
| neo4j-csv-3.5.4 | Executable Jar File | 90 KB |
| neo4j-cypher-3.5.4 | Executable Jar File | 1,862 KB |
| neo4j-cypher-compiled-express... | Executable Jar File | 493 KB |
| neo4j-cypher-compiler-2.3-2.3.12 | Executable Jar File | 7,124 KB |
| neo4j-cypher-compiler-3.1-3.1.9 | Executable Jar File | 8,886 KB |
| neo4j-cypher-expression-3.4-3.4... | Executable Jar File | 729 KB |
| neo4j-cypher-frontend-2.3-2.3.12 | Executable Jar File | 2,918 KB |
| neo4j-cypher-frontend-3.1-3.1.9 | Executable Jar File | 2,685 KB |
| neo4j-cypher-interpreted-runti... | Executable Jar File | 2,641 KB |
| neo4j-cypher-ir-3.4-3.4.12 | Executable Jar File | 464 KB |
| neo4j-cypher-ir-3.5-3.5.4 | Executable Jar File | 531 KB |
| neo4j-cypher-logical-plans-3.4-... | Executable Jar File | 675 KB |
| neo4j-cypher-logical-plans-3.5-... | Executable Jar File | 748 KB |
| neo4j-cypher-morsel-runtime-3... | Executable Jar File | 346 KB |
| neo4j-cypher-physical-planning... | Executable Jar File | 280 KB |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

- 7 -

COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

25.     Defendant also plagiarized the nearly exact wording from Plaintiff's license files included with its official NEO4J® software. As seen in the README.asciidoc license and attribution files for NEO4J® software, Plaintiff describes its platform as follows:

> Neo4j is the world's leading Graph Database. It is a high performance graph store with all the features expected of a mature and robust database, like a friendly query language and ACID transactions. The programmer works with a flexible network structure of nodes and relationships rather than static tables — yet enjoys all the benefits of enterprise-quality database. For many applications, Neo4j offers orders of magnitude performance benefits compared to relational DBs.

A true and correct copy of Plaintiff's README.asciidoc license is attached hereto as **Exhibit 5**.

26.     Defendant only made minor modifications and used substantially the whole text in describing ONgDB on its website:

> Open Native Graph DB (ONgDB) is a non-restrictive fork of Neo4j, the world's leading Graph Database. It is a high performance graph store with all the features expected of a mature and robust database, like a friendly query language, ACID transactions and high availability clustering. The programmer works with a flexible network structure of nodes and relationships rather than static tables — yet enjoys all the benefits of enterprise-quality database. For many applications, ONgDB offers orders of magnitude performance benefits compared to relational DBs.

*See* Exhibit 4. Thus, further falsely and misleadingly suggesting that ONgDB is the equivalent of an authorized version of NEO4J® EE or is otherwise endorsed by Plaintiff.

27.     Defendant's GitHub repository for ONgDB's source code (https://github.com/graphfoundation/ongdb), which Plaintiff is informed and believes and based thereon alleges is located in San Francisco, California, also contains false and misleading statements concerning the nature of ONgDB, as well as the wide-spread misuse of the NEO4J® Mark.  A true and correct print-out of this Github webpage is attached hereto as **Exhibit 6**.

28.     At the top of Defendant's Github repository page, it states that "ONgDB (Open Native Graph DB) - Neo4j fork with enterprise code base. ONgDB keeps in sync with the Neo4j github repo."  *See* Exhibit 6.  Below that heading, Defendant prominently states:

/ / /

/ / /

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3351764.5                                    - 8 -
COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

# ONgDB - Neo4j Enterprise Fork: Graphs for Everyone

Neo4j is the world's leading Graph Database. It is a high performance graph store with all the features expected of a mature and robust database, like a friendly query language and ACID transactions. The programmer works with a flexible network structure of nodes and relationships rather than static tables — yet enjoys all the benefits of enterprise-quality database. For many applications, Neo4j offers orders of magnitude performance benefits compared to relational DBs.

*See* Exhibit 6.  The foregoing statement is identical to the aforementioned NEO4J®

README.asciidoc license and attribution files.  *See* Exhibit 5.  It is also virtually identical to

Plaintiff's Github repository page:

# Neo4j: Graphs for Everyone

Neo4j is the world's leading Graph Database. It is a high performance graph store with all the features expected of a mature and robust database, like a friendly query language and ACID transactions. The programmer works with a flexible network structure of nodes and relationships rather than static tables — yet enjoys all the benefits of enterprise-quality database. For many applications, Neo4j offers orders of magnitude performance benefits compared to relational DBs.

