JOHN D. PERNICK (SBN 155468)
jpernick@be-law.com
BERGESON, LLP
111 North Market Street, Suite 600
San Jose, CA  95113
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Defendant
GRAPH FOUNDATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation,<br><br>　　　　　　　　　Defendant. | Case No.: 3:19-cv-06226-EJD<br><br>**ANSWER TO COMPLAINT** |

Now comes the defendant Graph Foundation, Inc. ("Graph Foundation" or "Defendant") and in response to the allegations set forth in the Complaint of Plaintiff Neo4J, Inc. ("Neo4J" or "Plaintiff"), answers as follows:

1. Defendant admits that the statement outlines the claims but otherwise denies the claims and the allegations in paragraph 1.

2. Defendant admits, on information and belief, the first and second sentence in paragraph 2. Defendant denies that Plaintiff is the graph company behind an open source software product called Neo4j as the software is owned by and licensed by Neo4j Sweden AB according to the license for Neo4j-enterprise available at GitHub. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and on that basis denies the remaining allegations.

3. Defendant denies, on information and belief, the allegations of paragraph 3.

4. Defendant denies that it "competes" with Plaintiff's graph platform. Defendant admits the remaining allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant admits the allegations of paragraph 8.

9. Defendant denies, on information and belief, the allegations of paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, on that basis, denies the allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, on that basis, denies the allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and, on that basis, denies the allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and, on that basis, denies the allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and, on that basis, denies the allegations.

15. Defendant denies that the AGPLv3 + Common Cause license is valid. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and, on that basis, denies the allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, on that basis, denies the allegations.

17. Paragraph 17 states a legal conclusion and, therefore, requires no response. To the extent Paragraph 17 requires a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and, on that basis, denies the allegations.

18. In response to paragraph 18, Defendant admits that it was formed on June 21, 2018. Defendant states that the statements on its website speaks for itself. Defendant denies the remaining allegations of paragraph 18.

19. In response to paragraph 19, Defendant states that the language on its website speaks for itself. Defendant admits that it offers ONgDB graph database software. Defendant denies the remaining allegations of paragraph 19.

20. Defendant admits that it does not have a written contract granting it a trademark license from Plaintiff but denies that one is required. Defendant denies the remaining allegations of paragraph 20.

21. In response to paragraph 21, Defendant states that the language on its website speaks for itself. Defendant denies the remaining allegations of paragraph 21.

22. Defendant admits that the ONgDB software includes source code authored by Defendant. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. In response to paragraph 24, Defendant states that the file listing available on its website speaks for itself. Defendant denies the remaining allegations of paragraph 24.

1   25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth
2   of the allegations of paragraph 25 and, on that basis, denies the allegations.
3   26.    In response to paragraph 26, Defendant states that the language on its website
4   speaks for itself.  Defendant denies the remaining allegations of paragraph 26.
5   27.    In response to paragraph 27, Defendant states that the GitHub repository webpage
6   speaks for itself.  Defendant denies the remaining allegations of paragraph 27.
7   28.    In response to paragraph 28, Defendant states that the GitHub repository webpage
8   speaks for itself.  Defendant lack knowledge or information sufficient to form a belief as to the
9   trust of the allegations of paragraph 28 regarding Plaintiff's GitHub repository page and, on that
10  basis, denies the allegations.  Defendant denies the remaining allegations of paragraph 28.
11  29.    Defendant denies the allegations of paragraph 29.
12  30.    In response to paragraph 30, Defendant states that the language used on the GitHub
13  repository page speaks for itself.  Defendant denies the remaining allegations of paragraph 30.
14  31.    Defendant denies the allegations of paragraph 31.
15  32.    Defendant denies the allegations of paragraph 32.
16  33.    In response to paragraph 33, Defendant states that the statements on its website
17  speak for themselves.  Defendant denies the remaining allegations of paragraph 33.
18  34.    Defendant lacks knowledge or information sufficient to form a belief as to the truth
19  of the allegations of paragraph 34 and, on that basis, denies the allegations.
20  35.    In response to paragraph 35, Defendant states that the statements on its Twitter feed
21  speak for themselves.  Defendant denies the remaining allegations of paragraph 35.
22  36.    Defendant lacks knowledge or information sufficient to form a belief as to the truth
23  of the allegations of paragraph 36 and, on that basis, denies the allegations.
24  37.    Defendant denies the allegations of paragraph 37.
25  38.    Defendant incorporates its responses to paragraphs 1-37.
26  39.    Defendant lacks knowledge or information sufficient to form a belief as to the truth
27  of the allegations of paragraph 39 and, on that basis, denies the allegations.
28

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and, on that basis, denies the allegations.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and, on that basis, denies the allegations.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and, on that basis, denies the allegations.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and, on that basis, denies the allegations.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and, on that basis, denies the allegations.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant incorporates its responses to paragraphs 1 through 50.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant incorporates its responses to paragraphs 1 through 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant incorporates its responses to paragraphs 1 through 65.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant denies the allegations of paragraph 71.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to state a claim)

1. The Complaint, and each cause of action therein, fails to state a claim against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Unclean Hands)

2. Plaintiff is barred from obtaining relief under any of its claims because of its own unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

(Fair Use of Trademarks)

3. Defendant's use of the trademarks was and is a nominative fair use to 1) identify a software product called Neo4j that is freely available as open source software and 2) comparative advertising (See 16 C.F.R. §14.15(b)).

