JOHN D. PERNICK (SBN 155468)
jpernick@be-law.com
BERGESON, LLP
111 North Market Street, Suite 600
San Jose, CA  95113
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Defendant
GRAPH FOUNDATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation<br><br>                    Plaintiff,<br><br>   v.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation,<br><br>                    Defendant. | Case No.: 5:19-cv-06226-EJD<br><br>**AMENDED ANSWER TO COMPLAINT** |

1   Now comes the defendant Graph Foundation, Inc. ("Graph Foundation" or "Defendant") and in response to the allegations set forth in the Complaint of Plaintiff Neo4J, Inc. ("Neo4J" or "Plaintiff"), answers as follows:

1. Defendant admits that the statement outlines the claims but otherwise denies the claims and the allegations in paragraph 1.

2. Defendant admits, on information and belief, the first and second sentence in paragraph 2. Defendant denies that Plaintiff is the graph company behind an open source software product called Neo4j as the software is owned by and licensed by Neo4j Sweden AB according to the license for Neo4j-enterprise available at GitHub. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and on that basis denies the remaining allegations.

3. Defendant denies, on information and belief, the allegations of paragraph 3.

4. Defendant denies that it "competes" with Plaintiff's graph platform. Defendant admits the remaining allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant admits the allegations of paragraph 8.

9. Defendant denies, on information and belief, the allegations of paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, on that basis, denies the allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, on that basis, denies the allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and, on that basis, denies the allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and, on that basis, denies the allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and, on that basis, denies the allegations.

15. Defendant denies that the AGPLv3 + Common Cause license is valid.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and, on that basis, denies the allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, on that basis, denies the allegations.

17. Paragraph 17 states a legal conclusion and, therefore, requires no response.  To the extent Paragraph 17 requires a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and, on that basis, denies the allegations.

18. In response to paragraph 18, Defendant admits that it was formed on June 21, 2018. Defendant states that the statements on its website speaks for itself.  Defendant denies the remaining allegations of paragraph 18.

19. In response to paragraph 19, Defendant states that the language on its website speaks for itself.  Defendant admits that it offers ONgDB graph database software.  Defendant denies the remaining allegations of paragraph 19.

20. Defendant admits that it does not have a written contract granting it a trademark license from Plaintiff but denies that one is required.  Defendant denies the remaining allegations of paragraph 20.

21. In response to paragraph 21, Defendant states that the language on its website speaks for itself.  Defendant denies the remaining allegations of paragraph 21.

22. Defendant admits that the ONgDB software includes source code authored by Defendant.  Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. In response to paragraph 24, Defendant states that the file listing available on its website speaks for itself.  Defendant denies the remaining allegations of paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and, on that basis, denies the allegations.

26. In response to paragraph 26, Defendant states that the language on its website speaks for itself. Defendant denies the remaining allegations of paragraph 26.

27. In response to paragraph 27, Defendant states that the GitHub repository webpage speaks for itself. Defendant denies the remaining allegations of paragraph 27.

28. In response to paragraph 28, Defendant states that the GitHub repository webpage speaks for itself. Defendant lack knowledge or information sufficient to form a belief as to the trust of the allegations of paragraph 28 regarding Plaintiff's GitHub repository page and, on that basis, denies the allegations. Defendant denies the remaining allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. In response to paragraph 30, Defendant states that the language used on the GitHub repository page speaks for itself. Defendant denies the remaining allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. In response to paragraph 33, Defendant states that the statements on its website speak for themselves. Defendant denies the remaining allegations of paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and, on that basis, denies the allegations.

35. In response to paragraph 35, Defendant states that the statements on its Twitter feed speak for themselves. Defendant denies the remaining allegations of paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and, on that basis, denies the allegations.

