John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Cary Chien, Bar No. 274078
cchien@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:     (408) 998-4790

Attorneys for Plaintiff
NEO4J, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br> v.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation,<br><br>    Defendant. | CASE NO.  5:19-cv-06226-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J'S MOTION TO STRIKE**<br><br>Date:  May 7, 2020<br>Time:  9:00 a.m.<br>Location: Courtroom 4, 5th Floor<br>Judge:  Hon. Edward J. Davila |

894\3455181.1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J'S MOTION TO STRIKE

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiff Neo4j, Inc. ("Neo4j USA") hereby submits this Request for Judicial Notice in Support of its Motion to Strike. The documents are attached as Exhibits 3, 5-10 to the *Declaration of Cary Chien in support of Neo4j's Motion to Strike* filed concurrently herewith.

Evidence Code section 452(d) provides that judicial notice may be taken of "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States." Evidence Code section 453 provides that "[t]he trial court shall take judicial notice of any matter specified in Section 452 if a party requests it and: (a) [g]ives each adverse party sufficient notice of the request, through the pleadings or otherwise, to enable such adverse party to prepare to meet the request; and (b) [f]urnishes the court with sufficient information to enable it to take judicial notice of the matter."

Given the centrality of each exhibit to the allegations in Defendant's Amended Answer and given that each exhibit's authenticity is not subject to reasonable dispute, judicial notice is proper under applicable law. Thus, each may be properly considered as part of plaintiff's Motion to Strike, without converting that motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) )("[a] court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment."). Consideration of these exhibits fits squarely within the Ninth Circuit's precedent for judicial notice, and it is consistent with the consideration given by many other courts to similar documents when evaluating such a motion. Neo4j USA respectfully submits this Request for Judicial Notice for the following documents:

1. GitHub Terms of Service from "https://help.github.com/en/articles/github-terms-of-service", a true and correct copy of which is attached as **Exhibit 3** to the Declaration of Cary Chien in Support of Neo4j's Motion to Strike ("the Chien Declaration"). *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), as amended (July 28, 1998) (a motion to dismiss may consider a document whose contents are alleged in the complaint and whose authenticity is undisputed but which is not physically attached to complaint); *see Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th

1  Cir. 2002); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), overruled on other grounds
2  by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (holding even if a
3  document is not attached to a complaint, it may be incorporated by reference into a complaint if
4  the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's
5  claim.).  This document, downloaded from the same link referenced and relied upon by Defendant
6  for its Fifth Affirmative Defense in its Amended Answer, contains facts which are not subject to
7  reasonable dispute and capable of accurate and ready determination.

8      2.    GNU Affero General Public License published by Free Software Foundation from
9  GNU website (URL: http://www.gnu.org), a true and correct copy of which is attached as
10 **Exhibit 9** to the Chien Declaration.  *Id*; see also *Wible v. Aetna Life Ins. Co.*, 37 F.Supp.2d 956,
11 966 (C.D. Cal. 2005) (granting request for judicial notice as to webpages).  This document, the
12 AGPL license, is referenced and relied upon by Defendant and forms the basis of its Fourth
13 Affirmative Defense for abandonment and contains facts which are not subject to reasonable
14 dispute and capable of accurate and ready determination.  *Galbraith v. County of Santa Clara*,
15 307 F.3d 1119 (9th Cir. 2002) (holding even if a document is not attached to a complaint, it may
16 be incorporated by reference into a complaint if the plaintiff refers extensively to the document or
17 the document forms the basis of the plaintiff's claim).

18     3.    Neo4j's webpages from Wayback Machine archival website (URL:
19 https://archive.org/) archived on August 23, 2011 and March 26, 2014, a true and correct copy of
20 which is attached as **Exhibits 5-8** to the Chien Declaration.  *See Erickson v. Nebraska Mach. Co.*,
21 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015) ("[c]ourts have taken judicial notice of the
22 contents of web pages available through the Wayback Machine as facts that can be accurately and
23 readily determined from sources whose accuracy cannot reasonably be questioned"); *see also*
24 *U.S. ex. Rel. v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016)
25 (recognizing that "district courts in this circuit have routinely taken judicial notice of content
26 from the Internet Archive's Wayback Machine pursuant to this rule, as we do here." (citations
27 omitted)).  These webpages show use of the NEO4J® mark on August 23, 2011 and March 26,
28 2014, facts which are not subject to reasonable dispute and capable of accurate and ready

1  determination.  As such, the Court may take judicial notice of such filing.

2      4.   United State Patent and Trademark Office Registration Certificate for the "Neo4j®" trademark, Registration No. 4,784,280, a true and correct copy of which is attached as **Exhibit 4** to the Chien Declaration.  Documents issued by the United States Patent and Trademark Office (USPTO) are in the public record and are not subject to reasonable dispute. *See Autodesk, Inc. v. Dassault Sys. SolidWorks Corp.*, No. 08-04397, 2008 WL 6742224, at *2 n.1 (N.D. Cal. Dec. 18, 2008) (taking judicial notice of trademark registrations and applications publicly available on USPTO website) (citing *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 (Fed. Cir. 1993)).  Accordingly, this document is a public record created and issued by the United States Patent and Trademark office showing the application date of April 30, 2014, a fact which is not subject to reasonable dispute and capable of accurate and ready determination. As such, the Court may take judicial notice of such filings.

    5.   Domain registration page from WHOIS Internet domain lookup service for the website domain http://www.neo4j.org showing a domain creation date of June 4, 2006, a true and correct copy of which is attached as **Exhibit 10** to the Chien Declaration.  This document is a public record created and issued by the WHOIS Lookup Service and contains the registration date of the website domain, which is not subject to reasonable dispute and capable of accurate and ready determination. As such, the Court may take judicial notice of this document.

Dated:  February 7, 2020

HOPKINS & CARLEY
A Law Corporation


By: */s/ Cary Chien*
    Cary Chien
    Attorney for Plaintiff
    NEO4J, INC.