1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jeffrey M. Ratinoff, Bar No. 197241
   jratinoff@hopkinscarley.com
3  Cary Chien, Bar No. 274078
   cchien@hopkinscarley.com
4  HOPKINS & CARLEY
   A Law Corporation
5  The Letitia Building
   70 South First Street
6  San Jose, CA  95113-2406

7  *mailing address:*
   P.O. Box 1469
8  San Jose, CA 95109-1469
   Telephone:     (408) 286-9800
9  Facsimile:     (408) 998-4790

10 Attorneys for Plaintiff
   NEO4J, INC.
11
   John D. Pernick (Bar No. 155468)
12 jpernick@be-law.com
   BERGESON, LLP
13 111 North Market Street, Suite 600
   San Jose, CA  95113
14 Telephone:     (408) 291-6200
   Facsimile:     (408) 297-6000
15
   Attorneys for Defendant
16 GRAPH FOUNDATION, INC.

17                        UNITED STATES DISTRICT COURT

18                       NORTHERN DISTRICT OF CALIFORNIA

19                                SAN JOSE DIVISION

| | |
|---|---|
| 20  NEO4J, INC., a Delaware corporation, | CASE NO.  5:19-cv-06226-EJD |
| 21              Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FRCP 26(f) REPORT** |
| 22        v. | |
| 23  GRAPH FOUNDATION, INC., an Ohio corporation, | Date:   March 5, 2020<br>Time:   10:00 a.m.<br>Judge:  Hon. Edward J. Davila<br>        Courtroom 4, 5th Floor |
| 24              Defendant. | |
| 25 | Action Filed:  October 1, 2019<br>Trial Date:    None |

27

28

1    Pursuant to the (Text Only) Clerks Notice Resetting Case Management Conference
2 Following Reassignment dated December 13, 2019 (Dkt. No. 23 (No document attached)),
3 Plaintiff Neo4j, Inc. ("Plaintiff" or "Neo4j") and Defendant Graph Foundation, Inc. ("Defendant"
4 or "GFI"), by and through the parties' respective attorneys, hereby submit this Joint Case
5 Management Conference Statement and FRCP Rule 26(f) Report ("Joint Statement") pursuant to
6 Civil L.R. 16-9 and the Standing Order for All Judges of the Northern District of California –
7 Contents of Joint Case Management Statement.

**1.     Jurisdiction and Service:**

*Plaintiff's Statement*: The Court's jurisdiction over the subject matter of this action is predicated, pursuant to 28 U.S.C. § 1331, on Plaintiff asserting claims pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq. The remainder of Plaintiff's claims are subject to the supplement jurisdiction of this Court, pursuant to 28 U.S.C. §§ 1338(b) and 1367.

*Defendant's Statement*: Defendant does not dispute the Court's jurisdiction.

**2.     Facts:**

Defendant disputes all claims in the Complaint. Neo4j disputes all the affirmative defenses in the Amended Answer filed Defendant. The following statements of facts is being provided to the Court for informational purposes only, and by submitting this statement no party is conceding or admitting to the validity of any other party's claims or factual assertions.

*Plaintiff's Statement*:

Plaintiff Neo4j, Inc. ("Neo4j USA") is the industry leader in graph database solutions and software marketed and sold under the same name – NEO4J® (U.S. Trademark Registration No. 4,784,280). Neo4j Sweden AB ("Neo4j Sweden"), a wholly owned subsidiary of Neo4j USA, is the sole owner of copyright in NEO4J® software and Neo4j Sweden has always made its software available on clear and consistent license terms for both commercial and open source use. Neo4j Sweden has licensed said copyrights to Neo4j USA in connection with the making, use, creation of derivative works, sale, offer to sell, importation, performance, display, reproduction and distribution of the copyrighted material, and the sublicensing of such rights. Neo4j USA further provides sales and support of NEO4J®-branded software in the United States.

Neo4j USA and Neo4j Sweden previously offered NEO4J® Enterprise Edition graph database software (NEO4J® EE) under both a paid for commercial license and the free GNU Affero General Public License, version 3 ("AGPL").  In November 2018, however, they released version 3.5 of NEO4J® EE solely under a commercial license.  This meant that they were no longer publishing source code for NEO4J® EE on open source or other terms.

