JOHN D. PERNICK (SBN 155468)
jpernick@be-law.com
BERGESON, LLP
111 North Market Street, Suite 600
San Jose, CA  95113
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Defendant
GRAPH FOUNDATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation<br><br>                       Plaintiff,<br><br>    vs.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation,<br><br>                       Defendant. | Case No. 5:19-CV-06226-EJD<br><br>**GRAPH FOUNDATION, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**<br><br>Date:  May 7, 2020<br>Time:  9:00 a.m.<br>Location:  Courtroom 4, 5th Floor<br>Judge:  Hon. Edward J. Davila |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff Neo4J, Inc. attempts through its Motion to Strike to obtain summary judgment on certain of Defendant Graph Foundation, Inc.'s affirmative defenses without giving Graph Foundation the opportunity to conduct discovery and present evidence establishing the facts alleged in these affirmative defenses.[1]

"Facts alleged" is the key phrase here because the Fourth and Fifth Affirmative Defenses do allege facts. They are not boilerplate recitations of legal conclusions of the type that courts in this Circuit have determined are insufficient. Indeed, the contrast between the affirmative defenses alleged in *Perez v. Gordon & Wong Law Group, P.C.*, No. C-10-02553 RMW, 2012 U.S. Dist. LEXIS 41080 (N.D. Cal. March 26, 2012), on which Plaintiff bases its argument and the defenses alleged in Graph Foundation's Amended Answer is stark. In *Perez*¸ "[E]ach of the…affirmative defenses recites a legal conclusion but fails to point to the existence of some identifiable fact that if applicable to [Plaintiff] would make the affirmative defense plausible on its face." *Id.,* at *32-33 (citation and internal quotation marks omitted).

In comparison, the Fourth and Fifth Affirmative Defenses in the Amended Answer each allege the specific facts on which they are based. The Fourth Affirmative Defense for Abandonment alleges the fact that there is another entity, "Neo4j Sweden" which asserts that it owns the Neo4j software and uses Neo4j in its own company name and in the open source software it provides. The Fourth Affirmative Defense also alleges that Neo4j has been licensed as open source software in a manner that provides Plaintiff with no ability to inspect or supervise the quality of the licensees' work. These facts, if proven, would support finding that Plaintiff has engaged in a "course of conduct . . ., including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose significance as a mark" which is the standard for abandonment under 15

---

[1] Plaintiff also moves to strike Graph Foundation's Sixth Affirmative Defense. Based on the additional information provided by Plaintiff in its Motion to Strike, Graph Foundation agrees to strike the Sixth Affirmative Defense.

U.S.C. 1127.  Plaintiff's arguments that these allegations are insufficient are based not on the language of the Fourth Affirmative Defense itself but on Plaintiff's own factual contentions regarding its use and maintenance of the trademark.  As is set forth in *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, No. 11-CV-03323-LHK, 2012 U.S. Dist. LEXIS 88413 (N.D. Cal. June 26, 2012), which Plaintiff cites, the grounds for a motion to strike an affirmative defense must appear on the face of the answer in which the affirmative defense appears.  *Id.,* at *6.  Thus, Plaintiff's arguments as to how it purportedly used and protected the mark are irrelevant.  The Fourth Affirmative Defense is sufficiently pled.

As for the Fifth Affirmative Defense, Plaintiff argues not that it is inadequately pled, but that the defense is not relevant to Plaintiff's claims.  The Fifth Affirmative Defense alleged Graph Foundation's right to fork the open source version of Neo4j under the GitHub Terms of Service.  Plaintiff acknowledges in the Complaint that its original business model was to offer a free open source version of Neo4j.  Complaint, ¶ 13.  Plaintiff then goes on to allege that Graph Foundation's forking of the open source version of Neo4j is damaging and misleading to customers because "Defendant is creating software that is not of the same quality as if it were compiled by Plaintiff."  Complaint, ¶ 23.  Plaintiff also complains that the Graph Foundation's fork of the open source Neo4j contains executable files with "neo4j" in their name.  Complaint, ¶ 24.  But, forking the open source version of Neo4j necessarily means that Graph Foundation's product will not be complied by Plaintiff.  And, forking the open source version necessarily means that Graph Foundation's product will contain code from the open source version, including files with "neo4j" in their name.  Consequently, since the Complaint makes Graph Foundation's forking conduct an aspect of its allegations, it is entirely appropriate for Graph Foundation to allege, as an affirmative defense, its right to fork under the Terms of Service governing Neo4j's open source versions.

In contrast to the cases cited by Plaintiff in its Motion, Graph Foundation's Fourth and Fifth Affirmative Defenses allege specific facts, not bare legal conclusions.  As is set forth in *In re Apple*, before a motion to strike an affirmative defense can be granted, the court must be

convinced that any questions of law are clear and that under no set of circumstances could the defense succeed. 2012 U.S. Dist. LEXIS 88413, at * 7. Plaintiff's Motion fails to make these showings as to Graph Foundation's Fourth and Fifth Affirmative Defenses. Therefore, Plaintiff's Motion should be denied.

