John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Cary Chien, Bar No. 274078
cchien@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:  (408) 286-9800
Facsimile:   (408) 998-4790

Attorneys for Plaintiff
NEO4J, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation,<br><br>　　　　　Defendant. | CASE NO. 5:19-cv-06226-EJD<br><br>**NEO4J, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS REPLY RE MOTION TO STRIKE**<br><br>Date:　　　May 7, 2020<br>Time:　　　9:00 a.m.<br>Location:　Courtroom 4, 5th Floor<br>Judge:　　Hon. Edward J. Davila |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiff Neo4j, Inc. ("Neo4j USA") hereby submits this Request for Judicial Notice filed in support of Neo4j, Inc.'s Reply supporting its Motion to Strike. The documents are attached as Exhibits A and B to the Declaration of Jeffrey M. Ratinoff supporting Neo4j, Inc.'s Reply, concurrently filed herewith ("Ratinoff Reply Decl.").

Pursuant to Rule 201(b) of the Federal Rules of Evidence, courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are indisputable only if they are either "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Id*.

In ruling on a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) that challenges the sufficiency of an affirmative defense, the Court may consider documents that are attached to the challenged pleading, incorporated by reference when their authenticity is not contested, or are otherwise properly the subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 US 308, 322, 127 S.Ct. 2499 (2007) (court ruling on motion to dismiss must consider entire complaint and other sources incorporated by reference as well as judicially noticeable matters); *see also Ramachandran v. City of Los Altos*, 359 F.Supp.3d 801, 810 (N.D. Cal. 2019). And, the Court need not accept as true allegations contradicted by judicially noticeable facts, or by exhibits attached to or incorporated in the challenged pleading. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Given the centrality of each exhibit subject to this Request to the allegations in Defendant's Amended Answer and given that each exhibit's authenticity is not subject to reasonable dispute, judicial notice is proper under applicable law. Thus, each may be properly considered as part of Neo4j USA's Motion to Strike, without converting that motion into one for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[a] court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment."). Consideration of these exhibits fits squarely within the Ninth Circuit's precedent for judicial notice, and it is consistent with the consideration given by many other courts to similar

documents when evaluating such a motion.  Neo4j USA respectfully submits this Request for Judicial Notice for the following documents:

1.  Neo4j USA respectfully requests that the Court take judicial notice that Neo4j Sweden AB is a subsidiary of Neo4j USA, as reflected in the Dun & Bradstreet Comprehensive Report for Neo4j, Inc., a true and correct copy of which is attached as **Exhibit A** to the Ratinoff Reply Decl.  This document is a publicly available report prepared by Dun & Bradstreet, which is an independent public corporate reporting service, with the contents therein pertaining to Neo4j Sweden AB being a subsidiary of Neo4j USA is not subject to reasonable dispute and is capable of accurate and ready determination.  *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticedare not subject to reasonable dispute) (internal citations and quotations omitted); *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986) (courts may take judicial notice of matters of public record outside the pleadings); *see also* Fed. R. Evid. 201(b).   As such, the Court may take judicial notice of this document and the fact that Neo4j Sweden AB is a wholly-owned subsidiary of Neo4j, Inc.

2.  GNU General Public License (GPL) published by Free Software Foundation from GNU website (URL: http://www.gnu.org), a true and correct copy of which is attached as **Exhibit B** to the Ratinoff Reply Decl.  This document is repeatedly referenced and relied upon by Defendant in its Amended Answer, and in particular forms the basis of its Fourth Affirmative Defense for abandonment and contains facts which are not subject to reasonable dispute and capable of accurate and ready determination.  *See* Dkt. No. 31 at 5:18-6:20, 7:3-10.  Even if a document is not attached to a pleading, it may be incorporated by reference into a pleading if it refers extensively to the document or the document forms the basis of an underlying claim or defense.  *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (recognizing that a court may rely upon "the doctrine of 'incorporation by reference' to consider documents that were referenced extensively in the complaint and were accepted by all parties as authentic"); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a

1  complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively
2  to the document or the document forms the basis of the plaintiff's claim."). The GPL is a publicly
3  available document and its authenticity is not subject to dispute. Thus, the Court may incorporate
4  the GPL and its contents by reference into the Amended Answer, or in the alternative take judicial
5  notice thereof, in consideration of Neo4j USA's motion to strike.

Dated: March 3, 2020

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
    John V. Picone III
    Jeffrey M. Ratinoff
    Cary Chien
    Attorneys for Plaintiff
    NEO4J, INC.