UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>GRAPH FOUNDATION, INC.,<br><br>      Defendant. | Case No. 5:19-cv-06226-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**<br><br>Re: Dkt. No. 32 |

Before the Court is Plaintiff Neo4j, Inc.'s ("Plaintiff or "Neo4j USA") motion to strike Defendant Graph Foundation, Inc.'s ("Defendant" or "GFI") Fourth Affirmative Defense for Naked License Abandonment of Trademark; Fifth Affirmative Defense for "Right to Fork and Use Neo4J Open Source under GitHub Terms of Service;" and Sixth Affirmative Defense for Cancellation of Trademark Procured by Fraud in its Amended Answer to Complaint.  Dkt. No. 31 ("Amended Answer").  The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons below, Plaintiff's motion is **GRANTED in part and DENIED in part**.

## I. Background

Neo4j USA is a Delaware corporation with its principal place of business in San Mateo, California, specializing in graph database management systems.  Complaint, Dkt. No. 1, ¶ 2.  Neo4j USA's platform "helps organizations make sense of their data by revealing how people, processes and digital systems are interrelated."  *Ibid.*  Plaintiff was originally incorporated as Neo Technology, Inc., but changed its name to Neo4j, Inc. in or about July 2017.  *Ibid.*

Plaintiff owns the trademark for the word mark "Neo4j," U.S. Trademark Registration No.

4,784,280. *Id.* at ¶ 10. Plaintiff first used this trademark in June 2006 and has continually used it since it was published by the USPTO in May 2015 and issued on August 4, 2015. *Id.* at ¶ 11. Plaintiff offers a free version of Neo4j software known as Neo4j "Community Edition" on an open source basis under the GNU General Public License ("GPL"). *Id.* at ¶ 13. It also offers a more advanced commercial option that includes Neo4j USA's support, known as the Neo4j "Enterprise Edition." *Ibid.* Plaintiff originally offered the Enterprise Edition under both a paid for commercial license and the free GNU Affero General Public License ("AGPL"), a variant of the GPL. *Id.* at ¶ 14. In November 2018, Plaintiff released an updated version of the Enterprise Edition, version 3.5, which it offered exclusively under the paid for commercial license. *Id.* at ¶ 16.

Plaintiff alleges that Defendant GFI was formed on or around June 21, 2018 in response to Plaintiff's decision to cease offering the Enterprise Edition on an open source basis. *Id.* at ¶ 18. On its website, Defendant offers a graph database software called "ONgDB," which is described as the "free and open source Neo4j Enterprise project" and "a non-restrictive fork of Neo4j, the world's leading Graph Database." *Id.* at ¶ 19. Plaintiff alleges that Defendant markets ONgDB as identical to the current version of the Enterprise Edition, when in fact ONgDB is compiled by and includes source code authored by Defendant. *Id.* at ¶¶ 21-22. Additionally, Plaintiff alleges that the ONgDB download contains numerous executable files that include "neo4j" in their names. *Id.* at ¶ 24. Plaintiff further alleges that Defendant's repository for ONgDH source code contains a number of false and misleading statements. *Id.* at ¶ 27. Specifically, the repository page (hosted by Github.com) states that "ONgDB keeps in sync with the Neo4j github [repositiory]" and calls itself a "Neo4j Enterprise Fork," which Plaintiff alleges is misleading consumers into believing they are receiving authentic Neo4j software. *Id.* at ¶ 29.

On October 1, 2019, Plaintiff filed this action against Defendant, asserting (1) Trademark Infringement; (2) False Designation of Origin; (3) False Advertising; and (4) Federal and State Unfair Competition. On December 5, 2019, this Court determined that the case was related to another trademark infringement action filed by Neo4j USA—*Neo4j, Inc., et al., v. PureThink,*

*LLC, et al.*, No. 5:18-cv-7182-EJD (the "PureThink Action"). Defendant filed an answer on December 26, 2019 and an Amended Answer on January 24, 2020, raising a number of affirmative defenses. On February 7, 2020, Plaintiff filed the present motion to strike Defendant's fourth, fifth, and sixth affirmative defenses. Dkt. No. 32 ("Motion").

The fourth affirmative defense, the "Naked License Abandonment" defense, states in full:

> "Plaintiff claims it owns the Neo4j trademark but there is confusion whether that is a company name trademark or a product name trademark. This confusion is exacerbated by the fact that Neo4j Sweden asserts they own the software, not Plaintiff, and they use Neo4j as part of the company name and call the open source software product Neo4j too. As Neo4j is licensed as open source software, and, to the knowledge of Defendant, Plaintiff has no right under the open source license to inspect or supervise the quality of the open source licensees' work, there is no ability to maintain quality control of how licensees modify, use, distribute or convey the software. As a result, plaintiff has abandoned the Neo4j trademark under the doctrine of Naked License."

