# hopkins carley

**San Jose**
70 South First Street
San Jose, CA 95113
T.  408.286.9800
F.  408.998.4790

June 8, 2020

Cary Chien
cchien@hopkinscarley.com
T. 408.299.1460

Magistrate Judge Susan van Keulen
United States District Court
280 South 1st Street
Courtroom 6, 4th Fl.
San Jose, CA 95113

> *Re:*    *Neo4j, Inc. v. Graph Foundation Inc. – Discovery Deficiencies in Responses to*
> *Interrogatory Set 1, Case No.: 3:19-cv-06226-EJD*

On April 22, 2020, Defendant Graph Foundation Inc. ("GFI") served its responses to Neo4j's Interrogatory Set 1 ("ROGs"), which sought information relevant to its Lanham Act claims and several of GFI's defenses thereto. On April 27, 2020, counsel for Plaintiff Neo4j, Inc. ("Neo4j") sent counsel for GFI a meet and confer letter detailing the deficiencies in GFI's responses. Counsel for the parties thereafter met and conferred by telephone to attempt to resolve the issues raised and were unable to resolve the instant dispute. GFI's supplemental responses, served on May 28, did not address the issues in this motion. See **Exhibit A**. The parties have concurrently filed a joint statement regarding GFI's deficiencies to Neo4j's Requests for Production Set 1, which cover overlapping subject matter with the requests in this motion.

1.      **Close of Discovery and Trial Date**: Close of fact discovery for issues relating to Neo4j's Lanham Act claims and GFI's defenses thereto is August 14, 2020. A trial date has not been set. This case schedule also applies to the earlier filed case *Neo4j, Inc. v PureThink, LLC et al.*, which is now related with the case against GFI based on the common nucleus of operative claims, facts, and witnesses. *See* Dkt. Nos. 21, 68 in Related Case.

2.      **Description of Unresolved Discovery Issues**: On March 2, 2020, Neo4j served its ROGs. Neo4j granted GFI two extensions giving it three 3 additional weeks to respond. Neo4j contends GFI's responses fail to provide the complete and accurate information available to GFI, including answers which demonstrably contradict the undisputed facts, and constitute a failure to answer under Fed. R. Civ. Proc. 37. GFI also gives evasive answers referring to documents en masse, and fails to identify the complete and independently acquired factual basis, documents, or witnesses for its affirmative defenses.

3.      **Neo4j's Position**: A responding party is obligated to respond to the interrogatories to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3). ROGs 2, 5-10, 13, and 16-18, 20 and how GFI's response to each is deficient is addressed in detail below.

Magistrate Judge Susan van Keulen
June 8, 2020
Page 2

<u>GFI's Failure to Provide All Information Within its Possession, Custody or Control</u>

In several of its responses, GFI either failed to provide all the information available to it and/or failed to completely answer the entirety of the interrogatory. Specifically:

ROG 2 seek facts and documents concerning the conception, creation, and development of GFI's software product, Open Native Graph Database (ONgDB) that Neo4j accuses GFI as deceptively marketing as a "drop-in replacement" for NEO4J® Enterprise Edition software. GFI's only response that "individuals with knowledge of ONgDB are Brad Nussbaum and Ben Nussbaum" is incomplete because it does not address the first part of interrogatory seeking ONgDB's "conception, creation, and development". This information is relevant to, inter alia, the genesis of ONgDB, including whether its conception may have encompassed infringing code and/or intent, including evidence in support of Neo4j's false advertising claim that ONgDB is allegedly a "drop-in" replacement for Neo4j's software. During meet and confer, GFI claimed to not understand "conception, creation, and development." Such an objection lacks merit because GFI is obligated to exercise common sense and attribute ordinary definitions to such terms. *Bryant v. Armstrong*, 285 F.R.D. 596 (S.D. Cal. 2012); *see also Haney v. Saldana*, 2010 WL 3341939 at *3 (E.D. Cal. Aug. 24, 2010) (The responding party shall use common sense and reason in its responses; hyper-technical, quibbling, or evasive objections will not be viewed favorably by the court). Additionally, under Civ. R. 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."

ROG 5 seek facts concerning John Mark Suhy's role in the inception, formation and operation of GFI. GFI's response "[n]one" is patently false as it is widely known, through statements made by Suhy and GFI, that Suhy was instrumental, if not the mastermind behind GFI's formation. Notably, Mr. Suhy was previously listed as a board member on GFI's website and Neo4j has proffered emails showing Suhy and the Nussbaums discussing forming GFI. See Table of Exhibits[1], **Exhs. 1, 3, 5**. GFI objected to the terms "role" and "all material facts" as vague and unintelligible. GFI's unreasonable inaccuracies cannot be squared with its direct knowledge of Suhy's hands-on involvement with GFI. *See Fresenius Medical Care Holding Inc. v. Baxter International, Inc.*, 224 F.R.D. 644, 651 (N.D. Cal. 2004) ("When responding to interrogatories, a party has a duty to respond with all the information under its custody and control").

ROG 6, 7, 8, and 9 seeks facts concerning GFI's relationship with iGov, AtomRain, GraphGrid and GrapheneDB. GFI responded "None" to 6, 8, and 9. For 7, GFI's response is incomplete as it makes no mention of GraphGrid as a financial sponsor even though they are listed on GFI's website as one. See **Exh. 2**. The same concerns as ROG 5 apply here. Suhy through PureThink, and subsequently iGov, persuaded government agencies to purchase ONgDB, and to obtain support services through entities also founded by either Suhy or the Nussbaums, such as AtomRain and GraphGrid who are major financial backers of GFI. iGov is a "Targeted Sponsor[2]". GrapeneDB

---

[1] Table of Exhibits filed concurrently with parties' Joint Statement regarding Neo4j's Request for Production, Set 1.

[2] https://www.graphfoundation.org/support/thanks/. (iGov is a "GF Targeted Sponsors" which provides GFI "with contributions for specific activities, programs projects, such as donating cloud services, funding a project engineer, providing legal services, offering a community member benefit, or something entirely new. It's the Graph Foundation

Magistrate Judge Susan van Keulen
June 8, 2020
Page 3

provides support services to ONgDB users.  See Supplemental Response to ROG 15.  These related entities have common founders and are in the business of supporting GFI's ONgDB.  GFI's response is patently incorrect.

ROG 10 seeks information about the identity of GFI's customer base. Customer information is relevant to evidence of consumer confusion, Neo4j's lost profits, and disgorgement of GFI's profits. GFI's responded that it "does not collect or maintain the information sought in this interrogatory." GFI produced documents showing discussion with actual or potential customers of ONgDB and the identity of these prospects are responsive at a minimum.  Moreover, GFI's tracking of the number of downloads of its product suggests it has information about its user base that is readily ascertainable and responsive to this request.[3]

ROG 16 seeks information about GFI's support documentation that may have infringed Neo4j's mark, the author(s) of that documentation, and the copyright holder of such documentation and any permission or license given to GFI the right to use such documentation.  GFI's response is incomplete as it did not answer who the author(s) and copyright holders of the documentation were, and what permission, if any, GFI was given to use the documentation.

<u>GFI Cannot Refer to a Mass of Documents – Interrogatory Responses Must Be Complete In Itself</u>

ROGs 13 and 20 seek aspects of GFI's own source code, including what code purportedly differentiates ONgDB from Neo4j's software, which goes to Neo4j's infringement and false advertising claims.  GFI's response refers to general webpages on the Internet without identification of actual source code files.  Neo4j can only guess as to what information on these voluminous websites—all under GFI's control—is responsive.  These responses are non-responsive, incomplete, and evasive. *Gaeta v. Perrigo Pharmaceuticals Co.*, 2007 WL 3343043 *4 (N.D.Cal. Nov.9, 2007) ("An interrogatory response should be complete and not refer to other pleadings or documents.")

Each of these interrogatories seeks information that GFI is familiar with – its own product, ONgDB, and its own source code.  GFI knows where and how its code is functionally different from Neo4j's product, if at all.  GFI has a duty to review and provide this information under its control and it can do so in ways that Neo4j cannot. *T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 FRD 449, 454 (WD NC 1991) (responding party's familiarity with its records and methods of organization would facilitate review of records in ways unavailable to opposing party).

---

way of recognizing the sponsors that we rely on every day outside of and often in addition to funding our general operations.")

[3] https://www.graphfoundation.org/1000th-ongdb-open-neo4j-enterprise-3-5-download-iequoh3ja/ ("We are excited to announce today that we have reached our 1,000th download of ONgDB 3.5, the Open Native Graph Database project!")

