# hopkins carley

**San Jose**
70 South First Street
San Jose, CA 95113
T.  408.286.9800
F.  408.998.4790

June 8, 2020

Cary Chien
cchien@hopkinscarley.com
T. 408.299.1460

Magistrate Judge Susan van Keulen
United States District Court
280 South 1st Street
Courtroom 6, 4th Fl.
San Jose, CA 95113

> Re:    *Neo4j, Inc. v. Graph Foundation Inc. – Discovery Deficiencies in Responses to
> Plaintiff's Requests for Production Set 1, Case No.: 3:19-cv-06226-EJD*

Dear Magistrate Judge van Keulen:

On May 4, 2020, counsel for Plaintiff Neo4j, Inc. ("Neo4j") sent counsel for Defendant Graph Foundation Inc. ("GFI") a meet and confer letter detailing the deficiencies in GFI's responses to Neo4j's Requests for Production of Documents, Set 1 ("RFPs", see **Exhibit A)**.  On May 10, 2020, counsel for the parties met and conferred by telephone to attempt to resolve the issues set forth in Neo4j's letter and were unable to resolve the instant dispute.

1.     **Close of Discovery and Trial Date**: Close of fact discovery for issues relating to Neo4j's Lanham Act claims and GFI's defenses thereto is August 14, 2020.  A trial date has not been set. This case schedule also applies to the earlier filed case *Neo4j, Inc. v PureThink, LLC et al.*, which is now related with the case against GFI based on the common nucleus of operative claims, facts, and witnesses.  *See* Dkt. Nos. 21, 68.

2.     **Description of Unresolved Discovery Issues**: On March 2, 2020 Neo4j served the RFPs, seeking documents relevant to its Lanham Act claims for trademark infringement, false advertising and false designation, and unfair competition, and several of GFI's defenses thereto.  GFI's responses and production (a total of ~44 documents) are inadequate as it did not produce entire categories of documents in existence, relevant to Neo4j's claims and GFI's defenses.  This includes documents which are in GFI's custody, control, or possession, such as the emails of its officers, directors and agents.  In sum, that GFI has not conducted a diligent search and reasonable inquiry as required by Rule 34 for documents clearly within its control—as demonstrated by the exemplars Neo4j provided to GFI during meet and confer—is the main dispute that underlies this motion.

3.     **Neo4j's Position**:  Neo4j is the industry leader in graph database solutions and software—sold under the NEO4J® mark—that helps organizations make sense of their data by revealing how people, processes and digital systems are interrelated.  The common nucleus of facts between this case and the Related Case informs this motion and will be briefly described.

The Related Case defendants are PureThink LLC ("PT"), iGov, Inc. ("iGov"), and John Mark Suhy ("Suhy").  In September 2014, Suhy via PT and Neo4j entered into a written agreement ("Partner

Magistrate Judge Susan van Keulen
June 8, 2020
Page 2

Agreement") whereby PT became an authorized reseller to assist Neo4j in developing business with various agencies within the federal government to deploy NEO4J® software for investigative uses. The agreement included a limited license to use NEO4J® mark solely to market and promote Neo4j's software products.

Neo4j contends that rather than pursuing the joint interest of the partnership, PT sought to direct revenue to itself and away from Neo4j, and also compiled its own modified version of the Neo4j software and improperly marketed it under the NEO4J® mark. Suhy founded iGov admittedly to evade the restrictions imposed by the Partner Agreement after Neo4j terminated it due to PT's material breaches. *See* Dkt. No. 50 at ¶¶ 36-42; *see also* Dkt. No. 55 at ¶ 21. Neo4j contends that iGov continues to operate as the alter ego of PureThink. Dkt. No. 50 at ¶¶ 9-14, 42.

When the parties could not informally resolve their dispute to put a stop to the misuse of Neo4j's intellectual property, Suhy co-founded GFI with Benjamin and Brad Nussbaum to deceptively market GFI's product, ONgDB, as being the "drop-in" equivalent of Neo4j's software, prompting this lawsuit. The Nussbaums are listed on GFI's website as current board members[1], and Suhy was also listed as a board member until about the time Neo4j filed suit against GFI, which GFI now claims was a "typo" despite emails showing otherwise. See Table of Exhibits, **Exhibit 1**[2]. GFI also touts iGov as a "Targeted Sponsor" that it "rel[ies] on every day outside of and often in addition to funding our general operations." The Nussbaums also founded AtomRain and GraphGrid, related companies that offer support and related services for ONgDB. AtomRain and GraphGrid are also GFI's main financial sponsors. **Exhibit 2**.

It has become clear that GFI failed to comply with its discovery obligations by not searching key custodial sources under its control, including entire email accounts that GFI's officers and agents used to conduct GFI business. The Nussbaums used their GFI, AtomRain, and GraphGrid emails interchangeably to discuss GFI business, which Neo4j only uncovered through discovery in the Related Case. GFI makes a semantic argument that these email accounts are not "personal email accounts" but it does not deny that GFI has access to the accounts as a practical matter. Indeed legally, GFI has a legal right to obtain from its directors emails in the possession of its officers and directors. *See Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995) ("party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document"). GFI cannot dispute this. GFI also has control over AtomRain and GraphGrid because these entities have common directors[3], financial sponsorship, and whose objective is for the common benefit of itself and of GFI's commercial activities. *Steele Software Systems Corp. v. DataQuick Info. Systems, Inc*., 237 F.R.D. 561, 564 (D MD 2006) ("control" shown by common ownership of related corporate entities, financial relationship between them, and overlapping directors, officers and employees); **Exhibit 3**.

---

[1] https://www.graphfoundation.org/foundation/

[2] On May 27, 2020, Neo4j filed an unopposed motion for leave to file additional exhibits not otherwise permitted under the Court's Standing Order. The Court denied the motion, however, permitted the parties to file a table of exhibits with this motion should the Court need to review exhibits when reviewing this motion. (ECF No. 48)

[3] https://www.linkedin.com/in/bradleynussbaum.

Magistrate Judge Susan van Keulen
June 8, 2020
Page 3

During meet and confer Neo4j proffered examples of responsive documents that GFI did not produce. The Court should order GFI to search for and produce all such responsive documents and others like it from its officers and directors and from entities under its control. GFI cannot hide responsive documents simply because its officers' work is done using another email account. *See Waymo LLC v. Uber Techs., Inc.*, No. 17-CV-00939-WHA(JSC), 2017 WL 2972806, at *2 (N.D. Cal. July 12, 2017) (company obligated to preserve and produce e-mail in a corporate officer's personal account when the officer conducted business through the account). Indeed, counsel for GFI has a duty to ensure that GFI conducts a thorough search, and GFI cannot simply turn a blind eye to the information reasonably available to employees and entities under its control. *See Logtale, Ltd. v. IKOR, Inc.,* 2013 WL 3967750, at *2 (N.D. Cal. 2013) (Rule 26(g) requires counsel to be "proactive in ensuring that his clients are conducting thorough and appropriate document searches, especially in light of obvious gaps and underproduction"); *Meeks v. Parsons*, 2009 WL 3003718, at *4, (E.D.Cal. Sept. 18, 2009) (A party responding to a document request "'cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control.'").

## Communications About these Lawsuits and the Formation of GFI (RFP Nos. 3, 4, 5, 6)

Neo4j propounded four requests seeking documents regarding GFI's non-privileged discussions about the two lawsuits and its discussion with Suhy concerning creation and/or formation of GFI and his appointment to GFI's board. These documents are relevant to the intent and motive behind GFI's formation, which Neo4j contends was for the improper purpose of evading its contractual obligations. *See* Dkt. No. 1 and 31, ¶¶ 18-23. GFI stated it had no non-privileged documents to all four requests. Neo4j provided GFI with an email produced by the defendants in the Related Case dated February 26, 2019 between GFI co-founders Ben and Brad Nussbaum (using their AtomRain email) and Suhy (using his PureThink email) referring to the "active court case in California with Neo4j" and a second email discussing the formation of a "non-profit for a fork." **Exhibits 4-5**.

## Documents Concerning GFI's Use of the NEO4J® Mark and Evidence Consumer Confusion (RFP Nos. 21, 22, 23)

Neo4j propounded three requests aimed at obtaining documents regarding evidence of GFI's use of Neo4J® mark and consumer confusion surrounding that use. These documents go to the central issue of likelihood of confusion. GFI claims that no such documents were found despite Neo4j proffering communications between Suhy and the Nussbaums discussing "rebranding" the Neo4j software out of concern about "potential trademark infringement claims by Neo4j." GFI failed to produce this document and presumably many others like it.

## Documents Concerning GFI's Reverse Engineering, Marketing, Support, and Licensing of Its Software and Services, In Lieu Of Neo4j's Software (RFP 25, 29-30, 31-37, 43, 44, 45-49, 50, 51, 52-53, 54-58)

Neo4j propounded requests seeking documents regarding GFI's development, marketing, support, and licensing of ONgDB to divert customers away from Neo4j's product. These documents are relevant likelihood of confusion, as well as GFI's intent and willfulness. For each, GFI responds

Magistrate Judge Susan van Keulen
June 8, 2020
Page 4

that it identified no responsive documents and for RFP 43, GFI refused to conduct <u>any</u> search at all. Based on GFI's representation that it has had over 1,000 downloads of ONgDB[4], (now up to 10,000 downloads) Neo4j believes additional responsive documents relating to GFI's commercial efforts with Ben Nussbaum and GraphGrid exist.  Neo4j proffered to GFI communications showing Suhy and Nussbaum telling potential customers that ONgDB "is just the Neo4j code…combined with the enterprise code" and that the user does "not have to pay any licensing fees" and "I asked one of our partners, Ben Nussbaum, help write up the upgrade instructions…" **Exhibits 6**.  These documents and others like it have not been produced.

