1  JOHN D. PERNICK, SBN 155468
   jpernick@be-law.com
2  BERGESON, LLP
   111 North Market Street, Suite 600
3  San Jose, CA  95113
   Telephone:    (408) 291-6200
4  Facsimile:    (408) 297-6000

5  Attorneys for Defendant
   GRAPH FOUNDATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| NEO4J, INC., a Delaware corporation | Case No.: 5:19-cv-06226-EJD |
|---|---|
| Plaintiff, | **SECOND AMENDED ANSWER TO COMPLAINT** |
| v. | |
| GRAPH FOUNDATION, INC., an Ohio corporation, | |
| Defendant. | |

      Now comes the defendant Graph Foundation, Inc. ("Graph Foundation" or "Defendant") and in response to the allegations set forth in the Complaint of Plaintiff Neo4J, Inc. ("Neo4J" or "Plaintiff"), answers as follows:

1. Defendant admits that the statement outlines the claims but otherwise denies the claims and the allegations in paragraph 1.

2. Defendant admits, on information and belief, the first and second sentence in paragraph 2. Defendant denies that Plaintiff is the graph company behind an open source software product called Neo4j as the software is owned by and licensed by Neo4j Sweden AB according to the license for Neo4j-enterprise available at GitHub. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and on that basis denies the remaining allegations.

3. Defendant denies, on information and belief, the allegations of paragraph 3.

4. Defendant denies that it "competes" with Plaintiff's graph platform. Defendant admits the remaining allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant admits the allegations of paragraph 8.

9. Defendant denies, on information and belief, the allegations of paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, on that basis, denies the allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, on that basis, denies the allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and, on that basis, denies the allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and, on that basis, denies the allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 14 and, on that basis, denies the allegations.

15. Defendant denies that the AGPLv3 + Common Cause license is valid. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and, on that basis, denies the allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, on that basis, denies the allegations.

17. Paragraph 17 states a legal conclusion and, therefore, requires no response. To the extent Paragraph 17 requires a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and, on that basis, denies the allegations.

18. In response to paragraph 18, Defendant admits that it was formed on June 21, 2018. Defendant states that the statements on its website speaks for itself. Defendant denies the remaining allegations of paragraph 18.

19. In response to paragraph 19, Defendant states that the language on its website speaks for itself. Defendant admits that it offers ONgDB graph database software. Defendant denies the remaining allegations of paragraph 19.

20. Defendant admits that it does not have a written contract granting it a trademark license from Plaintiff but denies that one is required. Defendant denies the remaining allegations of paragraph 20.

21. In response to paragraph 21, Defendant states that the language on its website speaks for itself. Defendant denies the remaining allegations of paragraph 21.

22. Defendant admits that the ONgDB software includes source code authored by Defendant. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. In response to paragraph 24, Defendant states that the file listing available on its website speaks for itself. Defendant denies the remaining allegations of paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and, on that basis, denies the allegations.

SECOND AMENDED ANSWER TO COMPLAINT
Case No.: 5:19-cv-06226-EJD

26. In response to paragraph 26, Defendant states that the language on its website speaks for itself. Defendant denies the remaining allegations of paragraph 26.

27. In response to paragraph 27, Defendant states that the GitHub repository webpage speaks for itself. Defendant denies the remaining allegations of paragraph 27.

28. In response to paragraph 28, Defendant states that the GitHub repository webpage speaks for itself. Defendant lack knowledge or information sufficient to form a belief as to the trust of the allegations of paragraph 28 regarding Plaintiff's GitHub repository page and, on that basis, denies the allegations. Defendant denies the remaining allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. In response to paragraph 30, Defendant states that the language used on the GitHub repository page speaks for itself. Defendant denies the remaining allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. In response to paragraph 33, Defendant states that the statements on its website speak for themselves. Defendant denies the remaining allegations of paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and, on that basis, denies the allegations.

35. In response to paragraph 35, Defendant states that the statements on its Twitter feed speak for themselves. Defendant denies the remaining allegations of paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and, on that basis, denies the allegations.

