1   John V. Picone III, Bar No. 187226
    jpicone@hopkinscarley.com
2   Jeffrey M. Ratinoff, Bar No. 197241
    jratinoff@hopkinscarley.com
3   Cary Chien, Bar No. 274078
    cchien@hopkinscarley.com
4   HOPKINS & CARLEY
    A Law Corporation
5   The Letitia Building
    70 South First Street
6   San Jose, CA  95113-2406

7   *mailing address:*
    P.O. Box 1469
8   San Jose, CA 95109-1469
    Telephone:    (408) 286-9800
9   Facsimile:    (408) 998-4790

10  Attorneys for Plaintiff
    NEO4J, INC.

11

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15  NEO4J, INC., a Delaware corporation,          CASE NO.  5:19-cv-06226-EJD

16              Plaintiff,                         **NEO4J'S NOTICE OF MOTION AND
                                                   MOTION TO STRIKE SECOND
17       v.                                        AMENDED ANSWER; MEMORANDUM
                                                   OF POINTS AND AUTHORITIES IN
18  GRAPH FOUNDATION, INC., an Ohio               SUPPORT THEREOF**
    corporation,
19                                                 Date:       August 13, 2020
              Defendant.                           Time:       9:00 a.m.
20                                                 Location:   Courtroom 4, 5th Floor
                                                   Judge:      Hon. Edward J. Davila
21

22

23

24

25

26

27

28

842\3557611.7

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## NOTICE OF MOTION

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE** that on August 13, 2020, at 9:00 a.m., Courtroom 4, 5th

4    Floor, at the United States District Court located at 280 South First Street, San Jose, CA 95113

5    before the Honorable Edward J. Davila, Plaintiff Neo4j, Inc. ("Plaintiff" or "Neo4j USA") will,

6    and hereby does, move pursuant to Federal Rule of Civil Procedure 12(f) to strike Defendant

7    Graph Foundation Inc.'s ("Defendant" or "GFI") (a) Second Affirmative Defense for Unclean

8    Hands and (b) and Fourth Affirmative Defense for Naked License Abandonment of Trademark in

9    its Second Amended Answer to Complaint (Dkt. No. 52).  This motion is made pursuant to on the

10   grounds that such defenses are insufficiently pleaded, not legally cognizable defenses, and/or are

11   immaterial and impertinent.

12      This motion is based on this Notice of Motion and Motion, the attached Memorandum of

13   Points and Authorities, Declaration of Cary Chien, Request for Judicial Notice, all records and

14   pleadings on file in this action, and all other matters that the court may consider.

15

## REQUESTED RELIEF

16      Neo4j USA respectfully requests that the Court strike the Second and Fourth Affirmative

17   Defenses asserted in the Second Amended Answer filed by Defendant GFI pursuant to Federal

18   Rule of Civil Procedure 12(f) ("Rule 12(f)") and applicable case law, and deny leave to amend

19   because additional pleading will not result in sustainable defenses.

20

21

22

23

24

25

26

27

28

842\3557611.7

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

| | | Page |
|---|---|---|

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF ISSUES TO BE DECIDED ................................................. 2

III.    PROCEDURAL AND FACTUAL BACKGROUND......................................... 2

     A.      The History of the Parties' Respective Pleadings ................................... 2

     B.      The Court Grants Neo4j USA's Motion to Strike GFI's Abandonment
          Affirmative Defense ............................................................................... 5

     C.      GFI's Second Amended Answer Copies the Same Untenable Theory of
          Abandonment via Naked Licensing as Defendants in the Related Case ............... 5

IV.    APPLICABLE LEGAL STANDARDS FOR MOTIONS TO STRIKE ........................... 7

V.     LEGAL ARGUMENT ........................................................................................ 9

     A.      GFI's Amendments Still Do Not Establish a Legally Viable Trademark
          Abandonment Defense Based on the Theory of Naked Licensing ........................ 9

     B.      GFI's Amendments to its "Open Source Licensing" Theory Do Not
          Establish Any Evidence of Deception by the Public ............................................ 11

     C.      GFI's Second Amended Answer Asserts a Non-Viable Unclean Hands
          Affirmative Defense Because it Bears No Relation to Neo4j USA's
          Lanham Act Claims ........................................................................... 13

     D.      The Court Should Deny Leave to Amend ......................................... 17

VI.    CONCLUSION................................................................................................ 18

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page**

**Cases**

*In re Apple, AT & T iPad Unlimited Data Plan Litig.*,
   No. C-10-02553 RMW, 2012 WL 2428248 (N.D. Cal. June 26, 2012) ................................. 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................... 7

*Aureflam Corp. v. Pho Hoa Phat I, Inc.*,
   375 F.Supp.2d 950, 953 (N.D. Cal. 2005) .................................................................. 16, 17

*Barnes v. AT & T Pension Benefit Plan–Nonbargained Program*,
   718 F.Supp.2d 1167 (N.D. Cal. 2010) ............................................................................... 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................... 7, 10

*Campagnolo S.R.L. v. Full Speed Ahead, Inc.*,
   258 F.R.D. 663 (W.D. Wash. 2009) ................................................................................ 14

*Cruz v. Bank of N.Y. Mellon*,
   2012 WL 2838957 (N.D. Cal. July 10, 2012) .................................................................... 8

*Edwin K. Williams & Co., Inc. v. Edwin K. Williams & Co.-East*,
   542 F.2d 1053 (9th Cir. 1976) ........................................................................................ 12

*Exxon Corp. v. Oxxford Clothes, Inc.*,
   109 F.3d 1070 (5th Cir. 1997) ......................................................................................... 11

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) .......................................................................................... 8

*Flow Control Indus. Inc. v. AMHI Inc.*,
   278 F.Supp.2d 1193 (W.D. Wash. 2003) ......................................................................... 14

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*,
   826 F.2d 837 (9th Cir.1987) ............................................................................... 13, 14, 16

*Hernandez v. County of Monterey*,
   306 F.R.D. 279 (N.D. Cal. 2015) ................................................................................... 7, 9

*Hokto Kinoko Co. v. Concord Farms, Inc.*,
   738 F.3d 1085 (9th Cir. 2013) ...................................................................................... 9, 12

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Ileto v. Glock Inc.*,
349 F.3d 1191 (9th Cir. 2003)............................................................................. 10

4

5

*Japan Telecom, Inc. v. Japan Telecom Am. Inc.*,
287 F.3d 866 (9th Cir. 2002)................................................................. 13, 14, 16

6

*Kelley Blue Book v. Car-Smarts, Inc.*,
802 F.Supp. 278 (C.D. Cal. 1992) ......................................................................... 17

7

8

*Keystone Driller Co. v. Gen. Excavator Co.*,
290 U.S. 240 (1933)........................................................................................ 13, 16

