# Exhibit 2

**From:** Jeffrey M. Ratinoff
**Sent:** Monday, March 23, 2020 10:31 AM
**To:** John Pernick <jpernick@be-law.com>; Adron Beene <adron@adronlaw.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Cary Chien <cchien@hopkinscarley.com>; Carrie Burkhart <cburkhart@be-law.com>
**Subject:** RE: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

John,

We are going to have to agree to disagree on the issue. I'll respond to the Adriana's email regarding the status and let her know we've reached an impasse as to one affirmative defense. I'll ask her whether we should submit a stipulation as to what we have agreed to and a schedule (which shouldn't change regardless of whether the defense is included in Phase 1), and then a separate joint status statement/letter brief as to the point of disagreement for the Court to provide further guidance.

-Jeff

**From:** John Pernick <jpernick@be-law.com>
**Sent:** Monday, March 23, 2020 10:22 AM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Adron Beene <adron@adronlaw.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Cary Chien <cchien@hopkinscarley.com>; Carrie Burkhart <cburkhart@be-law.com>
**Subject:** RE: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

Jeff,

As I stated at the CMC, our understanding and agreement was that ***all*** of the Graph Foundation case would be addressed in the first phase. You indicated your agreement to that at the CMC. And I disagree that a defense is only triggered by a ruling establishing liability. Rather, for Neo4j to obtain summary judgment, it must demonstrate that Graph Foundation's affirmative defenses are either invalid or ineffective as to the claim on which summary judgment is sought.

Assuming that you do not agree, then I agree that we should just identify this as a point of disagreement for the Court to address so that we can begin to move forward as best as we can.

John


John D. Pernick | Bergeson
Partner

O 408.291.6200 | D 408.291.2253 | M 415.310.2654

Silicon Valley Office | San Francisco Office | Beverly Hills Office
Website | vCard | Email | Bio | LinkedIn | Disclaimer

**From:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Sent:** Monday, March 23, 2020 10:11 AM
**To:** John Pernick <jpernick@be-law.com>; Adron Beene <adron@adronlaw.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Cary Chien <cchien@hopkinscarley.com>; Carrie Burkhart <cburkhart@be-law.com>
**Subject:** RE: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

John,

I am not asking that GFI drop the defense, or to not seek discovery to support it.  Rather, to defer it.  Assuming for the sake of argument that it bears any relationship to the TM claims, it would not come into play unless Neo4j were to prevail on those claims on MSJ.  My goal is to keep the issues narrow for the first round of motions rather than get to far afield from the core issues that are shared in the cases.  I understood we were all in agreement on that goal at the CMC, and I also understood from our prior conversations that due to client's non-profit status that it was concerned about incurring litigation costs.  If that is not the case, we can simply note a point of disagreement in the stipulation and let the court determine whether it is appropriate to be heard in the first round.

-Jeff

**From:** John Pernick <jpernick@be-law.com>
**Sent:** Friday, March 20, 2020 1:58 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Adron Beene <adron@adronlaw.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Cary Chien <cchien@hopkinscarley.com>; Carrie Burkhart <cburkhart@be-law.com>
**Subject:** RE: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

Jeff,

Graph Foundation is not going to drop its defense.  You did not move to strike the defense so the defense exists and will be litigated.  I don't see your arguments against the defense as a basis for not including it in the first phase, particularly since everyone agreed, at the status conference, that *all* of the issues in the Graph Foundation case would be addressed in the first phase (except those that are resolved in your motion to strike).  If, as we move forward, you determine that there are parts of iGov/PT's version of the defense that do not relate to trademark but could be a defense to claims that are in the second phase, then, presumably, we can address that issue at that time.

John


John D. Pernick | Bergeson
Partner

O 408.291.6200 | D 408.291.2253 | M 415.310.2654

Silicon Valley Office  | San Francisco Office | Beverly Hills Office
Website  |  vCard  |  Email  |  Bio  |  LinkedIn  |  Disclaimer

**From:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Sent:** Friday, March 20, 2020 1:33 PM
**To:** John Pernick <jpernick@be-law.com>; Adron Beene <adron@adronlaw.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Cary Chien <cchien@hopkinscarley.com>; Carrie Burkhart <cburkhart@be-law.com>
**Subject:** RE: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

