1 | John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
2 | Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
3 | Cary Chien, Bar No. 274078
cchien@hopkinscarley.com
4 | HOPKINS & CARLEY
A Law Corporation
5 | The Letitia Building
70 South First Street
6 | San Jose, CA  95113-2406

7 | *mailing address:*
P.O. Box 1469
8 | San Jose, CA 95109-1469
Telephone:    (408) 286-9800
9 | Facsimile:    (408) 998-4790

10 | Attorneys for Plaintiff NEO4J, INC.

11

12 |                    UNITED STATES DISTRICT COURT

13 |                   NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, | CASE NO.  5:19-cv-06226-EJD |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION TO STRIKE SECOND AMENDED ANSWER** |
| v. | |
| GRAPH FOUNDATION, INC., an Ohio corporation, | Date:       August 13, 2020<br>Time:       9:00 a.m.<br>Dept.:      Courtroom 4, 5th Floor<br>Judge:     Hon. Edward J. Davila |
| Defendant. | |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

894\3561842.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiffs Neo4j, Inc. ("Neo4j USA") hereby submits this Request for Judicial Notice in Support of its Motion to Strike Defendant's Second Amended Answer.  The documents are attached as Exhibits 5 to 10 to the Declaration of Cary Chien in support of Neo4j USA's Motion to Strike.

Evidence Code section 452(d) provides that judicial notice may be taken of "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States." Evidence Code section 453 provides that "[t]he trial court shall take judicial notice of any matter specified in Section 452 if a party requests it and: (a) [g]ives each adverse party sufficient notice of the request, through the pleadings or otherwise, to enable such adverse party to prepare to meet the request; and (b) [f]urnishes the court with sufficient information to enable it to take judicial notice of the matter."

Given the centrality of each exhibit to the allegations in Defendant's Second Amended Answer, as well as the pleadings of Related Defendants in the Related Case *Neo4j, Inc. et al. v. PureThink LLC et al, Case No.* 5:18-cv-07182-EJD, and given that each exhibit's authenticity is not subject to reasonable dispute, judicial notice is proper under applicable law. Thus, each may be properly considered as part of plaintiff's Motion to Strike, without converting that motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[a] court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment"). Consideration of these exhibits fits squarely within the Ninth Circuit's precedent for judicial notice, and it is consistent with the consideration given by many other courts to similar documents when evaluating such a motion.

Neo4j USA respectfully submits this Request for Judicial Notice for the following documents:

1.      Related Defendants' First Amended Answer to Plaintiffs' Second Amended Answer in the Related Case, *Neo4j, Inc. et al. v. PureThink LLC et al, Case No.* 5:18-cv-07182-

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

894\3561842.1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION TO STRIKE SECOND AMENDED ANSWER; CASE NO.  5:19-CV-06226-EJD

1    EJD, Dkt. No. 71, a true and correct copy of which is attached as **Exhibit 5** to the Declaration of

2    Cary Chien in Support of Neo4j's Motion to Strike ("the Chien Declaration").  Courts regularly

3    take judicial notice of "undisputed matters of public record, including documents on file in

4    federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012)

5    (internal citations omitted); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

6    Exhibit 5 is a court record from the Related Case.

7        2.      Related Defendants' Second Amended Counterclaim in the Related Case, *Neo4j,*

8    *Inc. et al. v. PureThink LLC et al, Case No.* 5:18-cv-07182-EJD, Dkt. No. 71, a true and correct

9    copy of which is attached as **Exhibit 6** to the Chien Declaration.  Courts regularly take judicial

10   notice of "undisputed matters of public record, including documents on file in federal or state

11   courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (internal citations

12   omitted); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Exhibit 6 is a court

13   record from the Related Case.

14       3.      Library of Congress Copyright Registration publicly available record showing

15   Neo4j Sweden's copyright registration of its computer file, Neo4j Enterprise Edition version

16   3.5.4., (registration number and date: TX0008779173 / 2019-08-15) and Neo4j Enterprise Edition

17   version 4.0 (registration number and date: TXu002177737 / 2020-01-28), downloaded from the

18   Library of Congress Public Catalog website[1].  True and correct copies of these records are

19   attached as **Exhibit 7** to the Chien Declaration and produced in the Related Case as

20   NSW_000568-NSW_000569 and NSW_000570-NSW_000571.  Copyright records are the type

21   of documents that the court may judicially notice under Evidence Code section 201(b) (2). See,

22   e.g., *Oroamerica Inc. v. D & W Jewelry Co., Inc.,* 2001 WL 537780, * 1, n. 4 (9th Cir. May 14,

23   2001) (Unpub.Disp.) (granting a request that the court take judicial notice of a supplemental

24   copyright registration certificate); *Vigil v. Walt Disney Co.,* 1995 WL 621832, * 1-2 (N.D.Cal.

25   Oct.16, 1995) (taking judicial notice of copyright registration certificates).  Exhibit 7 is a

26   copyright registration record.

