JEFFREY E. FAUCETTE (No. 193066)
SKAGGS FAUCETTE LLP
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 295-1197
Facsimile: (888) 980-6547
E-mail: jeff@skaggsfaucette.com

Attorneys for Defendants GRAPHGRID, INC.
and ATOMRAIN INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation, GRAPHGRID, INC., and ATOMRAIN INC., a Nevada corporation,<br><br>Defendants. | Case No.: 5:19-cv-06226-EJD<br><br>**DEFENDANTS GRAPHGRID, INC. AND ATOMRAIN INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**(FRCP 9(b) & 12(b)(6))**<br><br>Date Action Filed: October 1, 2019<br><br>Date: October 29, 2020<br>Time: 9:00 a.m.<br>Location: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 29, at 9:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 280 South 1st Street, San Jose, California 95113, Defendants GraphGrid, Inc. and AtomRain Inc. will, and hereby do, move this Court to dismiss the Fifth Cause of Action for Unauthorized Distribution of Altered Copyright Management and the Seventh Cause of Action for Unfair and Fraudulent Business Practices in the First Amended Complaint brought by Plaintiffs Neo4J, Inc. and Neo4J Sweden AB pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Defendants move to dismiss these claims because Plaintiffs have failed to allege sufficient facts upon which relief can be granted against Defendants and because Plaintiffs' Seventh Cause of Action has not been alleged with sufficient particularity.

This Motion is based on the pleadings; this Notice of Motion and Motion; the Memorandum of Points and Authorities following herein, and such other and further papers and argument as may be submitted to the Court in connection with this motion. Additionally, GraphGrid and AtomRain join in the arguments made by Defendant Graph Foundation, Inc. in its motion to dismiss and supporting documents filed concurrently with this motion in this action.

Dated: August 21, 2020        SKAGGS FAUCETTE LLP

By:     */s/Jeffrey E. Faucette*
            Jeffrey E. Faucette
Attorneys for Defendants GRAPHGRID, INC. and ATOMRAIN INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Neo4j") recently filed a First Amended Complaint in this matter and added GraphGrid, Inc. and AtomRain Inc. as two new defendants. Neo4j has asserted two causes of action against GraphGrid and AtomRain: (1) the Fifth Cause of Action for Unauthorized Distribution of Altered Copyright Management under the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. section 1202(b), and (2) the Seventh Cause of Action for Unfair and Fraudulent Business Practices pursuant to California Business and Professions Code section 17200. Both of these causes of action should be dismissed.

First, Neo4j distributed the software in question under an open source license agreement and that agreement expressly permits the sorts of changes alleged by Neo4j, so these changes cannot be the basis for a DMCA claim. Neo4j has not alleged any facts showing that GraphGrid or AtomRain took any intentional action in violation of the DMCA. And Neo4j has failed to allege any facts from which the Court can infer that future copyright infringement is likely due to the alleged edits to the license. Section I, *infra*.

Second, Neo4j's Section 17200 cause of action fails under both the "unfair" and the "fraudulent" prongs. As to the "unfair" prong, Neo4j alleges that GraphGrid and AtomRain compete with Neo4j. Thus, Neo4j must plead conduct by Defendants tantamount to an antitrust claim. Neo4j has not done so. Section II.A., *infra*. As to the "fraudulent" prong, Neo4j's complaint must meet the standard of particularity imposed by Federal Rule of Civil Procedure 9(b). Neo4j has not done so. Section II.B., *infra*.

This motion should be granted, and GraphGrid and AtomRain should be dismissed from this lawsuit.

# STATEMENT OF ALLEGED FACTS

In the First Amended Complaint, Neo4j alleges the following facts that are relevant to this motion:

- "GraphGrid is [sic] software development, support and consulting company that

competes withNeo4j USA and authorized Solution Partners supporting the Neo4j® graph platform." First Amended Complaint ("FAC") ¶8.

- AtomRain "provides software development, support and consulting services that compete with Neo4j USA and authorized Solution Partners supporting the Neo4j® graph platform." *Id.* ¶11.

- "Plaintiffs originally offered NEO4J® EE under both a paid-for commercial license *and the free GNU Affero General Public License, version 3 ('AGPLv3')*." *Id.* ¶31 (emphasis added).

