1   JOHN D. PERNICK, SBN 155468
    jpernick@be-law.com
2   BERGESON, LLP
    111 N. Market Street, Suite 600
3   San Jose, CA  95113
    Telephone:    (408) 291-6200
4   Facsimile:    (408) 297-6000

5   Attorneys for Defendant
    GRAPH FOUNDATION, INC.
6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11  NEO4J, INC., a Delaware corporation, and       Case No. 5:19-CV-06226-EJD
    NEO4J SWEDEN AB, a Swedish corporation
12                                                  **GRAPH FOUNDATION, INC.'S NOTICE
                     Plaintiffs,                    OF MOTION AND MOTION TO DISMISS
13                                                  THE FIFTH, SIXTH, AND SEVENTH
          vs.                                       CAUSES OF ACTION OF THE FIRST
14                                                  AMENDED COMPLAINT AND
    GRAPH FOUNDATION, INC., an Ohio                 MEMORANDUM OF POINTS AND
15  corporation, GRAPHGRID, INC., and              AUTHORITIES IN SUPPORT**
    ATOMRAIN INC., a Nevada corporation,
16                                                  Date:   October 29, 2020
                                                    Time:   9:00 a.m.
17                   Defendants.                    Place:  Courtroom 4, 5th Floor
                                                    Judge:  Hon. Edward J. Davila
18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................ 19

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 19

I.     INTRODUCTION ........................................................................................................... 2

II.    STATEMENT OF FACTS .............................................................................................. 4

       A.    Neo4j Software Distribution and Creation of the Neo4j Sweden Software
             License. ............................................................................................................. 4

       B.    ONgDB and the Removal of the Commons Clause. ......................................... 7

       C.    Procedural History. ........................................................................................... 9

III.   ARGUMENT ................................................................................................................ 10

       A.    The Standard on a Motion to Dismiss. ........................................................... 10

       B.    Neo4J Sweden's Breach of License Claim Fails Because the License
             Expressly Permits Removal of Further Restrictions Such as the Commons
             Clause Language. ............................................................................................ 11

       C.    Plaintiffs' Claim Under the DMCA Fails Because the Terms of the AGPLv3
             License Defeat. ............................................................................................... 13

       D.    Plaintiffs' Section 17200 Claim Based On Alleged Misrepresentation of Non-
             Profit Status Fails. .......................................................................................... 15

             1.    Plaintiffs Do Not Have a Private Right of Action to Challenge GFI's
                   Tax-Exempt Status. ............................................................................. 15

             2.    Plaintiffs Have Not Alleged an Unfair Business Practice. ................. 17

             3.    Plaintiffs Fail to Allege Reliance on any Allegedly Fraudulent
                   Statement. ............................................................................................ 17

             4.    Plaintiffs Fail to Allege Any Representation with the Required
                   Specificity. .......................................................................................... 18

IV.    CONCLUSION ............................................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*23andMe, Inc. v. Ancestry.com DNA, LLC*
    356 F. Supp. 3d 889 (N.D. Cal. 2018) .................................................................................. 18

*389 Orange Street Partners v. Arnold*
    179 F.3d 656 (9th Cir. 1999) ................................................................................................. 11

*A White & Yellow Cab, Inc. v. Uber Techs., Inc.*
    No. 15-cv-05163-JSW, 2017 U.S. Dist. LEXIS 49803 (N.D. Cal. Mar. 31,
    2017)...................................................................................................................................... 18

*AlterG, Inc. v. Boost Treadmills LLC*
    388 F. Supp. 3d 1133 (N.D. Cal. 2019) .......................................................................... 17, 18

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .............................................................................................................. 10

*Balistreri v. Pacifica Police Dep't*
    901 F.2d 696 (9th Cir. 1988) ................................................................................................. 10

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) .............................................................................................................. 10

*Blake v. Dierdorff*
    856 F.2d 1365 (9th Cir. 1988) ............................................................................................... 11

*Epstein v. Wash. Energy Co.*
    83 F.3d 1136 (9th Cir. 1996) ................................................................................................. 10

*Equinox Hotel Mgmt. v. Equinox Holdings, Inc.*
    No. 17-cv-06393-YGR, 2018 U.S. Dist. LEXIS 16914 (N.D. Cal. Feb. 1, 2018)................. 18

*Fields v. Banner Health*
    No. CIV-04-1297-PHX-SRB, 2005 U.S. Dist. LEXIS 13481 (D. Az. March 23,
    2005)...................................................................................................................................... 16

*Fleming v. Pickard*
    581 F.3d 922 (9th Cir. 2009) ................................................................................................. 10

*In re Glenfed Securities Litig.*
    42 F.3d 1541 (9th Cir. 1994) ................................................................................................. 11

*Gordon v. Nextel Communs*
    345 F. 3d 922 (6th Cir. 2003) ............................................................................................... 14

*Kearns v. Ford Motor Co.*
   567 F.3d 1120 (9th Cir. 2009)..................................................................18, 19

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir. 2001)..........................................................................11

*Mendiondo v. Centinela Hosp. Med. Ctr.*
   521 F.3d 1097 (9th Cir. 2008)........................................................................10

*Moore v. Brewster*
   96 F.3d 1240 (9th Cir. 1996)..........................................................................11

*Newton v. Am. Debt. Servs.*
   75 F. Supp. 3d 1048 (N.D. Cal. 2014) ..........................................................16

*Quigley v. Yelp, Inc.*
   No. 17-cv-03771-RS, 2018 U.S. Dist. LEXIS 230967 (N.D. Cal. Jan. 22, 2018).................16

*Semegen v. Weidner*
   780 F.2d 727 (9th Cir. 1986)..........................................................................11

*Sprewell v. Golden State Warriors*
   266 F.3d 979 (9th Cir. 2001)....................................................................10, 11

*Stevens v. CoreLogic, Inc.*
   899 F.3d 666 (9th Cir. 2018)..........................................................................14

*Turner v. Unification Church*
   473 F. Supp. 367 (D. R.I. 1978)....................................................................16

