JOHN D. PERNICK, SBN 155468
jpernick@be-law.com
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Defendant
GRAPH FOUNDATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation<br><br>Plaintiffs,<br><br>vs.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation, GRAPHGRID, INC., and ATOMRAIN INC., a Nevada corporation<br><br>Defendant. | Case No. 5:19-CV-06226-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF GRAPH FOUNDATION, INC.'S MOTION TO DISMISS**<br><br>Date: October 29, 2020<br>Time: 9:00 a.m.<br>Place: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendant Graph Foundation, Inc. ("GFI") hereby submits this Request for Judicial Notice in Support of its Motion to Dismiss the Fifth, Sixth and Seventh Causes of Action of the Amended Complaint.

The documents are attached as Exhibits 1 to 32 of the Declaration of John D. Pernick in support of GFI's Motion to Dismiss.

Rule 201 of the Federal Rules of Evidence provides that judicial notice may be taken of a fact that is not subject to reasonable dispute because it is generally known within the trial court's jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Rule 201(c)(2) provides that the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Given the centrality of each exhibit to the allegations in Plaintiffs' Amended Complaint and given that each exhibit's authenticity is not subject to reasonable dispute, judicial notice is proper under applicable law. Thus, each may be properly considered as part GFI's Motion to Dismiss, without converting that motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[a] court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment").

Consideration of these exhibits fits squarely within the Ninth Circuit's precedent for judicial notice, and it is consistent with the consideration given by many other courts to similar documents when evaluating such a motion.

GFI respectfully submits this Request for Judicial Notice for the following documents:

1. GNU Affero General Public License version 3 (AGPLv3) by Free Software Foundation from the GNU website (URL: http://www.gnu.org), true and correct copies of which are attached as Exhibit 1 to the Pernick Declaration. This document is repeatedly referenced by Plaintiffs in the Amended Complaint and is the license that is used for the Neo4j Sweden Software License on which Neo4j Sweden's Breach of License claim is based. *See* Dkt. No. 52 at 5:14-6:14 6:22-9:21. Even if a document is not attached to a pleading, it may be incorporated by reference

1  into a pleading if it refers extensively to the document or the document forms the basis of an
2  underlying claim or defense.  *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)
3  (recognizing that a court may rely upon "the doctrine of 'incorporation by reference' to consider
4  documents that were referenced extensively").  The Court previously granted judicial notice of
5  Exhibit 1 in the related case, Related Case *Neo4j, Inc. et al. v. PureThink LLC et al*, Case No.
6  5:18-cv-07182-EJD, Dkt. No. 70 at 7:10-27.

7      2.    The Neo4j Sweden Software License that is the basis of Neo4j Sweden's Breach of
8  License claim, a true and correct copy of which is attached as Exhibit 2 to the Pernick Declaration.
9  Even if a document is not attached to a pleading, it may be incorporated by reference into a
10 pleading if it refers extensively to the document or the document forms the basis of an underlying
11 claim or defense.  *See Van Buskirk*, 284 F.3d at 980 (recognizing that a court may rely upon "the
12 doctrine of 'incorporation by reference' to consider documents that were referenced extensively");
13 *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), as amended (July 28, 1998) (a motion to
14 dismiss may consider a document whose contents are alleged in the complaint and whose
15 authenticity is undisputed but which is not physically attached to complaint).  As such, the Court
16 may take judicial notice of the Neo4j Sweden Software License.

17     3.    The contents page for enterprise/neo4j-enterprise source code files from the
18 ONgDB GitHub repository page
19 https://github.com/graphfoundation/ongdb/tree/3.5.9/enterprise/neo4j-enterprise, a true and correct
20 copy of which is attached as Exhibit 3 to the Pernick Declaration.  The Amended Complaint at
21 paragraph 68 and Exhibit 36 cites to and incorporates information from the LICENSE.txt
22 document contained on this page as support for Plaintiffs' claims that GFI wrongfully removed the
23 Commons Clause and other language from the Neo4j Sweden Software License.  As the Amended
24 Complaint contains allegations as to some of the contents of this website and the authenticity of
25 the website or its contents cannot be reasonably disputed, the contents of the website are proper
26 subjects of judicial notice.  *See, e.g,, Pollstar v. Gigmania, Ltd.,* 170 F. Supp. 2d 974, 978 (E.D.
27 Cal. 2000) (granting judicial notice of contents of website where portions of contents were alleged
28 in complaint); *Craigslist, Inc. v. Dealercmo, Inc.,* No. 16-cv-01451-VC, 2017 U.S. Dist. LEXIS

222957, at *8 n.3 (N.D. Cal., April 11, 2017) (granting judicial notice of appearance of webpages of referenced URLs). As such, the Court may take judicial notice of the contents of this webpage.

4. The contents of the NOTICE.txt files from the webpages of the ONgDB GitHub repository pages for the source code files described in the Amended Complaint and from which the material in Exhibit 36 is derived that are attached as Exhibits 4 through 30 of the Pernick Declaration. As the Amended Complaint contains allegations as to some of the contents of these websites and the authenticity of the websites or their contents cannot be reasonably disputed, the contents of the websites are proper subjects of judicial notice. *See, e.g., Pollstar,* 170 F. Supp. 2d at 978 (granting judicial notice of contents of website where portions of contents were alleged in complaint); *Craigslist, Inc.*, 2017 U.S. Dist. LEXIS 222957, at *8 n.3 (granting judicial notice of appearance of webpages of referenced URLs). As such the Court may take judicial notice of the contents of these webpages.

5. The contents page for packaging and packaging/standalone from the ONgDB GitHub repository pages https://github.com/graphfoundation/ongdb/tree/3.5.9/packaging and https://github.com/graphfoundation/ongdb/tree/3.5.9/packaging/standalone, true and correct copies of which are that are attached as Exhibits 31 and 32 of the Pernick Declaration. The Amended Complaint at Exhibit 36 incorporates information from the LICENSE.txt document contained on these pages as support for Plaintiffs' claims that GFI wrongfully removed the Commons Clause and other language from the Neo4j Sweden Software License. As the Amended Complaint contains allegations as to some of the contents of this website and the authenticity of the website or its contents cannot be reasonably disputed, the contents of the website are proper subjects of judicial notice. *See, e.g,, Pollstar,* 170 F. Supp. 2d at 978 (granting judicial notice of contents of website where portions of contents were alleged in complaint); *Craigslist, Inc*, 2017 U.S. Dist. LEXIS 222957, *8 n.3 (granting judicial notice of appearance of webpages of referenced URLs). As such, the Court may take judicial notice of the contents of these webpages.

Dated: August 21, 2020

BERGESON, LLP

By: */s/ John D. Pernick*
    John D. Pernick

Attorneys for Defendant
GRAPH FOUNDATION, INC.