JEFFREY E. FAUCETTE (No. 193066)
SKAGGS FAUCETTE LLP
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 295-1197
Facsimile: (888) 980-6547
E-mail: jeff@skaggsfaucette.com

Attorneys for Defendants GRAPHGRID, INC.
and ATOMRAIN INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation, GRAPHGRID, INC., and ATOMRAIN INC., a Nevada corporation,<br><br>Defendants. | Case No.: 5:19-cv-06226-EJD<br><br>**DEFENDANTS GRAPHGRID, INC. AND ATOMRAIN INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**(FRCP 9(b) & 12(b)(6))**<br><br>Date Action Filed:   October 1, 2019<br><br>Date:       October 29, 2020<br>Time:       9:00 a.m.<br>Location:   Courtroom 4, 5th Floor<br>Judge:      Hon. Edward J. Davila |

# INTRODUCTION

The Free Software Foundation supports the GNU Operating System, and it distributes the open source software licenses that are central to the issues presented by this motion and the companion motion to dismiss filed by Defendant Graph Foundation, Inc. The philosophy of the GNU Project states:

> "*Free software* means that the software's users have freedom. (The issue is not about price.) We developed the GNU operating system so that users can have freedom in their computing.
>
> Specifically, free software means users have the four essential freedoms: (0) to run the program, (1) to study and change the program in source code form, (2) to redistribute exact copies, and (3) to distribute modified versions.
>
> Software differs from material objects—such as chairs, sandwiches, and gasoline—in that it can be copied and changed much more easily. These facilities are why software is useful; we believe a program's users should be free to take advantage of them, not solely its developer."
>
> https://www.gnu.org/philosophy/philosophy.html

For many years, Plaintiff Neo4j distributed its software as *free software* subject to open source licenses provided by the GNU Project. In 2018, however, Neo4j switched gears and sought to limit these licenses, in part by adding additional restrictions to GNU's Affero General Public License version 3 ("AGPLv3"). Neo4j thereby purported to take away some elements of the freedoms described above in an effort to keep licensees such as Defendants from offering competing services to software users. The plain terms of the AGPLv3 that Neo4j adopted, however, prohibited Neo4j's attempt to limit that license. The AGPLv3 states at its outset and again at its conclusion that "[e]veryone is permitted to copy and distribute verbatim copies of this license document, *but changing it is not allowed*" (emphasis added). Within the body of the AGPLv3 it further states that attempts by licensors to place "*additional restrictions*" on licensees is impermissible and the licensee may remove such restrictions. Neo4j cannot both use AGPLv3 and then claim that Defendants have violated the copyright law by simply abiding by the plain terms of AGPLv3. Neo4j's claim under 17 U.S.C. §1202(b) fails as a result.

Additionally, Neo4j's claims against GraphGrid and AtomRain also fail because they have

not been adequately pleaded. Neo4j's opposition reflects some confusion on Neo4j's part regarding these claims. Neo4j seems to believe that the FAC contains a claim against GraphGrid and AtomRain under the "unlawful" prong of section 17200. Opposition Brief at n.7. This is false. The Seventh Cause of Action against GraphGrid and AtomRain alleges only claims under the unfair and fraudulent prongs of section 17200 (and fails to state these claims as a matter of law). While Neo4j chose to file a consolidated opposition brief to the two pending motions to dismiss, GraphGrid and AtomRain note that the claims against them are pleaded differently than the claims that have not been alleged against them, and Neo4j cannot simply elide over this point. For the reasons stated below and in our opening brief, this motion to dismiss should be granted without leave to amend.

## ARGUMENT

### I. THE FIFTH CAUSE OF ACTION FOR VIOLATION OF 17 U.S.C. § 1202(b) SHOULD BE DISMISSED

As set out in the opening briefs submitted by GraphGrid and AtomRain and separately by GFI, Neo4j's claim under section 1202(b) is inadequately pleaded. Moreover, this claim does not make any sense legally or factually.

In the FAC, Neo4j concedes that "prior to November 2018, Plaintiffs' business model was to offer a free open source version of the Neo4j® graph database platform . . . under the GNU General Public License version 3 ('GPLv3') license," and that Neo4j offered its software "under both a paid-for commercial license and the free [AGPLv3]." FAC ¶¶30-21. Neo4j also concedes that it released version 3.4 of its software under a "stricter license, which included the terms of the AGPLv3 *with additional restrictions* provided by the Commons Clause" in an effort to "prohibit[] all third-party resale and services activity." *Id.* ¶32 (emphasis added). Neo4j then alleges that Defendants violated section 1202(b) by removing these "additional restrictions" Neo4j attempted to impose in the Commons Clause.

