JOHN D. PERNICK (SBN 155468)
jpernick@be-law.com
BERGESON, LLP
111 North Market Street, Suite 600
San Jose, CA 95113
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Defendant
GRAPH FOUNDATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation<br><br>Plaintiffs,<br><br>vs.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation, GRAPHGRID, INC., and ATOMRAIN, INC., a Nevada corporation | Case No.: 5:19-cv-06226-EJD<br><br>**DEFENDANT GRAPH FOUNDATION, INC.'S ANSWER TO AMENDED COMPLAINT** |

Now comes the defendant Graph Foundation, Inc. ("Graph Foundation" or "Defendant") and in response to the allegations set forth in the Amended Complaint of Plaintiffs Neo4J, Inc. ("Neo4J") and Neo4J Sweden AB ("Neo4J Sweden" and with Neo4J, "Plaintiffs", answers as follows:

1. Defendant admits that the statement outlines the claims but otherwise denies the claims and the allegations in paragraph 1.

2. Defendant admits, on information and belief, the first and second sentence in paragraph 2. Defendant denies that Plaintiff is the graph company behind an open source software product called Neo4j as the software is owned by and licensed by Neo4j Sweden AB according to the license for Neo4j-enterprise available at GitHub. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and on that basis denies the remaining allegations.

3. Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 3 and, on that basis, denies the allegations.

4. Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 4 and, on that basis, denies the allegations.

5. Defendant denies that it "competes" with Plaintiff's graph platform. Defendant admits the remaining allegations of paragraph 5.

6. Defendant denies that it was conceived of or formed by John Mark Suhy. Defendant admits the remaining allegations of paragraph 6.

7. Defendant admits the allegations of paragraph 7.

8. Defendant denies that GraphGrid competes with Neo4J USA. Defendant is lacks knowledge or information sufficient to form a belief as to the truth of the allegation that GraphGrid competes with Solution Partners and, on that basis, denies the allegation. Defendant admits that GraphGrid offers products and services for users of ONgDB and admits that GraphGrid's GraphGrid Connected Data Platform is a Platform-as-a-Service offering that can be used with ONgDB. Defendant denies on information and belief that the GraphGrid Connected Data Platform is "built around GFI's ONgDB." Defendant denies, on information and belief, that

GraphGrid openly promotes ONgDB over "official Neo4j(r) graph program software to actual and potential customers."  Defendant denies, on information and belief, that Exhibit 5 is a copy of a page of GraphGrid's website.  Defendant admits, on information and belief, that Exhibit 6 is a copy of a page from GraphGrid's and that the document speaks for itself.   Defendant denies the remaining allegations of paragraph 8.

9. Defendant admits the allegations of paragraph 9.

10. Defendant denies, on information and belief, that AtomRain LLC operated as a holding company for GraphGrid.  Defendant denies, on information and belief, that AtomRain LLC is a shell entity maintained by the Nussbaums.  Defendant admits the remaining allegations of paragraph 10.

11. Defendant denies that AtomRain, Inc. competes with Neo4J USA.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that AtomRain, Inc. competes with Solution Partners and, on that basis, denies the allegation.  Defendant admits, on information and belief, the remaining allegations of paragraph 11.

12. Defendant admits the allegations of paragraph 12.

13. Defendant admits on information and belief that Exhibits 10 and 11 are printouts from AtomRain's website and that the printouts speak for themselves.  Defendant admits, on information and belief, that AtomRain is an authorized Neo4j(r) graph database platform software Solution Partner.  Defendant denies on information and belief the remaining allegations of paragraph 13.

14. Defendant admits, on information and belief, that Exhibits 12 and 13 are copies of LinkedIn pages for Bradley Nussbaum and Benjamin Nussbaum and that the documents speak for themselves.  Defendant denies the remaining allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant admits the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant admits the allegations of paragraph 25.

26. Defendant denies, on information and belief, the allegations of paragraph 26.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and, on that basis, denies the allegations.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and, on that basis, denies the allegations.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and, on that basis, denies the allegations.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and, on that basis, denies the allegations.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and, on that basis, denies the allegations.

32. Defendant denies that the AGPLv3 + Common Cause license is valid. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and, on that basis, denies the allegations.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and, on that basis, denies the allegations.

