John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406
*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:    (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants. | CASE NO. 5:18-CV-07182-EJD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND EXHIBITS TO SUPPORTING DECLARATIONS UNDER SEAL**<br><br>[CIVIL L.R. 7-11 and 79-5] |
| AND RELATED COUNTERCLAIM. | |
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation, GRAPHGRID, INC., an Ohio corporation, and ATOMRAIN INC., a Nevada corporation,<br><br>Defendants. | CASE NO.  5:19-CV-06226-EJD |

842\3660253.3

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND EXHIBITS TO SUPPORTING DECLARATIONS UNDER SEAL; CASE NOS. 5:18-CV-07182-EJD; AND 5:19-CV-06226-EJD

Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") hereby move the Court pursuant to Civil Local Rules 7-11 and 79-5 for an Order to file certain exhibits, and portions of the papers supporting Plaintiffs' Consolidation Motion for Summary Judgment under seal. Northern District of California Civil Local Rule 79-5(b) permits parties to seal documents, or portions thereof, that are shown to be "privileged, protectable as a trade secret or otherwise entitled to protection under the law." *Id*. The request to seal "must be narrowly tailored to seek sealing only of sealable material."

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). However, that presumption can be overcome if a party can demonstrate "compelling reasons" to seal judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Examples of compelling reasons to seal records include potential release of business information that might harm a party's competitive strategy, pricing, profits, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013).

Plaintiffs seeking to file two classes of documents under seal. The first are documents and excerpts therefrom that (a) contain Neo4j, Inc.'s highly confidential and proprietary business information; or (b) constitute third party confidential information that Neo4j, Inc. is contractually required to not publicly distribute. The second class of documents are those that Defendants Purethink LLC, iGov Inc. and John Mark Suhy (collectively the "PT Defendants") have designated as "Confidential" under the Protective Order (PT Dkt. No. 34) entered in *Neo4j, Inc., et al. v. PureThink LLC., et al.*, Civil Case No. 5:18-cv-07182-EJD.

**Request to File Neo4j USA's Confidential and Proprietary Information Under Seal**

Neo4j USA is seeking to file **Exhibits 6, 7, 27 and 126** to the Declaration of Jeffrey M. Ratinoff in support of Plaintiffs' Motion for Summary Judgment ("Ratinoff MSJ Declaration") under seal and redact the following portions of Plaintiffs' Consolidated Motion for Summary Judgment that pull from these documents from the public filings: (a) **Page 6, Lines 9-11** (citing Exhibit 6) and (b) **Page 6, Lines 14-15** (citing Exhibit 7). As detailed in the Declaration of Philip

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3660253.3      - 1 -
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND EXHIBITS TO SUPPORTING DECLARATIONS UNDER SEAL; CASE NOS. 5:18-CV-07182-EJD; AND 5:19-CV-06226-EJD

Rathle Declaration support this Motion to Seal ("Rathle Sealing Decl."), these materials reveal Plaintiffs' highly confidential and commercially sensitive information regarding Neo4j USA's pricing, business model and strategy for securing customer contracts and confidential details of customer relationships and preferences. Rathle Sealing Decl., ¶¶ 3(a)-(d). The disclosure of this confidential information would substantially harm Neo4j USA's competitive standing in the marketplace, provide competitors with information that could be used to obtain a competitive advantage over Neo4j USA and damage its customer relationships. *Id.*

Neo4j USA is also seeking to file **Exhibits 12 and 13** to the Declaration of John Broad in support of Plaintiffs' Motion for Summary Judgment ("Broad MSJ Declaration") under seal. These exhibits contain commercially sensitive and highly confidential information regarding the structure and amount of licensing and subscription fees for Neo4j® Enterprise Edition, as well as pricing and discount information. Rathle Sealing Decl., ¶¶ 4(a)-(c). They also reveal specific and detailed information concerning Plaintiffs' software features, subscription models, professional service offerings, and marketing strategy. *Id.* Plaintiffs consider this information to be highly confidential, competitively sensitive, and takes significant precautions to ensure that this type of information is not publicly disclosed. *Id.*, ¶ 5. The disclosure of this information would expose Neo4j USA to substantial competitive harm by providing competitors, including the Defendants in the two pending lawsuits, with information that could be used by them to obtain a competitive advantage over Neo4j USA and potentially damage its actual and potential customer relationships. *Id.*, ¶¶ 4(a)-(c).

