John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:	(408) 286-9800
Facsimile:	(408) 998-4790

Attorneys for Plaintiff and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>　　　　Defendants. | CASE NO. 5:18-cv-07182-EJD<br><br>**[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS**<br><br>Date:　　March 25, 2021<br>Time:　　9:00 a.m.<br>Dept.:　　Courtroom 4, 5th Floor<br>Judge:　　Hon. Edward J. Davila |
| AND RELATED COUNTERCLAIM. | |
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation, GRAPHGRID, INC., an Ohio corporation, and ATOMRAIN INC., a Nevada corporation,<br><br>　　　　Defendants. | CASE NO. 5:19-CV-06226-EJD |

Plaintiff Neo4j, Inc.'s Consolidated Motion for Partial Summary Judgment on its Lanham Act and related California Unfair Competition Law ("UCL") claims against Defendants PureThink LLC, iGov Inc. and John Mark Suhy in CASE NO. 5:18-cv-07182-EJD (the "PT Action") and Defendant Graph Foundation Inc. in CASE NO. 5:19-CV-06226-EJD (the "GFI Action") for: (1) trademark infringement, 15 U.S.C. § 1114; (2) false designation of origin and false advertising, 15 U.S.C. § 1125(a); (3) federal unfair competition, 15 U.S.C. § 1125(a); and (4) state unfair competition in violation of Cal. Bus. Prof. Code §§ 17200 et seq. came before this Court for hearing on March 25, 2021, in the above-entitled actions.

The Court, having considered all papers filed in favor of, and in opposition to, Neo4j, Inc.'s Motion, and good cause appearing, HEREBY GRANTS Neo4j, Inc.'s Consolidated Motion for Partial Summary Judgment as set forth in its separate order, and in doing so enters the following PERMANENT INJUNCTION.

Defendants and their owners, principals, agents, managers, officers, directors, members, servants, employees, successors, assigns, and all other persons acting in concert and participation with them (collectively, the "Enjoined Parties") ARE HEREBY IMMEDIATELY and PERMANENTLY ENJOINED from:

1. Infringing U.S. Trademark Registration No. 4,784,280 for the word mark "NEO4J" covering the goods and services in International Classes, 009, 035, 041, 042 and 045 (the "Neo4j® Mark").

2. Using Neo4j® Mark in connection with the manufacture, sale, offering for sale, distribution, advertisement, or promotion of any products offered by Enjoined Parties, including ONgDB (Open Native Graph DB).

3. Using any logo, trade name, or trademark confusingly similar to the Neo4j® Mark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the Enjoined Parties or of others are sponsored by, authorized by, or in any way associated with Neo4j Inc. and Neo4j Sweden AB.

4. Advertising, displaying or distributing products, literature or any other materials that use the Neo4j® Mark to advertise or promote ONgDB or any other graph database software;

842\3657008.3                                      - 1 -
[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS; CASE NOS. 5:18-CV-07182-EJD AND 5:19-CV-06226-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

5. Using the Neo4j® Mark as a hashtag on social media, including Facebook, Instagram, Twitter or similar internet-based social media and websites.

6. Using the Neo4j® Mark in a URL address for any website or webpage owned, used or managed by any and all Enjoined Parties.

7. Using the Neo4j® Mark as a metatag or title tag on any website or webpage owned, used or managed by any and all Enjoined Parties.

8. Using the Neo4j® Mark in a hyperlink on any website or webpage owned, used or managed by any and all Enjoined Parties.

9. Using hyperlinks on any website or webpage owned, used or managed by any and all Enjoined Parties that redirect users to Neo4j, Inc.'s website, www.neo4j.com, or any webpage or content contained therein.

10. Using hyperlinks on any website or webpage owned, used or managed by any and all Enjoined Parties that redirect users to any of Neo4j, Inc. or Neo4j Sweden AB's official documentation, including, build instructions, release notes, change logs, operation manuals and developer manuals.

11. Using hyperlinks on the landing page for Graph Foundation, Inc.'s Github repository that redirect users Neo4j, Inc. and Neo4j Sweden AB's GitHub repository, https://github.com/neo4j/, or any webpage or content contained therein.

12. Advertising, promoting, representing or referring to ONgDB as follows:

(a) A free and open source drop-in replacement of Neo4j® Enterprise Edition distributions with the same version number, and similar misstatements;

(b) Containing modules from Neo4j® Community Edition and Neo4j® Enterprise modules licensed under the GNU Affero General Public License version 3 ("AGPL"), and similar misstatements;

(c) Being licensed under the AGPLv3 as a free and open source alternative to commercially licensed Neo4j® Enterprise Edition, and similar misstatements;

(d) A drop-in replacement for Neo4j Enterprise commercial packages downloaded from Neo4j.com, and similar misstatements;

842\3657008.3
- 2 -
[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS; CASE NOS. 5:18-CV-07182-EJD AND 5:19-CV-06226-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

(e) A drop-in replacement for Neo4j® Enterprise Edition under the AGPL, without limitations on causal cluster instances, cores, or production usage, and similar misstatements;

(f) A drop-in replacement for the Neo4j Community and Enterprise branded distributions, and similar misstatements;

(g) A fork of the Neo4j® graph database platform that adds enterprise code back into Neo4j® core, and similar misstatements; and

(h) One hundred percent (100%) free and open source, and similar misstatements.

13. Advertising, promoting, representing or referring to Neo4® Enterprise or Neo4j® Enterprise Edition being released only under the AGPL.