A true and correct print-out of this webpage is attached hereto as **Exhibit 7**.

29.     Plaintiff is informed and believes, and based thereon alleges that Defendant's use

of "Neo4j Enterprise," prominent use of embedded "Neo4j" links to Plaintiff's website and

Github repository based in this District, and suggesting that ONgDB is "synced" with Plaintiff's

current commercial-only releases of NEO4J® EE misleads consumers into believing they are

downloading an exact copy of Plaintiff's current commercial-only release of NEO4J® EE.

30.     In addition, Defendant does not use its own support documentation for ONgDB,

but instead relies upon and hotlinks to Plaintiff's official documentation located on Plaintiff's

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

842\3351764.5
- 9 -
COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

Github repository: "To build the documentation see the Neo4j documentation." *See* Exhibit 6. Defendant also hotlinks to Plaintiff's official documentation, including operation manuals, located on Plaintiff's corporate website: "Look for 3.5 Operations manual here." *See* Exhibit 8. This documentation is subject to a separate license, which has a non-commercial restriction.

31.     Despite Defendant's use of ONgDB to refer to its unauthorized hybrid "Neo4j Enterprise" offering, they have misleadingly matched the version numbers of such offerings to the equivalent genuine NEO4J® EE version, while falsely maintaining ONgDB is identical to Plaintiff's official offerings and failing to use proper trademark notices after the NEO4J® Mark. The few statements by Defendant that disclaim a relationship or affiliation with Plaintiff are undermined by their misinformation campaign to confuse customers as to the actual differences in its "forked" version of ONgDB that they often refer to as Neo4j Enterprise.  Defendant's prominent display of the NEO4J® Mark in a repetitive manner without proper trademark notices, use of "Neo4j" and interchangeable use of "Neo4j Enterprise" with "ONgDB" on Defendant's website and Github repository, again without proper trademark notices, is a clear attempt to confuse customers as to the source, origin or affiliate of the parties' respective offerings.

32.     Defendant's actions described above constitute unauthorized use of the NEO4J® Mark in commerce in connection with the distribution, offering, or promotion of the Defendant's ONgDB software is likely to cause and has caused consumer confusion.  Such actions were made with an intent to deceive consumers, which interferes with Neo4j's ability to differentiate its NEO4J® offerings from those of Defendant's unauthorized hybrid ONdGB offering.

33.     On March 21, 2019, Defendant boasted the following on its website (https://www.graphfoundation.org/1000th-ongdb-open-neo4j-enterprise-3-5-download-iequoh3ja/) while continuing to misuse the NEO4J® Mark and mislead consumers by mischaracterizing ONgDB 3.5 as "Neo4j Enterprise:"

> We are excited to announce today that we have reached our **1,000th download of ONgDB 3.5**, the Open Neo4j Enterprise project!
>
> * * *
>
> We are proud of this community that has worked to keep Neo4j Enterprise 3.5 open source. Building an open native graph database to reach the masses

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3351764.5

- 10 -

COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

is our mission and reaching the 1000th download is a sign that we are succeeding in our mission to put a scalable graph to work for everyone.

A true and correct copy of this portion of Defendant's website is attached hereto as **Exhibit 9**.

34.     Plaintiff is informed and believes, and based thereon alleges that Defendant's actions described above have caused actual consumer confusion.  For example, users have expressed uncertainty and confusion over license obligations, as well as encountered compatibility issues resulting from downloading ONgDB:

Do the terms of use for "neo4j Desktop" apply to the ONGDB server which I downloaded under AGPLv3 license? I read the Desktop terms carefully and they refer everywhere to "neo4j Desktop software". Has anybody encountered this issue? I am feeling really stupid for not thinking this through before downloading the Desktop Software, especially as database authentication keeps failing. Before I spend any more time troubleshooting, could someone indicate any features of Desktop that are really worth it (other than UI)? I am planning production, so the license is important to me.

A true and correct copy of the foregoing post on the Neo4j Online Community is attached hereto as **Exhibit 10**.

35.     Defendant impermissibly and repeatedly uses the NEO4J® Mark as a hashtag to represent its software:

**The Graph Foundation** @GraphFoundation · Mar 21
#**ONgDB**, Open #Neo4j Enterprise, marches on with 1,000th download. Read more:

**1,000th ONgDB (Open Neo4j Enterprise) 3.5 Downl…**
We are excited to announce today that we have reached our 1,000th download of ONgDB 3.5, the Open Neo4j Enterprise project!
graphfoundation.org

💬       ↻ 3              2

**The Graph Foundation** @GraphFoundation · Mar 21
Our #**ONgDB**/#Neo4j Enterprise CI server is up and running builds at
bamboo.graphfoundation.org/browse/GF

💬       ↻              1

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3351764.5

COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

Such use implies sponsorship or endorsement by Plaintiff as there are generic words that Defendant may use to describe its graph software especially when Defendant uses Plaintiff's NEO4J® Mark to refer to its *own* ONgDB software, not Plaintiff's software.  And, Defendant uses more of the NEO4J® Mark than is reasonably necessary to identify the product.  A true and correct copy of Graph Foundation's tweets using #ongdb in conjunction with #neo4j is attached hereto as **Exhibit 11**.