/ / /

/ / /

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

(Naked License Abandonment of Trademark)

4. Plaintiff claims it owns the Neo4j trademark but there is confusion whether that is a company name trademark or a product name trademark. This confusion is exacerbated by the fact that Neo4j Sweden asserts they own the software, not plaintiff, and they use Neo4j as part of the company name and call the open source software product Neo4j too. As Neo4j is licensed as open source software, there is no ability to maintain quality control of how licensees modify, use, distribute or convey the software. As a result, plaintiff has abandoned the Neo4j trademark under the doctrine of Naked License.

**FIFTH AFFIRMATIVE DEFENSE**

(Right to fork and use Neo4J Open Source under GitHub Terms of Service)

5. By using a public repository at GitHub, the open source version of Neo4J are subject to the GitHub Terms of Service which allow any user to use and fork the software. Plaintiff claims it owns the Neo4j trademark but there is confusion whether that is a company name trademark or a product name trademark. This confusion is exacerbated by the fact that Neo4j Sweden asserts they own the software, not plaintiff, and they use Neo4j as part of the company name and call the open source software product Neo4j too. As Neo4j is licensed as open source software, there is no ability to maintain quality control of how licensees modify, use, distribute or convey the software. As a result, plaintiff has abandoned the Neo4j trademark under the doctrine of Naked License.

**SIXTH AFFIRMATIVE DEFENSE**

(The addition of the commons clause is unlawful under the AGPL)

6. Plaintiff's attempt to change the AGPL license violates its terms. The license is protected by this violation under the terms of the license.

/ / /

/ / /

/ / /

### SEVENTH AFFIRMATIVE DEFENSE

(Plaintiff violated the AGPL)

7. Plaintiff has attempted to take the open source software under the AGPL and commercialize it in violation of the AGPL.

### EIGHTH AFFIRMATIVE DEFENSE

(Cancellation of Trademark procured by fraud)

8. The Registered Trademark for NEO4J, Reg. No. 4,784,280, was procured by fraud. Because the registration was procured by fraud, the registration should be cancelled pursuant to 15 U.S.C. §1119.

### NINTH AFFIRMATIVE DEFENSE

(Waiver)

9. Plaintiff by its conduct has waived any claims it may have against Defendant.

### PRAYER FOR RELIEF

Wherefore, Defendant requests:

1. The Complaint be dismissed with prejudice;
2. That the first three trademark based claims be found exceptions as the trademark was obtained through fraud, alleged infringements are obviously nominative fair use, allowing Defendant to recovery attorneys' fees under 15 U.S.C. §1117(a);
3. That Plaintiff take nothing by its Complaint;
4. That Defendant recover its costs, including attorneys' fees;
5. And for such other and further relief as the Court deems just.

Dated: December 26, 2019

BERGESON, LLP

By:   /s/ John D. Pernick
      Attorneys for Defendant
      GRAPH FOUNDATION, INC.

**DEMAND FOR JURY TRIAL**

Defendant Graph Foundation, Inc. hereby demands a trial by jury.

Dated: December 26, 2019                BERGESON, LLP

                              By:   /s/ John D. Pernick
                                   Attorneys for Defendant
                                   GRAPH FOUNDATION, INC.

# CERTIFICATE OF SERVICE

I, Annette S. Hogue, declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 111 North Market Street, Suite 600, San Jose, California 95113. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

On December 26, 2019, I served the within:

**ANSWER TO OMPLAINT**

on the parties below by placing a true copy thereof in a sealed envelope and served same as follows:

__X__   BY ELECTRONIC FILING & SERVICE VIA ECF/PACER:
I caused said documents to be sent by electronic transmission in compliance with court procedures via the United States Southern District Court's ECF e-filing and e-serving system ("ECF"), which constitutes filing and service of document(s) for all purposes and shall constitute entry of that document(s) on the docket maintained by the Clerk pursuant to Fed. R. Civ. P. 58 and 79Civil and L.R. 5-2.

*Attorneys for Plaintiff,*
*Neo4J, Inc.*

John V. Picone III, Esq.
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Esq.
jratinoff@hopkinscarley.com
Cary Chien, Esq.
cchien@hopkinscarley.com
Hopkins & Carley
The Letitia Building
70 South First Street
San Jose, CA 95113-2406
Tel: (408) 286-9800
Fax: (408) 998-4790

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on December 26, 2019, at San Jose, California.

_____
Annette S. Hogue