37. Defendant denies the allegations of paragraph 37.

38. Defendant incorporates its responses to paragraphs 1-37.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and, on that basis, denies the allegations.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and, on that basis, denies the allegations.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and, on that basis, denies the allegations.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and, on that basis, denies the allegations.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and, on that basis, denies the allegations.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and, on that basis, denies the allegations.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant incorporates its responses to paragraphs 1 through 50.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant incorporates its responses to paragraphs 1 through 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

| | | |
|---|---|---|
| 62. | Defendant denies the allegations of paragraph 62. | |
| 63. | Defendant denies the allegations of paragraph 63. | |
| 64. | Defendant denies the allegations of paragraph 64. | |
| 65. | Defendant denies the allegations of paragraph 65. | |
| 66. | Defendant incorporates its responses to paragraphs 1 through 65. | |
| 67. | Defendant denies the allegations of paragraph 67. | |
| 68. | Defendant denies the allegations of paragraph 68. | |
| 69. | Defendant denies the allegations of paragraph 69. | |
| 70. | Defendant denies the allegations of paragraph 70. | |
| 71. | Defendant denies the allegations of paragraph 71. | |

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to state a claim)

1. The Complaint, and each cause of action therein, fails to state a claim against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Unclean Hands)

2. Plaintiff is barred from obtaining relief under any of its claims because of its own unclean hands. Plaintiff is attempting to improperly use a dual licensing practice having a commercial version controlled by Plaintiff and an open source software licensed under a General Public License. Because the open source software is under a GPL or AGPL license, and has over 100 contributors, Plaintiff may not be able to actually convert the GPL or AGPL license to proprietary software. Under a GPL or AGPL type license, contributors' efforts to modify the software cannot be taken away and turned into privately controlled software. Defendant is informed and believe that Plaintiff only provides an object code version of the Neo4J software under a commercial license while the GPL and AGPL type license requires access to the source code as well. Defendant is informed and believe that because Plaintiff cannot lawfully operate a

dual license model since the open source is based on GPL or AGPL, Plaintiff resorts to sharp and false practices with customers (lying about the difference between the commercial versions and the open source version) attempting to restrict partners from supporting the open source Neo4J version with unlawful restrictions and interfering in attempts to use open source Neo4J software. The rights of open source users to use the software is shown by the FAQs at the GNU site:

> If I only make copies of a GPL-covered program and run them, without distributing or conveying them to others, what does the license require of me?(#NoDistributionRequirements)
>
> Nothing. The GPL does not place any conditions on this activity.

The same rules apply to modified versions of the open source code:

> Does the GPL require that source code of modified versions be posted to the public? (#GPLRequireSourcePostedPublic)
>
> The GPL does not require you to release your modified version, or any part of it. **You are free to make modifications and use them privately, without ever releasing them. This applies to organizations (including companies), too; an organization can make a modified version and use it internally without ever releasing it outside the organization.**
>
> But *if* you release the modified version to the public in some way, the GPL requires you to make the modified source code available to the program's users, under the GPL.
> Thus, the GPL gives permission to release the modified program in certain ways, and not in other ways; but the decision of whether to release it is up to you.
> [Emphasis added]

As Plaintiff has sought to threaten open source users improperly, they come to this court with unclean hands, they should be barred from recovery.

## THIRD AFFIRMATIVE DEFENSE

(Fair Use of Trademarks)

3. Defendant's use of the trademarks was and is a nominative fair use to 1) identify a software product called Neo4j that is freely available as open source software and 2) comparative advertising (See 16 C.F.R. §14.15(b)).

/ / /

/ / /

/ / /

### FOURTH AFFIRMATIVE DEFENSE

(Naked License Abandonment of Trademark)

4.	Plaintiff claims it owns the Neo4j trademark but there is confusion whether that is a company name trademark or a product name trademark.  This confusion is exacerbated by the fact that Neo4j Sweden asserts they own the software, not Plaintiff, and they use Neo4j as part of the company name and call the open source software product Neo4j too.  As Neo4j is licensed as open source software, and, to the knowledge of Defendant, Plaintiff has no right under the open source license to inspect or supervise the quality of the open source licensees' work, there is no ability to maintain quality control of how licensees modify, use, distribute or convey the software.  As a result, plaintiff has abandoned the Neo4j trademark under the doctrine of Naked License.