Sometime thereafter, Graph Foundation began offering its ONgDB software, which it touted as "a non-restrictive fork of Neo4j, the world's leading Graph Database."  In reality, ONgDB is compiled from the source code of pre-version 3.5 NEO4J® EE open source code, but is being passed off in the United States by Graph Foundation as the equivalent of the current commercial-only releases of NEO4J® EE.  ONgDB does not have its own support documentation, but instead relies on Neo4j USA's official support documentation that has a non-commercial restriction.  Defendant also uses social media to spread misinformation concerning NEO4J® EE and unfairly complete with Neo4j USA.

Users that have downloaded ONgDB have expressed uncertainty over license obligations. They have also experienced the type of issues that Neo4j USA would have been able address for licensed users with authorized support services.  Defendant continues to extenuate such issues and cause consumer confusion by equating its hybrid-pirated versions of ONgDB with Plaintiff's official supported offerings.  Defendant's continued use of the NEO4J® mark goes well beyond nominative fair use, and constitutes the infringement thereof.  Likewise, the few statements on Defendant's website that disclaim a relationship or affiliation with Neo4j are undermined by their misinformation campaign to confuse customers as to the actual differences in its "forked" version that they often refer to as ONgDB/Neo4j Enterprise.  Their prominent display the NEO4J® Mark in a repetitive manner, interchangeable use of "Neo4j Enterprise" with "ONgDB" is a clear attempt to confuse customers as to the source, origin or affiliate of the parties' respective offerings.

The NEO4J® Mark is a valid and legally protectable mark owned by Neo4j USA and which is solely associated with the NEO4J® software.  Neo4j USA alleges that Defendant's actions above constitute unauthorized use of the NEO4J® Mark in commerce in connection with

1   the distribution, offering, or promotion of the Defendant's goods or services which has caused

2   consumer confusion due to the directed misinformation campaign by Defendant.  Such actions

3   were made with an intent to deceive consumers, which interferes with Neo4j USA's ability to

4   differentiate its offerings from those of Defendant's hybrid-pirate offerings.

5         Neo4j USA thus allege that Defendant's conduct amounts to trademark infringement in

6   violation of 15 U.S.C. § 1117(a), as well false advertising, passing-off and false designation of

7   origin in violation of 15 U.S.C. § 1125(a).  Neo4j USA further alleges that this same conduct

8   constitutes unlawful and unfair competition in violation of California's unfair competition law,

9   Cal. Bus. & Prof. Code § 17200 et seq. ("UCL").

10        *Defendant's Statement*:

11        Graph Foundation has a right to fork Neo4j open source code under Neo4j's open source

12  license and, to Graph Foundation's knowledge, Plaintiff does not dispute that right.  Graph

13  Foundation denies that it has infringed the NEO4J® trademark and that any use it makes of the

14  NEO4J® trademark amounts to nominative fair use to 1) identify a software product called Neo4j

15  that is freely available as open source software and 2) comparative advertising.  Graph

16  Foundation further denies that it has used social media to spread any misinformation regarding

17  NEO4J® EE or to unfairly compete with Plaintiff.

18        Further, Graph Foundation denies that the NEO4J® mark is a valid and legally protectable

19  mark because the mark has been abandoned by naked licensing.

20  **3.**   **Legal Issues:**

21        Without waiving any claims or defenses, the parties believe that the following legal issues

22  are in dispute:

23        a.   Whether Defendant has infringed the NEO4J® mark in violation of 15

24  U.S.C. § 1114.

25        b.   Whether Defendant's actions constitute a false designation of origin and

26  false advertising under 15 U.S.C. § 1125(a).

27        c.   Whether Defendant engaged in unfair competition in violation of 15 U.S.C.

28  § 1125(a) and/or Cal. Bus. Prof. Code §§ 17200 et seq.

   d. Whether Defendant's trademark infringement constitutes an exceptional case where Plaintiff is entitled to its attorney's fees pursuant to 15 U.S.C. § 1117 (a).

   e. Whether Defendant's use of the Neo4j trademark is a nominative fair use as it properly describes a product called NEO4J®.

   f. Whether Neo4J USA allegedly abandoned the NEO4J® mark under the doctrine of naked licensing.

   g. Whether Plaintiff is barred from obtaining relief because of its own unclean hands with respect to its threats to users of the open source Neo4j software licenses under a General Public License.