## II.   ARGUMENT

### A.   The Fourth and Fifth Affirmative Defenses Meet the Requirements of Twombly

Plaintiff spends much time in its motion discussing the application of the pleading standards set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), to the pleading of affirmative defenses. But this is not a case, such as *Perez*, where the affirmative defenses contained only legal conclusions and no facts. To the contrary, the Fourth and Fifth Affirmative Defenses each allege specific facts supporting that defense. The Fourth Affirmative Defense alleges facts with respect to the trademark claim by another company, Neo4J Europe and Plaintiff's open source licensing of a version of Neo4j in a manner that does not give it control over quality. The Fifth Affirmative Defense alleges Graph Foundation's right to fork the software under the GitHub Terms of Service as a counter to the allegations of the Complaint that Graph Foundation's actions in connection with that forking are somehow improper.

Consequently, the Motion to Strike does not establish, indeed is not even based on, a failure to meet *Twombly's* pleading requirements. Rather, it is an improper effort to obtain a summary adjudication or similar disposition that presents arguments going far beyond the facts that are alleged in Graph Foundation's Amended Answer itself. Therefore, the Motion to Strike should be denied.

### B.   The Fourth Affirmative Defense is Adequately Pled

Plaintiff argues that the facts alleged in the Fourth Affirmative Defense are not sufficient to establish abandonment of the Neo4j trademark under 15 U.S.C. 1127. Under section 1127, a trademark is abandoned through "course of conduct . . ., including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark." The Fourth

Affirmative Defense alleges two aspects of Plaintiff's conduct that have resulted in abandonment of the Neo4j mark.

First, there is the fact that Neo4j Sweden uses the Neo4j in its name and calls its open source product Neo4j as well. Plaintiff argues that the confusion caused by the actions of Neo4j Sweden is not sufficient to establish abandonment and, instead, somehow show the mark's strength and significance. Those are arguments over the interpretation of facts that are not appropriate for a Motion to Strike. Rather, under *Twombly*, Graph Foundation need only allege facts that could plausibly support the abandonment of a mark. Here, the allegation is that Neo4j Sweden is using "Neo4j" in a manner that detracts from its significance as a trademark for Plaintiff's specific software product. Plaintiff ignores these allegations entirely, instead focusing on an argument that the multiple uses of Neo4j somehow strengthen its mark. Plaintiff is free to present evidence to that effect, but that does make the allegation of the Fourth Affirmative Defense deficient on its face.

Even weaker is Plaintiff's argument that Graph Foundation cannot point to Plaintiff's lack of control under the open source license for Neo4j as demonstrating abandonment. As Plaintiff concedes, abandonment of a mark occurs when a licensor "fails to exercise adequate quality control over the licensee." *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.* 289 F.3d 589, 595-596 (9th Cir. 2002). The Fifth Affirmative Defense alleges that Plaintiff has no control over the licensees of the open source version of Neo4j and, therefore, has no ability to control the quality of what they produce. This allegation states, exactly, what is required for abandonment under a naked license. "The absence of an agreement with provisions restricting or monitoring the quality of goods or services produced under a trademark supports a finding of naked licensing." *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 516 (9th Cir. 2010).

Plaintiff's citation of *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188 (11th Cir. 2001), does not defeat Graph Foundation's allegation of Plaintiff's abandonment through the open source license of Neo4j. *Planetary Motion* did not address abandonment resulting from failure to control and Plaintiff's statement that the Eleventh Circuit made a finding with respect to

naked licensing misstates the ruling.  See, Motion at 13:7-8.  Instead, in that case, on a motion for summary judgment, the Eleventh Circuit found that distribution under an open source license could establish "use in commerce" sufficient to create ownership rights in a mark and that software distributed pursuant to such a license "is not necessarily ceded to the public domain." *Planetary Motion,* 261 F.3d at 1198.  There is no further discussion in *Planetary Motion* as to how the open source license operates and, in particular, no discussion as to whether the mark holder in that case took the steps necessary to provide for sufficient quality control to avoid a naked license.

Here, the Fifth Affirmative Defense alleges, specifically, that the lack of control of the quality of the product produced by licensees of the open source Neo4j results in a naked license and abandonment of the trademark.  Plaintiff is free to present evidence of how its operation under the open source license allows it to maintain a level of control sufficient to avoid a naked license, but that is a factual issue not appropriate for a motion to strike.

Each of Plaintiff's arguments with respect to the Fourth Affirmative Defense is a factual argument with respect to how Plaintiff acted with respect to the Neo4j trademark.  None of these arguments demonstrates that Graph Foundation's Fourth Affirmative Defense is facially deficient.  The Motion to Strike the Fourth Affirmative Defense should be denied.