Amended Answer, ¶ 4., p. 7. In the fifth affirmative defense, the "Right to Fork" defense, Defendant provides an excerpt from the GitHub Terms of Service, which allegedly authorize any user to use and fork the software. *Id.* at ¶ 5, p. 7. It then alleges:

> "Plaintiff's Complaint is vague and ambiguous as to whether it is alleging that Defendant's forking and use of Neo4J Open Source is a violation of the Lanham Act or an Unfair Trade Practice. To the extent Plaintiff is so alleging, that claim is barred by the GitHub Terms of Service which expressly allow for such forking and use."

*Ibid.* Finally, the sixth affirmative defense, the "Cancellation of Trademark" defense, provides in full:

> "The Registered Trademark for NEO4J, Reg. No. 4,784,280, was procured

Case No.: 5:19-cv-06226-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE
3

    by fraud as the representation was that Neo Technology (a Delaware corporation) (changed to Neo4J, Inc.) first used the trademark in 6-4-2006 and in commerce in 5-28-2007. These statements are false as Neo Technology did not exist on those dates represented as the company was formed 7-7-2011 in Delaware under File Number 5007564. Because the registration was procured by fraud, the registration should be cancelled pursuant to 15 U.S.C. §1119."

*Id.* at ¶ 6, p. 7-8.

  The fourth and sixth affirmative defenses are substantially similar to the counterclaims and affirmative defenses raised by the defendants in the PureThink Action. On February 11, 2020, Neo4j USA filed a motion for judgment on the pleadings with respect to these related counterclaims and affirmative defenses in the PureThink Action. On May 21, 2020, this Court granted that motion for judgment on the pleadings, finding that the defendants' allegations related to abandonment and cancellation were insufficient to support a counterclaim or affirmative defense. Order Granting Motion for Judgment on the Pleadings, *Neo4j, Inc., et al. v. PureThink, et al.*, Dkt. No. 70 (May 21, 2020) (the "PureThink Order").

## II. Legal Standard

  Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Capital, LLC*, No. 08–cv–4854–PJH, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (citing *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

  "[C]ourts in this district continue to require affirmative defenses to meet the *Twombly*/*Iqbal* standard." *Goobich v. Excelligence Learning Corp.*, No. 5:19-CV-06771-EJD, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (collecting cases). "This standard serves to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants'

Case No.: 5:19-cv-06226-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE
4

pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (internal quotations and citations omitted). Thus, "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Id.* (internal quotation and citation omitted). In order to satisfy Rule 8's pleading requirements, "a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Id.* (citing *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012)).

"With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004). "Affirmative defenses are insufficient as a matter of law where there are no questions of fact, any questions of law are clear and not in dispute, and under no set of circumstances could the defense succeed." *Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 284-85 (N.D. Cal. 2015) (internal quotations and citations omitted).

When a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires").

### III. Discussion

#### a. Fourth Affirmative Defense – Naked License Abandonment

In its Amended Answer, Defendant argues that Plaintiff abandoned the Neo4j mark by (1) creating "confusion" by using it as both a company name and the name of multiple software products; and (2) distributing Neo4j-branded software via an open source license, which allegedly amounts to naked licensing.

Under the Lanham Act, a mark can only be deemed "abandoned" when either of the following occurs: "(1) When its use has been discontinued with intent not to resume such use," or "(2) When any course of conduct of the owner, including acts of omission as well as commission,

Case No.: 5:19-cv-06226-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE
5

causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark." 15 U.S.C. § 1127.  Both of Defendant's arguments fall under the second definition of abandonment.

In the PureThink Order, this Court held that the alleged confusion caused by Plaintiff using "Neo4j" in its company name and its product name is not sufficient to show that the mark has "become the generic name" for goods of the same type or that it has "los[t] its significance as a mark" such that the mark could be found to be abandoned.  *See* PureThink Order, p. 10 (citing 15 U.S.C. § 1127).  The Court further held that the allegation that under the open source license Neo4j USA has no right to inspect or supervise the quality of the open source licensees' work, does not by itself indicate that Neo4j USA failed to exercise adequate control over use of the trademark.  *Id.* at p. 13.  The Court adopts the reasoning laid out in the PureThink Order and similarly finds here that Defendant's allegations of confusion and lack of control are insufficient to state an affirmative defense of abandonment based on naked licensing.

While the absence of a control provision in the open source license is not conclusive of a lack of control, it is possible that Defendant may be able to allege a lack of actual control over use of the trademark sufficient to establish a naked license defense.  *See Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 596 (9th Cir. 2002).  Because amending the answer to add allegations regarding Plaintiff's lack of actual control over use of the trademark would not cause prejudice to Plaintiff, the Court grants Defendant leave to amend its answer.  *Leadsinger, Inc. v. Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).  The Court. Therefore, **GRANTS** Plaintiff's Motion to strike the fourth affirmative defense without prejudice.