Magistrate Judge Susan van Keulen
June 8, 2020
Page 4

<u>GFI's Failure To Fully Identify the Factual Basis Underlying Its Affirmative Defenses</u>

ROGs 17 and 18 seek the factual basis supporting GFI's affirmative defense of Unclean Hands and Fair Use respectively, and the persons and documents that support these defenses. For Unclean Hands, GFI recites conclusory allegations, and actually contains even less allegations that the content of its Amended Answer. (Dkt. No. 31 at 5:16-6:20). For Fair Use, GFI copies entirely from its pleading without reciting any additional or actual facts.

Neo4j is entitled to a full and complete response based on information that GFI obtained through a reasonable inquiry. Instead, GFI admittedly has only copied allegations from the Related Case without any independent knowledge of the underlying facts. *Profile Publishing & Management Corp. APS v. Musicmaker.com, Inc.*, 242 F. Supp. 2d 363, (S.D.N.Y. Jan. 24, 2003) (awarding sanctions where defendant's counsel failed to make reasonable inquiry into affirmative defenses). GFI also fails to identify any documents or person(s) with knowledge that support its defenses. This too falls short of what is requested.

**Neo4j's Compromise**:    Neo4j proposes that GFI amend its responses to provide full, unevasive, and complete responses from all sources within its control.   To the extent GFI does not possess any additional responsive information, it must state, via declarations from the Nussbaums, that they have conducted a diligent search and reasonable inquiry, including the sources and custodians they sought information from.

**GFI's Position**:

**ROG 2 is Overbroad and Unintelligible:** ROG 2 asks GFI to state "all material facts" and identify "all documents" concerning the development of the ONgDB. GFI properly objected to ROG 2 on the ground that it is overbroad, unduly burdensome and its use of the terms "all material facts" and "development" render it vague, ambiguous and unintelligible. GFI is unable to determine what information would be responsive to this interrogatory. This is not a hyper sensitive reading of the interrogatory. While a request for "all material facts" supporting a party's contention can be appropriate (if served after an opportunity for discovery), this request for "all material facts" relating to the development of a software product is unintelligible and the request to identify all documents that might be related to that development is overbroad, unduly burdensome and oppressive Moreover, the issue of the development of ONgDB is not relevant to this action. Nevertheless, GFI identified the two individuals with knowledge of the development of ONgDB and would be willing to produce for deposition a person most knowledgeable with respect to the development of ONgDB which will enable Neo4j to ask questions with respect to the aspects of ONgDB's development that it deems material.

**GFI has Answered ROGS 5-9 Subject to Donor Privacy Objections:** Neo4j's complaint with respect to GFI's answer to ROG 5 is that Neo4j disagrees with GFI's answer. That is not a proper basis for a motion to compel. *See, e.g., Bradford v. Owens,* 2014 U.S. Dist. LEXIS 95945 *5-6 (W.D. Ky. July 14, 2014); *Grant v. Target Corp.,* 2013 U.S. Dist. LEXIS 136652 *9 ("[A] motion to compel is not the correct way for [plaintiff] to argue about the factual accuracy of [defendant's] responses.") As for ROGs 6-9, the only difference is that GFI did withhold information about donor relationships because of its donor's right to privacy. There is no governmental interest that would be served by the

Magistrate Judge Susan van Keulen
June 8, 2020
Page 5

release of that information because donor information is entirely irrelevant to Neo4j's claims against GFI (and is also not relevant to the claims in the Related Case). *See, e.g., Ctr. for Competitive Politics v. Harris,* 784 F.3d 1307, 1317 (9th Cir. 2015) (weighing chilling effect of disclosure of donors against interest of Attorney General in policing non-profit organizations). Except as to donor information, GFI provided its responses to these interrogatories and Neo4j's only complaint is that it disagrees with the answers.

**GFI Answered ROG 10:** Again, Neo4j disagrees with GFI's answer to ROG 10, claiming that GFI has information it does not have. The email communications that GFI had with potential users of ONgDB do not provide the information requested in the interrogatory. As GFI has explained to Neo4j, the information on the number of downloads was obtained from DockerHub, a third-party that tracks open source downloads. See https://hub.docker.com/r/graphfoundation/ongdb

**GFI Has Sufficiently Answered ROG 16:** GFI's response to ROG 16 provides links to the very documents Neo4j is requesting that GFI identify. Neo4j is equally able to review those documents and obtain any information from them as it deems relevant. The primary website listed, https://github.com/graphfoundation/ongdb/wiki/ONgDB-3.6-Docs, is a wiki page which is open to public comment and editing. The interrogatory's request for author and license information does not make sense in the context of the nature of the documentation and also is unduly burdensome and oppressive in that the burden of compiling that information is significant and the information is of no relevance to Neo4j's trademark claims.

**GFI Has Sufficiently Answered ROG 13:** ROG 13 asks for the identity of source code files. The links provided in response are links to the folders on the github.com site that contain the responsive source code files. Neo4j's counsel is well aware of this. Moreover, the websites are where opensource software files are available for download and are not "controlled" by GFI.

**ROG 20 Seeks Irrelevant Information and is Unduly Burdensome and Oppressive:** This is a trademark infringement action. The question of what is within the ONgDB source code is not relevant and asking GFI to compile all of the different changes that have been made since the original forking is overbroad and unduly burdensome. Moreover, as stated in the response, all of the information with respect to changes in ONgDB are available in the history that is posted on the referenced website.

**ROGs 17 and 18 are Premature Contention Interrogatories:** ROGs 17 and 18 ask GFI to identify the facts and documents supporting its affirmative defenses. GFI has not had the opportunity to complete its discovery in this matter. Indeed, with respect to ROG 18, GFI does not know what incidences of its use of Neo4j's trademark are contended by Neo4j to not be a fair use. With respect to the affirmative defense of unclean hands, as stated in the response, GFI's sole current source of information are the allegations in the Related Action and GFI has not had the opportunity to complete its discovery with respect to the basis of those allegations. *Profile Publishing* does not have any relevance to this discovery motion as it concerned sanctions following an unopposed motion for summary judgment. Pursuant to Rule 33(a)(2), GFI should be given the opportunity to conduct

Magistrate Judge Susan van Keulen
June 8, 2020
Page 6

discovery with respect to these issues and then supplement its responses based on the evidence obtained through that process.

Sincerely,

HOPKINS & CARLEY
A Law Corporation

Cary Chien

# Exhibit A

JOHN D. PERNICK, SBN 155468
jpernick@be-law.com
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Defendant
GRAPH FOUNDATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>         v.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation,<br><br>         Defendant. | Case No. 5:19-cv-06226-EJD<br><br>**GRAPH FOUNDATION, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF INTERROGATORIES**<br><br>Judge:    Hon. Edward J. Davila<br>Crtrm.:   4, 5th Fl.<br><br>Complaint Filed: October 1, 2019 |

PROPOUNDING PARTY:       Plaintiff NEO4J, INC.

RESPONDING PARTY:        Defendant GRAPH FOUNDATION, INC.

SET NO.:                 One (1)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant GRAPH FOUNDATION, INC. ("GFI") hereby supplements its response to Plaintiff NEO4J, INC.'s ("Neo4j") First Set of Interrogatories (the "Interrogatories") as follows:

<u>**PRELIMINARY STATEMENT**</u>

The following responses are made solely for the purpose of, and in relation to, this action. Each response is provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, propriety, and admissibility) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

The following responses are based on the facts and information presently known and available to GFI. Discovery, investigation, research, and analysis are still ongoing in this case and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, or changes to these responses. Without being obligated to do so, GFI reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions or legal theories which may apply.

<u>**GENERAL OBJECTIONS**</u>

1.      GFI objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent that they purport to require GFI to provide information concerning persons or entities other than GFI, on the grounds that the Interrogatories, to that extent, are overbroad and seek information that is neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence, or if relevant, so remote therefrom as to make their disclosure of little or no practical benefit to Neo4j, while placing an unwarranted and extreme burden and expense on GFI in ascertaining, gathering and providing such information.

2.      GFI objects to the Interrogatories in their entirety and to each individual

interrogatory therein, to the extent that they seek information that is not relevant and does not appear reasonably calculated to lead to the discovery of admissible evidence.

3.      GFI objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they purport to require GFI to provide information that is not within its possession, custody, or control.

4.      GFI objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent they purport to require GFI to provide information that has already been provided by parties in this Action, or that could be provided by parties to this Action, or non-parties.