   **Neo4j's Compromise**:   Neo4j proposes that GFI, through the Nussbaums conduct a further diligent search for and reasonable inquiry to locate documents in custodial sources within their control, including their AtomRain, GraphGrid, and any other personal email accounts, as well as for documents generated by Suhy using email accounts of those entities.  Neo4j further proposes that GFI via the Nussbaums provide a declarations detailing the nature of their "reasonable inquiry" to locate responsive documents on a request-by-request basis.  To the extent GFI and the Nussbaums do not have any additional responsive documents in their collective possession, custody, or control, they must state that they have conducted a diligent search and reasonable inquiry, including the sources and custodians searched and the steps undertaken in conducting the searching, including any search terms used.

4.    **GFI's Position**:   This is not a motion to compel GFI to produce its own documents.  For the most part, despite the lack of relevance of many of the Requests, GFI agreed to search for the documents requested and to produce any that it found, the exception being documents containing donor information (which are being withheld as subject to the privacy rights of GFI's donors).  Neo4j is bringing this motion to have the Court order GFI to produce documents belonging to non-party entities AtomRain and GraphGrid, each of which is a separate corporation in good standing.

   This motion is entirely unnecessary and a waste of judicial resources.  AtomRain is a Nevada corporation and can be served with a subpoena through its registered agent in California.  GraphGrid is an Ohio corporation and can be served with a subpoena through its registered agent in Ohio as Rule 45(b)(2) provides that a subpoena issued by this Court may be served anywhere in the United States.  Neo4j provides no justification for its refusal to subpoena AtomRain and GraphGrid to obtain the documents it claims it needs.  "Because a corporation is a distinct legal entity, a party cannot require another party . . . to produce documents other than those he has in his possession or those he has a legal right to demand.  Instead, the requesting party must obtain the documents from the corporation by serving a subpoena pursuant to Rule 45.  *Meeks,* 2009 WL 3003718 *2.

   Moreover, a party only has "control" over documents in the possession of a non-party if the party has either "the legal right to obtain the document or has control over the entity who is in possession of the document."  *Soto,* 162 F.R.D. at 619.  Neo4j has the burden to establish that GFI has control over AtomRain or GraphGrid sufficient to give it a legal right to their documents.  *Steele Software*, 237 F.R.D. at 565.  Neo4j has failed to meet that burden.  Neo4j presents no evidence of a parent-subsidiary or other control relationship between GFI and either of these entities.  Neo4j points

---

[4] https://www.graphfoundation.org/1000th-ongdb-open-neo4j-enterprise-3-5-download-iequoh3ja/

Magistrate Judge Susan van Keulen
June 8, 2020
Page 5

only to the fact that the Nussbaums are directors of GFI and are also directors of AtomRain and GraphGrid. Indeed, Neo4j's proposal is that the Court order the Nussbaums to conduct searches of AtomRain and GraphGrid. But the Nussbaums are not parties to this litigation and were not served with these Requests. Therefore, whether they as individuals have rights to documents from AtomRain or GraphGrid is not at issue here (and there is no basis for compelling the Nussbaums, as individuals who are not parties, to do anything in response to the Requests served on GFI). The only issue is whether GFI, a small, non-profit, corporate entity, has control over AtomRain or GraphGrid, separate corporate entities, such that GFI has a legal right to obtain their documents. The only emails provided by Neo4j as examples are from AtomRain's email server and one of them even pre-dates the creation of Graph Foundation which was incorporated on June 21, 2018. The fact that the Nussbaums in their capacities at AtomRain discussed Graph Foundation does not give Graph Foundation any legal rights as to AtomRain's documents.

In *Steele Software*, the control relationship between the entities was established through evidence of close corporate relationships including stock exchange agreements, merger agreements, parent subsidiary relationships and self-identification as affiliated entities. 237 F.R.D. at 565. Neo4j has not presented evidence of any such relationships between GFI and either AtomRain or GraphGrid. Rather, the sole basis of Neo4j's request that the Court find "control" is the existence of overlapping directors.

That overlap is not sufficient to establish that GFI controls either AtomRain or GraphGrid. As the Third Circuit explained in *Gerling Int'l Ins. Co. v. Comm'r Gerling Int'l Ins, Co.,* 839 F.2d 131, 141-142 (3rd Cir. 1988), the fact that two separate legal entities may be under common control or ownership does not mean that one entity has control over the other. For a finding of control sufficient to require one entity to produce the documents of another, there must be evidence that the entities' separate corporate existence had been disregarded or that one of them had entered into transactions for the benefit of the other. *Id.* at 141. In *Southern Filter Media, LLC v. Halter*, No. 13-116-JJB-RLB, 2014 U.S. Dist. LEXIS 120837 (M.D. La. Aug. 29, 2014), the court denied a motion to compel under almost identical circumstances. There, the plaintiff entity and four non-party entities were owned by the same four family members. The court found that common ownership did not establish a control relationship between the entities and that evidence of any actual control relationship was absent. That is the same situation here.

The facts that established the control relationships in *Soto* (legal right of City to obtain physician report it ordered) and *Steele Software* are absent here. The *Waymo* case is irrelevant because Neo4j is not asking GFI to produce emails from the Nussbaum's personal email accounts. GFI cannot be compelled to produce documents belonging to other, separate legal entities in the absence of evidence establishing that it controls those entities. Moreover, Neo4j has failed to show that it cannot obtain documents from AtomRain and GraphGrid directly. *See, Oil Heat Institute of Oregon v. Northwest Natural Gas*, 123 F.R.D. 640, 642 (D. Or. 1988) (denying motion to compel plaintiff trade association to produce documents of its members when the documents could be obtained from members directly).

As for donor related documents, donor information is subject to the donor's right of privacy and there is no governmental interest that would be served by the release of that information because

Magistrate Judge Susan van Keulen
June 8, 2020
Page 6


donor information is entirely irrelevant to Neo4j's claims against GFI (and is also not relevant to the claims in the Related Case). *See, e.g., Ctr. for Competitive Politics v. Harris,* 784 F.3d 1307, 1317 (9th Cir. 2015) (weighing chilling effect of disclosure of donors against interest of Attorney General in policing non-profit organizations). Neo4j has failed to explain why the identification of GFI's donors and the amounts they donated is relevant to its claims in this action or the Related Action.

Sincerely,

HOPKINS & CARLEY
A Law Corporation

Cary Chien

Exhibit A

JOHN D. PERNICK, SBN 155468
jpernick@be-law.com
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Defendant
GRAPH FOUNDATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation,<br><br>           Defendant. | Case No. 5:19-cv-06226-EJD<br><br>**GRAPH FOUNDATION, INC.'S OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge:    Hon. Edward J. Davila<br>Crtrm.:    4, 5th Fl.<br><br>Complaint Filed: October 1, 2019 |

PROPOUNDING PARTY:       Plaintiff NEO4J, INC.

RESPONDING PARTY:       Defendant GRAPH FOUNDATION, INC.

SET NO.:       One (1)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant GRAPH FOUNDATION, INC. ("GFI") hereby responds to Plaintiff NEO4J, INC. ("Neo4j") First Set of Requests for Production of Documents (the "Requests") as follows:

## PRELIMINARY STATEMENT

The following responses are made solely for the purpose of, and in relation to, this action. Each response is provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, propriety, and admissibility) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

The following responses are based on the facts and information presently known and available to GFI. Discovery, investigation, research, and analysis are still ongoing in this case and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, or changes to these responses. Without being obligated to do so, GFI reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions or legal theories which may apply.

## GENERAL OBJECTIONS

1.     To the extent that any request may be construed as calling for information which is subject to a claim of privilege, including, without limitation, the attorney-client privilege, attorney work-product doctrine, joint defense or common interest privilege, or any other applicable privilege, GFI hereby claims such privilege and objects to the disclosure of the information. Such information as may hereafter be provided in response to the Requests should not include any information subject to such privileges and doctrines and the inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

2.     The responses set forth herein are made on the basis of a reasonably diligent search under the circumstances for information reasonably available to GFI at the present time. GFI

1

1    reserves the right, however, to make use of, at trial or otherwise, any information not specified

2    herein, whether omitted because unknown, not yet discovered, or because the significance or

3    relevance of the information was not recognized or understood at the time of these requests.

4        3.      GFI's partial response to any of the Requests is not a waiver of its objection or

5    right to object to the Requests, or any part thereof, or to any additional, supplemental or further

6    requests or part thereof, but is instead offered in an effort to resolve a potential discovery dispute.

7        4.      GFI objects to the Requests to the extent that they are inconsistent with and/or seek

8    to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the

9    Local Civil Rules.

10       5.      GFI objects to the Requests in their entirety, and to each individual request therein,

11   to the extent that they fail to describe the requested documents with "reasonable particularity" as

12   required by Federal Rule of Civil Procedure 34(b)(1)(A).

13       6.      GFI objects to the Requests in their entirety, and to each individual request therein,

14   to the extent that they call for the production of confidential business, financial, proprietary, or

15   sensitive information in which individuals and/or third parties have an expectation of privacy.

16   GFI further objects to each and every request to the extent that they seek information protected by

17   the privacy protection of the California Constitution, or any other law, statute, or doctrine.  GFI

18   will only produce such responsive and non-privileged and non-work product information pursuant

19   to the Stipulated Protective Order ("Protective Order").

20       7.      GFI objects to the Requests in their entirety, and to each individual request therein,

21   to the extent that they seek information that is not relevant and does not appear reasonably

22   calculated to lead to the discovery of admissible evidence.

23       8.      GFI objects to the Requests in their entirety, and to each individual request therein,

24   to the extent that they are vague, ambiguous, and/or overbroad and subject GFI to unreasonable

25   and undue annoyance, oppression, embarrassment, burden, and expense.

26       9.      GFI objects to the Requests in their entirety, and to each individual request therein,

27   to the extent that they seek identification of documents contained in sources that are not

28   reasonably accessible because of undue burden or cost pursuant to Federal Rule of Civil Procedure

2

26(b)(2)(B).

10.     GFI objects to the Requests in their entirety, and to each individual request therein, to the extent that they purport to require GFI to identify documents that contain trade secrets or other confidential, business, financial, proprietary, or sensitive commercial information of third parties with whom GFI has a nondisclosure agreement.