37. Defendant denies the allegations of paragraph 37.

38. Defendant incorporates its responses to paragraphs 1-37.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and, on that basis, denies the allegations.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and, on that basis, denies the allegations.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 41 and, on that basis, denies the allegations.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and, on that basis, denies the allegations.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and, on that basis, denies the allegations.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and, on that basis, denies the allegations.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant incorporates its responses to paragraphs 1 through 50.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant incorporates its responses to paragraphs 1 through 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant incorporates its responses to paragraphs 1 through 65.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant denies the allegations of paragraph 71.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to state a claim)

1. The Complaint, and each cause of action therein, fails to state a claim against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Unclean Hands)

2. Plaintiff is barred from obtaining relief under any of its claims because of its own unclean hands.  Plaintiff is attempting to improperly use a dual licensing practice having a commercial version controlled by Plaintiff and an open source software licensed under a General Public License. Because the open source software is under a GPL or AGPL license, and has over 100 contributors, Plaintiff may not be able to actually convert the GPL or AGPL license to proprietary software. Under a GPL or AGPL type license, contributors' efforts to modify the software cannot be taken away and turned into privately controlled software. Defendant is informed and believe that Plaintiff only provides an object code version of the Neo4J software under a commercial license while the GPL and AGPL type license requires access to the source code as well. Defendant is informed and believe that because Plaintiff cannot lawfully operate a dual license model since the open source is based on GPL or AGPL, Plaintiff resorts to sharp and false practices with customers (lying about the difference between the commercial versions and the open source version) attempting to restrict partners from supporting the open source Neo4J version with unlawful restrictions and interfering in attempts to use open source Neo4J software. The rights of open source users to use the software is shown by the FAQs at the GNU site:

> If I only make copies of a GPL-covered program and run them, without distributing or conveying them to others, what does the license require of me? (#NoDistributionRequirements)
>
> Nothing. The GPL does not place any conditions on this activity.
>
> The same rules apply to modified versions of the open source code:
>
> Does the GPL require that source code of modified versions be posted to the public? (#GPLRequireSourcePostedPublic)
>
> The GPL does not require you to release your modified version, or any part of it. **You are free to make modifications and use them privately, without ever releasing them. This applies to organizations (including companies), too; an organization can make a modified version and use it internally without ever releasing it outside the organization.**
>
> But *if* you release the modified version to the public in some way, the GPL requires you to make the modified source code available to the program's users, under the GPL.
> Thus, the GPL gives permission to release the modified program in certain ways, and not in other ways; but the decision of whether to release it is up to you.
> [Emphasis added]

As Plaintiff has sought to threaten open source users improperly, they come to this court with unclean hands, they should be barred from recovery.

**THIRD AFFIRMATIVE DEFENSE**

(Fair Use of Trademarks)

3. Defendant's use of the trademarks was and is a nominative fair use to 1) identify a software product called Neo4j that is freely available as open source software and 2) comparative advertising (See 16 C.F.R. §14.15(b)).

**FOURTH AFFIRMATIVE DEFENSE**

(Naked License Abandonment of Trademark)

4. Neo4J was released as an open source project by Neo4J Sweden in 2006. Neo4J Sweden allowed the unfettered and uncontrolled use of the Neo4J trademarks to successfully launch the Neo4J software and gain a user and development base. In 2006, Neo4J USA did not exist. Neo4J USA, under a different name, incorporated on 7-7-2011. When Neo4J USA obtained rights to the Neo4J trademark years later, the Neo4J trademark was already abandoned by Neo4J Sweden's lack of contractual and actual or adequate quality control for third party's extensive use of the Neo4J trademark.