9

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) .................................................................................... 8

10

11

*Monster, Inc. v. Dolby Laboratories Licensing Corp.*,
920 F.Supp.2d 1066 (N.D. Cal. 2013) ................................................................ 13

12

13

*In re New Century*,
588 F.Supp.2d 1206 (C.D.Cal.2008) ..................................................................... 8

14

*Pacific Supply-Co-op. v. Farmers Union Central Exchange, Inc.*,
318 F.2d 894 (9th Cir. 1963)................................................................................ 13

15

16

*Perez v. Gordon & Wong Law Group, P.C.*,
No. 11-CV-03323-LHK, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ............... 7

17

18

*Planetary Motion, Inc. v. Techsplosion, Inc.*,
261 F.3d 1188 (11th Cir. 2001)....................................................................*passim*

19

*Platte Anchor Bolt, Inc. v. IHI, Inc.*,
352 F.Supp.2d 1048 (N.D. Cal. 2004) ................................................................... 8

20

21

*Republic Molding Corp. v. B. W. Photo Utilities*,
319 F.2d 347 (9th Cir. 1963)................................................................................ 13

22

23

*Semegen v. Weidner*,
780 F.2d 727, 731 (9th Cir. 1985)........................................................................ 16

24

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1983)................................................................................... 8

25

26

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001).......................................................................... 9, 16

27

28

842\3557611.7

- iii -

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

2

**TABLE OF AUTHORITIES**
(continued)

Page

3

4

*STX, Inc. v. Bauer USA, Inc.*,
    1997 WL 337578, 43 U.S.P.Q.2d 1492 (N.D. Cal. June 5, 1997) ......................................... 13

5

*TAP Mfg., LLC v. Signs*,
    2015 WL 12752874 (C.D. Cal. July 23, 2015) ..................................................................... 13

6

7

*Transgo, Inc. v. Ajac Transmission Parts Corp.*,
    768 F.2d 1001 (9th Cir. 1985) ............................................................................................ 12

8

9

*Tveter v. AB Turn–O–Matic*,
    633 F.2d 831 (9th Cir. 1980) .............................................................................................. 14

10

*Wyshak v. City Nat'l Bank*,
    607 F.2d 824 (9th Cir. 1979) ................................................................................................ 8

11

**Statutes**

12

15 U.S.C.

13

    § 1114 ................................................................................................................................... 2
    § 1125(a) ............................................................................................................................... 2

14

    § 1127 .......................................................................................................................... *passim*

15

    § 1055 ................................................................................................................................... 9

16

Cal. Bus. & Prof. Code
    § 17200 ............................................................................................................................... 17

17

    § 17200 et seq. .................................................................................................................... 17

18

**Other Authorities**

19

Fed. R. Civ. Proc.

20

    8 ........................................................................................................................................... 7
    8(b)(1) .................................................................................................................................. 7

21

    8(c) ....................................................................................................................................... 7
    9(b) ..................................................................................................................................... 17

22

    12(f) ................................................................................................................................ 3, 8

23

24

25

26

27

28

842\3557611.7

- iv -

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3     As this Court did with the Defendants John Mark Suhy, PureThink LLC, and iGov Inc.

4   (collectively "Related Defendants") in the Related Case, this Court gave Graph Foundation Inc.

5   ("GFI") a narrow avenue to amend its Fourth Affirmative Defense for Naked License

6   Abandonment of Trademark to state a legally viable naked licensing theory.  However, the

7   additional allegations GFI assert in their amended pleadings, which are a wholesale copy of the

8   allegations by Related Defendants, do not stay in the lane provided by the Court as they amount

9   to the same defective theory that was previously stricken based on Neo4j USA distributing

10   NEO4J®-branded software via open source licensing.

11     In its May 29, 2020 Order, the Court held that the "Court adopts the reasoning laid out in

12   the PureThink order and similarly finds here that Defendant's allegations of confusion and lack of

13   control are insufficient to state an affirmative defense of abandonment based on naked licensing."

14   Dkt. No. 49.  GFI's amendments, which merely identify the number of copies of the Neo4j®

15   software distributed pursuant to the GNU General Public License ("GPL") and Affero General

16   Public License ("AGPL") licenses, form the same nucleus of facts as those in its prior pleadings

17   and do not cure the defects addressed by the Court's order.

18     As with its prior allegations, GFI's abandonment theory continues to run contrary to

19   established case law, which holds the use of open source license shows an ***intent to control***

20   trademark rights rather than an intent to relinquish them.  There are still no allegations in GFI's

21   amended answer that support the requirement that NEO4J® mark has become generic or

22   otherwise lost its significance as an indicator of origin.  GFI copies Related Defendants' self-

23   serving allegations regarding Neo4j Government Edition software, but this defense cannot stand

24   because the underlying theory is precluded by the doctrine of licensee estoppel.

25     GFI's unclean hands defense also must be stricken because it is not based on Neo4j

26   USA's conduct regarding its acquisition or use of the NEO4J® mark but on unrelated business

27   activities.  The defense is immaterial because it bears no "immediate and necessary relation to the

28   equity that [a plaintiff] seeks in respect of the matter in litigation" as required under United States

1    Supreme Court precedent.  Consequently, Defendant's abandonment and unclean hands defense

2    fail as a matter of law, and should be stricken with prejudice.

3    **II.    STATEMENT OF ISSUES TO BE DECIDED**

4          1.      Whether GFI's Fourth Affirmative Defense for Naked License Abandonment of

5    Trademark amounts to a legally viable defense pursuant to 15 U.S.C. § 1127.

6          2.      Whether GFI's Second Affirmative Defense for Unclean Hands amounts to a

7    legally viable defense based on inequitable conduct that is related to the subject matter of the

8    trademark claims.

9          3.      Whether the Court should grant GFI leave to amend its Second and Fourth

10   Affirmative Defenses.

11   **III.   PROCEDURAL AND FACTUAL BACKGROUND**

12          **A.      The History of the Parties' Respective Pleadings**

13         On October 1, 2019, Neo4j USA filed its complaint against GFI alleging infringement of

14   Neo4j USA's federally-registered trademark, NEO4J (the "NEO4J® Mark"), pursuant to

15   15 U.S.C. § 1114.  *See* Dkt. No. 1 at ¶¶ 1, 38-50.  Neo4j USA also asserted claims for unfair

16   competition, false advertising and false designation of origin under Section 43(a) of the Lanham

17   Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under the

18   State of California's Unfair Competition Laws, all arising from GFI's unauthorized use of

19   Plaintiff's NEO4J® trademark.  *See id.* at ¶¶ 51-71.  On December 5, 2019, the Court ordered that

20   this case be related to *Neo4j, Inc. and Neo4j Sweden, AB v. PureThink LLC, iGov Inc. and John

21   Mark Suhy*, Case No. 5:18-cv-07182-EJD ("Related Case").  The two actions concern

22   substantially similar issues, some of the same parties, software, and events and both of which

23   arise from common trademark infringement claims.