John,

Irrespective of which Neo4j entity is engaging in the alleged "sharp practices," you haven't explained how the defense pertains to the assertion of NEO4J's trademark rights or that your client has been a "victim" of those alleged sharp practices.  As alleged, there does not seem to be any such connection.  It is also not clear whether iGov/PT's version of the defense is specific to the Lanham Act claims, but at least it alleges specific facts as to Neo4j's alleged misconduct stemming from the parties' relationship with the IRS and that PT/iGov were allegedly subject to the purported sharp licensing practices.  It seems that GFI just cherry picked the non-specific allegations from that affirmative defense, and as a result lacks any such nexus to either Neo4j or its Lanham Act claims directed at GFI.  Please take a look at the case I referenced, which makes clear there has to be direct nexus to the Lanham Act claims rather than general alleged bad behavior.

Thanks,
Jeff

**From:** John Pernick <jpernick@be-law.com>
**Sent:** Friday, March 20, 2020 1:16 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Adron Beene <adron@adronlaw.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Cary Chien <cchien@hopkinscarley.com>; Carrie Burkhart <cburkhart@be-law.com>
**Subject:** RE: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

Jeff,

The unclean hands defense is based on Neo4j's sharp practices and threats to open source license users.  If your argument against that defense is that Neo4j is just asserting its actual rights and that argument implicates something from a PureThink defense, then so be it.  If, on the other hand, you are saying that it is not Neo4j that is making threats, then that would presumably be the basis for a motion.  But, regardless, I don't see a reason to not do discovery on that issue and then see how it plays out.

John

**John D. Pernick | Bergeson**
Partner

**O** 408.291.6200 **| D** 408.291.2253 **| M** 415.310.2654

**Silicon Valley Office | San Francisco Office | Beverly Hills Office**
Website | vCard | Email | Bio | LinkedIn | Disclaimer

**From:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Sent:** Friday, March 20, 2020 1:09 PM
**To:** John Pernick <jpernick@be-law.com>; Adron Beene <adron@adronlaw.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Cary Chien <cchien@hopkinscarley.com>; Carrie Burkhart <cburkhart@be-law.com>
**Subject:** RE: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

John,

Thanks for getting back to me. My understanding of what was discussed is that the commons claims and defenses in the GFI and PT/iGov that could be addressed via summary judgment would be resolved in the first phase. What I am trying to understand beyond the fact that it seems to mirror PT/iGov's unclean hands defense is how that defense is viable as alleged in Neo4j USA's case against GFI and whether it even actually applies to Neo4j USA. *See Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, 258 F.R.D. 663, 665–66 (W.D. Wash. 2009) (striking an unclean hands defense asserted in response to Lanham Act claims where the alleged misconduct did not directly pertain to the subject matter involved and affect the equitable relations between the litigants). I don't think it would be appropriate to bootstrap PT/iGov's defense in the first phase where it has no applicability to the TM related claims in either case, and where Neo4j Sweden is not a party in the GFI case. So, I was hoping you could provide some insight now rather than have the parties burden the court's time and resources on motion practice relating to this defense.

Regards,
Jeff

**From:** John Pernick <jpernick@be-law.com>
**Sent:** Friday, March 20, 2020 12:40 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Adron Beene <adron@adronlaw.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Cary Chien <cchien@hopkinscarley.com>; Carrie Burkhart <cburkhart@be-law.com>
**Subject:** RE: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

Jeff,

As I stated at the hearing, my understanding was the case would be bifurcated such that the entirety of the Neo4j v. Graph Foundation case and the parts of the Neo4j v. PureThink case that overlap with the Graph Foundation case would be done first while the remainder of the Neo4j v. PureThink case would wait. This, as I understood it, meant that we would move forward with discovery as to the entirety of the Neo4j v Graph Foundation claims and defenses and the overlap from the PureThink case and then to the extent any aspect of the first part of the case was amenable to summary judgment, one or the other of the parties could so move. This means that the unclean hands defense in Graph Foundation's amended answer will go forward. If after discovery you believe you have grounds for obtaining summary judgment on that defense, Neo4j is welcome to make that motion. But that argument does not mean that we should wait on litigating the defense.