27

28   _____
     [1] https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION TO STRIKE SECOND
AMENDED ANSWER; CASE NO.  5:19-CV-06226-EJD

4.    GNU General Public License version 3 (GPL) and GNU Affero General Public License version 3 (AGPL) both published by Free Software Foundation from the GNU website (URL: http://www.gnu.org), true and correct copies of which are attached as **Exhibit 8** to the Chien Decl.  Both documents are repeatedly referenced and relied upon by Defendant in their Second Amended Answer to Plaintiff's Complaint, and in particular forms the basis of their abandonment and unclean hands affirmative defenses, and contains facts which are not subject to reasonable dispute and capable of accurate and ready determination. *See* Dkt. No. 52 at 5:14-6:14, 6:22-9:21. Even if a document is not attached to a pleading, it may be incorporated by reference into a pleading if it refers extensively to the document or the document forms the basis of an underlying claim or defense. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (recognizing that a court may rely upon "the doctrine of 'incorporation by reference' to consider documents that were referenced extensively).  The Court previously granted judicial notice of Exhibit 8 in the Related Case.  Dkt. No. 70 at 7:10-27.

5.    Neo4j's Trademark Policy dated October 13, 2015 from the WayBack Machine, a true and correct copy of which is attached as **Exhibit 9** to the Chien Declaration.  Neo4j's Trademark Policy was the operative trademark guideline in effect during the term of the Partner Agreement and to which Defendants' and third parties who downloaded, modified, and distributed Neo4j's software had to abide by.  Section 4.1 of the Partner Agreement incorporated Neo4j's "then-current trademark usage guidelines" by references as part of this Partner Agreement.  This license remained in place until Neo4j USA terminated the Partner Agreement and the Neo4j Government Edition in July 2017.  The Partner Agreement is attached as Exhibit 2 to Plaintiff's Complaint and incorporated therein by reference.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), as amended (July 28, 1998) (a motion to dismiss may consider a document whose contents are alleged in the complaint and whose authenticity is undisputed but which is not physically attached to complaint); *see also Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (holding even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if

1  the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's

2  claim).  This webpage, downloaded from the WayBack Machine, contains facts which are not

3  subject to reasonable dispute and capable of accurate and ready determination.  *See Erickson v.*

4  *Nebraska Mach. Co.*, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015) ("[c]ourts have taken

5  judicial notice of the contents of web pages available through the Wayback Machine as facts that

6  can be accurately and readily determined from sources whose accuracy cannot reasonably be

7  questioned"); *see also U.S. ex. Rel. v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal.

8  May 19, 2016) (recognizing that "district courts in this circuit have routinely taken judicial notice

9  of content from the Internet Archive's Wayback Machine pursuant to this rule, as we do here."

10  (citations omitted)).  As such, the Court may take judicial notice of such filing.

11       6.       Neo4j's Trademark Guidelines dated April 3, 2019, a true and correct copy of

12  which is attached as **Exhibit 10** to the Chien Declaration.  This Trademark Policy is an update to

13  Exhibit 9 of this Request for Judicial Notice and is also an exhibit to Plaintiff's Complaint (Dkt.

14  No. 1, ¶ 17).  Third parties who download, modify, and distribute Neo4j's software currently have

15  to abide by its terms.  Defendant's Second Amended Answer refers extensively to third-party

16  downloads of Neo4j's and asserts "many of these third party modified versions of Neo4j freely

17  use Neo4J trademarks" and "Neo4J Sweden and Neo4J USA did not have express contractual

18  terms or actually exercise any or adequate controls over the quality of the modified Neo4J

19  software…." Dkt. No. 52 at 8:6-11.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), as

20  amended (July 28, 1998) (a motion to dismiss may consider a document whose contents are

21  alleged in the complaint and whose authenticity is undisputed but which is not physically attached

22  to complaint); *see Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Branch v. Tunnell*, 14

23  F.3d 449, 453–54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa*

24  *Clara*, 307 F.3d 1119 (9th Cir. 2002) (holding even if a document is not attached to a complaint,

25  it may be incorporated by reference into a complaint if the plaintiff refers extensively to the

26  ///

27  ///

28  ///

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

894\3561842.1                                     - 5 -

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION TO STRIKE SECOND
AMENDED ANSWER; CASE NO.  5:19-CV-06226-EJD

1    document or the document forms the basis of the plaintiff's claim).  As such, the Court may take

2    judicial notice of Exhibit 10.

3

4    Dated:  June 26, 2020                    HOPKINS & CARLEY
                                              A Law Corporation
5

6                                            By: /s/ Cary Chien
                                                 _____
7                                                Jeffrey M. Ratinoff
                                                 Cary Chien
8                                                Attorneys for Plaintiff and Counter-
                                                 Defendants
9                                                NEO4J, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

894\3561842.1                                - 6 -
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION TO STRIKE SECOND
AMENDED ANSWER; CASE NO.  5:19-CV-06226-EJD