- "In May 2018, Plaintiffs released NEO4J® EE version 3.4, which they continued to offer under a proprietary commercial license. However, Neo4j Sweden replaced the AGPLv3 with a stricter license, *which included the terms of the AGPLv3 with additional restrictions provided by the Commons Clause* ('Neo4j Sweden Software License')." *Id.* ¶32 (emphasis added).

- "Defendants knowingly permitted, encouraged and approved of John Mark Suhy's copying of these NEO4J® EE source code files and their associated license.txt files to GFI's GitHub repository, and modifying or completely removing (a) the existing APGLv3 with Commons Clause; (b) copyright owner information; and (c) other terms and conditions for the use of the copyrighted source code files from at least 28 separate files from NEO4j® EE. Plaintiffs are informed and believe, and based thereon that Defendants knowingly permitted, encouraged and approved of John Mark Suhy replacing it with the APGLv3 thereby removing the additional copyright restrictions imposed by the Commons Clause, and republishing these source code files on GFI's Github repository for ONgDB." *Id.* ¶67; *see also* ¶115.

- "With Defendants' knowledge, encouragement and approval, Suhy intentionally removed the NEO4J® CMI, and Defendants have knowingly distributed and continue to distribute altered versions of Neo4j® graph database platform with the knowledge that doing so would induce, enable, facilitate, or conceal an

infringement of NEO4J Sweden's rights under the Copyright Act. *Id.* ¶116.

- GraphGrid and AtomRain "actively promote ONgDB as a no-cost alternative to the official Neo4j® graph database platform, and in conjunction therewith offer for-profit support and other services to users of OngDB." *Id.* ¶132.

## ARGUMENT

### I. THE FIFTH CAUSE OF ACTION FOR VIOLATION OF 17 U.S.C. § 1202(b) SHOULD BE DISMISSED

Section 1202(b) imposes liability where a person, "without the authority of the copyright owner" (1) "intentionally remove[s] or alter[s] any copyright management information," (2) distributes "copyright management information knowing that [it] has been removed or altered without the authority of the copyright owner," or (3) distributes or imports for distribution works "knowing that copyright management information has been removed or altered." In each case, however, the defendant must have "reasonable grounds to know, that [the alleged action] will induce, enable, facilitate, or conceal an infringement of any" copyright. 17 U.S.C. § 1202(b).

Here, Neo4j's complaint reveals that any alleged removal of copyright management information[1] was actually done *with the express authority of Neo4j* and therefore cannot give rise to liability under Section 1202(b). Neo4j concedes that it licensed its software under the free GNU Affero General Public License, version 3 ('AGPLv3')." FAC ¶31.[2] The AGPLv3 states that "[e]veryone is permitted to copy and distribute verbatim copies of this license document, but

---

[1] It is not clear from the FAC that Neo4j has actually alleged deletion of "copyright management information." In paragraphs 67 and 68, Neo4j makes conclusory allegations regarding what information was actually deleted, and Neo4j incorporates by reference Exhibit 36 to the FAC. Exhibit 36 is 377 pages long, and Neo4j has not specifically alleged the "copyright management information" that was removed. Nonetheless, for purposes of this motion to dismiss only and since the claim fails for other independent reasons, GraphGrid and AtomRain will assume *arguendo* that the deletions to the license that are alleged by Neo4j were in fact deletions of "copyright management information."

[2] A true and correct copy of the AGPLv3 is attached hereto as Exhibit 1. The Court may consider this document because (1) the FAC refers to it, (2) it is central to Neo4j's claim, and (3) no party questions the authenticity of it. *See U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

changing it is not allowed." Consistent with that purpose and that restriction, the AGPLv3 license contains specific provisions preventing those who issue software on open source platforms under the AGPLv3 license from changing the language of the license in a way that limits that freedom. In particular, Section 7 of the AGPLv3 prohibits licensors from adding restrictions beyond those set out in the AGPLv3 license itself. Any additional unauthorized terms are considered "further restrictions" and may be removed by the recipient of the license. "If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, you may remove that term." Ex. 1, § 7. Section 10 of the AGPLv3 license further provides that the licensor "may not impose any further restrictions on the exercise of rights granted under this license . . . ." *Id.* § 10. Thus, under the express terms of the AGPLv3 license used by Neo4j, there can be no liability for removing the further licensing restrictions which Neo4j incorporated into the license. *See, e.g., Gordon v. Nextel Commc'ns,* 345 F. 3d 922, 926-927 (6th Cir. 2003) (granting defendants' motion for summary judgment on claim under 17 U.S.C. § 1202(b)(3) where evidence showed defendants believed that poster with copyright information removed had been cleared for use).