*Washington v. Med. Ctr. of Cent. Ga., Inc.*
   No. 5:04-cv-185, 2005 U.S. Dist. LEXIS 2614 (M.D. Ga., Jan. 21, 2005) ...........16

*Yourish v. California Amplifier*
   191 F.3d 983 (9th Cir. 1999)..........................................................................11

**State Cases**

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*
   20 Cal. 4th 163 (1999)....................................................................................17

*Kwikset Corp. v. Superior Court*
   51 Cal. 4th 310 (2011)..............................................................................17, 18

*Zhang v. Superior Court*
   57 Cal. 4th 364 (2013)....................................................................................16

**Federal Statutes**

17 U.S.C. § 1202(b) ........................................................................................ 3, 13, 14

17 U.S.C. § 1202(b)(2) ........................................................................................ 13, 14

17 U.S.C. § 1202(b)(3) .................................................................................... 3, 13, 14

26 U.S.C. § 501(c)(3) ........................................................................................... *passim*

26 U.S.C. § 7401 ........................................................................................................ 16

26 U.S.C. § 7801(a)(1) .............................................................................................. 16

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ........................................................................... *passim*

Digital Millennium Copyright Act § 1202(b) ...................................................... *passim*

**Rules**

F.R.C.P. 8(a) ............................................................................................................ 10

F.R.C.P. 9 ................................................................................................................. 11

F.R.C.P. 9(b) ....................................................................................................... *passim*

F.R.C.P. 12(b)(6) ................................................................................................. 1, 10

GRAPH FOUNDATION, INC.'S MOTION TO DISMISS
Case No.: 5:19-CV-06226-EJD

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE THAT on October 29, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Judge Edward J. Davila in the United States District Court for the Northern District of California, Courtroom 4, located at the 5th Floor of the San Jose Courthouse, at 280 South 1st Street, San Jose, CA 95113, Defendant Graph Foundation, Inc. ("GFI") will and hereby does move the Court to dismiss the Fifth Cause of Action for Unauthorized Distribution of Altered Copyright Management Information, the Sixth Cause of Action for Breach of License Agreement, and the Seventh Cause of Action for Unfair Competition of Plaintiffs' First Amended Complaint ("Amended Complaint" or "AC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is brought on the grounds that the Fifth, Sixth, and Seventh Causes of Action of the Amended Complaint fail to state a claim upon which relief may be granted.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the Declaration of John D. Pernick and Request for Judicial Notice filed herewith, the pleadings and papers filed herein, and such argument made and evidence introduced at the hearing on this motion.  GFI also joins in the Motion to Dismiss filed by Defendants AtomRain, Inc. and GraphGrid, Inc. and incorporates the arguments made in that Motion to Dismiss into this Motion.


Dated:  August 21, 2020                    BERGESON, LLP


                                           By:   _/s/  John D. Pernick_____
                                                  John D. Pernick

                                           Attorneys for Defendant
                                           GRAPH FOUNDATION, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Graph Foundation, Inc. ("GFI") distributes the graph database software program ONgDB as open source software under one of the standard open sources software licenses, the GNU Affero General Public License, version 3 ("AGPLv3") license.  ONgDB is a fork of the open source graph database software program, "Neo4j" that is distributed by Plaintiff Neo4J Sweden AB ("Neo4J Sweden").  Neo4J, Inc. ("Neo4J USA") originally brought this action against GFI alleging that certain actions GFI has taken in connection with its distribution of ONgDB infringe on the "Neo4j" trademark.  Now, Plaintiffs have filed the Amended Complaint which adds Neo4J Sweden as a plaintiff and alleges new claims that attempt to enforce improper restrictions that Neo4J Sweden placed on the AGPLv3 open source license for the Neo4j software and that attempt to attack GFI's status as a nonprofit.

All these new claims fail.  The AGPLv3 license used by Neo4J Sweden in its open source distribution of the Neo4j software prohibits the addition of language adding "further restrictions" and allows any licensee that receives software under an AGPLv3 license with such additional prohibited language to remove that language from the software.  In violation of the AGPLv3 license's provisions, Neo4J Sweden added additional language, which it calls a "Commons Clause", to the AGPLv3 license.  According to the Amended Complaint, this additional language was removed from the copied source code files of the open source Neo4j software that are included in versions of ONgDB distributed by GFI.  Neo4J Sweden claims that the distribution of open source Neo4j software without this added language is a breach of its license agreement.  But, as the license agreement itself both prohibits the addition of further restrictions such as the Commons Clause and expressly permits a licensee to remove such prohibited additional language, the removal of these improperly added further restrictions cannot be a breach of the license agreement.  Therefore, Neo4J Sweden's Sixth Cause of Action for Breach of License Agreement fails.

1    Plaintiffs also attempt to turn the distribution of the Neo4j software with these improperly

2    added further restrictions removed into a violation of Section 1202(b) of the Digital Millennium

3    Copyright Act (the "DMCA").  But Section 1202(b) only prohibits the distribution of material

4    with such "copyright management information" removed if the person doing the distribution

5    *knows* that the information was removed "without the authority of the copyright owner or the law"

6    and also knows that distribution of the software without that information would aid copyright

7    infringement.  17 U.S.C. § 1202(b)(3).  Here, the very license under which the software was

8    distributed expressly permits the removal of the language at issue.  The AGPLv3 license copyright

9    is held by the Free Software Foundation, Inc. and the license to use the AGPLv3 provides:

10   "Everyone is permitted to copy and distribute verbatim copies of this license document, but

11   changing it is not allowed."  AGPLv3 license, p. 9.  The language of the AGPLv3 license itself

12   also prohibits the addition of these further restrictions and permits licensees to remove improperly

13   added language.  Neo4J Sweden has violated Free Software Foundation's copyright and the terms

14   of the license by changing the language of the AGPLv3 license.  The alleged removal of the

15   language improperly added by Neo4J Sweden is therefore in full compliance with the AGPLv3

16   license's copyright and license terms.  Moreover, Neo4j Sweden is identified as the copyright

17   holder for the Neo4j software in other documentation that is on the same webpages as the license

18   language about which Plaintiffs complaint.  Consequently, Plaintiffs cannot establish that GFI

19   knew that the Commons Clause and other further restrictions were removed without the

20   authorization of the copyright holder or the law or that GFI knew that distribution of the open

21   source Neo4j software without those improperly added license terms would aid copyright

22   infringement.