One reason this claim does not work is because the plain language of the AGPLv3 does not permit the imposition of the "additional restrictions" provided by the Commons Clause, and it

expressly permits licensees such as GFI to remove such additional restrictions. Neo4j's attempt to argue around this plain language does not survive scrutiny. The original AGPLv3 and the version modified by Neo4j in May 2018 both contain identical copies of the AGPLv3—indeed both of these documents contain the copyright provision from the Free Software Foundation stating that "[e]veryone is permitted to copy and distribute verbatim copies of this license document, *but changing it is not allowed*." Declaration of Jeffrey Ratinoff in Support of Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss the First Amended Complaint ("Ratinoff Decl.") Exs. A & B (emphasis added). The difference between the two versions of the license is that in the second version, Neo4j appended its restrictive "'Common Clause' License Condition" after the end of the AGPLv3 license. Section 7 of the AGPLv3 covers "Additional Terms," and it enumerates the potential additional terms that licensors may impose consistent with the AGPLv3. Ratinoff Decl. Ex. A at §7(a)-(f). It then states "[a]ll other non-permissive additional terms are considered 'further restrictions' within the meaning of section 10. If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, you may remove that term." *Id.* at §7. The "you" in this section is clearly the licensee, or in this case GFI. GFI received the program with a notice stating that the program was governed by the AGPLv3 along with the Commons Clause, i.e. an additional restriction not contained within the AGPLv3. These facts are not in dispute.

The "Commons Clause" License Condition Neo4j purported to append to the AGPLv3 is a non-permissive additional term and thus a "further restriction." Under the plain language of the AGPLv3, Defendants were free to remove that term in any relicensing or reconveying of the source code covered by the AGPLv3. Put simply, Neo4j cannot license its software under the AGPLv3 while at the same time purport to impose restrictions on this software that are inconsistent with the very terms of the AGPLv3. The AGPLv3 controls, and it permits the actions allegedly taken by Defendants in this case. That should be the end of the issue regarding Neo4j's claims under section 1202(b).

Additionally, as a factual matter, Neo4j's section 1202(b) claim does not make any sense



because Defendants have no incentive or intention to deceive any third party regarding Neo4j's copyrights in its software. As Neo4j concedes throughout its pleadings and opposition, Neo4j originally distributed its software as open source software, but it then made the decision to cease this distribution method. GFI has stepped in and taken the last open source version of Neo4j's software and moved forward by taking that "fork" in the software path and continuing to offer an open source path to users. There is no reason or incentive for GFI or any of Defendants to deceive users as to Neo4j's open source copyright in the last open source version Neo4j distributed. This lack of incentive makes it unreasonable to assume that GraphGrid and/or AtomRain had "reasonable grounds to know, that [the alleged action] will induce, enable, facilitate, or conceal an infringement of any" copyright, (17 U.S.C. § 1202(b)), and, as noted in our opening brief, Neo4j has not alleged any such mental state on the part of GraphGrid and/or AtomRain. This claim should be dismissed without leave to amend.

I. **THE SEVENTH CAUSE OF ACTION FOR VIOLATION OF SECTION 17200 SHOULD BE DISMISSED**

In the opening brief, GraphGrid and AtomRain pointed out Neo4j's failure to allege an antitrust violation under the unfair competition prong of section 17200 and the failure to allege fraud with sufficient particularity. In its opposition, Neo4j makes reference to the "unlawful" business practice prong of section 17200, *but the FAC does not allege that GraphGrid or AtomRain committed any alleged "unlawful" business practice*. The Seventh Cause of Action itself says that it is for "unfair and fraudulent business practices," and that the alleged "fraudulent scheme allows . . . GraphGrid and ARI to unfairly complete [sic] withNeo4j USA in the marketplace." FAC at 34 & ¶135. There is simply no claim for unlawful business practices by GraphGrid and/or AtomRain pleaded in the Seventh Cause of Action (the only cause of action alleged against GraphGrid and AtomRain other than the section 1202(b) claim), and the Court should disregard the argument made and authorities cited in Neo4j's opposition regarding section 17200 claims for unlawful business practices.

**A.  Under The Unfair Prong, Neo4j Has Failed To Allege An Antitrust Violation**

As noted in the opening brief, Neo4j alleges that it competes with GraphGrid and AtomRain, and a claim for unfair competition against a competitor must allege conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Neo4j's opposition fails to respond to this point; likely because Neo4j has not and cannot meet this requirement. Neo4j's claim for unfair competition against GraphGrid and AtomRain should be dismissed without leave to amend.

**B.  Under The Fraudulent Prong, Neo4j Has Failed To Meet The Pleading Requirements Of Rule 9(b)**

The opening brief also noted that section 17200 claims sounding in fraud must be pleaded with particularity and satisfy Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103-05 (9th Cir. 2003)), *aff'd sub nom.* , 632 F. App'x 429 (9th Cir. 2016), and that where several defendants are sued in connection with an alleged fraudulent scheme, the plaintiff must "*inform each defendant separately* of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (per curiam). In its opposition, Neo4j attempts to confuse the issue by relying on cases dealing with unfair competition claims and deceptive statements that have misled consumers. These cases are inapposite here because Neo4j's claims of unfair competition against its competitors fail to meet the requirement discussed above. With respect to Neo4j's claim sounding in fraud, Neo4j has not pleaded the elements of fraud with any specificity as to either GraphGrid or AtomRain, and this claim should be dismissed.

Dated: October 6, 2020
SKAGGS FAUCETTE LLP

By:  */s/Jeffrey E. Faucette*
Jeffrey E. Faucette
Attorneys for Defendants GRAPHGRID, INC. and ATOMRAIN INC.