34. Paragraph 34 states a legal conclusion and, therefore, requires no response. To the extent Paragraph 34 requires a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and, on that basis, denies the allegations.

35. In response to paragraph 35, Defendant admits that it was formed on June 21, 2018. Defendant states that the statements on its website speaks for itself. Defendant denies the

1  remaining allegations of paragraph 35.

2      36.    In response to paragraph 36, Defendant states that the language on its website speaks for itself.  Defendant admits that it offers ONgDB graph database software.  Defendant denies the remaining allegations of paragraph 36.

    37.    In response to paragraph 37, Defendant states that the language on its website speaks for itself.  Defendant denies the remaining allegations of paragraph 37.

    38.    In response to paragraph 38, Defendant states that the language on its website speaks for itself.  Defendant denies the remaining allegations of paragraph 38.

    39.    In response to paragraph 39, Defendant lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibits 19 and 20 and on that basis, Defendant denies the allegations as to those exhibits, which speak for themselves.  Defendant denies the remaining allegations of paragraph 39.

    40.    Defendant admits that it does not have a written contract granting it a trademark license from Plaintiff but denies that one is required.  Defendant denies the remaining allegations of paragraph 40.

    41.    In response to paragraph 41, Defendant states that the language on its website and in its source code repository speaks for itself.  Defendant denies the remaining allegations of paragraph 41.

    42.    In response to paragraph 42, Defendant states that the language on the webpage for the www.github.com ONgDB source code repository speaks for itself.  Defendant denies the remaining allegations of paragraph 42.

    43.    Defendant admits that the ONgDB software includes source code authored by Defendant and John Mark Suhy.  Defendant denies the remaining allegations of paragraph 43.

    44.    Defendant denies the allegations of paragraph 44.

    45.    In response to paragraph 45, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and, on that basis, Defendant denies the allegations of paragraph 45.

    46.    In response to paragraph 46, Defendant states that the language of its website

1  speaks for itself.  Defendant denies the remaining allegations of paragraph 46.

2      47.     In response to paragraph 47, Defendant states that the pages of the ONgDB GitHub repository speak for themselves.  Defendant denies the remaining allegations of paragraph 47.

    48.     In response to paragraph 48, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 relating to Plaintiffs' licenses, attribution files, and Github repository page and, on that basis, Defendant denies those allegations.  Defendant states that the pages of the ONgDB GitHub repository speak for themselves.  Defendant denies the remaining allegations of paragraph 48.

    49.     In response to paragraph 49, Defendant states that the pages of the ONgDB GitHub repository speak for themselves.  Defendant denies the remaining allegations of paragraph 49.

    50.     Defendant denies the allegations of paragraph 50.

    51.     In response to paragraph 51, Defendant states that the language used on the pages of the ONgDB GitHub repository page speaks for itself.  Defendant denies the remaining allegations of paragraph 51.

    52.     In response to paragraph 52, Defendant states that the language used on the pages of the ONgDB GitHub repository speaks for itself.  Defendant denies the remaining allegations of paragraph 52.

    53.     In response to paragraph 53, Defendant states that the language used on the pages of the ONgDB GitHub repository speaks for itself.  Defendant denies the allegations of paragraph 53.

    54.     In response to paragraph 54, Defendant states that the language used on the pages of the ONgDB GitHub repository speaks for itself.  Defendant denies the allegations of paragraph 54.

    55.     In response to paragraph 55, Defendant states that the language used on the pages of the ONgDB GitHub repository speaks for itself.  Defendant denies the allegations of paragraph 55.

    56.     Paragraph 56 states a legal conclusion and, therefore, requires no response.  To the extent Paragraph 56 requires a response, Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph 56 and, on that basis, denies the allegations.

57. Defendant denies the allegations of paragraph 57.

58. With respect to Neo4j USA's Trademark Guidelines, the allegations of Paragraph 58 are based on legal conclusions and assertions and, therefore, require no response.  To the extend a response is required, Defendant denies the allegations of Paragraph 58 with respect to the Trademark Guidelines and denies that the Trademark Guidelines place any requirements on Defendant.  Defendant states that the pages of its website and the ONgDB GitHub repository speak for themselves.  Defendant denies the remaining allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

60. In response to paragraph 60, Defendant states that the statements on its website speak for themselves.  Defendant denies the remaining allegations of paragraph 60.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and, on that basis, denies the allegations.