In addition, Neo4j USA seeks to seal **Exhibit 3** to the Broad MSJ Declaration. This exhibit is subject to a copyright held by a third party, Forrester, and has imposed restrictions on the use and distribution of this report. As a result, Neo4j USA is subject to contractual obligations that prevent that preclude the unrestricted public distribution of the report. Rathle Sealing Decl., ¶ 4(a). Thus, if this report were filed in public record, it could potentially violate such contractual obligations.

/ / /

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3660253.3                                          - 2 -
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND EXHIBITS TO SUPPORTING DECLARATIONS UNDER SEAL; CASE NOS. 5:18-CV-07182-EJD; AND 5:19-CV-06226-EJD

Finally, Plaintiffs have taken steps to minimize the evidence supporting their Motion for Summary Judgment that it seeks to file under seal in the least restrictive way, and is only seeking to seal a small fraction of that evidence. Declaration of Jeffrey M. Ratinoff in Support of Motion to Seal ("Ratinoff Sealing Decl."), *Id.*, ¶ 4. As a result, Plaintiffs' request is narrowly tailored to seek sealing only of sealable material, and is the least restrictive means of preserving the confidentiality of the foregoing and preventing substantial competitive harm to Neo4j USA, while balancing the public's right of access to the Court's records. For these reasons, Plaintiffs respectfully request that the Court grant this motion to seal.

### Request to Preliminarily Lodge the PT Defendants' Documents Under Seal

Plaintiffs request to preliminarily lodge **Exhibit 55**, **Exhibit 126** and **Exhibits 130-135** to the Declaration of Jeffrey M. Ratinoff in support of Plaintiffs' Motion for Summary Judgment under seal because the PT Defendants have designated those documents as "Confidential" under the Stipulated Protective Order. *See* Ratinoff Sealing Decl., ¶¶ 5(a)-(h). Plaintiffs also request to preliminarily redacted **Page 12, Lines 9-12** in their Motion for Summary Judgment, which that contains information quoted from the aforementioned **Exhibit 55** to the Ratinoff MSJ Declaration. *Id.,* ¶ 6. Without concurring with or conceding the appropriateness of the aforementioned designation, Neo4j USA is filing Defendants' designated materials in a manner that is narrowly tailored to protect them, while minimizing the infringement of the public's right of access to documents filed with the Court.

Plaintiffs request to preliminarily lodge **Exhibit 3** to the Declaration of Jeffrey M. Ratinoff in support of Plaintiffs' Motion for Summary Judgment under seal in the interest of caution. Exhibit 3 constitutes excerpts from the deposition transcription from the October 22, 2020 Rule 30(b)(6) deposition of Defendant iGov Inc. Ratinoff Sealing Decl., ¶ 8. During the deposition, PT Defendants conditionally designated this transcript under Section 5.2 of the Protective Order pending their review and specific designation of the portions of the transcript they believed warranted protection under the Protective Order. *Id.*, ¶ 8. The transcript was provided to counsel for the PT Defendants on November 13, 2020, and thus the deadline to provide specific designations was December 4. *Id.*, ¶ 9. Despite Plaintiffs' repeated requests –

842\3660253.3 - 3 -
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND EXHIBITS TO SUPPORTING DECLARATIONS UNDER SEAL; CASE NOS. 5:18-CV-07182-EJD; AND 5:19-CV-06226-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

both before and after the expiration of the deadline – the PT Defendants failed to provide their specific designations. *Id.*, ¶ 10.  As a result, the PT Defendants waived their right to designate any of the transcript under the Protective Order. *Id.*, ¶ 11.   Plaintiffs further contend there is nothing in the excerpts being submitted that warrant any designation of confidentiality under the Protective Order.  *Id.*, ¶ 11.  Nonetheless, Plaintiffs are conditionally lodging these excerpts under seal in the interest of caution.   *Id.*, ¶ 11.

Finally, Plaintiffs are herewith providing notice to the PT Defendants of their obligation under Civil L.R. 79-5(e) to file a declaration in support of sealing these documents if they wish to avoid their disclosure to the public by separately serving this Motion to Seal on the PT Defendants.

Dated:  December 11, 2020

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff
Attorneys for Plaintiffs and Counter-Defendants NEO4J, INC. and NEO4J SWEDEN AB

842\3660253.3

- 4 -

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND EXHIBITS TO SUPPORTING DECLARATIONS UNDER SEAL; CASE NOS. 5:18-CV-07182-EJD; AND 5:19-CV-06226-EJD