14. Representing that Neo4j Sweden AB's addition of the Commons Clause to the license governing Neo4j® Enterprise Edition violated the terms of AGPL, and similar statements.

15. Representing that the Free Software Foundation (FSF) determined or confirmed that (a) the addition of the Commons Clause to the license governing Neo4j® Enterprise Edition violated the terms of AGPL; and/or (b) the Commons Clause could be removed from the software license governing Neo4j® Enterprise and/or ONgDB.

16. Representing that government agencies, such as the Department of the Treasury and Internal Revenue Service (IRS), determined that (a) the addition of the Commons Clause to the license governing Neo4j® Enterprise Edition violated the terms of AGPL; (b) the Commons Clause could be removed from the software license governing Neo4j® Enterprise and/or ONgDB; or (c) ONgDB could be used in production under the AGPL.

17. Making any other false or misleading statements regarding or concerning the licensing of Neo4j® Enterprise Edition and/or any license governing Neo4j® Enterprise Edition.

18. Making any other false or misleading statements, directly or indirectly, concerning Neo4j® Enterprise Edition, Neo4j® Community Edition, Neo4j® Core or any other products and services offered by Neo4j, Inc. or Neo4j Sweden AB under the Neo4j® Mark.

///

842\3657008.3 - 3 -
[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS; CASE NOS. 5:18-CV-07182-EJD AND 5:19-CV-06226-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

19. Making any other false or misleading statements, directly or indirectly, concerning Neo4j, Inc. or Neo4j Sweden AB.

20. Advertising, displaying or distributing products, literature or any other materials that use the Neo4j® Mark to advertise or promote ONgDB or any other graph database software.

21. Otherwise unfairly competing with Neo4j Inc. and Neo4j Sweden AB in the manufacture, sale, offering for sale, distribution, advertisement, or promotion of ONgDB or any other graph database software.

22. Falsely representing being connected with either Neo4j Inc. and Neo4j Sweden AB or sponsored by or associated with them or engaging in any act which is likely to cause the graph database industry, vendors, contractors, retailers, potential customers, actual customers and/or members of the purchasing public to believe that any or all of the Enjoined Parties or ONgDB is endorsed, associated or sponsored by Neo4j Inc. or Neo4j Sweden AB.

23. Using any reproduction, counterfeit, copy, or colorable imitation of the Neo4j® Mark in connection with the publicity, promotion, sale, or advertising of ONgDB or any other graph database software;

24. Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Neo4j® products and from offering such goods in commerce.

25. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to Paragraphs 1-23 above.

IMMEDIATELY UPON RECEIVING THIS INJUNCTION, the Enjoined Parties must:

1. Remove, delete and/or deactivate all metatags, html title tags, URLs, hyperlinks that contain the Neo4j® Mark from all websites, webpages and GitHub repositories owned, used or managed by the Enjoined Parties.

2. Remove and delete all uses and references to the Neo4j® Mark, including "neo4j," "neo4j enterprise," "the neo4j project," "neo4j enterprise project" and "Neo4j Enterprise," from all websites, webpages and GitHub repositories owned, used or managed by the Enjoined Parties.

///

842\3657008.3    - 4 -
[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS; CASE NOS. 5:18-CV-07182-EJD AND 5:19-CV-06226-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

3.      Remove and delete all hyperlinks on any website or webpage owned, used or managed by any and all Enjoined Parties that redirect users to Neo4j, Inc.'s website, www.neo4j.com, or any webpage or content contained therein.

4.      Remove and delete all hyperlinks on any website or webpage owned, used or managed by any and all Enjoined Parties that redirect users to any of Neo4j, Inc. or Neo4j Sweden AB's official documentation, including, build instructions, release notes, change logs, operation manuals and developer manuals.

5.      Remove and delete all posts made on social media, including Facebook, Instagram, Twitter or similar internet-based social media and websites, which contain the Neo4j® Mark or use the Neo4j® Mark as a hashtag.

6.      Remove and delete from website or webpage owned, used or managed by any and all Enjoined Parties

7.      Remove and delete the following misstatements and variations thereof from all websites, webpages and GitHub repositories owned, used or managed by the Enjoined Parties:

(a)     A free and open source drop-in replacement of Neo4j® Enterprise Edition distributions with the same version number;

(b)     Containing modules from Neo4j® Community Edition and Neo4j® Enterprise modules licensed under the GNU Affero General Public License version 3 ("AGPL");

(c)     Being licensed under the AGPLv3 as a free and open source alternative to commercially licensed Neo4j® Enterprise Edition;

(d)     A drop-in replacement for Neo4j Enterprise commercial packages downloaded from Neo4j.com;

(e)     A drop-in replacement for Neo4j® Enterprise Edition under the AGPL, without limitations on causal cluster instances, cores, or production usage;

(f)     A drop-in replacement for the Neo4j Community and Enterprise branded distributions;

(g)     A fork of the Neo4j® graph database platform that adds enterprise code back into Neo4j® core; and

842\3657008.3                                        - 5 -
[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS; CASE NOS. 5:18-CV-07182-EJD AND 5:19-CV-06226-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

   (h) One hundred percent (100%) free and open source, and similar misstatements.

**IT IS SO ORDERED.**

Dated:_____

                  EDWARD J. DAVILA
                  United States District Court Judge

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3657008.3   - 6 -
[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANTS; CASE NOS. 5:18-CV-07182-EJD AND 5:19-CV-06226-EJD