36.     Plaintiff is informed and believes, and based thereon alleges that consumers that have downloaded ONgDB rather than official NEO4J® software have experienced issues that Neo4j would have been able to address for licensed users with authorized support services and/or may not have occurred at all had such users downloaded official NEO4J® Software rather than ONgDB.  True and correct copies of printouts from third party websites www.stackoverflow.com and www.xbuba.com illustrating these issues are attached hereto as **Exhibits 12-16**.

37.     Plaintiff is informed and believes, and based thereon alleges that Defendant continues to extenuate such issues and causes consumer confusion by engaging in the above-described unauthorized use of the NEO4J® Mark and making the foregoing false and misleading statements in connection with the distribution, offering, and promotion of its ONgDB software.

## FIRST CAUSE OF ACTION

### TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

### (Against Graph Foundation Inc.)

38.     Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39.     Plaintiff has been actively using the NEO4J® Mark in interstate commerce since at least as early as 2007.  Plaintiff's graph database solutions and software and related supported services offered under the NEO4J® Mark has enjoyed and continues to enjoy extensive recognition among customers, reviewers and industry professionals in the marketplace.

40.     Plaintiff currently offers, and has a long and established history of offering graph database solutions and software and related services, both directly and through authorized NEO4J® Solution Partners under the distinctive NEO4J® Mark.  Through favorable acceptance

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3351764.5                                          - 12 -

COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

and recognition by customers, reviewers and industry professionals, the NEO4J® Mark has come to be associated in the public with Plaintiff, have become an asset of substantial value to Plaintiff, and a symbol of its high quality, industry leading graph database solutions and software and related services, as garnered substantial goodwill.

41.   Plaintiff's graph database solutions and software and related services offered under the NEO4J® Mark are advertised via print publications, over the Internet through Plaintiff's website and through third-party websites and blogs, paid advertising on LinkedIn, Twitter, Facebook, and elsewhere, as well as via mobile applications and publications, physical billboards, and signage at both company-branded and third-party events.

42.   Plaintiff has expended considerable time, money and effort in advertising and promoting its graph database solutions and software and related support services under the NEO4J® Mark among consumers and authorized NEO4J® Solution Partners.  Consequently, Plaintiff has developed substantial and exclusive goodwill and reputation in connection with the NEO4J® Mark for its graph database solutions and software and related support services.

43.   As a result of these expenditures, combined with substantial sales of Plaintiff's graph database solutions and software and related support services under the NEO4J® Mark, the relevant consuming public and likely customers have come to recognize the NEO4J® Mark as favorably distinguishing Plaintiff's graph database solutions and software and related support services from those of its competitors.

44.   Due to this widespread public use and recognition, the NEO4J® Mark has become an asset of significant value and goodwill, and a successful indicator of the source of Plaintiff's graph database solutions and software and related support services.

45.   Defendant's software and related services directly compete with Plaintiff's graph database solutions and software and related services offered and sold under Plaintiff's NEO4J® Mark.  The customers and users, and potential users and consumers of Plaintiff's graph database solutions and software and related services offered and sold under Plaintiff's NEO4J® Mark are identical to the user and customers and potential users and customers of Defendant's ONgDB graph database software and related services.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3351764.5
- 13 -
COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

46.     Defendant has actual knowledge of Plaintiff's rights in the NEO4J® Mark and is willfully infringing and intentionally adopted and used these marks in commerce without Plaintiff's consent in connection with the sale, offering for sale, distribution and advertising of competing graph database solutions and software and related support services.  Defendant's software and related services have been disseminated and distributed through various means including, without limitation, sales and solicitations through Defendant's Internet interactive website, Github.com and other third party websites, including within this District.

47.     Defendant's willful, intentional and unauthorized use of the NEO4J® Mark in conjunction with the sale and advertising of Defendant's graph database solutions and software and related support services is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of Plaintiff's graph database solutions and software and related support services.

48.     Defendant's activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful sale, offering for sale, distribution, or advertising of its products and services in conjunction with their unauthorized use of Plaintiff's NEO4J® Mark. Specifically, Plaintiff has been damaged in an amount according to proof at trial.