### FIFTH AFFIRMATIVE DEFENSE

(Right to fork and use Neo4J Open Source under GitHub Terms of Service)

5.	By using a public repository at GitHub, the open source versions of Neo4J are subject to the GitHub Terms of Service which allow any user to use and fork the software:

> D. 5. If you set your pages and repositories to be viewed publicly, you grant each User of GitHub a nonexclusive, worldwide license to use, display, and perform Your Content through the GitHub Service and to reproduce Your Content solely on GitHub as permitted through GitHub's functionality (for example, through forking). You may grant further rights if you adopt a license. If you are uploading Content you did not create or own, you are responsible for ensuring that the Content you upload is licensed under terms that grant these permissions to other GitHub Users.

https://help.github.com/en/articles/github-terms-of-service

Plaintiff's Complaint is vague and ambiguous as to whether it is alleging that Defendant's forking and use of Neo4J Open Source is a violation of the Lanham Act or an Unfair Trade Practice.  To the extent Plaintiff is so alleging, that claim is barred by the GitHub Terms of Service which expressly allow for such forking and use.

### SIXTH AFFIRMATIVE DEFENSE

(Cancellation of Trademark procured by fraud)

6.	The Registered Trademark for NEO4J, Reg. No. 4,784,280, was procured by fraud as the representation was that Neo Technology (a Delaware corporation) (changed to Neo4J, Inc.)

first used the trademark in 6-4-2006 and in commerce in 5-28-2007. These statements are false as Neo Technology did not exist on those dates represented as the company was formed 7-7-2011 in Delaware under File Number 5007564. Because the registration was procured by fraud, the registration should be cancelled pursuant to 15 U.S.C. §1119.

**PRAYER FOR RELIEF**

Wherefore, Defendant requests:

1. The Complaint be dismissed with prejudice;

2. That the first three trademark based claims be found exceptions as the trademark was obtained through fraud, alleged infringements are obviously nominative fair use, allowing Defendant to recovery attorneys' fees under 15 U.S.C. §1117(a);

3. That Plaintiff take nothing by its Complaint;

4. That Defendant recover its costs, including attorneys' fees;

5. And for such other and further relief as the Court deems just.

Dated: January 24, 2020                    BERGESON, LLP

By: */s/ John D. Pernick*
Attorneys for Defendant
GRAPH FOUNDATION, INC.

**DEMAND FOR JURY TRIAL**

Defendant Graph Foundation, Inc. hereby demands a trial by jury.

Dated: January 24, 2020                               BERGESON, LLP

                                        By:   /s/ John D. Pernick
                                              Attorneys for Defendant
                                              GRAPH FOUNDATION, INC.

# CERTIFICATE OF SERVICE

I, Annette S. Hogue, declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 111 North Market Street, Suite 600, San Jose, California 95113. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

On January 24, 2020, I served the within:

**AMENDED ANSWER TO OMPLAINT**

on the parties below by placing a true copy thereof in a sealed envelope and served same as follows:

__X__  BY ELECTRONIC FILING & SERVICE VIA ECF/PACER:
I caused said documents to be sent by electronic transmission in compliance with court procedures via the United States Southern District Court's ECF e-filing and e-serving system ("ECF"), which constitutes filing and service of document(s) for all purposes and shall constitute entry of that document(s) on the docket maintained by the Clerk pursuant to Fed. R. Civ. P. 58 and 79Civil and L.R. 5-2.

***Attorneys for Plaintiff,***
***Neo4J, Inc.***

John V. Picone III, Esq.
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Esq.
jratinoff@hopkinscarley.com
Cary Chien, Esq.
cchien@hopkinscarley.com
Hopkins & Carley
The Letitia Building
70 South First Street
San Jose, CA 95113-2406
Tel: (408) 286-9800
Fax: (408) 998-4790

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 24. 2020, at San Jose, California.

_____
Annette S. Hogue