**4.** **Motions:**

Neo4j USA has filed a motion to strike certain affirmative defenses asserted in Defendant's answer pursuant to Federal Rule of Civil Procedure 12(f), including two trademark-related defenses. The parties anticipate motions for summary judgment and/or adjudication on all or some of the claims and defenses.

**5.** **Amendment of Pleadings:**

After conducting initial discovery, Neo4j USA may amend its Complaint to add Neo4j Sweden as a plaintiff, which would potentially assert claims for copyright infringement and violations of the Digital Millennium Copyright Act (DMCA) similar to those asserted in the related case, *Neo4j, Inc. et al. v. PureThink LLC et al.*, Case No. 5:18-cv-07182-EJD.

The parties agree that the deadline for amending the pleadings should be set for June 1, 2020, except in the event of newly discovered non-public information, which was not discovered by that date despite diligent efforts to propound discovery. Any such amendments would be governed by Federal Rules of Civil Procedure 15 and 20. After that date, amended pleadings would be allowed only upon a showing of good cause and a lack of prejudice to the non-amending party. However, Defendant disagrees that an amendment to add a new plaintiff asserting new claims would be a proper amendment of the Complaint.

/ / /

/ / /

**6.   Evidence Preservation:**

Neo4j USA represents that it has taken appropriate measures to preserve evidence relevant the parties' respective claims and defenses in this matter.  Defendant represents it has taken appropriate measures to preserve evidence relevant to the parties' respective claims and defenses in this matter.

Further, the parties reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties intend to have further discussions concerning the scope and manner of production of ESI.

**7.   Disclosures:**

The parties agreed to exchange initial disclosures by February 20, 2020.

**8.   Discovery:**

a.   **Discovery Taken to Date:**  The parties have not taken any discovery to date.

b.   **The Scope of Anticipated Discovery:**  The topics provided below are not meant to be limiting. The parties retain the right to pursue discovery on any topic to which they are entitled under the Federal Rules of Civil Procedure, the Local Rules of this Court, and the orders entered by this Court.

*Plaintiff's Statement*

Neo4j USA intends to seek discovery through interrogatories, requests for the production of documents, subpoenas for records, and depositions.  Information that Neo4j USA intends to seek during discovery includes, but is not limited to, the following:

- Defendant's modification and use of Plaintiff's software and source code;
- Defendant's use of the NEO4J® trademark;
- Defendant's sales and marketing of its ONgDB software;
- Defendant's communications with third parties regarding Neo4j USA, NEO4J® EE and/or its ONgDB software;

/ / /

- Defendant's relationship and coordination with the defendants in the related case, *Neo4j, Inc. et al. v. PureThink LLC et al.*, Case No. 5:18-cv-07182-EJD (the "PureThink action").
- The users of Defendant's ONgDB software;
- Neo4j USA's damages; and
- The affirmative defenses and counterclaims asserted by Defendant.

*Defendant's Statement*

Defendant intends to seek discovery through interrogatories, requests for the production of documents, subpoenas for records, and depositions. Information that Defendant intends to seek during discovery includes, but is not limited to, the following:

- Plaintiff's obtaining of the NEO4J® trademark
- Plaintiff's efforts to operate a dual license business model and its communications with customers and potential customers regarding their rights and the differences between the open source version and commercial versions of Neo4j software.
- Plaintiff's communications with Neo4j Sweden and other third parties regarding the Neo4j name.
- Plaintiff's uses of the Neo4j name and purported trademark.

c. **Limitations or Modifications to the Discovery Rules**: The parties agree that discovery will not be conducted in phases or be limited to any particular issues other than as provided by this District's Local Rules (and as described in any potential separate stipulation concerning the reasonable and proportionate steps governing requests for and production of emails). Unless otherwise noted below, the parties agree that the limitations on discovery imposed by the Federal Rules of Civil Procedure shall apply, absent a stipulation by the parties and the Court's approval. The parties also agree that they will provide electronic, editable copies of all written discovery upon the request.