### C. The Fifth Affirmative Defense is Adequately Pled

Plaintiff argues that the Fifth Affirmative Defense alleging Graph Foundation's contractual right to fork and use Neo4j open source software is inadequately pled because it does not relate to Plaintiff's right to recover on a purported trademark infringement or unfair competition claims.  But the Complaint alleges that Graph Foundation's actions in connection with its forking of open source Neo4j are improper.  In particular, the Complaint alleges that Graph Foundation's forking of the open source version of Neo4j is damaging and misleading to customers because "Defendant is creating software that is not of the same quality as if it were compiled by Plaintiff."  Complaint, ¶ 23.  Plaintiff goes on to complain that the forked version of Neo4j that Graph Foundation provides contains executable files with "neo4j" in their name.  Complaint, ¶ 24.  Plaintiff incorporates these allegations into its Lanham Act claims and its claim under California Business

and Professions Code section 17200.

In response to these allegations, Graph Foundation alleges in its Fifth Affirmative Defense that its actions with respect to forking the open source version of Neo4j are permitted under the GitHub Terms of Service that Plaintiff agreed to in connection with the Neo4j open source license. This is an entirely appropriate and proper affirmative defense to Plaintiff's allegations. If, as alleged in the Fifth Affirmative Defense, Graph Foundation is forking from the open source Neo4j in accordance with the GitHub Terms of Service to which Plaintiff agreed, then that constitutes a defense to Plaintiff's claims to the extent they are based on that conduct. The fact that the GitHub Terms of Service require compliance with copyright and trademark laws does not defeat this defense because that provision must be interpreted in connection with what is expressly permitted under the rest of the Terms of Service and with Graph Foundation's actual conduct.

Consequently, the Fifth Affirmative Defense is adequately and appropriately pled. Plaintiff has alleged that it has been damaged by Graph Foundation's conduct with respect to forking of the open source Neo4j software. Graph Foundation has alleged, as a defense, that its conduct is within its rights under the GitHub Terms of Service. Plaintiff disputes that what Graph Foundation did actually complies with those Terms of Service. There are factual and legal issues that will have to be resolved to determine which party is correct. But Plaintiff's argument that Graph Foundation's defense based on its contractual forking rights is somehow irrelevant or improper is entirely without merit.

## III. **CONCLUSION**

Plaintiff's Motion falls far short of meeting the requirements of a motion to strike Graph Foundation's Fourth and Fifth Affirmative Defenses. Each of the defenses alleges facts that, if proven, would establish a defense to Plaintiff's Trademark and Unfair Competition claims. Plaintiff's arguments as to the sufficiency of these defenses are based on Plaintiff's position with respect to the underlying facts. But, on a Motion to Strike, the facts alleged in the affirmative defense control. Consequently, the Motion to Strike the Fourth Affirmative Defense should be denied because the Fourth Affirmative Defense alleges facts that, if established, would support a

finding of a naked license.  The Motion to Strike the Fifth Affirmative Defense should be denied because the Fifth Affirmative Defense is directly responsive to the Complaint's allegations regarding Graph Foundation's forking of the open source version of Neo4j and because Graph Foundation's exercise of its right to fork under the GitHub Terms of Service, to which Plaintiff agreed, is a defense against Plaintiff's allegations regarding that conduct.

Plaintiff will have ample opportunity to counter Graph Foundation's affirmative defenses based on the facts as they are developed through discovery.  But this Motion to Strike is an improper, and failed, attempt to deny Graph Foundation the opportunity to establish the facts supporting these defenses.  The Motion to Strike should be denied.

Dated:  February 21, 2020                                        BERGESON, LLP

                                                                          By:   */s/  John D. Pernick*
                                                                                  John D. Pernick
                                                                                  Attorneys for Defendant
                                                                                  GRAPH FOUNDATION, INC.

# CERTIFICATE OF SERVICE

I, Carrie Burkhart, declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 111 North Market Street, Suite 600, San Jose, California 95113. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

On February 21, 2020, I served the within:

**GRAPH FOUNDATION, INC. MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

on the parties below by placing a true copy thereof in a sealed envelope and served same as follows:

__X__    BY ELECTRONIC FILING & SERVICE VIA ECF/PACER:
I caused said documents to be sent by electronic transmission in compliance with court procedures via the United States Northern District Court's ECF e-filing and e-serving system ("ECF"), which constitutes filing and service of document(s) for all purposes and shall constitute entry of that document(s) on the docket maintained by the Clerk pursuant to Fed. R. Civ. P. 58 and 79Civil and L.R. 5-2.

*Attorneys for Plaintiff,*
*Neo4J, Inc.*

John V. Picone III, Esq.
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Esq.
jratinoff@hopkinscarley.com
Cary Chien, Esq.
cchien@hopkinscarley.com
Hopkins & Carley
The Letitia Building
70 South First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Tel: (408) 286-9800
Fax: (408) 998-4790

- 9 -
GRAPH FOUNDATION, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
Case No.: 5:19-CV-06226-EJD

1 | I declare under penalty of perjury that the foregoing is true and correct, and that this
2 | declaration was executed on February 21, 2020, at San Jose, California.

_____
Carrie Burkhart