### b. Fifth Affirmative Defense

With respect to its Right to Fork affirmative defense, Defendant alleges that "[b]y using a public repository at GitHub, the open source versions of Neo4j are subject to the GitHub Terms of Service which allow any user to use and fork the software." Amended Answer, ¶ 5, p. 7.  It asserts that to the extent Plaintiff is alleging that Defendant's forking and use of the open source Neo4j software constitutes a violation of the Lanham Act or an Unfair Trade Practice "that claim

is barred by the GitHub Terms of Service which expressly allow for such forking and use." *Ibid.*

Plaintiff argues that the Right to Fork defense is improper for two reasons. First, Plaintiff argues that the defense is inadequately pled because Defendant fails to show how the right to fork under the GitHub Terms of Service would absolve Defendant of liability for infringement of the Neo4j mark or for unfair competition. Motion, p. 14. Second, Plaintiff argues that the affirmative defense is extraneous to Plaintiff's claims because an omitted portion of the GitHub Terms of Service make clear that the right to fork does not absolve a user from trademark infringement. *Id.* at p. 14-15. Specifically, the GitHub Terms of Service state that users "must not violate any applicable laws, including copyright or trademark laws." *See* Dkt. No. 32-1.[1]

Defendant points out in its Opposition that the Complaint raises multiple allegations related to Defendant's forking of the open source software. Opposition, p. 6-7. For example, Plaintiff alleges that Defendant's forking of the open source software is misleading to customers because "Defendant is creating software that is not of the same quality as if it were compiled by Plaintiff." Complaint, ¶ 23. Plaintiff further alleges that the forked version of the software that Defendant provides contains executable files with "neo4j" in their name. *Id.* at ¶ 24. Defendant's Right to Fork defense asserts that the GitHub Terms of Service expressly permit Defendant to engage in these actions.

The Court agrees with Plaintiff that the GitHub Terms of Service do not give Defendant a

---

[1] The Court finds that the GitHub Terms of Service were incorporated by reference into Defendant's Amended Answer. The Court therefore takes judicial notices of the GitHub Terms of Service. *In re Apple, AT & T iPad Unlimited Data Plan Litig.*, No. C-10-02553 RMW, 2012 WL 2428248, at *2 (N.D. Cal. June 26, 2012) (on a motion to strike, the court may only consider "the face of the pleading under attack or . . . matters of which the court may take judicial notice."); *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (holding that a document may be incorporated by reference into a pleading if the party refers extensively to the document, even if the document is not attached to the pleading).

Case No.: 5:19-cv-06226-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE
7

"legal or contractual right to violate the Lanham Act or the California UCL," but the Court does not agree that the facts alleged in the Right to Fork defense are extraneous to Plaintiff's claims. Motion, p. 9. If the actions that Plaintiff challenges were in accordance with the GitHub Terms of Service—and for the purpose of this motion the Court assumes that they were—such facts would certainly be relevant to Plaintiff's claims. For example, if legitimate forking results in executable files that necessarily include the name "neo4j," then the use of the mark in these file names may be less likely to mislead consumers. Thus, the Court is not convinced that the Right to Fork defense has no "important relationship to the claim for relief." *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994); *E.E.O.C. v. Interstate Hotels, L.L.C.*, No. C 04-04092 WHA, 2005 WL 885604, at *1 (N.D. Cal. Apr. 14, 2005) ("To determine that a defense is insufficient as a matter of law, the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.").

The Court **DENIES** Plaintiff's Motion to strike the fifth affirmative defense.

### c. Sixth Affirmative Defense

Plaintiff argues and the Court agrees that a misstatement of a date of first use in a registration in and of itself does not support cancellation of the trademark. *See Pony Exp. Courier Corp. of Am. v. Pony Exp. Delivery Serv.*, 872 F.2d 317, 319 (9th Cir. 1989); *Teeter-Totter, LLC v. Palm Bay Int'l, Inc.*, 344 F.Supp.3d 1100, 1109 (N.D. Cal. 2018) (citing same) (dismissing trademark cancellation counterclaim because "allegations that [the trademark applicant] made false statements about [its] date of first use in commerce are not sufficient to state a claim . . . for fraud to cancel [Plaintiff's trademark] registration").

In its Opposition, Defendant agreed to strike the Sixth Affirmative Defense. Opposition, Dkt. No. 36, p. 2, fn. 1. Given this concession, the Court finds that amendment would be futile. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (the Court "may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). Accordingly, the Court **GRANTS**

Case No.: 5:19-cv-06226-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE
8

Plaintiff's Motion as to the sixth affirmative defense and **STRIKES** this portion of the Amended Complaint with prejudice.

IV.     **Conclusion**

For the reasons stated above, Plaintiff's motion to strike is **GRANTED IN PART AND DENIED IN PART**.  The Court **STRIKES** Defendant's fourth affirmative defense with leave to amend and **STRIKES** Defendant's sixth affirmative defense with prejudice.  The Court **DENIES** Plaintiff's motion to strike the fifth affirmative defense.

If Defendant wishes to file a second amended answer for the purpose of adding allegations to the fourth affirmative defense, it may do so no later than June 12, 2020.

**IT IS SO ORDERED.**

Dated:  May 29, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-06226-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE
9