5.      GFI objects to the Interrogatories in its entirety and to each individual interrogatory therein, to the extent that they are vague, ambiguous, and/or overbroad.

6.      GFI objects to the Interrogatories in its entirety and to each individual interrogatory therein, to the extent that they purport to require GFI to provide confidential business, financial, proprietary, or sensitive information.

7.      GFI objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent they seek information prepared in anticipation of, or in connection with this Action, or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege against disclosure.

8.      GFI objects to the Definitions set forth in the Interrogatories to the extent that such definitions purport to impose requirements on GFI which differ from those set forth set forth in the Code of Civil Procedure.

9.      GFI objects to the Definitions set forth in the Interrogatories to the extent that the definitions of the stated terms or phrases assume facts not in evidence or otherwise improperly or incorrectly define the stated terms or phrases.

10.     GFI objects to the Definitions set forth in the Interrogatories to the extent that such definitions result in the Interrogatories being improperly compound and/or containing subparts in violation of Section 2030.060(f) of the Code of Civil Procedure.

11.     The foregoing General Objections are, and shall be deemed to be, incorporated in

2

full into each specific Interrogatory Response set forth below.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      GFI objects to "Instructions" and "Definitions" contained in the Interrogatories, to the extent that they are inconsistent with and/or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

2.      GFI adopts the definitions used in the Interrogatories solely for the purpose of responding to the Interrogatories, and not for any other purpose.

3.      GFI objects to the terms "GFI," "YOU," and "YOUR" to the extent that it includes "all individuals and/or entities acting on its behalf, including but not limited to all employees, attorneys, agents, advisors, representatives, subsidiaries, parents, affiliates, successors, predecessors, or assigns" as they render the requests vague and ambiguous, overbroad, and unduly burdensome and oppressive.

4.      GFI objects to the term "PLAINTIFF" or "NEOJ4" to the extent that it includes "all individuals and/or entities acting on its behalf, including but not limited to all employees, attorneys, agents, advisors, representatives, subsidiaries, parents, affiliates, successors, predecessors, or assigns" as it renders the requests vague and ambiguous, overbroad, and unduly burdensome and oppressive.

5.      GFI objects to the term "PLAINTIFF'S MARK" or the "NEO4J MARK"  to the extent that it includes "all individuals and/or entities acting on its behalf, including but not limited to all employees, attorneys, agents, advisors, or representatives," as it renders the requests vague and ambiguous, overbroad, and unduly burdensome and oppressive.

6.      GFI objects to the term "NEO4J SOFTWARE" to the extent that it includes "all individuals and/or entities acting on its behalf, including but not limited to all employees, attorneys, agents, advisors, or representatives," as it renders the requests vague and ambiguous, overbroad, and unduly burdensome and oppressive.

7.      The foregoing General Objections are, and shall be deemed to be, incorporated in full into each specific interrogatory response set forth below.

1    **<u>RESPONSES TO INTERROGATORIES</u>**

2    **<u>INTERROGATORY NO. 1:</u>**

3    IDENTIFY all material facts and DOCUMENTS describing each and every instance of

4    which YOU are aware in which any person has been in any way confused, mistaken, or deceived

5    as to the origin, or sponsorship of any goods or services sold, provided or offered for sale under or

6    in connection with Open Native Graph Database (ONgDB) or Neo4j Government Edition, and the

7    three (3) persons most knowledgeable about such facts.

8    **<u>RESPONSE TO INTERROGATORY NO. 1:</u>**

9    GFI incorporates by reference the Preliminary Statement, General Objections, and

10    Objections to Instructions and Definitions stated above.

11    GFI further objects to this interrogatory on the grounds that its use of the terms "in any

12    way confused, mistaken or deceived", "origin, or sponsorship" render it vague, ambiguous and

13    unintelligible.  GFI further objects to this interrogatory to the extent it seeks information protected

14    by the attorney-client privilege, the attorney work product doctrine, or another privilege.

15    Subject to and without waiving the foregoing objections, GFI responds as follows:  GFI

16    has no knowledge of any such instance.

17    **<u>INTERROGATORY NO. 2:</u>**

18    IDENTIFY all material facts and DOCUMENTS concerning the conception, creation, and

19    development of Open Native Graph Database (ONgDB), and the five (5) persons most

20    knowledgeable about such facts.

21    **<u>RESPONSE TO INTERROGATORY NO. 2:</u>**

22    GFI incorporates by reference the Preliminary Statement, General Objections, and

23    Objections to Instructions and Definitions stated above.

24    GFI further objects to this interrogatory on the grounds that it is vague, ambiguous,

25    unintelligible, overbroad and unduly burdensome.  GFI further objects to this interrogatory on the

26    grounds that its use of the term "all material facts and DOCUMENTS concerning" renders it

27    vague, ambiguous, and unintelligible.  GFI further objects to this request on the grounds that its

28    use of the term "development" in the context of ONgDB renders the interrogatory vague,

4

1  ambiguous and unintelligible.  GFI further objects to this interrogatory to the extent it seeks

2  information that is subject to the attorney-client privilege, the attorney work product doctrine, or

3  some other privilege.

4      Subject to and without waiving the foregoing objections, GFI responds that individuals

5  with knowledge of ONgDB are Brad Nussbaum and Ben Nussbaum.

6  **INTERROGATORY NO. 3:**

7      IDENTIFY all websites, discussion forum accounts, Twitter accounts, Facebook accounts,

8  Instagram accounts, and other social media accounts that are owned, operated, or controlled by YOU,

9  and the PERSONS who were or are responsible for or participating in, the creation and development of

10  each and content therewith.

11  **RESPONSE TO INTERROGATORY NO. 3:**

12      GFI incorporates by reference the Preliminary Statement, General Objections, and

13  Objections to Instructions and Definitions stated above.

14      GFI further objects to this interrogatory on the grounds that it is vague, ambiguous,

15  unintelligible, overbroad and unduly burdensome. GFI further objects to this interrogatory to the

16  extent it seeks information that is subject to the attorney-client privilege, the attorney work

17  product doctrine, or some other privilege.

18      Subject to and without waiving the foregoing objections, GFI responds as follows:

19  www.graphfoundation.org and the GFI Twitter account (https://twitter.com/GraphFoundation);

20  Brad Nussbaum.

21  **INTERROGATORY NO. 4:**

22      IDENTIFY all material facts concerning the formation of Graph Foundation, Inc. and the

23  opportunities in the marketplace that the company was formed to take advantage of, and the five (5)

24  persons most knowledgeable about such facts.

25  **RESPONSE TO INTERROGATORY NO. 4:**

26      GFI incorporates by reference the Preliminary Statement, General Objections, and

27  Objections to Instructions and Definitions stated above.

28      GFI further objects to this interrogatory on the grounds that it seeks information that is

5

1  irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

2  further objects to this interrogatory on the grounds that it is compound.  GFI further objects to this

3  request on the ground that it is vague, ambiguous, unintelligible, overbroad and unduly

4  burdensome.  GFI further objects to this interrogatory to the extent it seeks information subject to

5  the attorney-client privilege, the attorney work product doctrine, or some other doctrine or

6  privilege.

7          Subject to and without waiving the foregoing objections, GFI responds as follows:  GFI is

8  a non-profit corporation incorporated under the laws of the State of Ohio.  The mission of GFI is

9  to further, at no charge, the Open Source development and distribution of graph technology in the

10  areas of software, storage, networking, clustering, parallel and distributed computation, query

11  processing, analytics, visualization, machine learning, artificial intelligence and cloud

12  accessibility, while serving the community with mentoring, leadership and vision for a healthy

13  graph ecosystem.  Brad Nussbaum.

14  **INTERROGATORY NO. 5:**

15          IDENTIFY all material facts concerning John Mark Suhy's role in the inception, formation

16  and operation of Graph Foundation, Inc.

17  **RESPONSE TO INTERROGATORY NO. 5:**

18          GFI incorporates by reference the Preliminary Statement, General Objections, and

19  Objections to Instructions and Definitions stated above.

20          GFI further objects to this interrogatory on the grounds that it seeks information that is

21  irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

22  further objects to this interrogatory on the ground that its use of the terms "all material facts" and

23  "role" renders it vague, ambiguous and unintelligible.  GFI further objects to this interrogatory to

24  the extent it seeks information that is subject to the attorney-client privilege or the attorney work

25  product doctrine.