11.     GFI objects to the Requests in their entirety, and to each individual request therein, on the ground that they are unduly burdensome and oppressive to the extent they are not limited to a relevant time period.

12.     The foregoing General Objections are, and shall be deemed to be, incorporated in full into each specific response set forth below.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     GFI objects to "Instructions" and "Definitions" contained in the Interrogatories, to the extent that they are inconsistent with and/or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

2.     GFI adopts the definitions used in the Interrogatories solely for the purpose of responding to the Interrogatories, and not for any other purpose.

3.     GFI objects to the terms "GFI," "YOU," and "YOUR" to the extent that it includes "all individuals and/or entities acting on its behalf, including but not limited to all employees, attorneys, agents, advisors, representatives, subsidiaries, parents, affiliates, successors, predecessors, or assigns" as they render the requests vague and ambiguous, overbroad, and unduly burdensome and oppressive.

4.     GFI objects to the term "PLAINTIFF" or "NEOJ4" to the extent that it includes "all individuals and/or entities acting on its behalf, including but not limited to all employees, attorneys, agents, advisors, representatives, subsidiaries, parents, affiliates, successors, predecessors, or assigns" as it renders the requests vague and ambiguous, overbroad, and unduly burdensome and oppressive.

5.     The foregoing General Objections are, and shall be deemed to be, incorporated in full into each specific interrogatory response set forth below.

3

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS identified in YOUR responses to the First Set of Interrogatories concurrently served with these Requests for Production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds set out in its responses to Neo4j's First Set of Interrogatories. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: To the extent GFI has identified any documents in its responses to the First Set of Interrogatories other than documents openly accessible through the web sites identified in its responses, GFI will produce those documents.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS identified in YOUR Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. GFI further objects to this request to the extent it seeks information subject to any individual's or entity's right to privacy and will redact information subject to that right to privacy as necessary.

Subject to and without waiving the foregoing objections, and without prejudice thereto,

4

GFI responds as follows: GFI's public descriptions of its products on its website are publicly available through its website.  All ONgDB source code changes and history are available on The Graph Foundation GitHub account (https://github.com/graphfoundation).  GFI will produce any other non-privileged documents responsive to this request that it identifies after a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS between YOU and any third party (other than YOUR attorneys in this action) discussing or concerning this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that its use of the term "concerning": renders it vague, ambiguous, and unintelligible.  GFI further objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, it has not discovered any non-privileged documents discussing this litigation.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS between YOU and any third party (other than YOUR attorneys in this action) discussing or concerning NEO4J's lawsuit filed against John Mark Suhy, PureThink LLC and iGov.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that its use of the term "concerning": renders it vague, ambiguous, and unintelligible.  GFI further objects to this request on the grounds

5

that seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, it has not discovered any non-privileged documents discussing the lawsuit filed by Neo4j against John Mark Suhy, PureThink LLC and iGov.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS with John Mark Suhy discussing or concerning the creation and/or formation of Graph Foundation, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request on the ground that its use of the term "or concerning" renders the request vague, ambiguous, and unintelligible. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any COMMUNICATIONS with John Mark Suhy relating to the creation or formation of GFI.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS concerning or discussing the actual or potential appointment of John Mark Suhy to YOUR board of directors.

6

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2       GFI incorporates by reference the Preliminary Statement, General Objections, and

3 Objections to Instructions and Definitions stated above.

4       GFI further objects to this request on the grounds that it seeks documents that are irrelevant

5 and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects

6 to this request to the extent it seeks information and documents protected by the attorney-client

7 privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

8 interest privilege, or any other constitutional, statutory, or common law privilege or protection.

9       Subject to and without waiving the foregoing objections, and without prejudice thereto,

10 GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

11 documents responsive to this request.

12 **REQUEST FOR PRODUCTION NO. 7:**

13       All DOCUMENTS and COMMUNICATIONS concerning or discussing the reason(s)

14 and/or purpose for forming Graph Foundation, Inc.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

16       GFI incorporates by reference the Preliminary Statement, General Objections, and

17 Objections to Instructions and Definitions stated above.

18       GFI further objects to this request on the grounds that it seeks documents that are irrelevant

19 and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects

20 to this request to the extent it seeks information and documents protected by the attorney-client

21 privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

22 interest privilege, or any other constitutional, statutory, or common law privilege or protection.

23       Subject to and without waiving the foregoing objections, and without prejudice thereto,

24 GFI responds as follows: The description of the mission of GFI is stated on GFI's website,

25 www.graphfoundation.org. GFI will conduct a diligent search for responsive communications and

26 will produce any non-privileged responsive communications that it identifies.

27 **REQUEST FOR PRODUCTION NO. 8:**

28       ALL DOCUMENTS that evidence or reflect YOUR incorporation and corporate

7

GRAPH FOUNDATION, INC.'S OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS, Case No. 5:19-cv-06226-EJD

governance, including but not limited to YOUR Articles of Incorporation and Bylaws and all amendments or changes thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: GFI will produce its Articles of Incorporation, Code of Regulations, Corporate Registration and IRS Tax Exempt Approval Letter.

**REQUEST FOR PRODUCTION NO. 9:**

All minutes taken at any and all meetings of YOUR board of directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: GFI will produce copies of minutes of Board of Directors meetings to the extent they exist.

**REQUEST FOR PRODUCTION NO. 10:**

All resolutions by YOUR board of directors.

8

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonably inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to identify YOUR present and past corporate structure, parent and subsidiary corporations, predecessor corporations, related companies or other business entities controlled by, or operated by or on behalf of YOU and/or any of YOUR employees, officers or directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: GFI will produce its Articles of Incorporation, Code of Regulations, Corporate Registration and IRS Tax Exempt Approval Letter. After a diligent search and reasonable inquiry, GFI has not identified any other documents responsive to this request.

9

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to identify YOUR past and/or present organizational structure, including but not limited to organizational charts and employee lists.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: GFI will produce its Articles of Incorporation, Code of Regulations, Corporate Registration and IRS Tax Exempt Approval Letter. After a diligent search and reasonable inquiry, GFI has not identified any other documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to identify all YOUR shareholders, the number shares owned by each shareholder, the amount paid by each shareholder to purchase said shares and the current value of said shares.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto,

10

GFI responds as follows: GFI is a non-profit corporation and, therefore, has no shareholders.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS and COMMUNICATIONS evidencing or reflecting any and all financing, capitalization and/or funding obtained by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request on the grounds that it seeks documents and information subject to the rights of privacy of its donors. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: GFI is a non-profit corporation that relies on donations for its financing. GFI will not produce documents relating to those donations due to the rights of privacy of its donors.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS that support, evidence or reflect YOUR initial and continuing status as a private operating foundation that is registered as a non-profit, charitable organization under Section 501(c)(3) of the U.S. Internal Revenue Code.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client

11

privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: GFI will produce its Articles of Incorporation, Code of Regulations, Corporate Registration and IRS Tax Exempt Approval Letter. After a diligent search and reasonable inquiry, GFI has not identified any other documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to evidence or reflect all donations made by all of YOUR current and past sponsors, including but not limited to GraphGrid and other sponsors through the GF Sponsorship Program (https://www.graphfoundation.org/support/sponsorship/).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request on the grounds that it seeks documents and information subject to the rights of privacy of its donors. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. Based on these objections, GFI will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to evidence all charitable donations and contributions made to Graph Foundation, Inc., including the nature and type of donation (i.e., money, goods, services, personal property, real property, intellectual property, source code, vehicles, clothes, household items), the amount of the donation, the fair market value ascribed to the donation, the date of the donation, and the person or entity who made each such donation

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request on the grounds that it seeks documents and information subject to the rights of privacy of its donors. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. Based on these objections, GFI will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS reflecting or evidencing YOUR public use of the NEO4J MARK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the ground that its use of the term "reflecting or evidencing" renders it vague, ambiguous, and unintelligible. GFI further objects to this request on the ground that its use of the term "public use" renders it vague, ambiguous and unintelligible. GFI further objects to this request on the grounds that, as it seeks documents regarding public use it, necessarily, seeks documents that are publicly available and, therefore, equally available to Neo4j. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

1    Subject to and without waiving the foregoing objections, and without prejudice thereto,

2   GFI responds as follows: GFI's public statements with respect to ONgDB are located at:

3   (https://graphfoundation.org/projects/ongdb), GitHub account

4   (https://github.com/graphfoundation) and Docker Hub account

5   (https://hub.docker.com/r/graphfoundation/ongdb).

6   **REQUEST FOR PRODUCTION NO. 19:**

7    All DOCUMENTS reflecting or evidencing what YOU contend is fair use of the NEO4J

8   MARK.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

10    GFI incorporates by reference the Preliminary Statement, General Objections, and

11   Objections to Instructions and Definitions stated above.

12    GFI further objects to this request on the grounds that it is overbroad, unduly burdensome

13   and oppressive in that it apparently asks GFI to identify every instance of its use of Plaintiff's

14   trademarks that it contends is a fair use.  In the absence of Plaintiff's identification of a particular

15   use of its trademark by GFI that Plaintiff contends is an infringement not subject to GFI's fair use

16   defense, GFI is unable to present documents relating to a particular use.  GFI further objects to this

17   interrogatory to the extent it seeks information that is subject to the attorney-client privilege, the

18   attorney work product doctrine, or any other privilege.  GFI further objects to this request to the

19   extent it seeks information and documents protected by the attorney-client privilege, the attorney

20   work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any

21   other constitutional, statutory, or common law privilege or protection.

22    Subject to and without waiving the foregoing objections, and without prejudice thereto,

23   GFI responds as follows: Any use of the Neo4j trademark, all of which GFI contends are non-

24   infringing and/or fair use, would be located at either The Graph Foundation site

25   (https://graphfoundation.org/projects/ongdb), GitHub account

26   (https://github.com/graphfoundation) and Docker Hub account

27   (https://hub.docker.com/r/graphfoundation/ongdb).