1  While Neo4J USA may presently be the parent of Neo4J Sweden, the corporate structure is
2  reverse as the parent was born after the subsidiary. Neo4J Sweden was created first and operated
3  for years before Neo4J USA was created and Neo4J's corporate relationship could not establish a
4  trademark control as Neo4J USA did not exist.
5  For a period of 5 years before the plaintiff existed and thereafter, Neo4J Sweden licensed
6  Neo4J software as open source software under
7  GPL and AGPL licenses. Neo4J Sweden used the GPL and AGPL licenses to proliferate
8  the free use, development and modification of Neo4J software.
9  Neo4J Sweden has not exercised contractual control over GPL and AGPL licensees' use of
10 the Neo4J trademark. The GPL and AGPL provide that a licensee must carry prominent notices
11 stating that the licensee modified it and giving a relevant date. ¶5 GPL. This is just a copyright
12 notice requirement for licensees who modify the source code and convey new versions of Neo4J
13 software and does not provide any control over quality to maintain the Neo4J trademark.
14 Likewise, under the GPL and AGPL, trademark rights may be limited by a **licensee** when the
15 **licensee** conveys a modified version of Neo4J. ¶7 GPL This restriction applies to the **licensee's**
16 trademarks and does not provide any contractual control over Neo4J Sweden or Neo4J's USA's
17 trademarks in Neo4J.
18 Neo4J Sweden was the only entity to license the Neo4J software under the GPL and AGPL
19 licenses. Plaintiff is not the licensor of Neo4J under the GPL or the AGPL. As Plaintiff has no
20 privity of contract and no special relationship with GPL and AGPL licensees, Plaintiff cannot rely
21 on contract terms to show any quality control to maintain the trademark.
22 Neo4J Sweden and, years later, Neo4J USA did not actually or adequately exercise control
23 of the quality for the third party modified versions of Neo4J software to maintain the trademark.
24 Since Neo4J Sweden licensed Neo4J software as open source software, any person could
25 modify the source code to Neo4J software and convey the modified Neo4J software to third
26 parties. That right is expressly included in the GPL and AGPL licenses. But Neo4J Sweden did
27 not actually maintain quality control of how licensees modified, used or conveyed the Neo4J
28 software while Neo4J Sweden freely allowed licensees to use the Neo4J trademark. The GPL and

AGPL free license rights were used to proliferate users and third-party developers of Neo4J software. And it worked. There are over 10,564 (June 1, 2020) third-party repositories on github and 99+ projects at GitLab alone: https://github.com/search?q=neo4j&type=Repositories https://gitlab.com/search?group_id=&nav_source=navbar&page=2&project_id=&repository_ref=&search=neo4j).

Many of these third party modified versions of Neo4J freely use Neo4J trademarks. However, Neo4J Sweden and Neo4J USA did not have express contractual terms or actually exercise any or adequate controls over the quality of the modified Neo4J software on the third-party repositories, projects or modified versions of Neo4J software that use the Neo4J trademark. The above list is not an exclusive list of modified versions as there is no actual control of distribution of modified versions of Neo4J.

There are also significant consumer downloads and use of these third-party modified Neo4J versions which use the Neo4J trademark:

1.8k Downloads : https://hub.docker.com/u/neo4jchina

1M+ Downloads: https://hub.docker.com/r/discsports/neo4j-apoc

1M+ Downloads: https://hub.docker.com/r/bitnami/neo4j

500k+ Downloads: https://hub.docker.com/r/phenompeople/neo4j

100k+ Downloads: https://hub.docker.com/r/frodenas/neo4j

100k+ Downloads: https://hub.docker.com/r/amd64/neo4j

50k+ Downloads: https://hub.docker.com/r/tpires/neo4j

10k+ Downloads: https://hub.docker.com/r/primedio/neo4j-cluster-ecs

100k+ Downloads: https://hub.docker.com/r/ryguyrg/neo4j-importer

100k+ Downloads: https://hub.docker.com/r/c12e/neo4j

100k+ Downloads: https://hub.docker.com/r/trollin/neo4j

100k+ Downloads: https://hub.docker.com/r/mmorga/neo4j-3.2.5

100k+ Downloads https://hub.docker.com/r/centular/neo4j-enterprise

3.8k+ Downloads https://hub.docker.com/r/builddoctor/neo4j

647 Downloads https://hub.docker.com/r/picnicsoftware/neo4j

788 Downloads https://hub.docker.com/r/digitalcloudsa/neo4j

There are millions of copies of modified versions of Neo4J downloaded where the modified version of the software uses the Neo4J trademark. While Plaintiff's build infrastructure may carry out tens of thousands of functional, performance, load stress and other tests to ensure quality, Neo4J USA and Neo4J Sweden did not require any of these quality controls for the millions of copies of third-party modified Neo4J software that have used the Neo4J trademarks for well over a decade. Although Plaintiff purports to have a Trademark Guidelines that govern the use of its purported Neo4J trademark by those who use or modify the open source version of Neo4J, in actuality, Neo4J has not, to Defendant's knowledge, ever enforced the Trademark Guidelines against any of these modified versions of open source Neo4J software.