24         Neo4j USA's claims are based on GFI's improper use of the NEO4J® mark in

25   conjunction with the distribution, advertising, promotion, offering, and sale of its ONgDB

26   software offerings.  *See id.* at ¶¶ 18-37.  This includes falsely and misleadingly suggesting that

27   ONgDB is the "drop in" equivalent of an authorized version of NEO4J®-branded software that is

28   only available via a commercial license or is otherwise endorsed by Neo4j USA.  *See id.*

842\3557611.7                                    - 2 -

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    On December 26, 2019, GFI filed its original answer to the complaint wherein it asserted

2    the following affirmative defenses: (1) failure to state a claim; (2) unclean hands; (3) fair use of

3    trademarks; (4) "Naked License Abandonment of Trademark;" (5) "Right to fork and use Neo4J

4    Open Source under GitHub Terms of Service;" (6) "The addition of the commons clause is

5    unlawful under the AGPL;" (7) "Plaintiff violated the AGPL;" and (8) "Cancellation of

6    Trademark procured by fraud;" and (9) waiver.  *See* Dkt. No. 25 at 5:14-7:12.

7    Following meet and confer regarding the deficiencies with GFI's affirmative defenses and

8    Neo4j USA's intention to file a Rule 12(f) motion, on January 15, 2020, GFI confirmed that it

9    would be amending its answer, and it did so on January 24, 2020 ("Amended Answer").  *See* Dkt.

10   No. 32-1, ¶¶ 3-4 and Exh. 2; Dkt. No. 31.  While GFI addressed some of the issues identified by

11   Neo4j USA, and dropped several affirmative defenses, significant factual and legal deficiencies

12   remained.   In particular, GFI re-asserted their affirmative defense for trademark abandonment

13   based on the same theory of naked licensing that was first raised in their original answer, with the

14   addition of a single conclusory assertion that "Plaintiff has no right under the open source license

15   to inspect or supervise the quality of the open source licensees' work."  Dkt. No. 31 at 7:3-10.

16   GFI also added to its unclean hands defense that cherry-picked allegations from Related

17   Defendants' unclean hands defense, while leaving out nearly an entire page of allegations

18   concerning Related Defendants' interactions with the IRS.  *See Compare* Dkt. No. 31 at 5:18-6:20

19   *and* Related Case, Dkt No. 54 at 15:5-17:16.   These remaining allegations taken out of context

20   rendered them virtually incoherent as a defense to Plaintiff's Lanham Act claims.

21   For example, both Related Defendants and GFI similarly alleged "sharp and false

22   practices with customers" that related to Neo4j USA's allegedly illicit software licensing

23   practices.  *Compare* Related Case, Dkt. No. 54 at 16:15-21 and Dkt. No. 31 at 6:1-5.  For

24   example, GFI alleges "[p]laintiff is attempting to improperly use a dual licensing practice having

25   a commercial version controlled by Plaintiff and an open source software licensed under a

26   General Public License."  *Id*. at 5:19-21.  The allegations continue on about the purported rights

27   of third-parties to modify Neo4j's code and the distribution mechanism of Neo4j software:

28   [u]nder a GPL or AGPL type license, contributors' efforts to modify

842\3557611.7                                   - 3 -

1
2
3

> the software cannot be taken away and turned into privately
> controlled software.  Defendant is informed and believe that Plaintiff
> only provides an object code version of the Neo4J software under a
> commercial license while the GPL and AGPL type license requires
> access to the source code as well.

4    *Id.* at 23-27.  Notably, there is not a single mention of the NEO4J® mark nor any related

5    wrongful conduct about use of the mark.

6    **B.    The Court Grants Neo4j USA's Motion to Strike GFI's Abandonment**
7    **Affirmative Defense**

8        Among several other defenses, Neo4j USA moved to strike GFI's abandonment defense

9    based on the same theory asserted by the Related Defendants that Neo4j® software subject to the

10   GPL and AGPL amounted to the naked licensing of that mark.  Neo4j USA argued that GFI's

11   defense failed as a matter of law because courts, including the Eleventh Circuit in *Planetary*

12   *Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1198 (11th Cir. 2001), recognize that the open

13   source licensing software through at least one of those open source licenses identified by GFI

14   constitutes an intent to control trademark rights, not the relinquishment of rights.

15       The Court's May 29, 2020 Order, in relevant part, dismissed GFI's abandonment defense

16   based on naked licensing with leave to amend.  Dkt. No. 49.  In particular, the Court held that:

17   > In the PureThink Order,…[t]he Court further held that the allegation
18   > that under the open source license Neo4j USA has no right to inspect
     > or supervise the quality of the open source licensees' work, does not
19   > by itself indicate that Neo4j USA failed to exercise adequate control
     > over use of the trademark.  *Id.* at p. 13.  The Court adopts the
20   > reasoning laid out in the PureThink order and similarly finds here
     > that Defendant's allegations of confusion and lack of control are
21   > insufficient to state an affirmative defense of abandonment based on
     > naked licensing.

22   *Id.* at 6:8-13; *see also* Related Case Order, Dkt. No. 70 at 12:2-13:26.  The Court granted leave to

23   amend, stating "it is possible that Defendant may be able to allege a lack of actual control over

24   use of the trademark sufficient to establish a naked license defense …."  Dkt. No. 49 at 6:15-16.

25   **C.    GFI's Second Amended Answer Copies the Same Untenable Theory of**
     **Abandonment via Naked Licensing as Defendants in the Related Case**
26

27       On June 12, 2020, GFI filed their Second Amended Answer containing the same

28   amendments supporting their naked license theory of abandonment as Related Defendants'

Hopkins & Carley
Attorneys At Law
San Jose ● Palo Alto

842\3557611.7                                    - 4 -

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  amendments filed a week earlier in the Related Case.  *See* Dkt. No. 52.   Once again, GFI has

2  failed to conduct an independent investigation on its Second Affirmative Defense for unclean

3  hands and for its Fourth Affirmative Defense has blindly copied the allegations of Related

4  Defendants' Ninth Affirmative Defense and Tenth Cause of Action for Declaratory Relief for

5  Abandonment of Trademark.  *Request for Judicial Notice ISO of Motion to Strike ("RJN")*, ¶¶ 1-

6  2, Exhs. 5-6.  GFI continues to maintain the same flawed theory that it asserted before.