John

**John D. Pernick | Bergeson**
Partner

**O** 408.291.6200 | **D** 408.291.2253 | **M** 415.310.2654

Silicon Valley Office | San Francisco Office | Beverly Hills Office
Website | vCard | Email | Bio | LinkedIn | Disclaimer

**From:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Sent:** Wednesday, March 18, 2020 3:18 PM
**To:** Adron Beene <adron@adronlaw.com>; John Pernick <jpernick@be-law.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Cary Chien <cchien@hopkinscarley.com>
**Subject:** RE: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

I understand the unclean hands defense was asserted by GFI. However, I'm not seeing how it is relevant to the trademark claims asserted against either GFI or your clients. The way I read the defense as originally asserted by your clients, it pertains to the issue of whether Neo4j Sweden can offer a dual license model, and whether iGov and PT can provide support to the IRS using Neo4j software under the GPL and AGPL. GFI appears to have taken the defense out of context by omitting allegations relating to the IRS. Neo4j Sweden is not a party in the GFI action, so arguably the defense is not applicable. Also, the citation to the FAQs from GNU suggests it is a contractual interpretation issue that would be more appropriately addressed with the commons clause issue.

If you and John could please explain how that bears any relationship to allegations of trademark infringement claims asserted by Neo4j USA against your respective clients, that would be great.

**From:** Adron Beene <adron@adronlaw.com>
**Sent:** Wednesday, March 18, 2020 2:42 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; John Pernick <jpernick@be-law.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Cary Chien <cchien@hopkinscarley.com>
**Subject:** Re: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

Basket 1 is all claims against Graph Foundation and all defense they assert, and similar defenses and claims Purethink asserts. That is why it was included.

Adron W. Beene
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
(408) 392-9233



This email, if sent to a client, is confidential. No tax or securities advice is provided or may be relied on.

**From:** "Jeffrey M. Ratinoff" <jratinoff@hopkinscarley.com>
**Date:** Tuesday, March 17, 2020 at 11:43 AM
**To:** Adron Beene <adron@adronlaw.com>, John Pernick <jpernick@be-law.com>
**Cc:** "John V. Picone III" <jpicone@hopkinscarley.com>, Cary Chien <cchien@hopkinscarley.com>
**Subject:** RE: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

On further reflection, it is also a bit unclear how defendants' unclean hands defense can be resolved via summary judgment since it is an equitable defense (i.e. there needs to first be a finding of liability).  More importantly, it is unclear how it relates to the TM claims as it is focused on the terms of the AGPL, and really seems to be focused on the IRS dispute.  So, I think it should fall within the same category as the commons clause issues.

**From:** Adron Beene <adron@adronlaw.com>
**Sent:** Monday, March 16, 2020 3:56 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; John Pernick <jpernick@be-law.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>
**Subject:** Re: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

I agree the commons clause issues are a bit of a wobbler and can be removed from the first bucket.


Adron W. Beene
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
(408) 392-9233



This email, if sent to a client, is confidential. No tax or securities advice is provided or may be relied on.

**From:** "Jeffrey M. Ratinoff" <jratinoff@hopkinscarley.com>
**Date:** Monday, March 16, 2020 at 9:40 AM
**To:** Adron Beene <adron@adronlaw.com>, John Pernick <jpernick@be-law.com>
**Cc:** "John V. Picone III" <jpicone@hopkinscarley.com>
**Subject:** RE: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

Thanks Adron for getting this over.  I don't think the commons clause issues are germane to the TM related issues and aren't relevant as to Graph Foundation.  Since the judge suggest we reduce the page limits on the MSJs, I think that is going to be a tall order to cover all of those issues in one brief.  As you said during our last call, you anticipated the fair use defense to be substantial.   I also think the GitHub issue will take up considerable briefing bandwidth.  It will be more manageable to deal with the

commons clause in the second bucket as the Cal. Supreme Court is likely to resolve things one way or another when we get to the second bucket.  Also, if we want to get a ruling on the MSJ in shorter order, then we should try to keep things focused.

**From:** Adron Beene <adron@adronlaw.com>
**Sent:** Friday, March 13, 2020 5:23 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; John Pernick <jpernick@be-law.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>
**Subject:** Re: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

Jeffrey,
Here is a chart on the claim comparison for bucket 1. Those not referenced are in not in bucket 1.

Adron W. Beene
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
(408) 392-9233



This email, if sent to a client, is confidential. No tax or securities advice is provided or may be relied on.