In addition to this issue, Neo4j has also failed to allege facts showing that GraphGrid and/or AtomRain had "reasonable grounds to know, that [the alleged action] will induce, enable, facilitate, or conceal an infringement of any" copyright. 17 U.S.C. § 1202(b). As the Ninth Circuit has held, the statute requires that Defendants "possess the mental state of knowing, or having a reasonable basis to know, that [their] actions 'will induce, enable, facilitate, or conceal' infringement." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018). This element requires that a plaintiff allege "a more specific application than the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary. *Id.* at 674. In other words, the plaintiff must allege facts "from which one can infer that future infringement is likely, albeit not certain, to occur as a result of the removal or alteration of CMI." *Id.* at 675.

Here, the FAC fails to allege anything beyond the conclusory statement that Defendants

(as a whole) acted "with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of NEO4J Sweden's rights under the Copyright Act." FAC ¶116. Simply repeating the statutory language does not meet Neo4j's burden here, and this provides a separate basis on which to dismiss this cause of action.

## I. THE SEVENTH CAUSE OF ACTION FOR VIOLATION OF SECTION 17200 SHOULD BE DISMISSED

### A. Under The Unfair Prong, Neo4j Has Failed To Allege An Antitrust Violation

To the extent Neo4j alleges that GraphGrid and/or AtomRain unfairly competed with Neo4j, Neo4j fails to plead facts to support this claim. As noted above, Neo4j has alleged that it competes with GraphGrid and AtomRain. "When a plaintiff who claims to have suffered injury from a direct competitor's 'unfair' act or practice invokes section 17200, the word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Given both the paucity and ambiguity of Neo4j's allegations in the Seventh Cause of Action, it is not clear how GraphGrid or AtomRain are alleged to have competed unfairly with Neo4j, but it is clear that Neo4j has not alleged that GraphGrid or AtomRain engaged in conduct that threatens a violation of antitrust laws or otherwise "violates the policy or spirit" of those laws. Thus, Neo4j's claim under the "unfair" prong of 17200 should be dismissed.

### B. Under The Fraudulent Prong, Neo4j Has Failed To Meet The Pleading Requirements Of Rule 9(b)

To the extent Neo4j alleges an unfair competition claim sounding in fraud, Neo4j fails to sufficiently allege fraud. The term "fraudulent" in section 17200 "requires a showing members of the public 'are likely to be deceived.'" *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 839 (1994) (quoting *Bank of W. v. Super. Ct.*, 2 Cal. 4th 1254, 1267 (1992)). Claims sounding in fraud under California's Unfair Competition Law must be pleaded with particularity and satisfy Federal Rule

of Civil Procedure 9(b). *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103-05 (9th Cir. 2003)), *aff'd sub nom.* , 632 F. App'x 429 (9th Cir. 2016); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) ("[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." (internal quotation marks omitted)). "The purpose of Rule 9(b) is to give defendants sufficient notice of the alleged fraudulent conduct so that defendants can adequately defend against the allegations." *Maxwell v. Deutsche Bank Nat'l Trust Co.*, No. 13-cv-03957-WHO, 2013 WL 5882457, at *6 (N.D. Cal. Oct. 30, 2013) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)). Additionally, where several defendants are sued in connection with an alleged fraudulent scheme, the plaintiff must "*inform each defendant separately* of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F.3d at 764-65 (emphasis added).

Nowhere in the FAC does Neo4j come close to meeting these requirements to plead fraud with particularity by either GraphGrid or AtomRain. This claim should be dismissed.

## CONCLUSION

For all of the foregoing reasons, Defendants GraphGrid and AtomRain's Motion to Dismiss the Fifth and Seventh Causes of Action in the First Amended Complaint should be granted.

Dated: August 21, 2020         SKAGGS FAUCETTE LLP

                                              By:   */s/Jeffrey E. Faucette*
                                                             Jeffrey E. Faucette

Attorneys for Defendants GRAPHGRID, INC. and ATOMRAIN INC.