23   Separately, Plaintiffs attempt to state a claim under California Business & Professions

24   Code section 17200 based on the allegation that GFI is falsely describing itself as a nonprofit

25   because, according to Plaintiffs, GFI does not operate exclusively for exempt purposes.  But GFI

26   has been given 501(c)(3) non-profit status by the IRS.  Therefore, its statements that it is a

27   501(c)(3) nonprofit are true.  There is no private right of action under the Internal Revenue Code

28

that would give Plaintiffs standing to attack GFI's nonprofit status in this proceeding.  Further, although Plaintiffs claim that GFI's statements regarding its nonprofit status are a fraudulent business practice, Plaintiffs do not allege that they relied on any such representation by GFI. Therefore, Plaintiffs have not alleged the necessary element of reliance.  And, Plaintiffs have also failed to allege the circumstances of the alleged fraud with the particularity required under Rule 9(b) of the Rules of Civil Procedure.

Each of the new claims alleged in the Amended Complaint fails as a matter of law.  The Breach of License and DMCA claims fail under the language of the very license on which they are based.  The Section 17200 claim fails because there is no fraud or unfair practice alleged in the Amended Complaint.  The Fifth, Sixth and Seventh Causes of Action of the Amended Complaint should be dismissed.

## II.    STATEMENT OF FACTS

### A.    Neo4j Software Distribution and Creation of the Neo4j Sweden Software License.

Neo4j software is a graph database software program.  AC, ¶ 2.  Plaintiffs have distributed Neo4j software under a variety of edition names through a variety of distribution methods.  *Id.*, ¶¶ 30-33.

One-way Plaintiff Neo4J Sweden distributes Neo4j software is through open source software distribution platforms such as GitHub.  *Id.*, ¶¶ 30-31.  When software is distributed as open source software, it is typically done under one of a few standard open source software licenses.  *Id.*

Prior to November 2018, Plaintiff Neo4J Sweden offered the NEO4J Community Edition software as open source software under one of these standard open source licenses, the GNU General Public License version 3 ("GPLv3") license.  *Id.*, ¶ 30.  Neo4J Sweden also licenses Neo4j software as open source under the AGPLv3 license.  *Id.*, ¶ 31.  Plaintiff Neo4J USA also offered NEO4J Enterprise Edition software ("NEO4J EE") under a paid-for commercial license. *Id.*, ¶ 30.

The AGPLv3 license, which is referred to in the Amended Complaint but is not attached, states its purpose as "to guarantee your freedom to share and change all versions of a program--to make sure it remains free software for all of its users."[1]  AGPLv3 license, Preamble.  The AGPLv3 license contains a copyright notice from its copyright holder, the Free Software Foundation, stating that "[e]veryone is permitted to copy and distribute verbatim copies of this license document, ***but changing it is not allowed.***"  *Id.*, p. 1 (emphasis added).  Consistent with that purpose and that restriction, the AGPLv3 license contains specific provisions preventing those who issue software on open source platforms under the AGPLv3 license from changing the language of the license in a way that limits that freedom.

In particular, Section 7 of the AGPLv3 license prohibits licensors from adding additional restrictions to the AGPLv3 license beyond those set out in the AGPLv3 license itself.  *Id.*, Section 7.  Under Section 7 of the AGPLv3 license, a licensor can add certain additional provisions such as a disclaimer of warranty, limitations on trademark use, and indemnity provision.  *Id.*  But Section 7 of the AGPLv3 states that any other additional terms are considered "further restrictions" and may be removed by the recipient of the software.  "If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, you may remove that term."  *Id.*  Section 10 of the AGPLv3 license further provides that the licensor "may not impose any further restrictions on the exercise of the rights granted under this License . . ."  *Id.*, Section 10.

In May 2018, Plaintiff Neo4J Sweden released NEO4J EE version 3.4.  AC, ¶ 32.  Plaintiff Neo4J Sweden did offer the NEO4J EE version 3.4 on GitHub, the preeminent open source software repository.  *Id.*  However, although Neo4J Sweden used the AGPLv3 license and Neo4J Sweden added language of its own to the language of AGPLv3, which Plaintiffs describe as a "Commons Clause".  *Id.*  In the Amended Complaint, Plaintiffs refer to this AGPLv3 license with the Commons Clause as the "Neo4j Sweden Software License".  *Id.*  Plaintiffs do not attach a

[1]  A copy of the AGPLv3 license is attached as Exhibit 1 to the Declaration of John D. Pernick ("Pernick Declaration.").

1  copy of this Neo4j Sweden Software License to the Amended Complaint so a copy of it is

2  provided in these papers as Exhibit 2 to the Pernick Declaration.

3  The Neo4j Sweden Software License then recites all of the language from the AGPLv3

4  license, including Section 3's prohibition on bringing claims under anti-circumvention laws,

5  Section 7's language allowing licensees to remove further restrictions and Section 10's prohibition

6  on imposing further restrictions.  Neo4j Sweden Software License, Sections 3, 7, 10.  But, the

7  Neo4j Sweden Software License also contains additional language, added by Neo4J Sweden, that

8  contains further restrictions.

9  The Neo4j Sweden Software License states "The software ("Software") is developed and

10  owned by Neo4j Sweden AB (referred to in this notice as "Neo4j") and is subject to the terms of

11  the GNU Affero General Public License Version 3, with the Commons Clause as follows".