62. In response to paragraph 62, Defendant states that the statements on its Twitter feed speak for themselves.  Defendant denies the remaining allegations of paragraph 62.

63. In response to paragraph 63, Defendant states that the statements on its Twitter feed speak for themselves.  Defendant denies the remaining allegations of paragraph 63.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and, on that basis, denies the allegations.

65. Defendant denies the allegations of paragraph 65.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and, on that basis, denies the allegations.

67. Defendant denies the allegations of paragraph 67.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 or of the accuracy of Exhibit 36 and, on that basis, denies the allegations.

69. In response to paragraph 69, Defendant states that the software files of ONgDB and

the pages of the ONgDB GitHub repository speak for themselves.  Defendant denies the remaining allegations of paragraph 69.

70. In response to paragraph 70, Defendant admits on information and belief that there have been more than 10,000 downloads of ONgDB software from the ONgDB GitHub repository.  Defendant denies the remaining allegations of paragraph 70.

71. In response to paragraph 71, Defendant states that the statements on its Twitter feed speak for themselves.  Defendant admits that ONgDB is an open source fork of Neo4J Enterprise.  Defendant denies the remaining allegations of paragraph 71.

72. In response to paragraph 72, Defendant states that the statements on its Twitter feed, website and the ONgDB GitHub repository speak for themselves.  Defendant denies the remaining allegations of paragraph 72.

73. In response to paragraph 73, Defendant state that its statements to users or potential users of ONgDB speak for themselves.  Defendant denies the remaining allegations of paragraph 73.

74. Defendant denies the allegations of paragraph 74.

75. In response to paragraph 75, Defendant states that the language on the Neo4J GitHub repository speaks for itself.  Defendant denies the remaining allegations of paragraph 75.

76. In response to paragraph 76, Defendant states that the statements on its Twitter feed, website, and the ONgDB GitHub repository speak for themselves.  Defendant denies the remaining allegations of paragraph 76 with respect to statements on its Twitter feed, website, and the ONgDB GitHub repository.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 76 and, on that basis, denies the allegations.

77. Defendant denies the allegations of paragraph 77.

78. Defendant incorporates its responses to paragraphs 1-77 above as though fully set forth herein.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and, on that basis, denies the allegations.

80. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and, on that basis, denies the allegations.

81. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and, on that basis, denies the allegations.

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and, on that basis, denies the allegations.

83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and, on that basis, denies the allegations.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and, on that basis, denies the allegations.

85. Defendant denies the allegations of paragraph 85.

86. Defendant denies the allegations of paragraph 86.

87. Defendant denies the allegations of paragraph 87.

88. Defendant denies the allegations of paragraph 88.

89. Defendant denies the allegations of paragraph 89.

90. Defendant denies the allegations of paragraph 90.

91. Defendant incorporates its responses to paragraphs 1 through 90 as though fully set forth herein.

92. Defendant denies the allegations of paragraph 92.

93. Defendant denies the allegations of paragraph 93.

94. Defendant denies the allegations of paragraph 94.

95. Defendant denies the allegations of paragraph 95.

96. Defendant denies the allegations of paragraph 96.

97. Defendant denies the allegations of paragraph 97.

98. Defendant denies the allegations of paragraph 98.

99. Defendant incorporates its responses to paragraphs 1 through 99 as though fully set forth herein.

100. Defendant denies the allegations of paragraph 100.

101. Defendant denies the allegations of paragraph 101.

102. Defendant denies the allegations of paragraph 102.

103. Defendant denies the allegations of paragraph 103.

104. Defendant denies the allegations of paragraph 104.

105. Defendant denies the allegations of paragraph 105.

106. Defendant incorporates its responses to paragraphs 1 through 105 as though fully set forth herein.

107. Defendant denies the allegations of paragraph 107.

108. Defendant denies the allegations of paragraph 108.

109. Defendant denies the allegations of paragraph 109.

110. Defendant denies the allegations of paragraph 110.

111. Defendant denies the allegations of paragraph 111.

112. Defendant incorporates its responses to paragraphs 1-111 as though fully set forth herein.

113. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 and, on that basis, denies the allegations.

114. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 and, on that basis, denies the allegations.

115. Defendant denies the allegations of paragraph 115.

116. Defendant denies the allegations of paragraph 116.

117. Defendant denies the allegations of paragraph 117.

118. Defendant incorporates its responses to paragraph 1-117 as though fully set forth herein.

119. Defendant denies the allegations of paragraph 119.

120. In response to paragraph 120, Defendant states that the referenced license speaks for itself and is subject to its terms. Defendant states the remaining allegations of paragraph 120 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 120 to the extent they go beyond the terms of the

referenced license.

121. In response to paragraph 121, Defendant states that the referenced license speaks for itself and is subject to its terms. Defendant denies the remaining allegations of paragraph 121.

122. Defendant admits that ONgDB contains source code files that are subject to Neo4J Sweden's copyright. Defendant states that the referenced license speaks for itself and is subject to its terms. Defendant denies the remaining allegations of paragraph 122.

123. Defendant denies the allegations of paragraph 123

124. In response to paragraph 124, Defendant states that the referenced license speaks for itself and is subject to its terms. Defendant denies the remaining allegations of paragraph 124.

125. Defendant denies the allegations of paragraph 125.

126. Defendant denies the allegations of paragraph 126.

127. Defendant denies the allegations of paragraph 127.

128. Defendant denies the allegations of paragraph 128.

129. Defendant incorporates its responses to paragraphs 1-128 above as though fully set forth herein.

130. In response to paragraph 130, Defendant states that the Seventh Cause of Action has been dismissed, with prejudice and, therefore, no response is required, and, on that basis, Defendant denies the allegations of paragraph 130.

131. In response to paragraph 131, Defendant states that the Seventh Cause of Action has been dismissed, with prejudice and, therefore, no response is required, and, on that basis, Defendant denies the allegations of paragraph 131.

132. In response to paragraph 132, Defendant states that the Seventh Cause of Action has been dismissed, with prejudice and, therefore, no response is required, and, on that basis, Defendant denies the allegations of paragraph 132.

133. In response to paragraph 133, Defendant states that the Seventh Cause of Action has been dismissed, with prejudice and, therefore, no response is required, and, on that basis, Defendant denies the allegations of paragraph 133.

134. In response to paragraph 134, Defendant states that the Seventh Cause of Action

has been dismissed, with prejudice and, therefore, no response is required, and, on that basis, Defendant denies the allegations of paragraph 134.

135.  In response to paragraph 135, Defendant states that the Seventh Cause of Action has been dismissed, with prejudice and, therefore, no response is required, and, on that basis, Defendant denies the allegations of paragraph 135.

136.  In response to paragraph 136, Defendant states that the Seventh Cause of Action has been dismissed, with prejudice and, therefore, no response is required, and, on that basis, Defendant denies the allegations of paragraph 136.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to state a claim)

1.  The Complaint, and each cause of action therein, fails to state a claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

2.  Plaintiffs are barred from obtaining relief under any of their claims because of their own unclean hands.  Plaintiffs are attempting to improperly use a dual licensing practice having a commercial version controlled by Plaintiffs and an open source software licensed under a General Public License. Because the open source software is under a GPL or AGPL license, and has over 100 contributors, Plaintiffs may not be able to actually convert the GPL or AGPL license to proprietary software. Under a GPL or AGPL type license, contributors' efforts to modify the software cannot be taken away and turned into privately controlled software. Defendant is informed and believe that Plaintiffs only provide an object code version of the Neo4J software under a commercial license while the GPL and AGPL type license requires access to the source code as well. Defendant is informed and believe that because Plaintiffs cannot lawfully operate a dual license model since the open source is based on GPL or AGPL, Plaintiffs resort to sharp and false practices with customers (lying about the difference between the commercial versions and the open source version) attempting to restrict partners from supporting the open source Neo4J

version with unlawful restrictions and interfering in attempts to use open source Neo4J software. The rights of open source users to use the software is shown by the FAQs at the GNU site:

> If I only make copies of a GPL-covered program and run them, without distributing or conveying them to others, what does the license require of me?(#NoDistributionRequirements)
>
> Nothing. The GPL does not place any conditions on this activity.
>
> The same rules apply to modified versions of the open source code:
>
> Does the GPL require that source code of modified versions be posted to the public? (#GPLRequireSourcePostedPublic)
>
> The GPL does not require you to release your modified version, or any part of it. **You are free to make modifications and use them privately, without ever releasing them. This applies to organizations (including companies), too; an organization can make a modified version and use it internally without ever releasing it outside the organization.**
>
> But *if* you release the modified version to the public in some way, the GPL requires you to make the modified source code available to the program's users, under the GPL.
> Thus, the GPL gives permission to release the modified program in certain ways, and not in other ways; but the decision of whether to release it is up to you.
> [Emphasis added]

As Plaintiffs have sought to threaten open source users improperly, they come to this court with unclean hands, they should be barred from recovery.

**THIRD AFFIRMATIVE DEFENSE**

(Fair Use of Trademarks)

3.     Defendant's use of the trademarks was and is a nominative fair use to 1) identify a software product called Neo4j that is freely available as open source software and 2) comparative advertising (See 16 C.F.R. §14.15(b)).

**FOURTH AFFIRMATIVE DEFENSE**

(Right to fork and use Neo4J Open Source under GitHub Terms of Service)

4.     By using a public repository at GitHub, the open source versions of Neo4J are subject to the GitHub Terms of Service which allow any user to use and fork the software:

> D. 5. If you set your pages and repositories to be viewed publicly, you grant each User of GitHub a nonexclusive, worldwide license to use, display, and perform Your Content through the GitHub Service and to reproduce Your Content solely on GitHub as permitted through GitHub's functionality (for example, through forking). You may grant further rights if you adopt a license. If you are uploading Content you did not create or own, you are responsible for ensuring that the Content you upload is licensed under terms that grant these permissions to other GitHub Users.

https://help.github.com/en/articles/github-terms-of-service

Plaintiff's Complaint is vague and ambiguous as to whether it is alleging that Defendant's forking and use of Neo4J Open Source is a violation of the Lanham Act or an Unfair Trade Practice. To the extent Plaintiff is so alleging, that claim is barred by the GitHub Terms of Service which expressly allow for such forking and use.

### FIFTH AFFIRMATIVE DEFENSE

(The Addition of the Commons Clause is a Breach of the AGPL)

5. The open source license by Neo4J Sweden AB, the AGPL, is a license copyrighted by the Free Software Foundation. The beginning of the AGPL provides a copyright notice.

Copyright (C) 2007 Free Software Foundation, Inc. <http://fsf.org/>

Everyone is permitted to copy and distribute verbatim copies of this license document, but changing it is not allowed.

By its terms, the license may not be changed.

Neo4J Sweden AB's attempt to change the AGPL license violates its terms. The licensee is protected from this violation under the terms of the license: "If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, **you may remove that term**." [Emphasis added]. §7 AGPL.

Defendant had the express right to remove any improper terms and such removal prevented further infringement of the APGL license's terms.

### SIXTH AFFIRMATIVE DEFENSE

(Good Faith Intent)

6. Plaintiffs' claims are barred because Defendant acted in good faith and without any intent to infringe or to aid infringement of Plaintiffs' work.

**PRAYER FOR RELIEF**

Wherefore, Defendant requests:

1. The Complaint be dismissed with prejudice;

2. That the first three trademark-based claims be found exceptions as the trademark was obtained through fraud, alleged infringements are obviously nominative fair use, allowing Defendant to recovery attorneys' fees under 15 U.S.C. §1117(a);

3. That Plaintiff take nothing by its Complaint;

4. That Defendant recover its costs, including attorneys' fees;

5. And for such other and further relief as the Court deems just.


Dated: November 30, 2020               BERGESON, LLP


                                       By:   /s/ John D. Pernick
                                             Attorneys for Defendant
                                             GRAPH FOUNDATION, INC.

**DEMAND FOR JURY TRIAL**

Defendant Graph Foundation, Inc. hereby demands a trial by jury.

Dated: November 30, 2020					BERGESON, LLP

							By:   */s/ John D. Pernick*
							      Attorneys for Defendant
							      GRAPH FOUNDATION, INC.