50.     Defendant's acts are likely to continue, the award of money damages alone will not adequately compensate Plaintiff.  By its unauthorized use of the NEO4J® Mark and refusal to cease such use, Defendant has caused, and will continue to cause irreparable harm, damages and injury to Plaintiff.  Plaintiff's injuries will continue unless restrained by order of this Court. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING – 15 U.S.C. § 1125(a)

### (Against Graph Foundation)

51.     Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 50 of this Complaint as though fully set forth herein.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3351764.5                                    - 14 -
COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

1  52.    Defendant's actions constitute a false designation of origin and false advertising

2  under 15 U.S.C. § 1125(a), which is likely to cause confusion, mistake and/or to deceive

3  consumers and has confused and deceived consumers into believing that Defendant's goods and

4  services are affiliated with, sponsored by, or somehow connected with Plaintiff and/or Plaintiff's

5  NEO4J® Mark, and, as a consequence, are likely to divert customers away from Plaintiff

6  and/or its authorized NEO4J® Solution Partners.

7  53.    Defendant's unlawful activities reflect adversely on Plaintiff because it has no

8  control over the nature and quality of the services and products advertised and sold by Defendant,

9  and as the believed source of origin, Plaintiff's efforts to continue to protect its reputation for high

10 quality graph database solutions and software and related support services sold under the

11 NEO4J® Mark will be hampered, resulting in the loss of goodwill and sales, to the irreparable

12 harm of Plaintiff.

13 54.    Further, any failure, neglect, or default by Defendant in providing authorized

14 NEO4J® products and services will continue to reflect adversely on Plaintiff as the believed

15 source of origin thereof, hampering efforts by Plaintiff to continue to protect its outstanding

16 reputation for high quality graph database solutions and software and software-related services,

17 resulting in loss of customers and partners, as well as the loss of goodwill and sales, all to the

18 irreparable harm of Plaintiff.

19 55.    The actions of Defendant as alleged herein constitute intentional, willful, knowing

20 and deliberate false designation of origin and false advertising pursuant to 15 U.S.C. § 1125(a).

21 56.    Defendant's willful, intentional and unauthorized use of the NEO4J® Mark is

22 likely to cause and is causing confusion, mistake, and deception as to the origin and quality of

23 Defendant's software products and software-related services.

24 57.    The injuries and damages sustained by Plaintiff have been directly and

25 proximately caused by Defendant's wrongful and misleading sale, offering for sale, distribution,

26 or advertising of its software products and software-related services.  Specifically, Plaintiff has

27 been damaged in an amount according to proof at trial.

28 / / /

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3351764.5                                    - 15 -
COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND
(3) FEDERAL AND STATE UNFAIR COMPETITION

58.     As Defendant's acts are likely to continue, the award of money damages alone will not adequately compensate Plaintiff.  By their false designation of origin and false advertising, and refusal to cease the use of Plaintiff's NEO4J® Mark, Defendant has caused, and will continue to cause irreparable harm, damages and injury to Plaintiff.  Plaintiff's injuries will continue unless restrained by order of this Court.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION – 15 U.S.C. § 1125(a)

### (Against Graph Foundation)

59.     Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60.     Defendant's conduct described and alleged in this complaint constitutes unfair competition and fraudulent business practices in violation of 15 U.S.C. § 1125.  Defendant is deliberately, intentionally and unlawfully exploiting Plaintiff's NEO4J® Mark and consumer goodwill for the benefit of Defendant's own software and related services.

61.     Defendant's use of the NEO4J® Mark in conjunction with its business constitutes the use of a word, term, name, or any combination thereof, that is likely to cause confusion, mistake, or deception as to the affiliation, connection, origin, sponsorship, approval and/or association of Defendant and its software products and software-related services with Plaintiff, within the meaning of 15 U.S.C. § 1125(a)(1).

62.     In addition, Defendant's use of the NEO4J® Mark constitutes a commercial use that causes actual and/or likely dilution of the distinctive quality of Plaintiff's NEO4J® Mark by lessening the capacity of the NEO4J® Mark to identify Plaintiff, and distinguish its software products and software-related services.  Defendant knowingly traded on Plaintiff's reputation and goodwill after Plaintiff's NEO4J® Mark had become well known.

63.     As a direct and proximate result of Defendant's acts and misconduct, Plaintiff is informed and believes, and thereon alleges, that customers and prospective customers have been confused and misled, deceived and mistaken as to the source or sponsorship of Defendant's

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3351764.5

- 16 -

COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

1  unauthorized software products and software-related services, and have been deterred from

2  purchasing Plaintiff's graph database solutions and software and related support services, in

3  disruption of Plaintiff's business activities.