d. **Production of ESI:** The parties anticipate that relevant documents may include electronically stored information ("ESI"). The parties agree to meet and confer prior to producing ESI to ensure the producing party's production is in a format compatible with the requesting

party's document review database. The receiving party shall provide the parameters for an appropriate load file within a reasonable time before production is required and the producing party shall provide such a load file. Unless otherwise agreed, all ESI should be electronically searchable, i.e. optical character recognized (OCR), and all ESI other than emails and their attachments shall be produced in native format as kept in the ordinary course of business. Metadata shall not be removed from any native file prior to production. If any electronic file cannot reasonably be produced in its native format, then all documents within that file are to be produced electronically in OCR portable document format (PDF). The parties intend to negotiate a separate stipulation concerning the reasonable and proportionate steps governing the scope of requests for and production of emails.

  e. **Expert Reports:** Consistent with Fed. R. Civ. P 26(b)(4), no party shall be entitled to discovery of drafts of expert reports, which shall be deemed work-product privileged, and no party shall be entitled to discovery of communications between counsel and expert witnesses unless the expert relies on such communications pursuant to Fed. R. Civ. P 26(b)(4)(C)(ii) and (iii). The parties agree that expert communications and drafts need not be included in the parties' privilege logs. Five (5) business days before the taking of each testifying expert's deposition and at the close of expert discovery, the relevant party agrees to provide for that testifying expert: a listing of the total payment made to each testifying expert up to that date, including a listing of each testifying expert's hourly rate or rates up to that date; and, for any testifying expert that may be used as a witness at trial, an updated listing of that testifying expert's total payment and rate or rates at the commencement of trial.

  f. **Protective Order:** The parties agree that to submit proposed protective order based on the Northern District of California's model orders.

  g. **Electronic Service**: The Parties agree to accept service by e-mail with response time calculated using the same method as for hand delivery.

  h. **Privilege Logs:** The parties further agree that they are not required to log privileged documents and things created: (1) on or after the date such party reasonably anticipated litigation was eminent; and (2) on or after the date the above-entitled action was filed.

1. **9.     Class Actions:**

   This matter is not a class action.

2. **10.    Related Cases:**

   On December 5, 2019, the Court ordered that this Action be related to *Neo4j, Inc. and Neo4j Sweden, AB v. PureThink LLC, iGov Inc. and John Mark Suhy*, Case No. 5:18-cv-07182-EJD.  The two actions concern substantially similar issues, some of the same parties, software, and events and both of which arise from common trademark infringement claims.  The Court has scheduled a joint case management conference on March 5, 2020 in both cases so that the parties may discuss coordinating discovery and dispositive motions on the trademark-related claims and defenses asserted in both actions to conserve the resources of the parties and the Court.  The parties believe that such coordination is also necessary to minimize the risk of conflicting results.

3. **11.    Relief:**

   *Plaintiff's Statement*

   Plaintiff seeks monetary damages resulting from Defendants' willful infringement of the NEO4J® mark and acts of unfair competition.  Alternatively, Plaintiff will seek to disgorge Defendant's profits wrongfully obtained through their infringing activities.  The exact total will be ascertained after conducting discovery and expert analysis.  Plaintiff is also seeking a permanent injunction precluded Plaintiff from further infringing on the NEO4J® Mark and engaging in related acts of unfair competition.  Plaintiff is also seeking its attorneys' fees and costs based on Defendants' willful infringement of the NEO4J® mark and the facts and circumstances.

   *Defendants' Statement*

   Defendant seeks a judgment dismissing the Complaint and all the claims therein, with prejudice, providing that Defendant take nothing from its Complaint, and finding that Plaintiff's first three trademark based claims be found exceptions as the trademark was obtained through fraud and the alleged infringements are obviously nominative fair use.  Defendant is also seeking its attorneys' fees and costs under 15 U.S.C. §1117(a).