26          Subject to and without waiving the foregoing objections, GFI responds as follows:  None.

27  **INTERROGATORY NO. 6:**

28          IDENTIFY all material facts concerning YOUR relationship with iGov Inc. and all

6

1    DOCUMENTS reflecting or governing that relationship, including all oral or written agreements.

2    **RESPONSE TO INTERROGATORY NO. 6:**

3         GFI incorporates by reference the Preliminary Statement, General Objections, and

4    Objections to Instructions and Definitions stated above.

5         GFI further objects to this interrogatory on the grounds that it seeks information that is

6    irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

7    further objects to this interrogatory on the ground that its use of the terms "all material facts" and

8    "relationship" renders it vague, ambiguous and unintelligible.  GFI further objects to this

9    interrogatory to the extent it includes being a donor to GFI a "relationship" on the grounds that

10   information about GFI's donors are subject to the donors' right of privacy and are irrelevant and

11   not reasonably calculated to lead to the discovery of admissible evidence.  GFI will not provide

12   information identifying donors in response to any interrogatory.  GFI further objects to this

13   interrogatory to the extent it seeks information that is subject to the attorney-client privilege or the

14   attorney work product doctrine.

15        Subject to and without waiving the foregoing objections, GFI responds as follows:  None.

16   **INTERROGATORY NO. 7:**

17        IDENTIFY all material facts concerning YOUR relationship with GraphGrid, Inc. and all

18   DOCUMENTS reflecting or governing that relationship, including all oral or written agreements.

19   **RESPONSE TO INTERROGATORY NO. 7:**

20        GFI incorporates by reference the Preliminary Statement, General Objections, and

21   Objections to Instructions and Definitions stated above.

22        GFI further objects to this interrogatory on the grounds that it seeks information that is

23   irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

24   further objects to this interrogatory on the ground that its use of the terms "all material facts" and

25   "relationship" renders it vague, ambiguous and unintelligible.  GFI further objects to this

26   interrogatory to the extent it includes being a donor to GFI a "relationship" on the grounds that

27   information about GFI's donors are subject to the donors' right of privacy and are irrelevant and

28   not reasonably calculated to lead to the discovery of admissible evidence.  GFI will not provide

7

1  information identifying donors in response to any interrogatory.  GFI further objects to this

2  interrogatory to the extent it seeks information that is subject to the attorney-client privilege or the

3  attorney work product doctrine.

4       Subject to and without waiving the foregoing objections, GFI responds as follows:

5  GraphGrid, Inc. provides web hosting and cloud services for the GFI website and binary

6  distribution.  The documentation was GFI's signing up through the GraphGrid, Inc. website:

7  https://go.graphgrid.com.

8  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

9       GFI incorporates by reference the Preliminary Statement, General Objections, and

10  Objections to Instructions and Definitions stated above.

11       GFI further objects to this interrogatory on the grounds that it seeks information that is

12  irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

13  further objects to this interrogatory on the ground that its use of the terms "all material facts" and

14  "relationship" renders it vague, ambiguous and unintelligible.  GFI further objects to this

15  interrogatory to the extent it includes being a donor to GFI a "relationship" on the grounds that

16  information about GFI's donors are subject to the donors' right of privacy and are irrelevant and

17  not reasonably calculated to lead to the discovery of admissible evidence.  GFI will not provide

18  information identifying donors in response to any interrogatory.  GFI further objects to this

19  interrogatory to the extent it seeks information that is subject to the attorney-client privilege or the

20  attorney work product doctrine.

21       Subject to and without waiving the foregoing objections, GFI responds as follows:

22  GraphGrid, Inc. provides web hosting and cloud services for the GFI website and binary

23  distribution.  The documentation was GFI's signing up through the GraphGrid, Inc. website:

24  https://go.graphgrid.com.  A copy of GraphGrid, Inc.'s Customer Agreement which governs its

25  customer relationships and which is available at graphgrid.com/agreement/ is attached hereto as

26  Exhibit 1.

27

28

GRAPH FOUNDATION, INC.'S SUPPLEMENTA OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST
SET OF INTERROGATORIES, Case No. 5:19-cv-06226-EJD

**INTERROGATORY NO. 8:**

IDENTIFY all material facts concerning YOUR relationship with AtomRain, Inc. and all DOCUMENTS reflecting or governing that relationship, including all oral or written agreements.

**RESPONSE TO INTERROGATORY NO. 8:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this interrogatory on the ground that its use of the terms "all material facts" and "relationship" renders it vague, ambiguous and unintelligible. GFI further objects to this interrogatory to the extent it includes being a donor to GFI a "relationship" on the grounds that information about GFI's donors are subject to the donors' right of privacy and are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI will not provide information identifying donors in response to any interrogatory. GFI further objects to this interrogatory to the extent it seeks information that is subject to the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, GFI responds as follows:  None.

**INTERROGATORY NO. 9:**

IDENTIFY all material facts concerning YOUR relationship with GrapheneDB Labs S.L. and all DOCUMENTS reflecting or governing that relationship, including all oral or written agreements.

**RESPONSE TO INTERROGATORY NO. 9:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this interrogatory on the ground that its use of the terms "all material facts" and "relationship" renders it vague, ambiguous and unintelligible. GFI further objects to this interrogatory to the extent it includes being a donor to GFI a "relationship" on the grounds that

9

1  information about GFI's donors are subject to the donors' right of privacy and are irrelevant and

2  not reasonably calculated to lead to the discovery of admissible evidence.  GFI will not provide

3  information identifying donors in response to any interrogatory.  GFI further objects to this

4  interrogatory to the extent it seeks information that is subject to the attorney-client privilege or the

5  attorney work product doctrine.

6      Subject to and without waiving the foregoing objections, GFI responds as follows:  None.

7  **INTERROGATORY NO. 10:**

8      IDENTIFY each person and entity who download a copy of Open Native Graph Database

9  (ONgDB) software, the version number, the person or entity who downloaded it, and IP Address for

10  each such download.

11  **RESPONSE TO INTERROGATORY NO. 10:**

12      GFI incorporates by reference the Preliminary Statement, General Objections, and

13  Objections to Instructions and Definitions stated above.

14      GFI further objects to this request on the grounds that it is overbroad, unduly burdensome

15  and oppressive.  GFI further objects to this request on the grounds that it seeks information that is

16  irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

17      Subject to and without waiving the foregoing objections, GFI responds as follows:  GFI

18  does not collect or maintain the information sought in this interrogatory.

19  **INTERROGATORY NO. 11:**

20      IDENTIFY each and every charitable donation and contribution made to Graph Foundation,

21  Inc., including the nature and type of donation (i.e., money, goods, services, personal property, real

22  property, intellectual property, source code, vehicles, clothes, household items), the amount of the

23  donation, the fair market value ascribed to the donation, the date of the donation, and the person or

24  entity who made each such donation.

25  **RESPONSE TO INTERROGATORY NO. 11:**

26      GFI incorporates by reference the Preliminary Statement, General Objections, and

27  Objections to Instructions and Definitions stated above.

28      GFI further objects to this interrogatory on the grounds that it seeks information that is

10

1   irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

2   further objects to this request on the grounds that it seeks information that is subject to the right of

3   privacy GFI's donors.  Based on these objections, GFI will not provide any information in

4   response to this interrogatory.

5   **INTERROGATORY NO. 12:**

6       IDENTIFY each COMMUNICATION where YOU represented that a particular version

7   number of ONgDB is equivalent or provides the same functions and features as the same version

8   number of Neo4j® Enterprise Edition software and each person to whom that was communicated

9   **RESPONSE TO INTERROGATORY NO. 12:**

10      GFI incorporates by reference the Preliminary Statement, General Objections, and

11  Objections to Instructions and Definitions stated above.

12      GFI further objects to this interrogatory on the grounds that its use of the terms

13  "represented" and "equivalent or provides the same functions and features" renders it vague,

14  ambiguous and unintelligible.  GFI further objects to this request on the ground that it seeks a

15  compilation of documents as to which the burden would be the same for Plaintiff as for GFI.  GFI

16  further objects to this request to the extent it seeks information subject to the attorney-client

17  privilege, the attorney work product doctrine or any other privilege.

18      Subject to and without waiving the foregoing objections, GFI responds as follows:  GFI

19  has undertaken a diligent search and reasonable inquiry to search for responsive communications

20  discussing the capabilities of ONgDB 3.5 and will produce any non-privileged responsive

21  communications that it identifies.