28

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and COMMUNICATIONS reflecting or evidencing any observations, perceptions, impressions, or inquiries as to whether the goods or services sold or intended to be sold, directly or indirectly, by YOU are or were produced by, sponsored, or endorsed by, or in any manner associated or affiliated with NEO4J or any goods or services offered under the NEO4J Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it is vague, ambiguous and unintelligible.  GFI further objects to this request on the grounds that its use of the term "associated or affiliated" renders it vague, ambiguous, unintelligible, unduly burdensome and overbroad in that the request could be read to include communications indicating that ONgDB is a fork of Neo4j open source.  GFI will not produce documents describing its forking of Neo4j open source in response to this request.  GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry GFI has identified no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS discussing, reflecting or evidencing any similarity, actual confusion, or likelihood of confusion resulting from YOUR use of the NEO4J MARK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

1   GFI further objects to this request to the extent it seeks information and documents

2   protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint

3   defense privilege, the common interest privilege, or any other constitutional, statutory, or common

4   law privilege or protection.

5   Subject to and without waiving the foregoing objections, and without prejudice thereto,

6   GFI responds as follows: After a diligent search and reasonable inquiry GFI has identified no

7   documents responsive to this request.

8   **REQUEST FOR PRODUCTION NO. 22:**

9   All YOUR social media postings and discussion forum posts using, referencing or

10   mentioning Neo4j, Inc. or Neo4j Sweden AB, including postings on Stack Overflow, Facebook,

11   Instagram, Medium, Twitter, GitHub, and any other social media platform or discussion forums.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

13   GFI incorporates by reference the Preliminary Statement, General Objections, and

14   Objections to Instructions and Definitions stated above.

15   GFI further objects to this request on the grounds that it is overbroad, unduly burdensome

16   and oppressive in that it seeks documents that are publicly available and, therefore, as available to

17   Plaintiff as to GFI.

18   Subject to and without waiving the foregoing objections, and without prejudice thereto,

19   GFI responds as follows:  After a diligent search and reasonable inquiry, GFI has not identified

20   any responsive documents, however GFI's Twitter account ([https://twitter.com/GraphFoundation](https://twitter.com/GraphFoundation))

21   contains all social media posts and is available to Plaintiff for review.

22   **REQUEST FOR PRODUCTION NO. 23:**

23   All YOUR social media postings and discussion forum posts using, referencing or

24   mentioning the NEO4J MARK, including postings on Stack Overflow, Facebook, Instagram,

25   Medium, Twitter, GitHub, and any other social media platform or discussion forums.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

27   GFI incorporates by reference the Preliminary Statement, General Objections, and

28   Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it seeks documents that are publicly available and, therefore, as available to Plaintiff as to GFI.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows:  After a diligent search and reasonable inquiry, GFI has not identified any responsive documents, however GFI's Twitter account (https://twitter.com/GraphFoundation) contains all social media posts and is available to Plaintiff for review.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS concerning or discussing the intended and actual markets for ONgDB software (e.g. software, financial services, retail, media, social networks, telecom, healthcare, etc).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that its use of the term "concerning or discussing" renders it vague, ambiguous and unintelligible.  GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS where YOU marketed, suggested, offered for sale or solicited the sale of ONgDB software in lieu of and/or as an equivalent of commercially licensed Neo4j® Enterprise Edition software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

GFI incorporates by reference the Preliminary Statement, General Objections, and

17

Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to reflect, indicate, or identify the gross and/or net revenues generated from the sale or licensing of ONgDB software on a quarterly and yearly basis

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to reflect, indicate, or identify YOUR gross and/or net profits generated from the sale or provision of consulting, support and/or development services on a quarterly and yearly basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28:**

YOUR general ledger, profit and loss statement and balance sheets from 2018 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS reflecting the use of or discussing using one or more source code files for Neo4j® Enterprise Edition to create ONgDB software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that its use of the phrase "Neo4j(R) Enterprise Edition" renders it vague, ambiguous, and unintelligible.  GFI further objects to this

19

1   request to the extent it seeks information and documents protected by the attorney-client privilege,

2   the attorney work-product privilege doctrine, the joint defense privilege, the common interest

3   privilege, or any other constitutional, statutory, or common law privilege or protection.

4         Subject to and without waiving the foregoing objections, and without prejudice thereto,

5   GFI responds as follows: The Graph Foundation GitHub account

6   (https://github.com/graphfoundation) contains all source code.  GFI will produce any other non-

7   privileged documents responsive to this request that it identifies after a diligent search and

8   reasonable inquiry.

9   **REQUEST FOR PRODUCTION NO. 30:**

10        All DOCUMENTS and COMMUNICATIONS reflecting the use of or discussing using

11   one or more source code files for Neo4j® Enterprise Edition to create ONgDB software.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

13        GFI incorporates by reference the Preliminary Statement, General Objections, and

14   Objections to Instructions and Definitions stated above.

15        GFI further objects to this request on the grounds that its use of the phrase "Neo4j(R)

16   Enterprise Edition" renders it vague, ambiguous, and unintelligible.  GFI further objects to this

17   request to the extent it seeks information and documents protected by the attorney-client privilege,

18   the attorney work-product privilege doctrine, the joint defense privilege, the common interest

19   privilege, or any other constitutional, statutory, or common law privilege or protection.

20        Subject to and without waiving the foregoing objections, and without prejudice thereto,

21   GFI responds as follows: The Graph Foundation GitHub account

22   (https://github.com/graphfoundation) contains all source code.  GFI will produce any other non-

23   privileged documents responsive to this request that it identifies after a diligent search and

24   reasonable inquiry.

25   **REQUEST FOR PRODUCTION NO. 31:**

26        All DOCUMENTS and COMMUNICATIONS that discuss, reflect or constitute any effort

27   by YOU to decompile binary code for Neo4j® Enterprise Edition, version 3.4 or later.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS that discuss, reflect or constitute any effort by YOU to recompile binary code for Neo4j® Enterprise Edition, version 3.4 or later.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS that discuss, reflect or constitute any effort by YOU to reverse engineer, decompile/recompile, or otherwise analyze the source code or binary code for Neo4j® Enterprise Edition, version 3.4 or later versions.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

2        GFI incorporates by reference the Preliminary Statement, General Objections, and

3    Objections to Instructions and Definitions stated above.

4        GFI further objects to this request to the extent it seeks information and documents

5    protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint

6    defense privilege, the common interest privilege, or any other constitutional, statutory, or common

7    law privilege or protection.

8        Subject to and without waiving the foregoing objections, and without prejudice thereto,

9    GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

10   documents responsive to this request.

11   **REQUEST FOR PRODUCTION NO. 34:**

12       All DOCUMENTS and COMMUNICATIONS that evidence or reflect YOUR

13   downloading of a trial or evaluation version of source code or binaries for Neo4j® Enterprise

14   Edition version 3.4 or later versions.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

16       GFI incorporates by reference the Preliminary Statement, General Objections, and

17   Objections to Instructions and Definitions stated above.

18       GFI further objects to this request to the extent it seeks information and documents

19   protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint

20   defense privilege, the common interest privilege, or any other constitutional, statutory, or common

21   law privilege or protection.

22       Subject to and without waiving the foregoing objections, and without prejudice thereto,

23   GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

24   documents responsive to this request.

25   **REQUEST FOR PRODUCTION NO. 35:**

26       All DOCUMENTS and COMMUNICATIONS that evidence or reflect YOUR

27   downloading of a pre-release version of the source code for Neo4j® Enterprise Edition version 3.4

28   or later versions.

22

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS that discuss, evidence or reflect any effort by YOU to reverse engineer, decompile, or otherwise analyze the source code or binary code for Neo4j® Enterprise Edition, version 3.4 or later versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS that discuss, evidence or reflect any effort by YOU to replicate or incorporate features that are proprietary to version 3.5 or later of Neo4j® Enterprise Edition.

23

GRAPH FOUNDATION, INC.'S OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS, Case No. 5:19-cv-06226-EJD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that constitute YOUR change log for each release of ONgDB software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: The Graph Foundation GitHub account (https://github.com/graphfoundation) contains all release notes.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that constitute YOUR operations manual(s) for each release of ONgDB software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

24

1    GFI further objects to this request to the extent it seeks information and documents

2    protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint

3    defense privilege, the common interest privilege, or any other constitutional, statutory, or common

4    law privilege or protection.

5        Subject to and without waiving the foregoing objections, and without prejudice thereto,

6    GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

7    documents responsive to this request.

8    **REQUEST FOR PRODUCTION NO. 40:**

9        All DOCUMENTS that evidence YOUR code commits on GitHub for code YOU

10   developed for ONgDB Enterprise software.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

12       GFI incorporates by reference the Preliminary Statement, General Objections, and

13   Objections to Instructions and Definitions stated above.

14       GFI further objects to this request on the grounds that its use of the term "YOU developed"

15   renders it vague, ambiguous and unintelligible.   GFI further objects to this request to the extent it

16   seeks information and documents protected by the attorney-client privilege, the attorney work-

17   product privilege doctrine, the joint defense privilege, the common interest privilege, or any other

18   constitutional, statutory, or common law privilege or protection.

19       Subject to and without waiving the foregoing objections, and without prejudice thereto,

20   GFI responds as follows: The Graph Foundation GitHub account

21   (https://github.com/graphfoundation) contains all commits.

22   **REQUEST FOR PRODUCTION NO. 41:**

23       All DOCUMENTS that materially support YOUR Unclean Hands defense asserted in

24   YOUR Amended Answer.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

26       GFI incorporates by reference the Preliminary Statement, General Objections, and

27   Objections to Instructions and Definitions stated above.

28       GFI further objects to this interrogatory on the grounds that it is a premature contention

1   interrogatory.  GFI has not completed its discovery in this matter and has not received the

2   productions by Plaintiff in the related matter.  GFI further objects to this request to the extent it

3   seeks information and documents protected by the attorney-client privilege, the attorney work-

4   product privilege doctrine, the joint defense privilege, the common interest privilege, or any other

5   constitutional, statutory, or common law privilege or protection.