For example, Defendant is informed and believes that John Mark Suhy modified Neo4J for a special government use and called it "Neo4J Government Edition." Defendant is informed and believes that John Mark Suhy's Neo4J Government Edition was distributed to U.S. government agencies. Yet Neo4J USA did **no** quality assurance or verification of the source code or applications distributed as "Neo4J Government Edition." Neo4J USA knew John Suhy modified Neo4J and allowed him to call the product Neo4J Government Edition yet Neo4J did no quality assurance on the modified version.

Because Neo4J Sweden and Neo4J USA had no contractual controls and did not exercise actual and adequate controls over the prolific use of the Neo4J trademark by third parties who modified and conveyed modified versions of Neo4J software, the trademark should be deemed abandoned under the doctrine of Naked License.

**FIFTH AFFIRMATIVE DEFENSE**

(Right to fork and use Neo4J Open Source under GitHub Terms of Service)

5.     By using a public repository at GitHub, the open source versions of Neo4J are subject to the GitHub Terms of Service which allow any user to use and fork the software:

> D. 5. If you set your pages and repositories to be viewed publicly, you grant each User of GitHub a nonexclusive, worldwide license to use, display, and perform Your Content through the GitHub Service and to reproduce Your Content solely on GitHub as permitted through GitHub's functionality (for example, through forking). You may grant further rights if you adopt a license. If you are uploading Content

you did not create or own, you are responsible for ensuring that the Content you upload is licensed under terms that grant these permissions to other GitHub Users.

https://help.github.com/en/articles/github-terms-of-service

Plaintiff's Complaint is vague and ambiguous as to whether it is alleging that Defendant's forking and use of Neo4J Open Source is a violation of the Lanham Act or an Unfair Trade Practice. To the extent Plaintiff is so alleging, that claim is barred by the GitHub Terms of Service which expressly allow for such forking and use.

**PRAYER FOR RELIEF**

Wherefore, Defendant requests:

1. The Complaint be dismissed with prejudice;

2. That the first three trademark based claims be found exceptions as the trademark was obtained through fraud, alleged infringements are obviously nominative fair use, allowing Defendant to recovery attorneys' fees under 15 U.S.C. §1117(a);

3. That Plaintiff take nothing by its Complaint;

4. That Defendant recover its costs, including attorneys' fees;

5. And for such other and further relief as the Court deems just.

Dated: June 12, 2020					BERGESON, LLP

							By: ____/s/ John D. Pernick_____
							Attorneys for Defendant
							GRAPH FOUNDATION, INC.

**DEMAND FOR JURY TRIAL**

Defendant Graph Foundation, Inc. hereby demands a trial by jury.

Dated: June 12, 2020

BERGESON, LLP

By: _/s/ John D. Pernick_

Attorneys for Defendant
GRAPH FOUNDATION, INC.

# CERTIFICATE OF SERVICE

I, Emma Tofelogo-Fernandez, declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 111 North Market Street, Suite 600, San Jose, California 95113. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

On June 12, 2020, I served the within:

**SECOND AMENDED ANSWER TO COMPLAINT**

on the parties below by placing a true copy thereof in a sealed envelope and served same as follows:

__X__    **BY ELECTRONIC FILING & SERVICE VIA ECF/PACER:**
I caused said documents to be sent by electronic transmission in compliance with court procedures via the United States Southern District Court's ECF e-filing and e-serving system ("ECF"), which constitutes filing and service of document(s) for all purposes and shall constitute entry of that document(s) on the docket maintained by the Clerk pursuant to Fed. R. Civ. P. 58 and 79Civil and L.R. 5-2.

*Attorneys for Plaintiff,*
*Neo4J, Inc.*

John V. Picone III, Esq.
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Esq.
jratinoff@hopkinscarley.com
Cary Chien, Esq.
cchien@hopkinscarley.com
Hopkins & Carley
The Letitia Building
70 South First Street
San Jose, CA 95113-2406
Tel: (408) 286-9800
Fax: (408) 998-4790

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on June 12, 2020, at San Jose, California.

_____
Emma Tofelogo-Fernandez