7         In lockstep with Related Defendants, GFI alleges the same two purported acts of naked

8  licensing: (1) copies of Neo4j® software allegedly licensed open-source by Neo4j Sweden under

9  the GPL and AGPL, and (2) Suhy's modification of Neo4j® software, which was called "Neo4J

10  Government Edition."  *Compare* Dkt. No. 52 at 6:20-9:21 and Related Case Dkt. No 72 at 24:7-

11  28:18.  GFI alleges in conclusory fashion that even after Neo4j USA was incorporated and was

12  assigned the rights in the NEO4J® mark, "Neo4J Sweden has not exercised contractual control

13  over GPL and AGPL licensee' s use of the [NEO4J® mark]." Dkt No 52 at 7:9-10; Related Case

14  Dkt. No. 72 at 25:9-10.  GFI then reaches the same erroneous conclusion, in direct contradiction

15  to *Planetary Motion* and the Court's findings based thereon, that the GPL and AGPL "does not

16  control quality to maintain the Neo4J trademark" and "any person could modify the source code

17  to Neo4J software and convey the modified Neo4J software to third parties" under the GPL and

18  AGPL licenses.  Dkt. No. 52 at 7:22-23; Related Case Dkt. No 72 at 26:4-6.

19         GFI also parrots the Related Defendants' allegations about Neo4j Government Edition,

20  but does so merely on information and belief that is apparently derived from reading the Related

21  Defendants' latest pleadings.  In particular, GFI alleges that it is "informed and believes" that

22  Suhy spent significant time and money, "designing and developing enhancements and additional

23  features around Neo4j including support and professional services to addressed critical

24  government security and procurement requirements" with Neo4j USA's approval.  *Id.* at 9:11-17.

25  In lockstep with Related Defendants, GFI claims that "Neo4J USA did no quality assurance or

26  verification of the source code or applications distributed as 'Neo4J Government Edition.'"  *Id.*

27         Like the Related Defendants, GFI does not provide a non-conclusory example of either

28  Neo4j USA or Neo4j Sweden failing to exercise actual quality control over Neo4j® software

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

(third party modified or otherwise).  GFI also similarly fails to allege a single example of where the public was deceived into believing such modified software was an official unmodified version of Neo4j® software, and merely cites to third parties modifying and distributed Neo4j® software *as expressly contemplated by the GPL and AGPL* and *Planetary Motion*.

### D.   GFI's Second Amended Answer Does Not Address the Factual and Legal Deficiencies in its Unclean Hands Defense

In March 2020, the lack of coherence and relationship of GFI's unclean hands defense to Neo4j USA's claims became an acute issue in connection with streamlining the case schedule and setting up a two-phase summary judgement procedure as discussed at the initial case management conference.  During these discussions, GFI insisted that its unclean hands defense be included in the first phase, which was meant to only address Neo4j USA's Lanham Act claims and defendants' affirmative defenses thereto.  As a result, Plaintiff sought a legal and factual explanation as to how this unclean hands affirmative defense was not just generalized misconduct or pertained to the Related Defendants' counterclaims subject to the second phase rather than having some nexus to Neo4j USA's Lanham Act claims asserted against GFI.  *Declaration of Cary Chien in Support of Neo4j USA's Motion to Strike* ("Chien Decl."), Exhs. 1-4.

Plaintiff provided legal authority to GFI establishing that the defense of unclean hands must have a necessary relation to Neo4j USA's Lanham Act claims, which GFI refused to acknowledge and substantively address.  Chien Decl., ¶¶ 3-4 and Exhs. 1-2. As a result, the parties agreed to submit briefing to the Court on this limited issue.  The agreement was memorialized and adopted by the Court:

> Despite their meet and confer efforts, however, the parties are in disagreement as to where the unclean hands affirmative defenses asserted by the PureThink Defendants in their Fourth Affirmative Defense and GFI in its Second Affirmative Defense directly pertain to Lanham Act and UCL claims asserted by Neo4j USA against them. The Parties intend to submit a joint statement outlining their respective positions for the Court's consideration.

Dkt. No. 45 at 4:13-17.

On March 30, 2020, counsel for the Related Defendants represented that they would finally send their position statement on behalf of Related Defendants and GFI.  Chien Decl.,

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

842\3557611.7
- 6 -
NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   Exh. 3.  On April 6, 2020, the Courtroom Deputy contacted the parties for an update on the status

2   of the joint statement.  *Id.* at Exh. 4.   Neo4j USA sought GFI's position statement, most recently

3   on May 6, 2020, but has received no response from GFI.  *Id.*   GFI also failed to allege any

4   additional facts that would tie its unclean hands affirmative defense to Neo4j USA's Lanham Act

5   claims in its Second Amended Answer.  *Compare* Dkt. No. 31 at 5:18-6:20 *and* Dkt. No. 52 at

6   5:14-6:14.  Thus, making it clear that GFI has no meaningful basis to assert this defense.

7   **IV.     APPLICABLE LEGAL STANDARDS FOR MOTIONS TO STRIKE**

8           Federal Rule of Civil Procedure 8(b)(1) requires a party to "state in short and plain terms

9   its defenses to each claim asserted against it."  Federal Rule of Civil Procedure 8(c) similarly

10  requires that a party "affirmatively state any avoidance or affirmative defense."  The Supreme

11  Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662

12  (2009) set a heightened "plausibility" pleading standard for complaints.

13          Courts in this District have held that this heightened pleading standard articulated in

14  *Twombly* and *Iqbal* applies to affirmative defenses.  *See Perez v. Gordon & Wong Law Group,*

15  *P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (collecting

16  cases); *see also Hernandez v. County of Monterey*, 306 F.R.D. 279, 283 (N.D. Cal. 2015)

17  (recognizing that "[m]ost district courts in this circuit agree that the heightened pleading standard

18  of *Twombly* and *Iqbal*...is now the correct standard to apply to affirmative defenses").  "This

19  standard 'serve[s] to weed out the boilerplate listing of affirmative defenses which is

20  commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to

21  the claims asserted.'"  *Perez*, 2012 WL 1029425 at *8.  It "is also consistent with *Iqbal's*

22  admonition that fair notice pleading under Rule 8 is not intended to give parties free license to

23  engage in unfounded fishing expeditions on matters for which they bear the burden of proof at

24  trial."  *Id.* (citing *Iqbal*, 556 U.S. at 678-79).  Thus, "[w]hile a defense need not include extensive

25  factual allegations in order to give fair notice, bare statements reciting mere legal conclusions

26  may not be sufficient."  *Id.* (internal quotation marks omitted).  In order to satisfy Rule 8's

27  pleading requirements, "a defendant's pleading of affirmative defenses must put a plaintiff on

28  notice of the underlying factual bases of the defense."  *Id.* (citing *Dion v. Fulton Friedman &*

842\3557611.7                                                    - 7 -

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   *Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012)).