**From:** "Jeffrey M. Ratinoff" <jratinoff@hopkinscarley.com>
**Date:** Friday, March 13, 2020 at 11:32 AM
**To:** John Pernick <jpernick@be-law.com>, Adron Beene <adron@adronlaw.com>
**Cc:** "John V. Picone III" <jpicone@hopkinscarley.com>
**Subject:** FW: 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.

Gentlemen,

I am again asking that you advise which of Defendants' counterclaims and defenses should be part of the first phase, as well as provide your earliest available to meet and confer should we have any disagreement over that proposal.

Thanks,
Jeff

**From:** Adriana Kratzmann <Adriana_Kratzmann@cand.uscourts.gov>
**Sent:** Thursday, March 12, 2020 5:03 PM
**To:** adronjr@adronlaw.com; adron@adronlaw.com; Cary Chien <cchien@hopkinscarley.com>; Gloria Cordova <gcordova@hopkinscarley.com>; John V. Picone III <jpicone@hopkinscarley.com>; Diana L. Hodges <dhodges@hopkinscarley.com>; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Diana L.

Hodges <dhodges@hopkinscarley.com>; veronica.ramirez@neotechnology.com
**Cc:** Adriana Kratzmann <Adriana_Kratzmann@cand.uscourts.gov>
**Subject:** 18cv07182 Neo4j, Inc. v PureThink AND 19cv06226EJD Neo4j, Inc. v Graph Foundation, Inc.
**Importance:** High

Good afternoon Counsel,

Pursuant to the Further Case Management Conference held on 3/5/2020, the parties were to meet and confer and submit a proposed order re schedule and trial date to the Court. Please file this at your earliest convenience. Thank you.

### Notice of Electronic Filing

The following transaction was entered on 3/5/2020 at 11:38 AM PST and filed on 3/5/2020
**Case Name:**         Neo4j, Inc. v. PureThink, LLC et al
**Case Number:**       5:18-cv-07182-EJD
**Filer:**
**Document Number:** 66(No document attached)

**Minute Entry for proceedings held before Judge Edward J. Davila: Further Case Management Conference held on 3/5/2020. The parties shall meet and confer re an agreed upon schedule and trial date and submit the proposed order to the Court for approval. The Court vacates previous deadlines/hearing dates. The Court will allow 2 summary judgment motions and if possible pleadings shall have the page limit indicated by the Court. Deadline for Defendants to respond to settlement proposal from mediation shall be due 3/17/2020. Should a further settlement conference be necessary the parties agreed to have a settlement conference with the assigned Magistrate Judge van Keulen and shall contact her chambers directly to schedule. Plaintiff Attorney: Jeffrey Ratinoff, John Picone. Defendant Attorney: Adron Beene, John Pernick. Total Time in Court:10:42-10:57am(15 Mins.) Court Reporter: Lee-Anne Shortridge.** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(amkS, COURT STAFF) (Date Filed: 3/5/2020)**

**Case Name:**         Neo4j, Inc. v. Graph Foundation, Inc.
**Case Number:**       5:19-cv-06226-EJD
**Filer:**
**Document Number:** 41(No document attached)

**Minute Entry for proceedings held before Judge Edward J. Davila: Further Case Management Conference held on 3/5/2020. The parties shall meet and confer re**

**an agreed upon schedule and trial date and submit the proposed order to the Court for approval. The Court vacates previous deadlines/hearing dates. The Court will allow 2 summary judgment motions and if possible pleadings shall have the page limit indicated by the Court. Deadline for Defendants to respond to settlement proposal from mediation shall be due 3/17/2020. Should a further settlement conference be necessary the parties agreed to have a settlement conference with the assigned Magistrate Judge van Keulen and shall contact her chambers directly to schedule. Plaintiff Attorney: Jeffrey Ratinoff, John Picone. Defendant Attorney: Adron Beene, John Pernick. Total Time in Court:10:42-10:57am(15 Mins.) Court Reporter: Lee-Anne Shortridge.** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(amkS, COURT STAFF) (Date Filed: 3/5/2020)**

*Adriana M. Kratzmann*

Courtroom Deputy to Honorable Edward J. Davila
United States District Court
Northern District of California
San Jose Division
280 South First Street, Rm 2112
San Jose, CA 95113
adriana_kratzmann@cand.uscourts.gov
http://www.cand.uscourts.gov/ejd
Direct Dial: (408) 535-5356



_____

Any tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.
If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto. For more information about Hopkins & Carley, visit us at http://www.hopkinscarley.com/.