12  Neo4j Sweden Software License, p. 1.  Then, at the very end of the Neo4j Sweden Software

13  License, after reciting all of the provisions of the AGPLv3 license, the further restriction of the

14  Commons Clause is added, which states:

15  "Commons Clause" License Condition

16  The Software is provided to you by the Licensor under the License, as defined
below, subject to the following conditions.  Without limiting other conditions in the

17  License, the grant of rights under the License will not include, and the License does
not grant to you, the right to Sell the Software.  For purposes of the foregoing,

18  "Sell" means practicing any or all rights granted to you under the License to provide
to third parties, for a fee or other consideration, a product or service that consists,

19  entirely or substantially, of the Software or the functionality of the Software.  Any
license notice or attribution required by the License must also include this

20  Commons Clause License Condition notice.

21  *Id.*, pp. 15-16.  Thus, despite the express language in the AGPLv3 license, which is incorporated

22  into the Neo4j Sweden Software License, that no further restriction can be added to the AGPLv3

23  license, Neo4J Sweden added the further restriction of the Commons Clause to the AGPLv3

24  license and then made Neo4J EE version 3.4 available on open source software platforms under

25  that Neo4j Sweden Software License.

26

27

28

**B.    ONgDB and the Removal of the Commons Clause.**

GFI was formed in June 2018 as an Ohio non-profit corporation.  AC, ¶¶ 5, 35.  The purposes of GFI is to license, under AGPLv3, a free and open source alternative to proprietary native graph offerings such as the commercial version of NEO4J EE.  GFI's open source alternative is called ONgDB.  *Id.*, ¶ 36.

The Amended Complaint alleges that John Mark Suhy copied Neo4J EE source code files, with their associated copies of the Neo4j Sweden Software License into GFI's ONgDB repository on the GitHub open source website.  *Id.*, ¶ 67.  According to Plaintiffs, Mr. Suhy, in connection with that alleged copying, removed the Commons Clause and other language that Neo4j Sweden had added to the AGPLv3 license in the Neo4j Sweden Software License, so that the license language on the copied files matched the AGPLv3 license language with no further restriction language.  *Id.*

Specifically, in paragraph 68 of the Amended Complaint, Plaintiffs allege that the following language, in addition to the Common Clause provision was removed from the LICENSE.txt file for the enterprise/neo4j-enterprise source code:

> NOTICE
> This package contains software licensed under different licenses, please refer to the NOTICE.txt file for further information and LICENSES.txt file for full license texts.
>
> Neo4j Enterprise object code can be licensed independently from the source code under separate commercial terms.  Email inquiries can be directed to: licensing@neo4j.com.    More    information    is    also    available    at: https://neo4j.com/licensing/
>
> The software ("Software") is developed and owned by Neo4j Sweden AB (referred to in this notice as "Neo4j") and is subject to the terms of the GNU AFFERO GENERAL PUBLIC LICENSE, Version 3, with the Commons Clause as follows:

*Id.,* at ¶ 68.

The Amended Complaint alleges that after the open source version of NEO4J EE was copied by Mr. Suhy and the Commons Clause and other further restrictions removed from the license language associated with the source code files, and the resulting software placed on GFI's ONgDB GitHub repository, those software files were distributed from that repository.  *Id.*, ¶ 70.

But the Amended Complaint ignores the fact that along with the LICENSE.txt file from which that language is removed, the ONgDB GitHub repository for each of these software files also holds a NOTICE.txt file. For example, on the very same page for the enterprise/neo4j-enterprise source code files holding the LICENSE.txt file referenced in the Amended Complaint, there is a NOTICE.txt file. A copy of the contents page for the enterprise/neo4j-enterprise source code files where the LICENSE.txt file referenced in Paragraph 68 of the Amended Complaint is located on GFI's ONgDB GitHub page is attached to the Pernick Declaration as Exhibit 3.[2] That page lists the NOTICE.txt along with the LICENSE.txt file referenced in the Amended Complaint. The NOTICE.txt from the enterprise/neo4j-enterprise contents page contains the following language:

> Copyright © 2002-2018 Neo4j Sweden AB (referred to in this notice as "Neo4j") [http://neo4j.com]
>
> This product includes software ("Software") developed and owned by Neo4j
>
> The Software is subject to the terms of the GNU AFFERO GENERAL PUBLIC LICENSE Version 3 (http://www.fsf.org/licensing/licenses/agpl-3.0.html), included in the LICENSE.txt file, with the Commons Clause
>
> Neo4j Enterprise object code can be licensed independently from the source under separate commercial terms. Email inquiries can be directed to: licensing@neo4j.com. More information is also available at: https://neo4j.com/licensing/

Pernick Decl., Exh.21. So, other than the Commons Clause language itself, all of the language removed from the Neo4j Sweden Software License from the LICENSE.txt file for the enterprise/neo4j-enterprise source code is included in the NOTICE.txt file for the enterprise/neo4j-enterprise source code files Mr. Suhy allegedly copied from NEO4J EE along with the copyright attribution language.

The Amended Complaint goes on to allege that Mr. Suhy made "virtually identical" changes to the other 27 files. AC, ¶ 68. But, accompanying each of the edited LICENSE.txt files that Plaintiffs attach as Exhibit 36 to the Amended Complaint is a NOTICE.txt file containing the

---

[2] As set out in the Request for Judicial Notice, as the pages and NOTICE.txt files attached to the Pernick Declaration currently exist on the internet, are not subject to reasonable dispute, and are from the same exact source as the pages attached as Exhibit 36 to the Amended Complaint, the contents of these documents are proper subjects of judicial notice.

1   same language as is in the NOTICE.txt file for the enterprise/neo4j-enterprise source code.

2   Exhibits 4 through 30 of the Pernick Declaration show the NOTICE.txt files for each of the other

3   25 source code files that are referenced in Exhibit 36 to the Amended Complaint.[3]  So, other than

4   the Commons Clause language itself, all of the language removed from the Neo4j Sweden

5   Software License from the LICENSE.txt file is included in the NOTICES.txt file for each of the

6   source code files copied from NEO4J EE along with the copyright attribution language.