4      64.     Plaintiff has therefore been damaged and is likely to suffer further damage in an

5  amount to be proven at trial, but in excess of the minimum jurisdiction of this Court.  In

6  particular, Plaintiff is entitled to, without limitation, damages for its loss of sales and goodwill, as

7  well as recovery of any and all profit derived by Defendant through its wrongful acts in an

8  amount according to proof at trial.

9      65.     As Defendant's wrongful acts are likely to continue, the award of money damages

10  alone will not adequately compensate Plaintiff.  By their use of the NEO4J® Mark, Defendant

11  has caused, and will continue to cause irreparable harm, damages and injury to Plaintiff.

12  Plaintiff's injuries will continue unless restrained by order of this Court.  Accordingly, Plaintiff is

13  entitled to preliminary and permanent injunctive relief.

14                        **FOURTH CAUSE OF ACTION**

15        **UNFAIR COMPETITION – Cal. Bus. Prof. Code §§ 17200 et seq.**

16                        **(Against Graph Foundation)**

17      66.     Plaintiff incorporates and realleges the allegations set forth in paragraphs 1

18  through 65 of this complaint as though fully set forth herein.

19      67.     Plaintiff is informed and believes, and thereon alleges, that Defendant conducts

20  business within California, including, without limitation, the advertising and distribution of

21  Defendant's products and services, including over Defendant's interactive internet website and its

22  Github repository on the internet.

23      68.     Defendant's conduct described and alleged in this Complaint constitutes unfair,

24  unlawful, and fraudulent business practices in violation of California Business & Professions

25  Code §§ 17200 et seq.

26      69.     Defendant knew or reasonably should have known that use of NEO4J® Mark

27  deceives and/or confuses customers into believing that Defendant's software and software related

28  services are produced, endorsed, affiliated and/or associated with Plaintiff.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3351764.5                                    - 17 -
COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

70.     Plaintiff is informed and believes, and thereon alleges, that Defendant's misuse of the NEO4J® Mark was an intentional and deliberate attempt to trade on the Plaintiff's goodwill.

71.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff is informed and believes, and thereon alleges, that customers and prospective customers have been confused and misled, deceived and mistaken as to the source or sponsorship of Defendant's unauthorized software products and services, and have been deterred from purchasing and/or using Plaintiff's NEO4J® software and services, in disruption of Plaintiff's business activities. Plaintiff has therefore been damaged and is likely to suffer further damage, and is entitled to the remedies available under Cal. Bus. & Prof. Code § 17200 et seq., including but not limited to injunctive relief and restoration of money or property acquired as a result of Defendant's wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For compensatory damages in an amount to be proven at trial, and that the amount of damages for infringement of Plaintiff's NEO4J® Mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

2.     For an award of all profits heretofore realized by Defendant during its infringing use of the NEO4J® Mark pursuant to 15 U.S.C. § 1117 and other applicable laws and statutes;

3.     For reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117 as this is an exceptional case and/or 18 U.S.C. § 2520(b)(3);

4.     Disgorgement and restitution of Defendant's ill-gotten gains;

5.     For a preliminary and permanent injunction restraining Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by through, under, or in active concert with them temporarily, preliminarily, and permanently enjoined and restrained from use of the NEO4J® Mark;

6.     For interest as allowed by law;

7.     For cost of suit herein incurred; and

/ / /

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

842\3351764.5                                   - 18 -
COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND (3) FEDERAL AND STATE UNFAIR COMPETITION

1

8.    For such other and further relief as this Court may deem proper.

2

Dated: October 1, 2019

3

HOPKINS & CARLEY
A Law Corporation

4

By: */s/ Jeffrey M. Ratinoff*

5

John V. Picone III
Jeffrey M. Ratinoff

6

Attorneys for Plaintiff
NEO4J, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

842\3351764.5

COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND
(3) FEDERAL AND STATE UNFAIR COMPETITION

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff Neo4j, Inc. hereby demands trial by jury for all causes of action presented herein

3    pursuant to Fed. R. Civ. P. 38.

4     Dated: October 1, 2019                           HOPKINS & CARLEY
                                                        A Law Corporation
5

6                                                       By: */s/ Jeffrey M. Ratinoff*
                                                          _____
7                                                         John V. Picone III
                                                          Jeffrey M. Ratinoff
8                                                         Attorneys for Plaintiff
                                                          NEO4J, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

842\3351764.5                                  - 20 -

COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN; AND
(3) FEDERAL AND STATE UNFAIR COMPETITION