   ///

**12.  Settlement and ADR:**

The parties have engaged in preliminary settlement discussions.  Plaintiff proposed that the parties conduct private mediation before the Hon. Edward A. Infante (Ret.) at JAMS since he previously conducted a mediation in the "PureThink action" and is familiar with the underlying issues.  Defendant does not agree to private mediation.  Defendant believes that a settlement conference with a magistrate judge is the appropriate ADR method for this proceeding.

**13.  Consent to Magistrate Judge For All Purposes:**

The parties decline to consent to a magistrate judge conducting all further proceedings, including trial and entry of judgment.  However, the parties are agreeable to having a Magistrate hear all discovery disputes that may arise in this litigation.

**14.  Other References:**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues:**

Plaintiff anticipates that it will be able to file an early motion for summary judgment and/or adjudication on its Lanham Act and California UCL claims, which would reduce the scope of the litigation substantially.  Plaintiff further anticipates that Defendant's trademark abandonment and cancellation defenses can be resolved on its pending motion to strike filed pursuant to Federal Rule of Civil Produce 12(f).  Plaintiff contend that these defenses still fail as a matter of law even after Defendant's attempt to amend them.

The parties are also unaware of any issues, claims, or defenses that would be subject to a request to bifurcate.  However, the parties are willing to revisit the foregoing should the need arise as the litigation progresses.

**16.  Expedited Trial Procedure:**

This matter is not the type of case that that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.  Scheduling:**

The parties propose the case schedule attached hereto as Exhibit A.

**18.  Trial:**

The parties have requested a jury trial and seven (7) days should be sufficient for the trial.

**19.  Disclosure of Non-Party Interested Entities or Persons:**

*Plaintiff's Response*

Plaintiff has filed a Certification of Interested Entities or Persons, as required by Civil Local Rule 3-15.  Plaintiff restates that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities: (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Europe Ventures L.P.
- Greenbridge Investment Partners Limited
- Sunstone Technology Ventures Fund II K/S
- One Peak Expansion Europe LP

*Defendant's Response*

Defendant has filed a Certification of Interested Entities or Persons, as required by Civil Local Rule 3-15.  Defendant knows of no persons or entities who have a financial interest in the subject matter in controversy or in a party to the proceeding or who have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**20.** **Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: February 20, 2020

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
    Jeffrey M. Ratinoff
    Attorneys for Plaintiff
    NEO4J, INC.

Dated: February 20, 2020

BERGESON, LLP

By: */s/ John D. Pernick*
    John D. Pernick
    Attorneys for Defendant
    GRAPH FOUNDATION, INC.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3465529.3
- 12 -
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FRCP 26(F) REPORT
5:19-CV-06226-EJD

# **EXHIBIT A**

## **Proposed Case Schedule**

| Event | Proposed Deadline |
|---|---|
| Last day to serve initial disclosures. | February 20, 2020 |
| Initial case management conference. | March 5, 2020 |
| Last day to comply with alternative dispute resolution requirement | May 24, 2020 |
| Last Day to amend pleadings to add parties, claims and counterclaims. | June 1, 2020 |
| Close of fact discovery. | October 26, 2020 |
| Last day to file discovery motions relating to fact discovery. | November 2, 2020 |
| Designation of opening experts with reports. | November 16, 2020 |
| Designation of rebuttal experts with reports. | December 20, 2020 |
| Close of expert discovery. | January 29, 2021 |
| Deadline to file discovery motions relating to expert discovery. | February 5, 2021 |
| Last day to file dispositive and *Daubert* motions. | March 5, 2021 |
| Last day to file oppositions to dispositive and *Daubert* motions. | March 26, 2021 |
| Last day to file replies to dispositive and *Daubert* motions. | April 5, 2021 |
| Dispositive motion and *Daubert* motion hearing. | TBD by the Court |
| Pre-trial disclosures (Fed. R. Civ. P. 26(a)(3)(B)). | TBD by the Court |
| Pre-trial objections (Fed. R. Civ. P. 26(a)(3)(B)). | TBD by the Court |
| Final pre-trial conference. | TBD by the Court |
| Trial. | TBD by the Court |

**ATTESTATION OF E-FILED SIGNATURE**

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated:  February 20, 2020

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
    Jeffrey M. Ratinoff
    Attorneys for Plaintiff
    NEO4J, INC.