22  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

23      GFI incorporates by reference the Preliminary Statement, General Objections, and

24  Objections to Instructions and Definitions stated above.

25      GFI further objects to this interrogatory on the grounds that its use of the terms

26  "represented" and "equivalent or provides the same functions and features" renders it vague,

27  ambiguous and unintelligible.  GFI further objects to this request on the ground that it seeks a

28  compilation of documents as to which the burden would be the same for Plaintiff as for GFI.  GFI

11

1  further objects to this request to the extent it seeks information subject to the attorney-client

2  privilege, the attorney work product doctrine or any other privilege.

3        Subject to and without waiving the foregoing objections, GFI responds as follows:  GFI

4  has undertaken a diligent search and reasonable inquiry to search for responsive communications

5  discussing the capabilities of ONgDB 3.5 and has produced the following communications that

6  include within them discussions referring to the capabilities of ONgDB 3.5:  GFI000068,

7  GFI000071, GFI000074-75, GFI000080, GFI000119, GFI000127.

8  **INTERROGATORY NO. 13:**

9        IDENTIFY each source code file in each version of Open Native Graph Database (ONgDB)

10 that YOU contend is covered by the GNU Affero General Public License (AGPL) version 3.

11 **RESPONSE TO INTERROGATORY NO. 13:**

12        GFI incorporates by reference the Preliminary Statement, General Objections, and

13 Objections to Instructions and Definitions stated above.

14        GFI further objects to this interrogatory on the grounds that it seeks information that is

15 irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

16 further objects to this interrogatory to the extent it seeks information that is subject to the attorney-

17 client privilege or the attorney work product doctrine.

18        Subject to and without waiving the foregoing objections, GFI responds as follows:

19 https://github.com/graphfoundation/ongdb/tree/3.5/enterprise

20 https://github.com/graphfoundation/ongdb/tree/3.5/integrationtests

21 https://github.com/graphfoundation/ongdb/tree/3.5/packaging

22 https://github.com/graphfoundation/ongdb/tree/3.5/stresstests

23 https://github.com/graphfoundation/ongdb/tree/3.5/tools.

24 **INTERROGATORY NO. 14:**

25        IDENTIFY each closed component in Neo4j Enterprise Edition version 3.5 that YOU contend

26 does not require a commercial license from Neo4j Sweden AB or Neo4j, Inc. to use, copy or distribute,

27 and explain the legal and factual basis for that contention.

28

GRAPH FOUNDATION, INC.'S SUPPLEMENTA OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST
SET OF INTERROGATORIES, Case No. 5:19-cv-06226-EJD

1    **RESPONSE TO INTERROGATORY NO. 14:**

2        GFI incorporates by reference the Preliminary Statement, General Objections, and

3    Objections to Instructions and Definitions stated above.

4        GFI further objects to this interrogatory on the grounds that it seeks information that is

5    irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

6    further objects to this interrogatory on the grounds that its use of the term "closed component"

7    renders it vague, ambiguous and unintelligible.  GFI further objects to this interrogatory to the

8    extent it seeks information that is subject to the attorney-client privilege, the attorney work

9    product doctrine, or some other doctrine or privilege,

10       Subject to and without waiving the foregoing objections, GFI responds as follows:

11   The following are open source under AGPLv3 as to which no separate license from Neo4j, Inc. or

12   Neo4j Sweden AB are required under the terms of AGPLv3:

13   https://github.com/graphfoundation/ongdb/tree/3.5/enterprise

14   https://github.com/graphfoundation/ongdb/tree/3.5/integrationtests

15   https://github.com/graphfoundation/ongdb/tree/3.5/packaging

16   https://github.com/graphfoundation/ongdb/tree/3.5/stresstests

17   https://github.com/graphfoundation/ongdb/tree/3.5/tools.

18   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

19       GFI incorporates by reference the Preliminary Statement, General Objections, and

20   Objections to Instructions and Definitions stated above.

21       GFI further objects to this interrogatory on the grounds that it seeks information that is

22   irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

23   further objects to this interrogatory on the grounds that its use of the term "closed component"

24   renders it vague, ambiguous and unintelligible.  GFI further objects to this interrogatory to the

25   extent it seeks information that is subject to the attorney-client privilege, the attorney work

26   product doctrine, or some other doctrine or privilege,

27       Subject to and without waiving the foregoing objections, GFI responds as follows:

28

13

1  The following are open source under AGPLv3 as to which no separate license from Neo4j, Inc. or

2  Neo4j Sweden AB are required under the terms of AGPLv3:

3  https://github.com/graphfoundation/ongdb/tree/3.5/enterprise

4  https://github.com/graphfoundation/ongdb/tree/3.5/integrationtests

5  https://github.com/graphfoundation/ongdb/tree/3.5/packaging

6  https://github.com/graphfoundation/ongdb/tree/3.5/stresstests

7  https://github.com/graphfoundation/ongdb/tree/3.5/tools.

8  Attached as Exhibit 2 is a listing of the responsive Neo4j Enterprise Edition 3.5 files.

9  **INTERROGATORY NO. 15:**

10      IDENTIFY each person or entity that offers or provides support services for end users of

11  ONgDB software.

12  **RESPONSE TO INTERROGATORY NO. 15:**

13      GFI incorporates by reference the Preliminary Statement, General Objections, and

14  Objections to Instructions and Definitions stated above.

15      GFI further objects to this interrogatory on the grounds that it seeks information that is

16  irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

17  further objects to this interrogatory on the ground that its use of the term "offers or provides

18  support services" renders it vague, ambiguous and unintelligible.  GFI further objects to this

19  request to the extent it seeks information that is publicly available and equally available to

20  Plaintiff as GFI.  GFI further objects to this interrogatory to the extent it seeks information that is

21  subject to the attorney-client privilege or the attorney work product doctrine.

22      Subject to and without waiving the foregoing objections, GFI responds as follows:  There

23  are entities that, independent from GFI, provide services to users of ONgDB.  The identification of

24  those entities and the nature of the services they provide is available through an internet search

25  that can be conducted by Plaintiff as easily as by GFI.

26  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

27      GFI incorporates by reference the Preliminary Statement, General Objections, and

28  Objections to Instructions and Definitions stated above.

14

1    GFI further objects to this interrogatory on the grounds that it seeks information that is

2  irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

3  further objects to this interrogatory on the ground that its use of the term "offers or provides

4  support services" renders it vague, ambiguous and unintelligible.  GFI further objects to this

5  request to the extent it seeks information that is publicly available and equally available to

6  Plaintiff as GFI.  GFI further objects to this interrogatory to the extent it seeks information that is

7  subject to the attorney-client privilege or the attorney work product doctrine.

8    Subject to and without waiving the foregoing objections, GFI responds as follows:  There

9  are entities that, independent from GFI, provide services to users of ONgDB.  The identification of

10  those entities and the nature of the services they provide is available through an internet search

11  that can be conducted by Plaintiff as easily as by GFI.  GFI knows of the following entities that

12  provide services to users of ONgDB:  GrapheneDB, AtomRain, GraphGrid, iGov.

13  **INTERROGATORY NO. 16:**

14    IDENTIFY all support documentation for Open Native Graph Database (ONgDB) that YOU

15  have published, provided or made available either directly or via a hotlink on YOUR website to users

16  of ONgDB, and the source, author(s), the copyright holder of such documentation and any permission

17  or license giving YOU the right to use such documentation.

18  **RESPONSE TO INTERROGATORY NO. 16:**

19    GFI incorporates by reference the Preliminary Statement, General Objections, and

20  Objections to Instructions and Definitions stated above.

21    GFI further objects to this interrogatory on the grounds that it seeks information that it is

22  unduly burdensome and oppressive in that it seeks information that is equally available to

23  Plaintiff.  GFI further objects to this interrogatory to the extent it seeks information that is subject

24  to the attorney-client privilege or the attorney work product doctrine.

25    Subject to and without waiving the foregoing objections, GFI responds as follows:  All

26  documentation is available on The Graph Foundation site

27  (https://graphfoundation.org/projects/ongdb), GitHub account

28  (https://github.com/graphfoundation) and Docker Hub account

15

1  (https://hub.docker.com/r/graphfoundation/ongdb).

2  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

3      GFI incorporates by reference the Preliminary Statement, General Objections, and

4  Objections to Instructions and Definitions stated above.

5      GFI further objects to this interrogatory on the grounds that it seeks information that it is

6  unduly burdensome and oppressive in that it seeks information that is equally available to

7  Plaintiff.  GFI further objects to this interrogatory to the extent it seeks information that is subject

8  to the attorney-client privilege or the attorney work product doctrine.