6        Subject to and without waiving the foregoing objections, and without prejudice thereto,

7   GFI responds as follows: GFI's information and belief with respect to the facts alleged in its

8   Unclean Hands defense are based on the facts alleged in the Answers and Counterclaim filed in

9   the *Neo4j, Inc. v. PureThink, LLC* action that has been related to this action.  GFI's discovery is

10  continuing.

11  **REQUEST FOR PRODUCTION NO. 42:**

12       All DOCUMENTS that materially support YOUR Fair Use of Trademarks affirmative

13  defense asserted in YOUR Amended Answer.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

15       GFI incorporates by reference the Preliminary Statement, General Objections, and

16  Objections to Instructions and Definitions stated above.

17       GFI further objects to this request on the grounds that it is overbroad, unduly burdensome

18  and oppressive in that it apparently asks GFI to identify every instance of its use of Plaintiff's

19  trademarks that it contends is a fair use.  In the absence of Plaintiff's identification of a particular

20  use of its trademark by GFI that Plaintiff contends is an infringement not subject to GFI's fair use

21  defense, GFI is unable to present documents relating to a particular use.  GFI further objects to this

22  interrogatory to the extent it seeks information that is subject to the attorney-client privilege, the

23  attorney work product doctrine, or any other privilege.  GFI further objects to this request to the

24  extent it seeks information and documents protected by the attorney-client privilege, the attorney

25  work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any

26  other constitutional, statutory, or common law privilege or protection.

27       Subject to and without waiving the foregoing objections, and without prejudice thereto,

28  GFI responds as follows: Any use of the Neo4j trademark, all of which GFI contends are non-

26

1  infringing and/or fair use, would be located at either The Graph Foundation site

2  (https://graphfoundation.org/projects/ongdb), GitHub account

3  (https://github.com/graphfoundation) and Docker Hub account

4  (https://hub.docker.com/r/graphfoundation/ongdb).

5  **REQUEST FOR PRODUCTION NO. 43:**

6      All DOCUMENTS and COMMUNICATIONS where YOU discussed the addition of the

7  Commons Clause to the GNU Affero General Public License version 3 (APGLv3) used with

8  NEO4J® Enterprise Edition software.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

10      GFI incorporates by reference the Preliminary Statement, General Objections, and

11  Objections to Instructions and Definitions stated above.

12      GFI further objects to this request on the grounds that it seeks documents that are irrelevant

13  and not reasonably calculated to lead to the discovery of admissible evidence.  GFI further objects

14  to this request to the extent it seeks information and documents protected by the attorney-client

15  privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

16  interest privilege, or any other constitutional, statutory, or common law privilege or protection.

17  Based on these objections, GFI will not search for or produce any documents responsive to this

18  request.

19  **REQUEST FOR PRODUCTION NO. 44:**

20      All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or

21  advised someone that they could use, copy or distribute Neo4j® Enterprise Edition software under

22  the GNU Affero General Public License Version 3 (APGLv3) without first obtaining a

23  commercial license or subscription from either Neo4j Inc. or Neo4j Sweden.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

25      GFI incorporates by reference the Preliminary Statement, General Objections, and

26  Objections to Instructions and Definitions stated above.

27      GFI further objects to this request on the grounds that it seeks documents that are irrelevant

28  and not reasonably calculated to lead to the discovery of admissible evidence.  GFI further objects

27

GRAPH FOUNDATION, INC.'S OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS, Case No. 5:19-cv-06226-EJD

1  to this request to the extent it seeks information and documents protected by the attorney-client

2  privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

3  interest privilege, or any other constitutional, statutory, or common law privilege or protection.

4        Subject to and without waiving the foregoing objections, and without prejudice thereto,

5  GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

6  documents responsive to this request.

7  **REQUEST FOR PRODUCTION NO. 45:**

8        All DOCUMENTS and COMMUNICATIONS wherein YOU stated or advised someone

9  that they could modify any license, including the GNU Affero General Public License Version 3

10  (APGLv3), for Neo4j® Enterprise Edition software.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

12        GFI incorporates by reference the Preliminary Statement, General Objections, and

13  Objections to Instructions and Definitions stated above.

14        GFI further objects to this request on the grounds that it seeks documents that are irrelevant

15  and not reasonably calculated to lead to the discovery of admissible evidence.  GFI further objects

16  to this request to the extent it seeks information and documents protected by the attorney-client

17  privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

18  interest privilege, or any other constitutional, statutory, or common law privilege or protection.

19        Subject to and without waiving the foregoing objections, and without prejudice thereto,

20  GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

21  documents responsive to this request.

22  **REQUEST FOR PRODUCTION NO. 46:**

23        All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or

24  advised someone that they could ignore, modify or remove the Commons Clause from any license,

25  including the GNU Affero General Public License Version 3 (APGLv3), for Neo4j® Enterprise

26  Edition software.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

28        GFI incorporates by reference the Preliminary Statement, General Objections, and

28

Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or advised someone that they could modify or remove Neo4j Sweden AB's copyright management information from any license or source code file used in creating ONgDB software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS and COMMUNICATIONS discussing or referring to the modification or removal of any copyright management information from any text file (i.e. LICENSE.txt, NOTICE.txt) or source code file used in conjunction with ONgDB software.

29

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

2      GFI incorporates by reference the Preliminary Statement, General Objections, and

3  Objections to Instructions and Definitions stated above.

4      GFI further objects to this request on the grounds that it seeks documents that are irrelevant

5  and not reasonably calculated to lead to the discovery of admissible evidence.  GFI further objects

6  to this request to the extent it seeks information and documents protected by the attorney-client

7  privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

8  interest privilege, or any other constitutional, statutory, or common law privilege or protection.

9      Subject to and without waiving the foregoing objections, and without prejudice thereto,

10  GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

11  documents responsive to this request.

12  **REQUEST FOR PRODUCTION NO. 49:**

13      All DOCUMENTS and COMMUNICATIONS discussing or referring to the modification

14  or removal of any copyright management information from any text file (i.e. LICENSE.txt,

15  NOTICE.txt) or source code file authored, created by or belonging to Neo4j Sweden AB.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

17      GFI incorporates by reference the Preliminary Statement, General Objections, and

18  Objections to Instructions and Definitions stated above.

19      GFI further objects to this request on the grounds that it seeks documents that are irrelevant

20  and not reasonably calculated to lead to the discovery of admissible evidence.  GFI further objects

21  to this request to the extent it seeks information and documents protected by the attorney-client

22  privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

23  interest privilege, or any other constitutional, statutory, or common law privilege or protection.

24      Subject to and without waiving the foregoing objections, and without prejudice thereto,

25  GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

26  documents responsive to this request.

27  **REQUEST FOR PRODUCTION NO. 50:**

28      All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or

30

advised someone that they could use Neo4j® Enterprise Edition software without first obtaining a commercial license or subscription from Neo4j, Inc. or Neo4j Sweden AB.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or advised someone that they download or use ONgDB software instead of purchasing a commercial license for or subscription to Neo4j® Enterprise Edition software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

1 **REQUEST FOR PRODUCTION NO. 52:**

2      All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or

3 advised someone that they not enter into any agreement which binds it to a commercial End User

4 License Agreement (EULA) with either Neo4j, Inc. or Neo4j Sweden AB.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

6      GFI incorporates by reference the Preliminary Statement, General Objections, and

7 Objections to Instructions and Definitions stated above.

8      GFI further objects to this request on the grounds that it seeks documents that are irrelevant

9 and not reasonably calculated to lead to the discovery of admissible evidence.  GFI further objects

10 to this request to the extent it seeks information and documents protected by the attorney-client

11 privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

12 interest privilege, or any other constitutional, statutory, or common law privilege or protection.

13      Subject to and without waiving the foregoing objections, and without prejudice thereto,

14 GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

15 documents responsive to this request.

16 **REQUEST FOR PRODUCTION NO. 53:**

17      All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or

18 advised someone that they seek to modify the End User License Agreement (EULA) for Neo4j®

19 Enterprise Edition software.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

21      GFI incorporates by reference the Preliminary Statement, General Objections, and

22 Objections to Instructions and Definitions stated above.

23      GFI further objects to this request on the grounds that it seeks documents that are irrelevant

24 and not reasonably calculated to lead to the discovery of admissible evidence.  GFI further objects

25 to this request to the extent it seeks information and documents protected by the attorney-client

26 privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

27 interest privilege, or any other constitutional, statutory, or common law privilege or protection.

28      Subject to and without waiving the foregoing objections, and without prejudice thereto,

GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS and COMMUNICATIONS where YOU agreed to provide consulting, support and/or development services to an actual or potential user of either Neo4j® Community Edition Software or Neo4j® Enterprise Edition software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.

Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS and COMMUNICATIONS where YOU provided consulting, support and/or development services for users of either Neo4j® Community Edition Software or Neo4j® Enterprise Edition software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.

GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

1  interest privilege, or any other constitutional, statutory, or common law privilege or protection.

2       Subject to and without waiving the foregoing objections, and without prejudice thereto,

3  GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

4  documents responsive to this request.

5  **REQUEST FOR PRODUCTION NO. 56:**

6       All DOCUMENTS and COMMUNICATIONS where YOU agreed to provide consulting,

7  support and/or development services for ONgDB software.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

9       GFI incorporates by reference the Preliminary Statement, General Objections, and

10  Objections to Instructions and Definitions stated above.

11       GFI further objects to this request on the grounds that it seeks documents that are irrelevant

12  and not reasonably calculated to lead to the discovery of admissible evidence.  GFI further objects

13  to this request to the extent it seeks information and documents protected by the attorney-client

14  privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

15  interest privilege, or any other constitutional, statutory, or common law privilege or protection.