2   A motion to strike brought pursuant to Rule 12(f) serves "to avoid the expenditure of time

3   and money that must arise from litigating spurious issues by dispensing with those issues prior to

4   trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Fantasy,*

5   *Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517

6   (1994).   Thus, a defense may be stricken pursuant to Rule 12(f) as insufficient if it fails to give

7   plaintiff "fair notice" of the defense.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.

8   1979); *accord Barnes v. AT & T Pension Benefit Plan–Nonbargained Program*, 718 F.Supp.2d

9   1167, 1170 (N.D. Cal. 2010) (holding "defense is insufficiently pled if it fails to give the plaintiff

10  fair notice of the nature of the defense").

11  Rule 12(f) also permits a court to strike from an answer matter that is immaterial, i.e.,

12  "that which has no essential or important relationship to the claim for relief or the defenses being

13  plead," or matter that is impertinent, i.e., that which does not pertain, and is not necessary, to the

14  issues in question. *Fantasy*, 984 F.2d at 1527; Fed. R. Civ. P. 12(f).  Motions to strike made on

15  these grounds are generally disfavored and "should not be granted unless the matter to be stricken

16  clearly could have no possible bearing on the subject of the litigation" or "unless prejudice would

17  result to the moving party from denial of the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352

18  F.Supp.2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "Ultimately, whether to grant a

19  motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y.*

20  *Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi–*

21  *Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

22  For a court to grant a motion to strike, the grounds "must appear on the face of the

23  pleading under attack or from matters of which the court may take judicial notice.  *In re Apple,*

24  *AT & T iPad Unlimited Data Plan Litig.*, No. C-10-02553 RMW, 2012 WL 2428248, at *2 (N.D.

25  Cal. June 26, 2012); *accord In re New Century*, 588 F.Supp.2d 1206, 1220 (C.D.Cal.2008). "With

26  a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light

27  most favorable to the nonmoving party." *Platte Anchor Bolt*, 352 F.Supp.2d at 1057.   The Court

28  may also consider matters of which the Court takes judicial notice. *Lee v. City of Los Angeles*,

842\3557611.7                              - 8 -
NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

250 F.3d 668, 688–89 (9th Cir. 2001).  However, the Court need not accept as true allegations contradicted by judicially noticeable facts, or by exhibits attached to or incorporated in the pleading.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Affirmative defenses are insufficient as a matter of law where there are no questions of fact, any questions of law are clear and not in dispute, and under no set of circumstances could the defense succeed." *Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 284-85 (N.D. Cal. 2015).

## V.   LEGAL ARGUMENT

### A.   GFI's Amendments Still Do Not Establish a Legally Viable Trademark Abandonment Defense Based on the Theory of Naked Licensing

The crux of GFI's abandonment defense remains that the distribution of Neo4j® software, subject to the AGPL and GPL, amounts to the naked licensing of the NEO4J® Mark. GFI's abandonment defense is a virtually verbatim copy of Related Defendants' abandonment defense. For the same reasons the Related Defendants' theory fails as a matter of law, GFI fails to satisfy the statutory requirement for abandonment under the second definition of 15 U.S.C. § 1127.

Like Related Defendants, GFI has extended that theory to Neo4j USA's predecessor-in-interest, Neo4j Sweden.  Dkt. No. 52 at 6:20-9:21.  However, the distinction GFI attempt to draw between Neo4j Sweden and Neo4j USA is of no matter because GFI concedes that even before Neo4j USA existed, Neo4j Sweden used the GPL and AGPL to distribute NEO4J® software. Thus, the GPL and AGPL governed the copies made of the Neo4j® software *at all times alleged*. The fact that NEO4J® Mark was used by Neo4j USA's predecessor-in-interest is also of no consequence because Neo4j Sweden' s use properly inured to the benefit of Neo4j USA as a "related company."  *See* 15 U.S.C. § 1127; 15 U.S.C. § 1055.  As conceded by GFI, Neo4j USA is the parent of Neo4j Sweden.  *See* Dkt. No. 52 at 7:1-4.  Thus, they continue to meet the definition of "related companies" under 15 U.S.C. § 1127 and their combined use of the NEO4J® mark "shall not affect the validity of such mark." 15 U.S.C. § 1055; *see also Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1098 (9th Cir. 2013) (finding no naked licensing where subsidiary used parent company's trademark).

GFI's allegation that Neo4j Sweden somehow abandoned the Neo4j® mark before

Hopkins & Carley<br>Attorneys At Law<br>San Jose ♦Palo Alto

842\3557611.7

- 9 -

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    assigning it to Neo4j USA similarly falls short.  Dkt. No. 52 at 6:22-7:4, 7:5-8.  These are

2    conclusions couched as fact. The Court need not accept those allegations as true.  *See Twombly*,

3    550 U.S. at 555; *see also Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  More

4    importantly, GFI simply rehashes its prior allegations against Neo4j USA that the distribution of

5    Neo4j® software under the GPL and AGPL amounts to a lack of "contractual control over GPL

6    and AGPL licensee's use of the Neo4J trademark." Dkt. No. 52 at 7:9-17.  This does not address

7    the Court's express finding that the distribution of Neo4j® software under the GPL and AGPL

8    evidence of Plaintiffs' effort to control the NEO4J® Mark.  *See* Dkt. No. 49 at 6:11-13; Related

9    Case Dkt. No. 70 at 11:21-13:26.

10        GFI's attempt to allege a lack of actual quality control by Neo4j Sweden and Neo4j USA

11   also falls short of what the Court indicated would be necessary to revive their abandonment

12   defense.  GFI refers to unspecified "third-party modifications" to Neo4j® software found on

13   GitHub, GitLab, and Docker software repositories, and unreasonably infers that simply because

14   copies were made and downloaded by others, there is a lack of actual quality control on the part

15   of Plaintiff.  *See, e.g.,* Dkt. No. 52 at 7:24-9:1.  Noticeably absent are any facts establishing that

16   Plaintiff failed to exercise adequate quality control over these copies licensed under the GPL and

17   AGPL, let alone that such omission "caused the mark to become the generic name for the goods

18   or services on or in connection with which it is used or otherwise to lose its significance as a

19   mark." 15 U.S.C. § 1127.  Indeed, there is not a single allegation identifying which Neo4j®

20   software features were actually modified and resulted in a loss of quality in relation to the

21   NEO4J® Mark.  As a result, these are nothing more conclusory allegations that require the Court

22   to make an unreasonable and unsupported inference that any and all unspecified modifications

23   diminish the quality of Neo4j® software.