7       **C.    Procedural History.**

8           Neo4j USA originally brought this action as a trademark infringement action on October 1,

9   2019.  Then, on July 16, 2020, pursuant to the stipulation of the parties, Plaintiffs filed the

10  Amended Complaint adding Neo4j Sweden as a plaintiff and adding the Fifth, Sixth, and Seventh

11  causes of action.  In the Fifth Cause of Action, Plaintiffs allege that GFI's distribution of the

12  Neo4j software after Mr. Suhy's removal of the Commons Clause and other further restrictions

13  from the Neo4j Sweden Software License distributed with copies of NEO4J EE software source

14  files is a violation of the DMCA.  Neo4J Sweden alleges in the Sixth Cause of Action that the

15  removal of the Common Clause language from the Neo4j Sweden Software License is a breach of

16  that license.  Finally, in the Seventh Cause of Action, Plaintiffs allege that GFI is not operating in

17  accordance with its non-profit status and claim that, therefore, GFI's description of itself as a non-

18  profit is a fraudulent business practice that deceived customers and prospective customers and,

19  based on that allegation, alleges that GFI has violated California Business & Professions Code

20  Section 17200.  As is set out below, none of these claims has merit.

21

22  ―――――――――――――
    [3]  The Amended Complaint references 28 source code files as being copied and changed.  But
23  Exhibit 36 contains LICENSE.txt files for only 26 source code files.  The other LICENSE.txt files
    included in Exhibit 36 are (a) the LICENSE.txt file containing the language of the AGPLv3
24  license that is on the opening contents page of ONgDB 3.5.9.  There are no changes shown in the
    text of that LICENSE.txt file (See, AC, Exh. 36, pp. 1-11) and (b) the LICENSE.txt file that is in
25  the folder "packaging" that contains the subfolder with the "packaging/standalone" source code
    files.  See, AC, Exh. 36, pp. 337-350.  The "packaging" contents page, which shows the
26  "packaging/standalone" subfolder, is attached as Exhibit 31 to the Pernick Declaration.  The
    contents page for the "packaging/standalone" subfolder of the "packaging" contents page is
27  attached to the Pernick Declaration as Exhibit 32.  The NOTICE.txt file for the
    "packaging/standalone" source code that contains the copyright attribution is attached as Exhibit
28  28 to the Pernick Declaration.

### III.    ARGUMENT

#### A.    The Standard on a Motion to Dismiss.

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although particular detail is not generally necessary, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  *Id*. at 556-557.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Dismissal of a claim under Rule 12(b)(6) may be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

In deciding whether to grant a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, the Court accepts all material facts alleged as true and construes them in the light most favorable to the non-moving party.  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678–679.  Indeed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotations omitted); *accord Iqbal*, 556 U.S. at 677–680.

Thus, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  The Court may also consider documents attached to the complaint, documents relied upon but not

1   attached to the complaint when authenticity is not contested, and matters of which the Court takes

2   judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–689 (9th Cir. 2001). And the Court

3   need not accept as true allegations contradicted by judicially noticeable facts, or by exhibits

4   attached to or incorporated in the pleading. *Sprewell*, 266 F.3d at 988.

5        Additionally, where fraud is asserted as a basis for relief, plaintiffs must set forth "must

6   state with particularity the circumstances constituting fraud." Fed. R. Civ. P. Rule 9(b). Failure to

7   satisfy Rule 9(b)'s requirements requires dismissal of the complaint. *Semegen v. Weidner*, 780

8   F.2d 727, 731 (9th Cir. 1986). Every element of a fraud claim must be pled with particularity.

9   *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 663 n. 2 (9th Cir. 1999); *Moore v. Brewster*,

10   96 F.3d 1240, 1245-46 (9th Cir. 1996). Pleading fraud with particularity requires plaintiffs to set

11   forth "specific descriptions of the representations made, [and] the reasons for their falsity." *Blake*

12   *v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988); *Moore, supra,* 96 F.3d at 1245-46. "To allege

13   fraud with particularity, a plaintiff must set forth…what is false or misleading about a statement

14   and why it is false." *In re Glenfed Securities Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)

15   (superseded by statute on other grounds); *see also*, *Yourish v. California Amplifier,* 191 F.3d 983*,*

16   993 (9th Cir. 1999). It is insufficient for plaintiff to merely "set forth conclusory allegations of

17   fraud . . . punctuated by a handful of neutral facts." *Semegen, supra*, 780 F.2d at 731.

18       **B.**    **Neo4J Sweden's Breach of License Claim Fails Because the License Expressly**
19            **Permits Removal of Further Restrictions Such as the Commons Clause**
               **Language.**

20        Neo4J Sweden's Sixth Cause of Action for Breach of Contract admits that Neo4J Sweden

21   granted GFI a license to use, copy and distribute the source code files that are subject to the terms

22   of the Neo4j Sweden Software License. AC, ¶ 120. The Sixth Cause of Action then alleges that

23   GFI breached the Neo4j Sweden Software License by removing the Commons Clause restriction

24   and other further restrictions from the license accompanying those source code files. *Id.*, ¶¶ 122-

25   126.

26        But the allegations of the Sixth Cause of Action ignore that, under the very terms of the

27   AGPLv3 license used by Neo4j Sweden, Neo4J Sweden's addition of the Commons Clause

28

provision and other further restrictions are expressly prohibited.  Under the AGPLv3 license terms, GFI, and any other AGPLv3 licensee, is expressly permitted to remove those offending provisions.

The Neo4j Sweden Software License states that the software is "subject to the terms of the GNU AFFERO GENERAL PUBLIC LICENSE Version 3 . . ." but then purports to add the restrictions of the Commons Clause.  Neo4j Sweden Software License, p. 1.  However, Section 10 of the AGPLv3 license, to which the Neo4j software is subject according to Neo4J Sweden itself, states, unequivocally, that the licensor "may not impose any further restrictions on the exercise of rights granted or affirmed under this license . . ." *Id.*, Section 10.  And, Section 7 of the AGPLv3 explicitly grants the recipient of software issued under the AGPLv3 license with additional restrictions added by the licensor permission to remove those restrictions.  "If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, you may remove that term."  AGPLv3, Section 7.  These same provisions are included, verbatim, in the Neo4j Sweden Software License.  Neo4j Sweden Software License, Sections 7, 10.[4]

Consequently, GFI has not breached any obligation that it has under the Neo4j Sweden Software License because that license expressly permits GFI, or any licensee, to remove the Commons Clause restriction and the other further restrictions improperly added by Neo4J Sweden.