9      Subject to and without waiving the foregoing objections, GFI responds as follows:  All

10  documentation is available on The Graph Foundation site

11  (https://graphfoundation.org/projects/ongdb), GitHub account

12  (https://github.com/graphfoundation) and the specific page

13  (https://github.com/graphfoundation/ongdb/wiki/ONgDB-3.6-Docs) and Docker Hub account

14  (https://hub.docker.com/r/graphfoundation/ongdb).

15  **INTERROGATORY NO. 17:**

16      IDENTIFY all material facts and DOCUMENTS that support YOUR Unclean Hands defense

17  asserted in YOUR Amended Answer, and the five persons most knowledgeable regarding such facts

18  and DOCUMENTS.

19  **RESPONSE TO INTERROGATORY NO. 17:**

20      GFI incorporates by reference the Preliminary Statement, General Objections, and

21  Objections to Instructions and Definitions stated above.

22      GFI further objects to this interrogatory on the grounds that it is a premature contention

23  interrogatory.  GFI has not completed its discovery in this matter and has not received the

24  productions by Plaintiff in the related matter.  GFI further objects to this interrogatory to the extent

25  it seeks information that is subject to the attorney-client privilege, the attorney work product

26  doctrine, and any other privilege.

27      Subject to and without waiving the foregoing objections, GFI responds as follows:  GFI is

28  informed and believes, based on the allegations of the Answers and the Counterclaim filed in the

16

1  *Neo4j, Inc. v. PureThink, LLC* action that has been related to this action, that because Plaintiff

2  cannot lawfully operate a dual license model since the open source is based on GPL or AGPL,

3  Plaintiff resorts to sharp and false practices with customers (lying about the difference between the

4  commercial versions and the open source version) attempting to restrict partners from supporting

5  the open source Neo4J version with unlawful restrictions and interfering in attempts to use open

6  source Neo4J software.  GFI's discovery is continuing.

7  **INTERROGATORY NO. 18:**

8      IDENTIFY all material facts and DOCUMENTS that support YOUR Fair Use of Trademarks

9  affirmative defense asserted in YOUR Amended Answer, and the five persons most knowledgeable

10  regarding such facts and DOCUMENTS.

11  **RESPONSE TO INTERROGATORY NO. 18:**

12      GFI incorporates by reference the Preliminary Statement, General Objections, and

13  Objections to Instructions and Definitions stated above.

14      GFI further objects to this interrogatory on the grounds that its use of the term "all material

15  facts and DOCUMENTS concerning" renders it vague, ambiguous, and unintelligible.  GFI further

16  objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and

17  oppressive in that it apparently asks GFI to identify every instance of its use of Plaintiff's

18  trademarks and then provide an analysis of why the use is a fair use.  In the absence of Plaintiff's

19  identification of a particular use of its trademark by GFI that Plaintiff contends is an infringement

20  not subject to GFI's fair use defense, GFI is unable to present specific facts relative to any

21  particular use.  GFI further objects to this interrogatory to the extent it seeks information that is

22  subject to the attorney-client privilege, the attorney work product doctrine, or any other privilege.

23      Subject to and without waiving the foregoing objections, GFI responds as follows:  GFI's

24  only uses of Plaintiff's trademarks were and are nominative fair uses to (a) identify a software

25  product called Neo4j that is freely available as open source software and (b) comparative

26  advertising.

27

28

17

1  **INTERROGATORY NO. 19**:

2      IDENTIFY each and every NEO4J SOFTWARE file that YOU modified, altered, deleted, or

3  added copyright management information, each such modification, alteration, deletion and addition,

4  and the five (5) persons most knowledgeable about such acts.

5  **RESPONSE TO INTERROGATORY NO. 19**:

6      GFI incorporates by reference the Preliminary Statement, General Objections, and

7  Objections to Instructions and Definitions stated above.

8      GFI further objects to this interrogatory on the grounds that its use of the term "modified,

9  altered, deleted or added copyright management information" renders the interrogatory vague,

10  ambiguous, and unintelligible.  GFI further objects to this interrogatory on the ground that, given

11  the open source nature of ONgDB, its use of the term "YOU" renders it vague, ambiguous and

12  unintelligible.  GFI further objects to this interrogatory to the extent it seeks information that is

13  subject to the attorney-client privilege, the attorney work product doctrine, or any other privilege.

14      Subject to and without waiving the foregoing objections, GFI responds as follows:  All

15  source code changes and history are available on The Graph Foundation GitHub account

16  (https://github.com/graphfoundation).

17  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**:

18      GFI incorporates by reference the Preliminary Statement, General Objections, and

19  Objections to Instructions and Definitions stated above.

20      GFI further objects to this interrogatory on the grounds that its use of the term "modified,

21  altered, deleted or added copyright management information" renders the interrogatory vague,

22  ambiguous, and unintelligible.  GFI further objects to this interrogatory on the ground that, given

23  the open source nature of ONgDB, its use of the term "YOU" renders it vague, ambiguous and

24  unintelligible.  GFI further objects to this interrogatory to the extent it seeks information that is

25  subject to the attorney-client privilege, the attorney work product doctrine, or any other privilege.

26      Subject to and without waiving the foregoing objections, GFI responds as follows:  All

27  source code changes and history are available on The Graph Foundation GitHub account

28  (https://github.com/graphfoundation).  Attached as Exhibit 3 is a listing of files of Neo4j software

18

1   files that were modified by either Brad Nussbaum of GFI or by other individuals who are

2   members of the ONgDB community (including, but not limited to, John Mark Suhy).  The

3   modifications were primarily the removal of the Commons Clause from the AGPLv3 license in

4   accordance with the AGPLv3 license conditions.

5   **INTERROGATORY NO. 20:**

6          For each version of Open Native Graph Database (ONgDB), IDENTIFY all source code by file

7   name and all lines therein that either YOU or a contributor has authored which YOU contend

8   differentiates Open Native Graph Database (ONgDB) as a "fork" from original NEO4j® source code.

9   **RESPONSE TO INTERROGATORY NO. 20:**

10         GFI incorporates by reference the Preliminary Statement, General Objections, and

11  Objections to Instructions and Definitions stated above.

12         GFI further objects to this interrogatory on the grounds that it seeks information that is

13  irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI

14  further objects to this request on the grounds that its use of the terms "differentiates" and "fork"

15  renders the interrogatory vague, ambiguous and unintelligible.  GFI further objects to this

16  interrogatory on the grounds that its use of source the term "original Neo4j$^{(R)}$ code" renders it

17  vague, ambiguous and unintelligible and does not accurately describe the Neo4j open source code

18  that has been licensed under the GPL.  GFI further objects to this interrogatory to the extent it

19  seeks information that is subject to the attorney-client privilege, the attorney work product

20  doctrine, or any other privilege.

21         Subject to and without waiving the foregoing objections, GFI responds as follows:  All

22  source code changes and history are available on The Graph Foundation GitHub account

23  (https://github.com/graphfoundation).

24

25

26

27

28

1   Dated:  May 28, 2020          BERGESON, LLP

2

3                                 By: _____

4                                 Attorneys for Defendant
                                  GRAPH FOUNDATION, INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRAPH FOUNDATION, INC.'S SUPPLEMENTA OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST
SET OF INTERROGATORIES, Case No. 5:19-cv-06226-EJD

**<u>VERIFICATION</u>**

I, Brad Nussbaum, declare under penalty of perjury under the laws of the United States that I am the CEO at Graph Foundation, Inc. ("GFI"), that I have read the foregoing GRAPH FOUNDATION, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF INTERROGATORIES, that the statements of facts contained therein, are within my personal knowledge or based upon information provided by other persons at GFI or business records of GFI, that the foregoing Responses are true and correct, and that I am authorized to sign this verification on behalf of GFI.

Executed on May 27, 2020, at Wooster, Ohio.

Brad Nussbaum

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Santa Clara, State of California. My business address is 111 N. Market Street, Suite 600, San Jose, CA 95113.

On May 28, 2020, I served true copies of the following document(s) described as **GRAPH FOUNDATION, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

*Attorneys for Plaintiff*
*NEO4J, INC.*

John V. Picone III, Esq.
Jeffrey M. Ratinoff, Esq
Cary Chien, Esq.
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA 95113-2406
jpicone@hopkinscarley.com
jratinoff@hopkinscarley.com
cchien@hopkinscarley.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address emtofelogo@be-law.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 28, 2020, at San Jose, California.