16       Subject to and without waiving the foregoing objections, and without prejudice thereto,

17  GFI responds as follows: GFI will produce any non-privileged documents responsive to this

18  request that it identifies after a diligent search and reasonable inquiry.

19  **REQUEST FOR PRODUCTION NO. 57:**

20       All DOCUMENTS and COMMUNICATIONS where YOU provided consulting, support

21  and/or development services for users of ONgDB software.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

23       GFI incorporates by reference the Preliminary Statement, General Objections, and

24  Objections to Instructions and Definitions stated above.

25       GFI further objects to this request on the grounds that it seeks documents that are irrelevant

26  and not reasonably calculated to lead to the discovery of admissible evidence.  GFI further objects

27  to this request to the extent it seeks information and documents protected by the attorney-client

28  privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

1  interest privilege, or any other constitutional, statutory, or common law privilege or protection.

2      Subject to and without waiving the foregoing objections, and without prejudice thereto,

3  GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

4  documents responsive to this request.

5  **REQUEST FOR PRODUCTION NO. 58:**

6      All DOCUMENTS and COMMUNICATIONS where YOU recommended or advised an

7  actual or potential user of Neo4j® Enterprise Edition to obtain consulting, support and/or

8  development services to from a person or entity other than Neo4j Inc.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

10      GFI incorporates by reference the Preliminary Statement, General Objections, and

11  Objections to Instructions and Definitions stated above.

12      GFI further objects to this request on the grounds that it seeks documents that are irrelevant

13  and not reasonably calculated to lead to the discovery of admissible evidence.  GFI further objects

14  to this request to the extent it seeks information and documents protected by the attorney-client

15  privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common

16  interest privilege, or any other constitutional, statutory, or common law privilege or protection.

17      Subject to and without waiving the foregoing objections, and without prejudice thereto,

18  GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any

19  documents responsive to this request.

20  Dated:  April 22, 2020                    BERGESON, LLP

21

22                                           By: _____

23                                           Attorneys for Defendant
                                             GRAPH FOUNDATION, INC.
24

25

26

27

28

GRAPH FOUNDATION, INC.'S OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS, Case No. 5:19-cv-06226-EJD

1

**<u>VERIFICATION</u>**

2        I, Brad Nussbaum, declare under penalty of perjury under the laws of the United States that

3    I am the CEO at Graph Foundation, Inc. ("GFI"), that I have read the foregoing GRAPH

4    FOUNDATION, INC.'S OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF

5    REQUESTS FOR PRODUCTION OF DOCUMENTS, that the statements of facts contained

6    therein, are within my personal knowledge or based upon information provided by other persons at

7    GFI or business records of GFI, that the foregoing Responses are true and correct, and that I am

8    authorized to sign this verification on behalf of GFI.

9        Executed on April 21, 2020, at Wooster, Ohio.

10

11    _____

12                Brad Nussbaum

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRAPH FOUNDATION, INC.'S OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS, Case No. 5:19-cv-06226-EJD

1

<u>**PROOF OF SERVICE**</u>

2

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

3

     At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Santa Clara, State of California.  My business address is 111 N. Market Street, Suite 600, San Jose, CA 95113.

4

5

     On April 22, 2020, I served true copies of the following document(s) described as **GRAPH FOUNDATION, INC.'S OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

6

7

*Attorneys for Plaintiff*
*NEO4J, INC.*

8

9

John V. Picone III, Esq.

10

Jeffrey M. Ratinoff, Esq
Cary Chien, Esq.

11

HOPKINS & CARLEY
A Law Corporation

12

The Letitia Building

13

70 South First Street
San Jose, CA 95113-2406

14

jpicone@hopkinscarley.com
jratinoff@hopkinscarley.com

15

cchien@hopkinscarley.com

16

17

     **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address emtofelogo@be-law.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

18

19

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

20

21

     Executed on April 22, 2020, at San Jose, California.

22

23

24

_____

25

Emma Tofelogo-Fernandez

26

27

28

GRAPH FOUNDATION, INC.'S OBJECTIONS AND RESPONSES TO NEO4J, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS, Case No. 5:19-cv-06226-EJD

Joint Chart to Joint Statement
Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| **REQUEST FOR PRODUCTION NO. 3:** All DOCUMENTS and COMMUNICATIONS between YOU and any third party (other than YOUR attorneys in this action) discussing or concerning this litigation. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request on the grounds that its use of the term "concerning": renders it vague, ambiguous, and unintelligible. GFI further objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, it has not discovered any non-privileged documents discussing this litigation. | Neo4j proposes that GFI, through its officers Ben and Brad Nussbaum conduct a further diligent search for and reasonable inquiry to locate documents in the custodial sources at AtomRain and GraphGrid, including any documents generated by Suhy using email accounts of those entities.  Neo4j further proposes that GFI via the Nussbaums provide a declarations detailing the nature of their "reasonable inquiry" to locate responsive documents on a request-by-request basis.  To the extent GFI and the Nussbaums do not have any additional responsive documents in their collective possession, custody, or control, they must state that they have conducted a diligent search and reasonable inquiry, including the sources and custodians searched and the steps undertaken in conducting the searching, including any search terms used.  See *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | Mar. 27, 2017) (Mag. J. Van Keulen).<br><br>Amend responses to conform to result of search. | possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid | |
| **REQUEST FOR PRODUCTION NO. 4:** All DOCUMENTS and COMMUNICATIONS between YOU and any third party (other than YOUR attorneys in this action) discussing or concerning NEO4J's lawsuit filed against John Mark Suhy, PureThink LLC and iGov. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br>   GFI further objects to this request on the grounds that its use of the term "concerning": renders it vague, ambiguous, and unintelligible. GFI further objects to this request on the grounds that seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. | Same proposal as RFP No. 3 | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, it has not discovered any non-privileged documents discussing the lawsuit filed by Neo4j against John Mark Suhy, PureThink LLC and iGov. | | support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 5:** All DOCUMENTS and COMMUNICATIONS with John Mark Suhy discussing or concerning the creation and/or formation of Graph Foundation, Inc. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request on the ground that its use of the term "or concerning" renders the request vague, ambiguous, and | Same proposal as RFP No. 3 | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j's citation to *Federal* | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | unintelligible. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>   Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any COMMUNICATIONS with John Mark Suhy relating to the creation or formation of GFI. | | *Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 6:** All DOCUMENTS and COMMUNICATIONS concerning or discussing | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. | Same proposal as RFP No. 3 | GFI has conducted a search of its email server and other document storage locations and has not | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| the actual or potential appointment of John Mark Suhy to YOUR board of directors. | GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 14:** ALL DOCUMENTS and COMMUNICATIONS evidencing or reflecting any and all financing, capitalization and/or funding obtained by YOU. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request on the grounds that it seeks documents and information subject to the rights of privacy of its donors. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: GFI is a non-profit corporation that relies on | Same proposal as RFP No. 3 and produce subject to protections of Protective Order (ECF No. 43). These documents are relevant to Neo4j's trademark infringement, false designation, and unfair competition claims as they will reflect the reasons behind each sponsor's support of GFI, which Neo4j contends includes misappropriation Neo4j's brand through financial support. The *Harris* case cited by GFI is inapposite because the question presented was whether the donor information had to be obtained by subpoena or merely through government produced forms. The non-profit conceded that the government is entitled to donor information through a subpoena. "General concerns of privacy are insufficient to justify the refusal to answer Plaintiff's discovery requests." *Garraway v. Ciufo,* | GFI will produce a log of documents withheld on the basis of donor privacy that does not reveal donor identities or donation amounts. Neo4j has not stated how this donor information would be relevant to its claims. Donor privacy rights are not general concerns but are based on the Constitutional right of freedom of association and should be maintained in the absence of an overriding governmental interest. *See, e.g., Ctr. for Competitive Politics v. Harris,* 784 F.3d 1307, 1317 (9th Cir. 2015) | |