24        GFI's theory also fails because it does not dispute that the third-party copies of Neo4j®

25   software were proliferated pursuant to the GPL and AGPL licensing framework.  Dkt. No. 52 at

26   7:24-8:5.  Consequently, GFI's naked licensing theory still runs afoul with the Court's finding in

27   the Related Case, and the adoption of the same rationale in this case, that "the reasoning in

28   *Planetary Motion* that the notice requirements in the GPL and AGPL evidence an effort to control

the use of the mark." *See* Dkt. No. 49 at 6:8-13; Related Case, Dkt. No. 70 at 13:21-23.  It is precisely the GPL and AGPL's notice requirement imposed on licensees that acts as a control on quality and indication of origin, by allowing a user to distinguish the origin of the original source code from the licensee's copy and whatever modifications may have been made to that copy.  *See Planetary Motion*, 261 F.3d at 1198; *accord* Related Case, Dkt. No. 70 at 11:14-13:26.  The notice requirement enforces upon the licensee to identify the modifications it has made, and thus bolsters the notion that the AGPL and GPL evidence the ***licensor's*** efforts to control the quality of the software.  *See Exxon Corp. v. Oxxford Clothes, Inc.,* 109 F.3d 1070, 1076 (5th Cir. 1997) (recognizing that no formal control requirements are necessary if the agreement between the licensor and licensee is not considered an actual trademark license).  Thus, there is no naked licensing of the NEO4J® Mark as GFI alleges.

Finally, the Court made clear that GFI would need to allege facts showing that that Neo4j USA failed to exercise ***actual control*** over licensees' use of the NEO4J® Mark.  Dkt. No. 49 at 6:17-20.  None of the amendments to GFI's pleadings address the fact that Neo4j USA actually polices the NEO4J® Mark by requiring that third parties who modify and distribute copies of Neo4j® software must abide by its Trademark Policy.  Dkt. No. 1, ¶ 17; *see also* RJN, ¶¶ 5-6, Exh. 9-10 .  The use of the GPL and AGPL, as well as Neo4j USA's Trademark Policy, thus shows an ***intent to control*** trademark rights in connection with the open-source community and third-party copies, not the relinquishment of rights.  No plausible reading of GFI's naked license theory, even in light of the latest amendments, suggests the contrary.  As such, GFI's trademark abandonment defense remains legally deficient and should be stricken with prejudice.

**B.    GFI's Amendments to its "Open Source Licensing" Theory Do Not Establish Any Evidence of Deception by the Public**

GFI's abandonment defense still does not allege facts establishing that the NEO4J® Mark ceased to function as an indicator of origin as a result of the permissible copies.  *See* 15 U.S.C. § 1127.  As with its prior iteration, this is fatal to GFI's abandonment defense.  Notwithstanding the use of the GPL and AGPL, a trademark owner does not abandon its trademark where the particular circumstances of the licensing arrangement suggest that the public will not be deceived.

1    *See Hokto Kinoko*, 738 F.3d at 1098.  Such circumstances exist "where the licensor is familiar

2    with and relies upon the licensee's own efforts to control quality." *Id*. (internal quotation marks

3    omitted).  GFI does not allege that anyone was led to believe that any of the third-party copies

4    found on the links cited (GitHub, GitLab, or Docker) were official Neo4j software releases versus

5    permissible copies under the AGPL and GPL.  Likewise, GFI does not allege specific facts

6    plausibly establishing that modified copies of Neo4j® software were lacking in quality, or that

7    there were actual complaints from users that mistakenly believed them to be unmodified.

8         Similarly, GFI's allegations concerning Neo4j Government Edition—which GFI alleges

9    on pure information and belief—is devoid of any plausible facts indicating deception in the

10   marketplace.  *See* Dkt. No. 52 at 9:11-17.  GFI appears to not have conducted an independent

11   investigation of its own and blindly copied Related Defendants' contradictory allegations.

12   *Compare* Dkt. No. 52 at 9:11-17 and Related Case, Dkt. No. 71 at 23:4-11.  Related Defendants

13   alleged that the idea to develop Neo4j Government Edition originated with Neo4j USA, and

14   which Neo4j USA authorized and contracted with PureThink to develop. *See* Related Case Dkt.

15   No. 72, ¶ 16; *see also* ¶ 15, Exh. B.  These allegations directly contradict GFI's newly added

16   assertion that Neo4j USA failed to maintain quality control over Suhy and PureThink's creation

17   of Neo4j Government Edition.  *Compare* Dkt. No. 52 at 9:14-17 *and* Related Case Dkt. No. 71 at

18   23:6-11. It was legally sufficient for Neo4j USA to rely on Suhy and PureThink to control the

19   quality of Neo4j Government Edition.  *See Hokto Kinoko*, 738 F.3d at 1098; *see also Edwin K.*

20   *Williams & Co., Inc. v. Edwin K. Williams & Co.-East*, 542 F.2d 1053, (9th Cir. 1976).  No

21   reasonable inference taken from the totality of the facts alleged even suggest any actual or

22   potential customer complained about the quality of the Neo4j Government Edition or was

23   deceived as to Suhy and PureThink's role in its development.  *See Transgo, Inc. v. Ajac*

24   *Transmission Parts Corp*., 768 F.2d 1001, 1017-18 (9th Cir. 1985).  Taken as a whole, GFI's

25   allegations concerning Neo4j Government Edition simply do not meet the stringent standard

26   required by the Ninth Circuit for trademark challengers under the naked licensing theory.

27        Lastly, GFI's Neo4j Government Edition allegations also fail as a cognizable defense

28   because the theory proffered by Related Defendants that GFI has copied runs afoul with the

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3557611.7

- 12 -

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    doctrine of licensee estoppel.  Courts in this District have made clear that a licensee cannot

2    challenge the validity of a trademark based on a failure to police the licensee's own licensed use

3    of that trademark or that the license itself constituted a naked license.  *Monster, Inc. v. Dolby*

4    *Laboratories Licensing Corp.*, 920 F.Supp.2d 1066, 1076-77 (N.D. Cal. 2013); *STX, Inc. v. Bauer*

5    *USA, Inc.*, 1997 WL 337578, 43 U.S.P.Q.2d 1492 (N.D. Cal. June 5, 1997); *see also TAP Mfg.,*

6    *LLC v. Signs*, 2015 WL 12752874, at *3 (C.D. Cal. July 23, 2015).  GFI's allegations of Neo4j

7    USA's alleged lack of quality control over Neo4j Government Edition arise entirely when the

8    Partner Agreement was in effect between Neo4j USA and PureThink.  *See* Related Case Dkt. No.

9    72 at. at ¶ 96.  Thus, GFI's naked licensing defense is not cognizable because the underlying

10   allegations in the Related Case upon which GFI relies on are irrelevant and barred by the doctrine

11   of licensee estoppel.  *Pacific Supply-Co-op. v. Farmers Union Central Exchange, Inc.*, 318 F.2d

12   894, 908 (9th Cir. 1963) (noting "long settled principle of law that a licensee [] of a trademark or

13   trade name may not set up any adverse claim in it against its licensor").