Indeed, it is Neo4J Sweden that is in breach here.  Contrary to Section 10 of the AGPLv3 license, under which Neo4J Sweden purports to license the software, Neo4J Sweden altered the language of the license and added further restrictions.  What Neo4J Sweden alleges as a breach is actually GFI acting in accordance with the rights granted under the AGPLv3 license and the Neo4j Sweden Software License to remove the further restrictions wrongfully added by Neo4j Sweden.  Therefore, Neo4J Sweden's Sixth Cause of Action for Breach of Contract fails to state a claim against GFI.

---

[4]  As is set out in the accompanying Request for Judicial Notice, the terms of the AGPLv3 license and the Neo4j Sweden Software License are subject to judicial notice.

**C.  Plaintiffs' Claim Under the DMCA Fails Because the Terms of the AGPLv3 License Defeat.**

Plaintiffs' Fifth Cause of Action alleges that GFI encouraged Mr. Suhy to remove the Commons Clause and other further restrictions language (which Plaintiffs claim is "copyright management information") from the NEO4J EE Software that was distributed under the Neo4j Sweden Software License and then distributed the source code files from which that language had been removed.  AC, ¶¶ 115-116.  Plaintiffs claim that these alleged acts are a violation of 17 U.S.C. § 1202(b).  *Id.*

The Amended Complaint does not specify which subsection or subsections of 17 U.S.C. § 1202(b) Plaintiffs claim were violated.  Section 1202(b) identifies three types of violation:

(1)  Intentional removal or alteration of copyright management information;

(2)  Distribution of copyright management information knowing that the copyright management information has been removed or altered without the authority of the copyright owner or the law; or

(3)  Distribution of a work or a copy of a work knowing that copyright management information has been removed or altered without the authority of the copyright owner or the law.

Further, to establish any of these violations, a plaintiff must also establish that the defendant took the action knowing or having reasonable grounds to know that the action will induce, enable, facilitate or conceal the infringement of a copyright holder's rights under the Copyright Act.  17 U.S.C. § 1202(b).

The Amended Complaint does not allege that GFI removed or altered any copyright management information.  The Fifth Cause of Action, instead, alleges that GFI distributed Neo4j software with the Commons Clause and other further restrictions language removed, presumably attempting to allege a claim under Section 1202(b)(3) or perhaps Section 1202(b)(2).  But, to establish a violation of Section 1202(b)(2) or (3), a plaintiff must show that the defendant ***knew*** that the copyright management information was removed ***without the authority of the copyright owner or the law***.  Here, the AGPLv3 license used by Neo4j Sweden expressly provides that a

1  licensee may remove further restrictions such as the Commons Clause and the other further

2  restrictions language that were improperly added by Neo4J Sweden.  Given that, under the very

3  license agreement governing the open source code at issue, the alleged copyright management

4  information could be removed, and the copyright holder of the license requests it be rejected,

5  Plaintiffs' cannot establish that GFI knew that the Commons Clause and other further restrictions

6  language was removed without the authority of the copyright owner or the law.  *See, e.g., Gordon*

7  *v. Nextel Communs,* 345 F. 3d 922, 926-927 (6th Cir. 2003) (granting defendants' motion for

8  summary judgment on claim under 17 U.S.C. § 1202(b)(3) where evidence showed defendants

9  believed that poster with copyright information removed had been cleared for use).

10       Additionally, to establish any violation of Section 1202(b), Plaintiffs must establish that

11  GFI acted with ***knowledge*** that its actions would ***induce, enable, facilitate or conceal*** the

12  infringement of a copyright holder's rights under the Copyright Act.  17 U.S.C. § 1202(b).  To the

13  contrary, the addition of those further restrictions is expressly prohibited under the AGPLv3

14  license, the holder of the copyright to the AGPLv3 license and the removal of the Commons

15  Clause and other further restrictions is expressly permitted under the terms of the AGPLv3 license

16  used by Neo4j Sweden for the Neo4j Sweden Software License.  How would Plaintiffs establish

17  that a contractually permitted action was taken with knowledge that it would aid infringement.

18  Moreover, as is set out above, the NOTICE.txt files that accompany each of the NEO4J EE source

19  code files at issue specifically identify Neo4j Sweden as the copyright holder and contain the non-

20  Commons Clause language that was removed from the Neo4j Sweden Software License.  As GFI

21  is distributing this source code with copyright attribution to Neo4j Sweden, Plaintiffs cannot

22  establish that GFI acting with knowledge that its actions would aid copyright infringement.  *See,*

23  *e.g., Stevens v. CoreLogic, Inc.,* 899 F.3d 666, 673-675 (9th Cir. 2018) (to establish violation of

24  Section 1202(b) of DMCA, plaintiff must plead and prove that defendant acted knowing that

25  actions would aid copyright infringement).

26       Based on the allegations of the Amended Complaint and the facts subject to judicial notice

27  with respect to the materials distributed by GFI with the source code files at issue, Plaintiffs

28

1  cannot establish the necessary knowledge elements to prevail on a claim under Section 1202(b).