_____
Emma Tofelogo-Fernandez

GRAPH FOUNDATION, INC.'S SUPPLEMENTA OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF INTERROGATORIES, Case No. 5:19-cv-06226-EJD

Joint Chart to Joint Statement
Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.                Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| **INTERROGATORY NO. 2:**<br>IDENTIFY all material facts and DOCUMENTS concerning the conception, creation, and development of Open Native Graph Database (ONgDB), and the five (5) persons most knowledgeable about such facts. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br>    GFI further objects to this interrogatory on the grounds that it is vague, ambiguous, unintelligible, overbroad and unduly burdensome. GFI further objects to this interrogatory on the grounds that its use of the term "all material facts and DOCUMENTS concerning" renders it vague, ambiguous, and unintelligible. GFI further objects to this request on the grounds that its use of the term "development" in the context of ONgDB renders the interrogatory vague, ambiguous and unintelligible. GFI further objects to this interrogatory to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, or some other privilege.<br>    Subject to and without waiving the foregoing objections, GFI responds that individuals with knowledge of ONgDB are Brad Nussbaum and Ben Nussbaum. | Neo4j proposes that GFI amend its responses to provide full, unevasive, and complete responses from all sources within its control.  To the extent GFI does not possess any additional responsive information, it must state, via declarations from the CEO of GFI, Brad Nussbaum, that he has conducted a diligent search and reasonable inquiry, including the sources and custodians they sought information from, and that he has no knowledge of the information sought by the request.<br><br>See *Fresenius Medical Care Holding Inc. v. Baxter International, Inc.*, 224 F.R.D. 644, 651 (N.D. Cal. 2004) ("When responding to interrogatories, a party has a duty to respond with all the information under its custody and control.") | ROG 2's request for a statement of "all material facts and documents" concerning the entirety of the development of ONgDB (which, according to Neo4j, is asking GFI to provide all the information it has regarding the development of ONgDB) is unintelligible, overbroad, and not an appropriate interrogatory.  GFI proposes that Neo4j notice a deposition of GFI's person most knowledgeable with respect to the development of ONgDB so Neo4j can ask whatever specific questions it has with respect to the development of the software. | |
| **INTERROGATORY NO.** | GFI incorporates by reference the | Same proposal as Interrogatory | GFI has responded | |

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| **5:** IDENTIFY all material facts concerning John Mark Suhy's role in the inception, formation and operation of Graph Foundation, Inc. | Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.    GFI further objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this interrogatory on the ground that its use of the terms "all material facts" and "role" renders it vague, ambiguous and unintelligible. GFI further objects to this interrogatory to the extent it seeks information that is subject to the attorney-client privilege or the attorney work product doctrine.    Subject to and without waiving the foregoing objections, GFI responds as follows: None. | No. 2. | to ROG 5. Neo4j's disagreement with GFI's response is not an appropriate basis for a motion to compel. GFI proposes that Neo4j take the deposition of the person most knowledgeable at GFI regarding its inception, formation and operation and ask any questions Neo4j may have with respect to Mr. Suhy. Neo4j can also depose Mr. Suhy himself. | |
| **INTERROGATORY NO. 6:** IDENTIFY all material facts concerning YOUR relationship with iGov Inc. and all DOCUMENTS reflecting or governing that relationship, including all oral or written agreements. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.    GFI further objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible | Same proposal as Interrogatory No. 2. Specifically, iGov is listed as a "Targeted Sponsor" on GFI's website. At a minimum, this information is responsive. | Donor privacy rights are based on the Constitutional right of freedom of association and should be maintained in the absence of an overriding governmental | |

815\3526069.4

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | evidence. GFI further objects to this interrogatory on the ground that its use of the terms "all material facts" and "relationship" renders it vague, ambiguous and unintelligible. GFI further objects to this interrogatory to the extent it includes being a donor to GFI a "relationship" on the grounds that information about GFI's donors are subject to the donors' right of privacy and are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI will not provide information identifying donors in response to any interrogatory. GFI further objects to this interrogatory to the extent it seeks information that is subject to the attorney-client privilege or the attorney work product doctrine.    Subject to and without waiving the foregoing objections, GFI responds as follows: None. | | interest. *See, e.g., Ctr. for Competitive Politics v. Harris*, 784 F.3d 1307, 1317 (9th Cir. 2015). GFI has responded to this and similar interrogatories with respect to any relationship outside of a donor relationship. Neo4j has not explained why donor relationships are relevant to its trademark claims. | |
| **INTERROGATORY NO. 7:** IDENTIFY all material facts concerning YOUR relationship with GraphGrid, Inc. and all DOCUMENTS reflecting or governing that | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead | Same proposal as Interrogatory No. 2. Specifically, GraphGrid is listed as a "Financial Sponsor" on GFI's website. At a minimum, this information is responsive. | Donor privacy rights are based on the Constitutional right of freedom of association and should be maintained in the absence of an | |

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.                Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
| relationship, including all oral or written agreements. | to the discovery of admissible evidence. GFI further objects to this interrogatory on the ground that its use of the terms "all material facts" and "relationship" renders it vague, ambiguous and unintelligible. GFI further objects to this interrogatory to the extent it includes being a donor to GFI a "relationship" on the grounds that information about GFI's donors are subject to the donors' right of privacy and are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI will not provide information identifying donors in response to any interrogatory. GFI further objects to this interrogatory to the extent it seeks information that is subject to the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing objections, GFI responds as follows: GraphGrid, Inc. provides web hosting and cloud services for the GFI website and binary distribution. The documentation was GFI's signing up through the GraphGrid, Inc. website: | | overriding governmental interest. *See, e.g., Ctr. for Competitive Politics v. Harris,* 784 F.3d 1307, 1317 (9th Cir. 2015). GFI has responded to this and similar interrogatories with respect to any relationship outside of a donor relationship. Neo4j has not explained why donor relationships are relevant to its trademark claims. | |

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.                Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
|  | https://go.graphgrid.com. A copy of GraphGrid, Inc.'s Customer Agreement which governs its customer relationships and which is available at raphgrid.com/agreement/ is attached hereto as Exhibit 1. |  |  |  |
| **INTERROGATORY NO. 10:** IDENTIFY each person and entity who download a copy of Open Native Graph Database (ONgDB) software, the version number, the person or entity who downloaded it, and IP Address for each such download. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>    GFI further objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive. GFI further objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.<br><br>    Subject to and without waiving the foregoing objections, GFI responds as follows: GFI does not collect or maintain the information sought in this interrogatory. | GFI produced documents showing discussion with customers of ONgDB.  At a minimum, the identity of these customers are responsive. | GFI does not have the information requested in ROG 10. Communications with individuals that Neo4j styles as "customers" does not provide the information requested in this interrogatory.  The information GFI has with respect to the number of downloads is from a third-party website, not GFI's own records. |  |
| **INTERROGATORY NO. 11:** IDENTIFY each and every charitable donation and contribution made to Graph | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. | Same proposal as Interrogatory No. 2.<br><br>This information is relevant to Neo4j's trademark infringement, | Donor privacy rights are based on the Constitutional right of freedom of association and |  |

5

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| Foundation, Inc., including the nature and type of donation (i.e., money, goods, services, personal property, real property, intellectual property, source code, vehicles, clothes, household items), the amount of the donation, the fair market value ascribed to the donation, the date of the donation, and the person or entity who made each such donation. | GFI further objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request on the grounds that it seeks information that is subject to the right of privacy GFI's donors. Based on these objections, GFI will not provide any information in response to this interrogatory. | false designation, and unfair competition claims as they will reflect the nature of each sponsor's support of GFI, which Neo4j contends includes misappropriation Neo4j's brand through financial and in-kind support.  Neo4j is entitled to discovery relevant to its claims and GFI's response will be protected by the Protective Order.<br><br>"General concerns of privacy are insufficient to justify the refusal to answer Plaintiff's discovery requests." *Garraway v. Ciufo*, 2020 WL 1263562, at *8 (E.D. Cal. Mar. 16, 2020).  And, any legitimate concerns about donor privacy can be sufficiently protected by the dissemination restrictions offered by the Protective Order in this case. *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998) Further, business entities do not enjoy same privacy rights as individuals, and doubts as to relevance should generally be resolved in favor of permitting discovery.  *See KFD* | should be maintained in the absence of an overriding governmental interest.  *See, e.g., Ctr. for Competitive Politics v. Harris*, 784 F.3d 1307, 1317 (9th Cir. 2015).  GFI has responded to this and similar interrogatories with respect to any relationship outside of a donor relationship.  Neo4j has not explained why donor relationships are relevant to its trademark claims. Its argument that support of GFI supports GFI's alleged trademark infringement does not provide an explanation as to why donor information is relevant. | |