6

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
| | donations for its financing. GFI will not produce documents relating to those donations due to the rights of privacy of its donors. | 2020 WL 1263562, at *8 (E.D. Cal. Mar. 16, 2020).  And, any legitimate concerns about donor privacy can be sufficiently protected by the dissemination restrictions offered by the Protective Order in this case. *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998) Further, business entities do not enjoy same privacy rights as individuals, and doubts as to relevance should generally be resolved in favor of permitting discovery.  *See KFD Enterprises, Inc. v. City of Eureka*, 2010 WL 11484695, at *6 (N.D. Cal. Nov. 12, 2010). | (weighing chilling effect of disclosure of donors against interest of Attorney General in policing non-profit organizations). Neo4j has identified no such overriding interest. | |
| **REQUEST FOR PRODUCTION NO. 16:** DOCUMENTS sufficient to evidence or reflect all donations made by all of YOUR current and past sponsors, including but not limited to GraphGrid and other sponsors through the GF Sponsorship Program (https://www.graphfoundation.org/support/sponsorship/). | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request on the grounds that it seeks documents and information subject | Same proposal as RFP No. 3 and produce subject to protections of Protective Order (ECF No. 43). These documents are relevant to Neo4j's trademark infringement, false designation, and unfair competition claims as they will reflect the reasons behind each sponsor's support of GFI, which Neo4j contends includes misappropriation Neo4j's brand through financial support. | GFI will produce a log of documents withheld on the basis of donor privacy that does not reveal donor identities or donation amounts. Donor privacy rights are not general concerns but are based on the Constitutional right of freedom of | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
|  | to the rights of privacy of its donors. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. Based on these objections, GFI will not produce any documents responsive to this request. | The *Harris* case cited by GFI is inapposite because the question presented was whether the donor information had to be obtained by subpoena or merely through government produced forms. The non-profit conceded that the government is entitled to donor information through a subpoena.<br><br>"General concerns of privacy are insufficient to justify the refusal to answer Plaintiff's discovery requests." *Garraway v. Ciufo*, 2020 WL 1263562, at *8 (E.D. Cal. Mar. 16, 2020). And, any legitimate concerns about donor privacy can be sufficiently protected by the dissemination restrictions offered by the Protective Order in this case. *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998) Further, business entities do not enjoy same privacy rights as individuals, and doubts as to relevance should generally be resolved in favor of permitting discovery. *See KFD Enterprises, Inc. v. City of Eureka*, 2010 WL 11484695, at *6 (N.D. Cal. Nov. 12, 2010). | association and should be maintained in the absence of an overriding governmental interest. *See, e.g., Ctr. for Competitive Politics v. Harris*, 784 F.3d 1307, 1317 (9th Cir. 2015) (weighing chilling effect of disclosure of donors against interest of Attorney General in policing non-profit organizations). Neo4j has identified no such overriding interest. |  |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | | |
| **REQUEST FOR PRODUCTION NO. 17:** DOCUMENTS sufficient to evidence all charitable donations and contributions made to Graph Foundation, Inc., including the nature and type of donation (i.e., money, goods, services, personal property, real property, intellectual property, source code, vehicles, clothes, household items), the amount of the donation, the fair market value ascribed to the donation, the date of the donation, and the person or entity who made each such donation. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request on the grounds that it seeks documents and information subject to the rights of privacy of its donors. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. Based on these objections, GFI will not produce any documents responsive to this request. | Same proposal as RFP No. 3 and produce subject to protections of Protective Order (ECF No. 43). These documents are relevant to Neo4j's trademark infringement, false designation, and unfair competition claims as they will reflect the reasons behind each sponsor's support of GFI, which Neo4j contends includes misappropriation Neo4j's brand through financial support. The *Harris* case cited by GFI is inapposite because the question presented was whether the donor information had to be obtained by subpoena or merely through government produced forms. The non-profit conceded that the government is entitled to donor information through a subpoena. "General concerns of privacy are insufficient to justify the refusal to answer Plaintiff's discovery requests." *Garraway v. Ciufo*, 2020 WL 1263562, at *8 (E.D. Cal. Mar. 16, 2020). And, any legitimate concerns about donor | GFI will produce a log of documents withheld on the basis of donor privacy that does not reveal donor identities or donation amounts. Donor privacy rights are not general concerns but are based on the Constitutional right of freedom of association and should be maintained in the absence of an overriding governmental interest. *See, e.g., Ctr. for Competitive Politics v. Harris,* 784 F.3d 1307, 1317 (9th Cir. 2015) (weighing chilling effect of disclosure of donors against interest of Attorney General in policing non-profit organizations). | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
| | | privacy can be sufficiently protected by the dissemination restrictions offered by the Protective Order in this case. *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998) Further, business entities do not enjoy same privacy rights as individuals, and doubts as to relevance should generally be resolved in favor of permitting discovery. *See KFD Enterprises, Inc. v. City of Eureka*, 2010 WL 11484695, at *6 (N.D. Cal. Nov. 12, 2010). | Neo4j has identified no such overriding interest. | |
| **REQUEST FOR PRODUCTION NO. 21:** All DOCUMENTS and COMMUNICATIONS discussing, reflecting or evidencing any similarity, actual confusion, or likelihood of confusion resulting from YOUR use of the NEO4J MARK. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>Subject to and without waiving the foregoing objections, and | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
| | without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry GFI has identified no documents responsive to this request. | | | |
| **REQUEST FOR PRODUCTION NO. 22:** All YOUR social media postings and discussion forum posts using, referencing or mentioning Neo4j, Inc. or Neo4j Sweden AB, including postings on Stack Overflow, Facebook, Instagram, Medium, Twitter, GitHub, and any other social media platform or discussion forums. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it seeks documents that are publicly available and, therefore, as available to Plaintiff as to GFI.<br><br>Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any responsive documents, however GFI's Twitter account (https://twitter.com/GraphFoundation) contains all social media posts and is available to Plaintiff for review. | Same proposal as RFP No. 3 and amend evasive answer suggesting no document exist, but yet pointing to Twitter. Search for any posts that may have been archived or removed from not just Twitter, but other forums in which GFI discussed Neo4j. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents outside of the actual Twitter posts that remain on its Twitter account. GFI did not remove or archive any posts and has no other social media accounts.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j's citation to *Federal Deposit Insurance* | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | *Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 23:** All YOUR social media postings and discussion forum posts using, referencing or mentioning | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request | Same proposal as RFP No. 3 and amend evasive answer suggesting no document exist, but yet pointing to Twitter. Search for any posts that may have been archived or removed | GFI has conducted a search of its email server and other document storage locations and has not discovered any non- | |

12

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| the NEO4J MARK, including postings on Stack Overflow, Facebook, Instagram, Medium, Twitter, GitHub, and any other social media platform or discussion forums | on the grounds that it is overbroad, unduly burdensome and oppressive in that it seeks documents that are publicly available and, therefore, as available to Plaintiff as to GFI.    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any responsive documents, however GFI's Twitter account (https://twitter.com/GraphFoundation) contains all social media posts and is available to Plaintiff for review. | from not just Twitter, but other forums in which GFI discussed Neo4j mark. | privileged responsive documents outside of the actual Twitter posts that are on its Twitter account. GFI did not remove or archive any posts and has no other social media accounts. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
| | | | responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 25:** All DOCUMENTS and COMMUNICATIONS where YOU marketed, suggested, offered for sale or solicited the sale of ONgDB software in lieu of and/or as an equivalent of commercially licensed Neo4j® Enterprise Edition software. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>Subject to and without waiving the foregoing objections, and | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's | |

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 29:** All DOCUMENTS and COMMUNICATIONS | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated | Same proposal as RFP No. 3. Amend evasive answer.  Request seeks communications "reflecting the use of or | GFI has conducted a search of its email server and other document storage | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| reflecting the use of or discussing using one or more source code files for Neo4j® Enterprise Edition to create ONgDB software. | above.<br><br>GFI further objects to this request on the grounds that its use of the phrase "Neo4j(R) Enterprise Edition" renders it vague, ambiguous, and unintelligible. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: The Graph Foundation GitHub account (https://github.com/graphfoundation) contains all source code. GFI will produce any other nonprivileged documents responsive to this request that it identifies after a diligent search and reasonable inquiry. | discussing" source code, which is distinct from the source code itself. | locations and has produced the non-privileged responsive documents that it located. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
| | | | documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 30:** All DOCUMENTS and COMMUNICATIONS reflecting the use of or discussing using one or more source code files for Neo4j® Enterprise Edition to create ONgDB software. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request on the grounds that its use of the phrase "Neo4j(R) Enterprise Edition" renders it vague, ambiguous, and unintelligible. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI | Same proposal as RFP No. 3. Amend evasive answer. Request seeks communications "reflecting the use of or discussing" source code, which is distinct from the source code itself. | GFI has conducted a search of its email server and other document storage locations and has produced the non-privileged responsive documents it located. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate* | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | responds as follows: The Graph Foundation GitHub account (https://github.com/graphfoundation) contains all source code. GFI will produce any other nonprivileged documents responsive to this request that it identifies after a diligent search and reasonable inquiry. | | *Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 31:** All DOCUMENTS and COMMUNICATIONS that discuss, reflect or constitute any effort by YOU to decompile binary code for Neo4j® | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request to the extent it seeks information and documents protected by the | Same proposal as RFP No. 3. Amend evasive answer. Request seeks communications "discuss, reflect, or constitute any effort by YOU to decompile", which is distinct from the source code itself. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.          Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| Enterprise Edition, version 3.4 or later. | attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI | |

815\3525726.5

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 32:** All DOCUMENTS and COMMUNICATIONS that discuss, reflect or constitute any effort by YOU to recompile binary code for Neo4j® Enterprise Edition, version 3.4 or later. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 34:** All DOCUMENTS and COMMUNICATIONS that evidence or reflect YOUR downloading of a trial or evaluation version of source code or binaries for Neo4j® Enterprise Edition version 3.4 or later versions. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.          Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR** | GFI incorporates by reference the | Same proposal as RFP No. 3. | GFI has conducted a | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| **PRODUCTION NO. 35:** All DOCUMENTS and COMMUNICATIONS that evidence or reflect YOUR downloading of a pre-release version of the source code for Neo4j® Enterprise Edition version 3.4 or later versions. | Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>    GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | search of its email server and other document storage locations and has not discovered any non-privileged responsive documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 36:** All DOCUMENTS and COMMUNICATIONS that discuss, evidence or reflect any effort by YOU to reverse engineer, decompile, or otherwise analyze the source code or binary code for Neo4j® Enterprise Edition, version 3.4 or later versions. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.   GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.   Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone* | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.              Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | responsive to this request. | | *Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 37:** All DOCUMENTS and COMMUNICATIONS that discuss, evidence or reflect any effort by YOU to replicate or incorporate | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.   GFI further objects to this request to the extent it seeks information and | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged | |

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| features that are proprietary to version 3.5 or later of Neo4j® Enterprise Edition. | documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
| | | | no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 43:** All DOCUMENTS and COMMUNICATIONS where YOU discussed the addition of the Commons Clause to the GNU Affero General Public License version 3 (APGLv3) used with NEO4J® Enterprise Edition software. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. Based on these objections, GFI will not search for or produce any documents responsive to this request. | Same proposal as RFP No. 3. | The question of the Commons Clause is an issue in the Related Action but is not an issue in Neo4j's trademark claims against GFI because the Neo4j entity that is the plaintiff in this action did not issue the AGPLv3 license with the Commons Clause. | |
| **REQUEST FOR PRODUCTION NO. 44:** All DOCUMENTS and | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| COMMUNICATIONS wherein YOU stated, recommended or advised someone that they could use, copy or distribute Neo4j® Enterprise Edition software under the GNU Affero General Public License Version 3 (APGLv3) without first obtaining a commercial license or subscription from either Neo4j Inc. or Neo4j Sweden. | Instructions and Definitions stated above.<br><br>    GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | document storage locations and has not discovered any non-privileged responsive documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over | |