14          **C.      GFI's Second Amended Answer Asserts a Non-Viable Unclean Hands
                      Affirmative Defense Because it Bears No Relation to Neo4j USA's Lanham**
15   **Act Claims**

16          GFI's Second Amended Answer asserts a non-viable unclean hands affirmative defense

17   that fails to meet the threshold requirement in Lanham Act cases. The Supreme Court has

18   generally recognized that the doctrine of unclean hands only applies to misdeeds that have an

19   "immediate and necessary relation to the equity that [a plaintiff] seeks in respect of the matter in

20   litigation." *Keystone Driller Co. v. Gen. Excavator Co*., 290 U.S. 240, 245 (1933).  To

21   adequately state an unclean hands defense, a trademark defendant "must demonstrate that the

22   plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims."

23   *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir.1987); *accord Japan*

24   *Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 870 (9th Cir. 2002)).  In other words,

25   "misconduct in the abstract, unrelated to the claim to which it is asserted as a defense, does not

26   constitute unclean hands." *Republic Molding Corp. v. B. W. Photo Utilities*, 319 F.2d 347, 349

27   (9th Cir. 1963) ("The concept invoking the denial of relief is not intended to serve as punishment

28   for extraneous transgressions …. What is material is not that the plaintiff's hands are dirty, but

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
842\3557611.7                                    - 13 -
NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   that he dirtied them in acquiring the right he now asserts.").

2           Consequently, a party seeking to use the unclean hands defense must demonstrate that the

3   trademark itself was deceptive.  *See Japan Telecom*, 287 F.3d at 870 ("[t]o show that a trademark

4   plaintiff's conduct is inequitable, defendant must show that plaintiff used the trademark to

5   deceive consumers"); *see also Fuddruckers*, 826 F.2d at 847 (plaintiff's deceptive marketing of

6   its hamburger meat as "ground steak" did not bar trade dress infringement suit); *Tveter v. AB

7   Turn–O–Matic*, 633 F.2d 831, 839 (9th Cir. 1980) (plaintiff's use of "patent pending" in

8   connection with the trademark when no patent application was on file did not bar claims for

9   trademark infringement and unfair competition).  The doctrine of unclean hands only precludes

10  enforcement of a trademark "if plaintiff's wrongdoing related to the getting or using of the

11  trademark rights that plaintiff was attempting to enforce."  *Flow Control Indus. Inc. v. AMHI Inc.*,

12  278 F.Supp.2d 1193, 1198 (W.D. Wash. 2003) (citing same).  Thus, the Court may strike an

13  unclean hands defense where it fails to meet the relatedness requirement.  *See, e.g., Campagnolo

14  S.R.L. v. Full Speed Ahead, Inc.*, 258 F.R.D. 663, 665–66 (W.D. Wash. 2009).

15          In *Campagnolo*, plaintiff's claims were "based solely on representations made by

16  [defendant] regarding [the stiffness-to-weight ratio of] Campagnolo's crankset, a bicycle

17  component that Campagnolo manufactures and develops." 258 F.R.D. at 666. The court struck

18  defendant's unclean hands defense that alleged plaintiff falsely advertised the weight of its own

19  cranksets. The court found such claims did "not directly relate to Campagnolo's allegations,"

20  stating that defendant's "claims would have to directly relate to Campagnolo's allegations

21  regarding FSA's misrepresentations about Campagnolo's cranksets. That is the subject matter of

22  this lawsuit." *Id*.

23          Here, GFI's unclean hands defense is not based on Neo4j USA's acquisition of the

24  NEO4J® Mark.  As reflected by GFI's concession in response to Neo4j USA's prior motion,

25  GFI's cancellation claim based on an alleged fraud on the USPTO was meritless.  Dkt. No. 49 at

26  8:23-9:2.  GFI also does not establish that Neo4j USA has used the NEO4J® Mark in a deceptive

27  matter.  Rather, it appears to have haphazardly copied allegations from the Related Defendants'

28  unclean hands defense.  *Compare* Dkt. No. 52 at 5:12-6:14 *and* Related Case, Dkt. No. 71 at

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
842\3557611.7                                   - 14 -
NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

15:25-17:16.  As originally asserted by the Related Defendants, their unclean defense appears to pertain to the issue of whether Neo4j Sweden could offer Neo4j® software under either the GPL and AGPL, and a commercial license, and whether the Related Defendants were able to provide support to the IRS while using Neo4j® software under the AGPL.  Related Case, Dkt. No. 71 at 15:5-25.  Thus, the few allegations that GFI grafted from the Related Defendants are now without proper context since GFI is omitting allegations relating to the IRS.  Even if these allegations were put back in by GFI, they would still fail to meet the relatedness requirement because they do not amount to any alleged wrongdoing by Neo4j USA in the use of the NEO4J® Mark.

GFI's unclean hands defense also does not relate to the balance of Neo4j USA's Lanham Act claims.  The crux of these claims is that GFI offers its ONgDB software, which it mischaracterizes as an authorized non-restrictive fork of Neo4j® software and touts is an acronym for "Open Neo4j Graph DB."  *See*, e.g., Dkt. No. 1 at ¶¶ 17-19.  Neo4j USA alleges that GFI's use of the NEO4J® Mark and related statements are in violation of Plaintiff's Trademark Guidelines, as well as create consumer confusion that GFI is offering a current authorized version of NEO4J® EE or that ONgDB is otherwise endorsed by Plaintiff.  *See id*., ¶ 20.  GFI's use of the NEO4J® Mark on its source code repository on GitHub and website also go well beyond nominative fair use, and instead confuse customers as to the source, origin or affiliate of the parties' respective software offerings.  *See id*., ¶¶ 25-34.  Neo4j USA further alleges GFI is wrongfully using and plagiarizing Neo4j USA's support documentation, which creates further consumer confusion.  *See id*., ¶ 30.  GFI has impermissibly used the NEO4J® Mark as a hashtag to represent ONgDB software.  *See id*., ¶ 35.  In addition, GFI's misrepresentations that ONgDB as "a free and open drop-in replacements of Neo4j Enterprise commercial licensed distributions with the same version number" has misled users experiencing issues with ONgDB to believe that Neo4j USA somehow sponsors or supports GFI's software.  *See id*., ¶¶ 21, 34, 36.