2  The Fifth Cause of Action fails to state a claim under 17 U.S.C. § 1202(b) should be dismissed.

3  **D.    Plaintiffs' Section 17200 Claim Based On Alleged Misrepresentation of Non-Profit Status Fails.**

4

5  Plaintiffs' Seventh Cause of Action alleges that GFI describes itself as a 501(c)(3)

6  nonprofit.  Plaintiffs concede that GFI been given 501(c)(3) nonprofit status by the IRS.  AC, ¶ 5,

7  Exh. 1.  But they allege that they are "informed and believe" that GFI does not operate as required

8  by 26 U.S.C. § 501(c)(3).  *Id.*, ¶ 131.  They then say that GFI promotes its "false altruistic

9  purpose" to deceive third parties into contributing time and expertise toward the development of

10  ONgDB.  *Id.*, ¶¶ 132, 133.  According to Plaintiffs, this alleged fraudulent scheme allows GFI and

11  defendants GraphGrid and Atom Rain to unfairly compete with Neo4j USA and, according to

12  Plaintiffs, is a violation of California Business Code section 17200's prohibition on unfair and

13  fraudulent business practices.  As is set out below, this Section 17200 claim set out in the Seventh

14  Cause of Action fails for a host of reasons.

15  **1.    Plaintiffs Do Not Have a Private Right of Action to Challenge GFI's Tax-Exempt Status.**

16

17  First, as is shown by Exhibit 1 to the Amended Complaint, GFI has been determined by the

18  IRS to be a 501(c)(3) tax exempt organization.  Therefore, there is nothing false or fraudulent

19  about GFI describing itself as a 501(c)(3) non-profit.  Given that GFI's statements as to its

20  nonprofit status are true, that should dispose of the Seventh Cause of Action.

21  Moreover, even if Plaintiffs could base a claim on the theory that GFI's nonprofit status

22  should be revoked, to prevail, Plaintiffs would have to obtain from this Court a determination that

23  GFI should not be permitted to maintain its tax-exempt status.  But the Internal Revenue Code

24  expressly prohibits anyone from attempting to enforce any section of the Internal Revenue Code

25  without the authorization of the Secretary of the Treasury and the United States Attorney General.

26  The Internal Revenue Code provides that "no civil action for the collection or recovery of taxes, or

27  of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes . . . the

28

1    proceedings and the Attorney General . . . directs that the action be commenced."  26 U.S.C. §

2    7401.  Further, as multiple courts have held, there is no private right of action under section

3    501(c)(3) to enforce the requirements for obtaining or maintaining tax-exempt status.  *See, e.g.*

4    *Fields v. Banner Health,* No. CIV-04-1297-PHX-SRB, 2005 U.S. Dist. LEXIS 13481, at *11 (D.

5    Az. March 23, 2005) (dismissing action from indigent patient claiming that hospital's status as

6    501(c)(3) non-profit created obligation for hospital to provide treatment); *Turner v. Unification*

7    *Church,* 473 F. Supp. 367, 377 (D. R.I. 1978) ("the legislative scheme of the Internal Revenue

8    Code does not indicate that Congress intended to enforce these tax laws by providing civil causes

9    of action or authorizing private attorneys general."); *Washington v. Med. Ctr. of Cent. Ga., Inc.*,

10   No. 5:04-cv-185, 2005 U.S. Dist. LEXIS 2614, at * 6 (M.D. Ga., Jan. 21, 2005) ("Plaintiffs' . . .

11   arguments in essence are an attempt by a private party to enforce its interpretation of the tax code

12   as it relates to another private party.  The Internal Revenue Code permits no such private right of

13   action to enforce the provisions of Section 501(c)(3)").  Recently, in *Quigley v. Yelp, Inc.,* No. 17-

14   cv-03771-RS, 2018 U.S. Dist. LEXIS 230967 (N.D. Cal. Jan. 22, 2018), Judge Richard Seeborg

15   dismissed a claim brought by an individual against a 501(c)(3) nonprofit, Media Matters for

16   America, which sought an order removing that entity's non-profit status based on allegations that

17   Media Matters engaged in partisan political activity based on the lack of a private right of action.

18           This claim fails because this statute does not provide for a private right of action.
         The Internal Revenue Code is administered and enforced by the Secretary of the
19       Treasury "[e]xcept as otherwise expressly provided by law." 26 U.S.C. §
         7801(a)(1). No provision of the Code allows a private right of action to challenge
20       determinations made under Section 501(c)(3) or to seek declaratory or injunctive
         relief under that section.  *Id.,* at *9.
21

22   Judge Seeborg's reasoning in the *Quigley* case applies equally here.

23           When a private right of action under a given statute is absolutely barred, a plaintiff cannot

24   rely on that statute as the basis for a claim under Section 17200.  *See, Zhang v. Superior Court,* 57

25   Cal. 4th 364, 384 (2013) (where legislature barred private actions under Unfair Insurance Practices

26   Act, plaintiff cannot rely on alleged violations of the Act as a basis for a Section 17200 claim);

27   *Newton v. Am. Debt. Servs.,* 75 F. Supp. 3d 1048, 1058 (N.D. Cal. 2014) (where private

28

1   enforcement of FDIC order is absolutely barred as a matter of federal law, plaintiff cannot use a

2   claim of violation of the order as the basis of a Section 17200 claim).

3       Congress has barred *anyone* from enforcing any provision of the Internal Revenue Code

4   without the authorization of the Secretary of the Treasury and the United States Attorney General.

5   Because Congress has barred Plaintiffs from pursuing a claim under 26 U.S.C. § 501(c)(3), they

6   cannot use the guise of a Section 17200 claim to create a private right of action attacking GFI's

7   tax-exempt status.

8               **2.      Plaintiffs Have Not Alleged an Unfair Business Practice.**

9       Plaintiffs describe the Seventh Cause of Action as "Unfair and Fraudulent Business

10  Practices".  Plaintiffs do allege purportedly fraudulent actions based on their ill-fated challenge to

11  GFI's nonprofit status.  But Plaintiffs do not specify how these alleged actions fall within the

12  category of "unfair" business practices.  Under Section 17200, an "unfair" business practice is one

13  that threatens an incipient violation of an antitrust law, or violates the policy or spirit of such a law

14  because its effects are comparable to or the same as a violation of the law, or otherwise

15  significantly threatens or harms competition.  *Cel-Tech Communications, Inc. v. Los Angeles*

16  *Cellular Telephone Co.,* 20 Cal. 4th 163, 186-187 (1999).  Importantly, what must be alleged to

17  state a claim under the unfairness prong is injury to *competition* not just injury to a *competitor*.

18  *Id.* at 187 (emphasis added).  *See also, AlterG, Inc. v. Boost Treadmills LLC,* 388 F. Supp. 3d

19  1133, 1155-1156 (N.D. Cal. 2019) (where complaint contains no allegation of violation of

20  antitrust law or effects comparable to violation of antitrust law, no unfair business practice is

21  alleged).  Here, Plaintiffs, at most, allege that they have been injured by GFI's use of its nonprofit

22  status.  No injury to competition is alleged.  Therefore, Plaintiffs have not alleged a claim for an

23  "unfair" business practice.

24              **3.      Plaintiffs Fail to Allege Reliance on any Allegedly Fraudulent
                          Statement.**

25

26      To state a claim under Section 17200 predicated on fraud, a plaintiff must allege that it

27  relied on the allegedly fraudulent statements.  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310,

28

- 17 -

327 (2011).  Consequently, when, a plaintiff alleges only that third-parties have relied on the allegedly fraudulent statements, and fails to allege its own reliance, the plaintiff has failed to allege the necessary reliance element of the Section 17200 claim.  *See, e.g., 23andMe, Inc. v. Ancestry.com DNA, LLC,* 356 F. Supp. 3d 889, 911 (N.D. Cal. 2018) (dismissing 17200 claim brought by competitor based on alleged fraudulent statements relied on by customers, not the competitor); *A White & Yellow Cab, Inc. v. Uber Techs., Inc.*, No. 15-cv-05163-JSW, 2017 U.S. Dist. LEXIS 49803, at *20-21 (N.D. Cal. Mar. 31, 2017) (dismissing 17200 claim brought by cab company alleging that Uber made false statements to consumers about its safety practices and background checks); *AlterG, Inc.,* 388 F. Supp. 3d at 1156 (allegation that plaintiff was harmed because customers relied on defendant's representations but does not allege plaintiff itself relied on defendant's representations to its detriment, plaintiff does not have standing to pursue Section 17200 claim under the fraudulent prong).[5]

Here, Plaintiffs do not allege that they relied on any statement by GFI as to its nonprofit status or anything else.  The only allegation in the Amended Complaint is that "customers and prospective customers have been confused and misled, deceived and mistaken as to the nature of Graph Foundation's business . . ."  AC, ¶ 136.  Because Plaintiffs fail to allege that they relied on any allegedly fraudulent statement by GFI, Plaintiffs do not have standing to pursue a Section 17200 claim under the fraudulent prong.

### 4. Plaintiffs Fail to Allege Any Representation with the Required Specificity.

Finally, Plaintiffs' allegations as to the alleged fraudulent scheme that is the basis of their Section 17200 claim do not meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  The particularity requirements of Rule 9(b) apply to Section 17200 claims based on allegations of fraud.  *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009).

---

[5] There are some cases that can be read as not requiring a competitor plaintiff to allege its own reliance to state a Section 17200 claim under the fraudulent prong. *See, Equinox Hotel Mgmt. v. Equinox Holdings, Inc.,* No. 17-cv-06393-YGR, 2018 U.S. Dist. LEXIS 16914, at *32-33  (N.D. Cal. Feb. 1, 2018) (discussing cases).  However, as the court stated in *Equinox,* the majority approach requires that a plaintiff allege that it personally relied on the alleged misstatement. *Id.* at 32.

1       The Amended Complaint fails to allege the facts purporting to support Plaintiffs' claim

2   under the fraudulent prong of Section 17200 with any specificity.  Plaintiffs allege that GFI

3   describes itself as a nonprofit with 501(c)(3) status on its website, but that statement is true.

4   Moreover, Plaintiffs do not allege any facts relating to any person viewing that statement on the

5   GFI website or taking any action in reliance on that statement.  Plaintiffs then go on to state that

6   "GFI openly solicits and accepts monetary and in-kind donations under the guieses" that it is a

7   501(c)(3) nonprofit, but Plaintiffs do not allege the facts relating to any specific solicitation or

8   identify any person or entity, themselves or anyone else, that has made a donation in reliance on

9   any such solicitation.  AC, ¶ 130.  Plaintiffs also allege, on information and belief, that GFI's

10   nonprofit status has been used to "solicit and deceive third parties into contributing their time and

11   expertise toward the development of ONgDB . . ." but, again, do not identify any specifics as to

12   any such instance. AC, ¶ 132.

13       These non-specific allegations fail to meet the requirements of Rule 9(b).  To meet those

14   requirements, a complaint must allege the "who, what, when, where, and how of the misconduct

15   charged . . ."  *Kearns,* 567 F.3d at 1124 (internal quotation marks).   Here, there are no specific

16   allegations of Plaintiffs, or anyone else, seeing or hearing any statement with respect to GFI's

17   nonprofit status and then, in reliance on that statement, taking any action.  Plaintiffs' Section

18   17200 claim fails for this reason as well.

19  **IV.**    **CONCLUSION**

20       Neo4j Sweden used the AGPLv3 license to distribute NEO4J EE. The AGPLv3 expressly

21   prohibits the addition of further restrictions such as the Common Clause and other language added

22   to the license by Neo4J Sweden. The AGPLv3 license expressly permits licensee to removal of the

23   Commons Clause and other further restrictions that were improperly added.  Because the removal

24   of this language is expressly permitted, there has been no breach of any license agreement and no

25   violation of Section 1202(b) of the DMCA.  And, because GFI is a 501(c)(3) nonprofit and

26   Plaintiffs do not have standing to argue otherwise and have failed to allege any fraudulent or

27   unfair business practice, the Amended Complaint fails to allege a violation of Section 17200.

28

1    Therefore, the Fifth, Sixth, and Seventh Causes of Action of the Amended Complaint should be

2    dismissed.

3

4    Dated:  August 21, 2020                    BERGESON, LLP

5

6                                              By:    /s/  John D. Pernick
                                                   John D. Pernick

7                                              Attorneys for Defendant
                                               GRAPH FOUNDATION, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28