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | *Enterprises, Inc. v. City of Eureka*, 2010 WL 11484695, at *6 (N.D. Cal. Nov. 12, 2010). | | |
| **INTERROGATORY NO. 13:** IDENTIFY each source code file in each version of Open Native Graph database (ONgDB) that YOU contend is covered by the GNU Affero General Public License (AGPL) version 3. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this interrogatory to the extent it seeks information that is subject to the attorney client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing objections, GFI responds as follows: https://github.com/graphfoundation/ongdb/tree/3.5/enterprise https://github.com/graphfoundation/ongdb/tree/3.5/integrationtests https://github.com/graphfoundation/ongdb/tree/3.5/packaging | Neo4j proposes that GFI amend its responses to provide full, unevasive, and complete response to include actual source code file names. Its current response referring to Internet links containing voluminous webpages is evasive and incomplete. GFI has a duty to review and provide this information under its control and it can do so in ways that Neo4j cannot, and GFI can do so efficiently. *T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 FRD 449, 454 (WD NC 1991) (responding party's familiarity with its records and methods of organization would facilitate review of records in ways unavailable to opposing party). | What Neo4j describes as links to voluminous webpages are actually links to pages containing the very source code files that are responsive to this interrogatory. GFI could print out each webpage and produce the pages listing the source code files, but that is something Neo4j is just as able to do. | |

7

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | https://github.com/graphfoundation/ ongdb/tree/3.5/stresstests <br><br> https://github.com/graphfoundation/ ongdb/tree/3.5/tools. | | | |
| **INTERROGATORY NO. 16:** IDENTIFY all support documentation for Open Native Graph Database (ONgDB) that YOU have published, provided or made available either directly or via a hotlink on YOUR website to users of ONgDB, and the source, author(s), the copyright holder of such documentation and any permission or license giving YOU the right to use such documentation. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. <br><br> GFI further objects to this interrogatory on the grounds that it seeks information that it is unduly burdensome and oppressive in that it seeks information that is equally available to Plaintiff. GFI further objects to this interrogatory to the extent it seeks information that is subject to the attorney-client privilege or the attorney work product doctrine. <br><br> Subject to and without waiving the foregoing objections, GFI responds as follows: All documentation is available on The Graph Foundation site (https://graphfoundation.org/projects /ongdb), GitHub account (https://github.com/graphfoundation ) and the specific page (https://github.com/graphfoundation/ ongdb/wiki/ONgDB-3.6-Docs) and | Same proposal as Interrogatory No. 2. Specifically, GFI's response is incomplete as it did not answer who the author(s) and copyright holders of the documentation were, and what permission, if any, GFI was given to use the documentation. | GFI's response to ROG 16 provides links to all of the documentation responsive to this interrogatory. The specific page link to the wiki page that contains the information that has been developed over time with community involvement provides a complete history of the development of the documentation. As the documentation is on a wiki page, the inquiries regarding "author", "copyright" and "license" are not applicable. | |

8

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.                Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | Docker Hub account (https://hub.docker.com/r/graphfoundation/ongdb). | | | |
| **INTERROGATORY NO. 17:** IDENTIFY all material facts and DOCUMENTS that support YOUR Unclean Hands defense asserted in YOUR Amended Answer, and the five persons most knowledgeable regarding such facts and DOCUMENTS. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this interrogatory on the grounds that it is a premature contention interrogatory. GFI has not completed its discovery in this matter and has not received the productions by Plaintiff in the related matter. GFI further objects to this interrogatory to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, and any other privilege.

Subject to and without waiving the foregoing objections, GFI responds as follows: GFI is informed and believes, based on the allegations of the Answers and the Counterclaim filed in the *Neo4j, Inc. v. PureThink, LLC* action that has been related to this action, that because Plaintiff cannot lawfully operate a dual license model since the open source is based on GPL or | Neo4j is entitled to a full and complete response based on information that GFI obtained through a reasonable inquiry. Instead, GFI admittedly has only copied allegations from the Related Case without any independent knowledge of the underlying facts. If GFI has no independently derived facts, it should say so and drop the affirmative defense.

See FRCP 33(a)(2) (a party may be required to state its contentions relating to "fact or the application of law to fact"); see also *Essex Ins. Co. v. Interstate Fire & Safety Equip. Co./Interstate Fire & Safety Cleaning Co.*, 263 F.R.D. 72, 75 (D. Conn. 2009).

GFI also fails to identify any documents or person(s) with knowledge that support its defenses. This too falls short of what is requested. | GFI has not had the opportunity to conduct discovery with respect to the practices of Neo4j that are alleged in this affirmative defense. Pursuant to FRCP 33(a)(2), GFI should be permitted to conduct discovery and then supplement its interrogatory response. Further, there is no rule that prevents GFI from relying on the allegations in the Related Case as the basis for its allegations as to this defense. | |

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.            Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | AGPL, Plaintiff resorts to sharp and false practices with customers (lying about the difference between the commercial versions and the open source version) attempting to restrict partners from supporting the open source Neo4J version with unlawful restrictions and interfering in attempts to use open source Neo4J software. GFI's discovery is continuing. | | | |
| **INTERROGATORY NO. 18:** IDENTIFY all material facts and DOCUMENTS that support YOUR Fair Use of Trademarks affirmative defense asserted in YOUR Amended Answer, and the five persons most knowledgeable regarding such facts and DOCUMENTS. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this interrogatory on the grounds that its use of the term "all material facts and DOCUMENTS concerning" renders it vague, ambiguous, and unintelligible. GFI further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive in that it apparently asks GFI to identify every instance of its use of Plaintiff's trademarks and then provide an analysis of why the use is a fair use. In the absence of Plaintiff's identification of a particular use of its trademark by | Same proposal as Interrogatory No. 17. | As stated in GFI's response to ROG 18, Neo4j has not identified which uses of the Neo4j trademark by GFI is outside of the fair use projection. Pursuant to FRCP 33(a)(2), GFI should be permitted to conduct the discovery necessary to determine what uses Neo4j contends are not fair use and, with that information, GFI will supplement its response to this interrogatory to | |

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
| | GFI that Plaintiff contends is an infringement not subject to GFI's fair use defense, GFI is unable to present specific facts relative to any particular use. GFI further objects to this interrogatory to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, or any other privilege.    Subject to and without waiving the foregoing objections, GFI responds as follows: GFI's only uses of Plaintiff's trademarks were and are nominative fair uses to (a) identify a software product called Neo4j that is freely available as open source software and (b) comparative advertising. | | present specific facts supporting its fair use defense as to each alleged infringement. | |
| **INTERROGATORY NO. 20:** For each version of Open Native Graph Database (ONgDB), IDENTIFY all source code by file name and all lines therein that either YOU or a contributor has authored which YOU contend | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.    GFI further objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible | Neo4j proposes that GFI amend its responses to provide full, unevasive, and complete response to include source code information that differentiates GFI's product from Neo4j's.  Its current response referring to a Internet link containing the entirety of GFI's source code is evasive. | All of the history of changes to ONgDB code are available on the referenced GitHub account. Requesting that GFI review and explain every change maed is unduly burdensome and | |

Neo4j, Inc. Special Interrogatories, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
| differentiates Open Native Graph Database (ONgDB) as a "fork" from original NEO4j® source code. | evidence. GFI further objects to this request on the grounds that its use of the terms "differentiates" and "fork" renders the interrogatory vague, ambiguous and unintelligible. GFI further objects to this interrogatory on the grounds that its use of the term "original Neo4j(R) source code" renders it vague, ambiguous and unintelligible and does not accurately describe the Neo4j open source code that has been licensed under the GPL. GFI further objects to this interrogatory to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, or any other privilege. <br><br> Subject to and without waiving the foregoing objections, GFI responds as follows: All source code changes and history are available on The Graph Foundation GitHub account (https://github.com/graphfoundation). | GFI has a duty to review and provide this information under its control and it can do so in ways that Neo4j cannot, and GFI can do so efficiently. *T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 FRD 449, 454 (WD NC 1991) (responding party's familiarity with its records and methods of organization would facilitate review of records in ways unavailable to opposing party). | oppressive as the development of ONgDB as an open source software product is not controlled by GFI. Neo4j had not explained why the information requested is relevant to its trademark infringement claims. | |

12