815\3525726.5

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
| | | | documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 45:** All DOCUMENTS and COMMUNICATIONS wherein YOU stated or advised someone that they could modify any license, including the GNU Affero General Public License Version 3 (APGLv3), for Neo4j® Enterprise Edition software. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>Subject to and without waiving the foregoing objections, and | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.,* | |

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 46:** All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or advised someone that they could ignore, modify or remove the Commons | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents.  Neo4j | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| Clause from any license, including the GNU Affero General Public License Version 3 (APGLv3), for Neo4j® Enterprise Edition software. | the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 47:** All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or advised someone that they could modify or remove Neo4j Sweden AB's copyright management information from any license or source code file used in creating ONgDB software. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 48:** All DOCUMENTS and COMMUNICATIONS discussing or referring to the modification or removal of any copyright management information from any text file (i.e. LICENSE.txt, NOTICE.txt) or source code file used in conjunction with ONgDB software. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j should subpoena AtomRain and | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | GraphGrid for their documents.  Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 49:** | GFI incorporates by reference the Preliminary Statement, General | Same proposal as RFP No. 3. | GFI has conducted a search of its email | |

34

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.          Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| All DOCUMENTS and COMMUNICATIONS discussing or referring to the modification or removal of any copyright management information from any text file (i.e. LICENSE.txt, NOTICE.txt) or source code file authored, created by or belonging to Neo4j Sweden AB. | Objections, and Objections to Instructions and Definitions stated above.<br><br>      GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>      Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | server and other document storage locations and has not discovered any non-privileged responsive documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
| | | | control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 50:** All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or advised someone that they could use Neo4j® Enterprise Edition software without first obtaining a commercial license or subscription from Neo4j, Inc. or Neo4j Sweden AB. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. Subject to and without waiving | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate* | |

36

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | *Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 51:** All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or advised someone that they download or use ONgDB | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request to the extent it seeks information and documents | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| software instead of purchasing a commercial license for or subscription to Neo4j® Enterprise Edition software. | protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI | |

38

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 52:** All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or advised someone that they not enter into any agreement which binds it to a commercial End User License Agreement (EULA) with either Neo4j, Inc. or Neo4j Sweden AB. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.    GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 53:** All DOCUMENTS and COMMUNICATIONS wherein YOU stated, recommended or advised someone that they seek to modify the End User License Agreement (EULA) for Neo4j® Enterprise Edition software. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.    GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR** | GFI incorporates by reference the | Same proposal as RFP No. 3. | GFI has conducted a | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| **PRODUCTION NO. 54:** All DOCUMENTS and COMMUNICATIONS where YOU agreed to provide consulting, support and/or development services to an actual or potential user of either Neo4j® Community Edition Software or Neo4j® Enterprise Edition software. | Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 55:** All DOCUMENTS and COMMUNICATIONS where YOU provided consulting, support and/or development services for users of either Neo4j® Community Edition Software or Neo4j® Enterprise Edition software. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection. | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone* | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | *Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 56:** All DOCUMENTS and COMMUNICATIONS where YOU agreed to provide consulting, support and/or development | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.       GFI further objects to this request on the grounds that it seeks | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has produced any non-privileged | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| services for ONgDB software. | documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: GFI will produce any non-privileged documents responsive to this request that it identifies after a diligent search and reasonable inquiry. | | responsive documents that it located.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j should subpoena AtomRain and GraphGrid for their documents.  Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | | | Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 57:** All DOCUMENTS and COMMUNICATIONS where YOU provided consulting, support and/or development services for users of ONgDB software. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above.<br><br>GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | has not identified any documents responsive to this request. | | (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or GraphGrid. | |
| **REQUEST FOR PRODUCTION NO. 58:** All DOCUMENTS and COMMUNICATIONS where YOU recommended or advised an actual or potential user of Neo4j® Enterprise Edition to obtain consulting, support and/or development services to from a person or entity other than Neo4j Inc. | GFI incorporates by reference the Preliminary Statement, General Objections, and Objections to Instructions and Definitions stated above. GFI further objects to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. GFI further objects to this request to the extent it seeks | Same proposal as RFP No. 3. | GFI has conducted a search of its email server and other document storage locations and has not discovered any non-privileged responsive documents. Neo4j should subpoena AtomRain and GraphGrid for their | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---|---|---|---|---|
| | information and documents protected by the attorney-client privilege, the attorney work-product privilege doctrine, the joint defense privilege, the common interest privilege, or any other constitutional, statutory, or common law privilege or protection.<br><br>    Subject to and without waiving the foregoing objections, and without prejudice thereto, GFI responds as follows: After a diligent search and reasonable inquiry, GFI has not identified any documents responsive to this request. | | documents. Neo4j should subpoena AtomRain and GraphGrid for their documents. Neo4j's citation to *Federal Deposit Insurance Corp. v. Bayone Real Estate Investment Corp.*, 5:15-cv-02248, Dkt. No. 69 (N.D. Cal. Mar. 27, 2017) (Mag. J. Van Keulen) does not support their position because, in that case, the party responding to request for production did not dispute that it had control over documents in the possession of its former attorney. Here, there has been no showing that GFI has any right to documents in the possession of AtomRain or | |

Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.                    Joint Chart to Joint Statement

| Request | Response | Neo4J Proposal | GFI Proposal | For Court's Use |
|---------|----------|----------------|--------------|-----------------|
|         |          |                | GraphGrid.   |                 |

815\3525726.5

Table of Exhibits
Neo4j, Inc. Request for Production, Set 1 to Graph Foundation, Inc.

Table of Exhibits

| Exh. No. | Description of Exhibit | Pages | Purpose of Exhibit |
|---|---|---|---|
| 1 | Defendant's website dated September 24, 2019 stating: "Who Runs the Graph Foundation?  The membership of The Graph Foundation elects the board to run the Foundation and to set and ensure policy.  The directors of the board are:  Bradly Nussbaum  Benjamin Nussbaum  John Mark Suhy" | 4 | **Neo4j Position:** Exhibit 1 contradicts GFI's denials that Suhy had any involvement with GFI's founding.  This exhibit is responsive to RFPs 5-6, but GFI has not produced this exhibit nor documents similar to it. **GFI Position:**  The statement on the website was in error and was corrected.  Further, even if Suhy were a board member, that would not give GFI the legal right to obtain documents from any non-party legal entity. |
| 2 | Defendant's website dated May 22, 2020 showing GrapheneDB, GraphGrid, and AtomRain to be GFI's Financial Sponsors.  The webpage also shows Suhy's iGov company as a Targeted Sponsor, which the website defines as non-financial sponsorship. | 4 | **Neo4j Position:**  Exhibit 2 shows the close relationship of GFI with Suhy's iGov, and the Nussbaum founded AtomRain and GraphGrid.  These three entities were setup to offer support and related services for GFI's product, ONgDB.  GFI has not produced this exhibit nor documents similar to it in response to RFPs 14, 16, 17. **GFI Position:**  GFI directed Neo4j to its website as responsive to certain document requests.  An entity's financial sponsorship of GFI does not give GFI the legal right to obtain that entity's documents. |
| 3 | Brad Nussbaum tweet dated October 9, 2019 thanking John Mark Suhy for "all the efforts in getting this release out" referring to GFI's ONgDB."  The tweet also explicitly mentions "neo4j" multiple times. | 1 | **Neo4j Position:**  Exhibit 3 shows Suhy and Brad Nussbaum involvement with the development of GFI's product and use of Neo4j's name in connection with its promotion.  This exhibit is responsive to RFPs 22-23 but GFI has not produced this exhibit nor documents similar to it. **GFI Position:**  The exhibit is from Mr. Nussbaum's personal Twitter account, not GFI's account.  Further, the document remains on Twitter.  Mr. Suhy's involvement in the creation of ONgDB as a member of the ONgDB community does not give GFI the legal right to obtain any entity's documents. |
| 4 | Suhy email to Ben and Brad Nussbaum (via their AtomRain emails) dated February 26, 2019 stating "If you want to respond – you can say there is a active court case in California with Neo4j and will | 1 | **Neo4j Position:**  Exhibit 4 shows discussions between Suhy and the Nussbaums about the Related Case, communication which is requested by RFP No. 4.  GFI has not produced this exhibit nor documents similar to |

Table of Exhibits

| Exh. No. | Description of Exhibit | Pages | Purpose of Exhibit |
|---|---|---|---|
| | settle this question…" | | it.<br>**GFI Position:**  There is no indication that Graph Foundation ever made any comment with respect to the Twitter post referenced in this email.  That Mr. Suhy solicited AtomRain to potentially comment to a Twitter post does not provide any evidence with respect to GFI's control over any entity. |
| 5 | Suhy email to Ben and Brad Nussbaum (via their AtomRain emails) dated May 21, 2018 with extensive discussions about "setting up a non profit for a fork" and "being on the board of this new none [sic] profit is a big piece of the pie…" and avoiding Neo4j trademark infringement. | 1 | **Neo4j Position:** Exhibit 5 evidences Suhy's direct involvement with the formation of GFI, being on its board, and their concerns about infringement of Neo4j's mark, exactly a month before GFI was formed.  These emails are used by, and accessible to GFI's directors, and contain subject matter responsive to RFPs 5-6.<br>**GFI Position:**  This email predates the existence of Graph Foundation and does not provide evidence that GFI has a legal right to obtain documents belonging to other entities. |
| 6 | Suhy and Ben Nussbaum emails with prospective Neo4j customer with Ben Nussbaum stating "I received your question from iGov.  We're consolidating support of the open source neo4j graph database distributions under a non-profit organization: Graph Foundation." | 10 | **Neo4j Position:**  Exhibit 6 evidences commercial efforts regarding offering, supporting, and marketing of ONgDB to divert prospective customers away from Neo4j's offerings.  Such documents have not been produced, and GFI refused to conduct a search for RFP 43.<br>**GFI Position:**  GFI has conducted a search for documents responsive to numerous of the requests and has produced the documents it has found.  It is continuing to search its files for additional responsive documents and will produce additional documents that it finds.  The emails do not evidence any control of any other entity by GFI. |