In contrast, GFI alleges that Neo4j USA "attempting to improperly use a dual licensing practice having a commercial version controlled by Plaintiff and an open source software licensed under a General Public License."  Dkt. No. 52 at 5:15-17.  This alleged wrongdoing is based on Neo4j USA converting Neo4j® software licensed under either the GPL or AGPL, which

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3557611.7

- 15 -

NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    allegedly has over 100 contributors, to proprietary software.  *Id*. at 5:17-19.  GFI then alleges in a

2    circular manner that Neo4j USA "cannot lawfully operate a dual license model since the open

3    source is based on GPL or AGPL."  *Id*. at 5:23-24.  GFI further alleges on information and belief

4    that Neo4j USA "resorts to sharp and false practices with customers (lying about the difference

5    between the commercial versions and the open source version) attempting to restrict partners

6    from supporting the open source Neo4J version with unlawful restrictions and interfering in

7    attempts to use open source Neo4J software."  *Id*. at 5:24-27.

8          The wrongful acts purportedly supporting GFI's unclean hands defense are not materially

9    related to the parties' respective use of the NEO4J® Mark, the alleged consumer confusion

10   created by GFI's unauthorized use of the NEO4J® Mark and the false and misleading statements

11   made by GFI connection with the distribution, offering, and promotion of its ONgDB software.

12   Instead, Neo4j USA's alleged "false practices" relate to the licensing of the underlying source

13   code for Neo4j® software.  This is particularly problematic because Neo4j Sweden is the owner

14   of the copyright to that software and the licensor under the AGPL and GPL.  RJN, ¶ 3, Exh. 7 and

15   ¶ 4, Exh. 8.  Thus, the alleged wrongful acts could have only been committed by Neo4j Sweden,

16   not Neo4j USA as alleged, and should be disregarded.  *See Sprewell v. Golden State Warriors*,

17   266 F.3d at 988.   Even if these alleged bad acts could be attributable to Neo4j USA, general

18   "unlawful" practices relating to the licensing of Neo4j® software is not enough to save GFI's

19   unclean hands defense as they do not bear any "immediate and necessary relation" Neo4j USA's

20   Lanham Act claims. *See Keystone Driller Co.*, 290 U.S. 240 at 245; *see also Japan Telecom*, 287

21   F.3d at 870; *Fuddruckers*, 826 F.2d at 847.

22         Aside from the major disconnect between Neo4j USA's claims and GFI's unclean hands

23   defense, GFI does not provide Neo4j USA with fair notice of the factual basis thereof.  GFI fails

24   to allege a specific example of where Neo4j USA sought to convert any portion of Neo4j USA

25   software previously licensed under either the GPL or AGPL to proprietary software. GFI does not

26   cite to a specific law that Neo4j USA has violated.  GFI also fails to meet the heightened pleading

27   requirements that apply when a claim or defense sounds in fraud.  *Semegen v. Weidner*, 780 F.2d

28   727, 731 (9th Cir. 1985); *Aureflam Corp. v. Pho Hoa Phat I, Inc.*, 375 F.Supp.2d 950, 953 (N.D.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3557611.7
- 16 -
NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Cal. 2005) (recognizing that Rule 9(b)'s heightened pleading requirement applies to claims of

2    fraud in the procurement of trademarks). In this regard, GFI fails to allege a specific example of a

3    customer that Neo4j USA alleged lied to, what it specifically said to that customer, when it was

4    said and who said it. *See Aureflam*, 375 F.Supp.2d at 953 (recognizing that to "demonstrate

5    fraud, a pleading must identify the 'time, place and nature of the alleged fraudulent activities'")

6    (quoting *Moore v. Kayport Package Exp.*, Inc., 885 F.2d 531, 540 (9th Cir. 1989)). Likewise,

7    GFI does not allege any specific facts establishing that Neo4j USA imposed unlawful restrictions

8    and interfered in attempts to use open source Neo4J® software. The absence of such facts

9    combined with their lack of relatedness to Neo4j USA's claims against GFI, requires that its

10   unclean hands defense be stricken.[1]

11        **D.    The Court Should Deny Leave to Amend**

12        As discussed above, GFI's abandonment defense continues to be based on the same

13   flawed open source licensing theory that legally fails to meet the definitions of abandonment

14   under 15 U.S.C. § 1127 and runs afoul with *Planetary Motion*. Clearly, granting GFI further

15   leave to amend would be futile as they have now had three chances to articulate a viable naked

16   licensing theory. Indeed, the Court also gave GFI explicit guidance on how they could revive

17   their naked licensing defense, but GFI did not head this guidance. GFI did not allege specific

18   facts showing a lack of actual quality control by Neo4j Sweden or Neo4j USA other than an

19   example that is clearly barred by the licensee estoppel doctrine.

20        Similarly, Plaintiff has repeatedly invited GFI to explain how its unclean hands defense

21   bears any relationship to the trademark claims but it has not done so. Granting leave would be

22   futile as GFI's discovery responses to requests seeking all material facts for its unclean hands

23   defense contain even less facts that what is alleged in its Second Amended Answer. The

24   purported wrongful acts supporting GFI's unclean hands defense are not materially related to the

---

[1] The same misconduct by GFI cited in Neo4j USA's Lanham Act claims also form the basis for
Neo4j USA's claim that GFI violated California's Unfair Competition Law, Cal. Bus. & Prof.
Code § 17200 et seq. ("UCL"). Dkt. No. 1, ¶¶ 66-71. Thus, GFI's unclean hands defense also
does not sufficiently relate to Neo4j USA's UCL claim. *See Kelley Blue Book v. Car-Smarts, Inc.*,
802 F.Supp. 278, 288-289 (C.D. Cal. 1992) (holding that where a Lanham Act violation is
established a § 17200 would also be established).

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

842\3557611.7                                    - 17 -
NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  parties' respective use of the NEO4J® Mark, the alleged consumer confusion created by GFI's

2  unauthorized use of the NEO4J® Mark and the false and misleading statements made by GFI

3  connection with the distribution, offering, and promotion of its ONgDB software. Accordingly,

4  the Court should strike GFI's Second and Fourth Affirmative Defenses with prejudice and deny

5  GFI leave to amend those defenses.

6  **VI.   CONCLUSION**

7       For the reasons explained in this Motion, Neo4j USA respectfully requests that the Court

8  grant this Motion to Strike GFI's Second and Fourth Affirmative Defenses, and to deny leave to

9  amend as to each of these defenses.

10

11  Dated:  June 26, 2020               HOPKINS & CARLEY
                           A Law Corporation

12

13                            By:*/s/ Cary Chien*

14                             John V. Picone
                           Jeffrey M. Ratinoff

15                             Cary Chien
                           Attorneys for Plaintiff

16                             NEO4J, INC.

17

18

19

20

21

22

23

24

25

26

27

28

842\3557611.7
- 18 -
NEO4J'S NOTICE OF MOTION AND MOTION TO STRIKE SECOND AMENDED ANSWER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF