John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:    (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>             Plaintiffs,<br><br>    v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>             Defendants. | CASE NO.  5:18-cv-07182-EJD<br><br>**NOTICE OF ERRATA FOR SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO DEFENDANTS' REQUEST TO STRIKE SAME**<br><br>Date:    March 25, 2021<br>Time:    9:00 a.m.<br>Dept.:    Courtroom 4, 5th Floor<br>Judge:    Hon. Edward J. Davila |
| AND RELATED COUNTERCLAIM. | |
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>             Plaintiffs,<br><br>    v.<br><br>GRAPH FOUNDATION, INC., an Ohio corporation, GRAPHGRID, INC., an Ohio corporation, and ATOMRAIN INC., a Nevada corporation,<br><br>             Defendants. | CASE NO.  5:19-CV-06226-EJD |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3690949.1

NOTICE OF ERRATA FOR SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR SUMMARY JUDGMENT; CASE NOS. 5:18-CV-07182-EJD AND 5:19-CV-06226-EJD

Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB ("Plaintiffs") respectfully submit the attached Corrected Separate Statement of Undisputed Facts, which was originally attached as Exhibit A to Plaintiffs' Consolidated Motion for Summary Judgment filed on December 11, 2020. *See* PT Action Dkt. No. 98; GFI Action, Dkt. No. 93. The Corrected Separate Statement of Undisputed Facts includes the certification required by the Court's Standing Order, which was inadvertently omitted in the original Separate Statement of Undisputed Facts.

Plaintiffs further submit that the Defendants' request to strike the original Separate Statement of Undisputed Facts and the denial of Plaintiffs' Motion for Summary Judgment based on an alleged violation of the Court's 15-page limit on separate statements, and any further attempt to do so with the Corrected Separate Statement of Undisputed Facts, is unwarranted. While the parties' stipulation on the consolidated nature of the pending motions included a reduction of the page limits for the parties' respective consolidated briefs, there was no such reduction in limitations imposed on a separate statement of facts. *See* PT Action Dkt. No. 68 at ¶ 5, GFI Action, Dkt. No. 68 at ¶ 5. As a result, Plaintiffs were entitled to file a 15-page separate statement in the PT Action and a 15-page separate statement in the GFI Action. In the spirit of judicial economy and to avoid unnecessary duplication, however, Plaintiffs filed a 20-page consolidated Separate Statement of Undisputed Facts, which is 10 less than the aggregate total technically permitted. To the extent that Plaintiffs may have misunderstood the limits as applied in the context of a consolidated motion filed in two separate actions, Plaintiffs respectfully request that the Court retroactively grant Plaintiffs leave for the 5 additional pages.

Further, the Court should not strike Plaintiffs' submission based on a perceived technical procedural violation, and instead should evaluate the evidence, as necessary, in the course of resolving the parties' respective summary motions on their merits. *See Starr Indem. & Liab. Co. v. Rolls-Royce Corp.*, No. CV-14-02100-TUC-BGM, 2019 WL 1326536, at *1 (D. Ariz. Mar. 25, 2019), aff'd, 822 F. App'x 582 (9th Cir. 2020) (denying motion to strike a separate statement of facts that was in violation of local rules); *Doctors Med. Ctr. of Modesto, Inc. v. Principal Life Ins. Co.*, No. 1:10–cv–00452–LJOSKO, 2011 WL 831421, at *3 (E.D.Cal. Mar. 3, 2011) (recognizing that public policy favors "the disposition of cases on their merits rather than on technical violations

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3690949.1

NOTICE OF ERRATA FOR SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR SUMMARY JUDGMENT; CASE NOS. 5:18-CV-07182-EJD AND 5:19-CV-06226-EJD

of procedural rules"); *cf Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir.1993) (motion for summary judgment cannot be granted simply because the opposing party violated a local rule).

Finally, Defendants have not articulated any resulting prejudice. To the contrary, their responsive statement increased the length of the Separate Statement from 20 pages to 53 pages (PT Dkt. No. 100, Exhibit A), largely due to Defendants' improper inclusion of attorney argument. Defendants also submitted an additional 5-page statement (PT Dkt. No. 100, Exhibit B), which impermissibly reasserts their fraud in the procurement and naked licensing affirmative defenses previously stricken with prejudice by the Court (PT Action Dkt. Nos. 70, 85), and are currently subject to Plaintiffs' pending motion to strike the PT Defendants' Answer to the Third Amended Complaint wherein they also impermissibly reasserted these defenses (PT Action Dkt. Nos. 93-96).

Dated: January 19, 2021

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
    Jeffrey M. Ratinoff
    Attorneys for Plaintiff and Counter-
    Defendants
    NEO4J, INC. and NEO4J SWEDEN AB

**NEO4J INC.'S CORRECTED CONSOLIDATED SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS**

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| **Claim 1: Trademark Infringement Against the PT Defendants and Their Nominative Fair Use Defense** | | |
| 1. Plaintiff Neo4j Inc. ("Neo4j USA") owns a protectable trademark | <u>Fact 1</u>: Neo4j USA is the owner of U.S. Trademark Registration No. 4,784,280 for the word mark "NEO4J" covering the goods and services in International Classes, 009, 035, 041, 042 and 045 (the "Neo4j® Mark"). Declaration of Jeffrey M. Ratinoff, ("Ratinoff Decl."), Exh. 1. | |
| 2. The PT Defendants impermissibly used the Neo4j® Mark after Neo4j USA terminated the Partner Agreement | <u>Fact 2</u>: On September 30, 2014, Purethink and Neo4j USA entered into the Neo4j Solution Partner Agreement ("Partner Agreement"). Ratinoff Decl., Exh. 4. | |
| | <u>Fact 3</u>: Under the Partner Agreement, PureThink was granted a non-exclusive, non-transferable limited license to, *inter alia*, use the Neo4j® Mark solely to market and resell commercial licenses to Neo4j® Enterprise Edition ("Neo4j® EE") and related support services in exchange for shared revenue for the licenses that it resold. *Id.*, Exh. 4 at § 4.1; Exh. 3 at 60:10-61:17, 67:25-69:11. | |
| | <u>Fact 4</u>: PureThink further agreed to the terms of the limited license under the Partner Agreement to use the Neo4j® Mark in accordance with Neo4j USA's "then-current trademark usage guidelines." *Id.*, Exh. 4 at § 4.1. | |
| | <u>Fact 5</u>: The Partner Agreement was subject to a 1-year term, and would automatically renew at additional 1-year periods subject to the notice and termination provision therein, thereby incorporating whatever was the operative trademark guidelines at that time. Ratinoff Decl., Exh. 4 at §7.1; Exh. 3 at 67:18-24. As a result of the renewal provision, PureThink became bound by the October 13, 2015 version of Neo4j USA's trademark guidelines as of September 30, 2016. *See* Rathle Decl., ¶ 16, Exh. 5. | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | **Fact 6:** All rights and licenses to Neo4j® Software and the Neo4j® Mark would terminate upon the expiration or termination, and upon such an event, PureThink agreed to "cease using any trademarks, service marks and other designations of Plaintiffs."  Ratinoff Decl., Exh. 4 at §7.3. | |
| | **Fact 7:** On July 11, 2017, Neo4j terminated the Partner Agreement thereby requiring PureThink to "cease using [Neo4j's] trademarks, service marks, and other designations…and remove from PureThink's website(s) marketing materials, [Neo4j's] trademarks and tradenames, including, without limitation, Neo4j" as required by Agreement. Ratinoff Decl., Exh. 12. | |
| | **Fact 8:** PureThink continued to use the Neo4j® Mark without Neo4j USA's authorization to send customers to iGov to obtain "Government Package for Neo4j" and "Government Development Package with Neo4j Enterprise."  *See* Ratinoff Decl., Exh. 14.  It also promoted "Neo4j Enterprise" as genuine Neo4j® EE despite being compiled by Suhy.  *See id.*, Exh. 16. | |
| | **Fact 9:** Under the Partner Agreement, PureThink agreed that all contractual restrictions would apply to any successor-in-interest, assign, and acquirer of substantially all of its assets.  Ratinoff Decl., Exh. 4 at § 10. | |
| | **Fact 10:** Suhy and PureThink formed iGov on or about June 23, 2017 to circumvent the restrictions in Section 4.3.1 of the Partner Agreement. Ratinoff Decl., Exhs. 10-11, 14-15, 17-19; PT Dkt. No. 22, ¶¶ 18-19; *see also* Exh. 3 at 46:12-16, PT Dkt. No. 72 at 8:22-25, 9:15-23. | |
| | **Fact 11:** Suhy is sole owner and employee of PureThink and iGov, used the same website template, and initially used the same offices and support telephone number for both entities. Ratinoff, Decl, Exh. 3 at 21:23-22:22, 23:16-18, 37:3-38:16, 39:6-40:23, 47:20-49:8, 52:9-11. | |
| | **Fact 12:** Suhy used both his iGov and PureThink email accounts to solicit customers that he had previously contacted under the Partner Agreement.  Ratinoff, Decl., Exhs. 19, 25, 29, 45-46, 54. | |
| | **Fact 13:** iGov took over PureThink's business relationship with the IRS. Ratinoff, Decl, Exh. 3 at 53:4-54:25; Exh. 127. | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | <u>Fact 14</u>: The PureThink Defendants ("PT Defendants") claimed to be "the developer of the retired Neo4j Government Edition" in close connection with touting their prior relationship with Neo4j USA. Ratinoff Decl., Exhs. 15-19, 21, 62-64. | |
| | <u>Fact 15:</u>  iGov used the Neo4j® Mark on its website without authorization to promote "Government Package for Neo4j" and "Government Development Package with Neo4j Enterprise," and related support services.  *See* Ratinoff Decl., Exhs. 15-18, 21, 62-64. | |
| | <u>Fact 16:</u>  iGov's other unauthorized uses of the Neo4j® Mark on its website included: (1) using "https://igovsol.com/**neo4j**.html" as a URL to promote "Government Development Packages for **Neo4j**"; (2) prominently displaying a "Request Procurement Document Package" link with "**mailto:neo4j@igovsol.com**" embedded that creates an email addressed thereto upon activation; (3) encouraging consumers to obtain more information by sending an email to "**neo4j@igovsol.com;**" (4) using "Government Packages for Neo4j" and "Neo4j Enterprise" to describe iGov's patchwork binaries of Neo4J® EE; and (5) touting PT Defendants' prior relationship with Neo4j USA and to be "the developer of the retired Neo4j Government Edition."  Ratinoff Decl., Exhs. 15-18, 21, 62-64, 67-69. | |
| | <u>Fact 17:</u> iGov continues to offer "Neo4j enterprise open source licensed distributions" and interchangeability referring to "ONgDB Enterprise" and "Neo4j Enterprise" on its website.   Ratinoff Decl., Exhs. 62-70 (highlighted in yellow). | |
| 3.  The PT Defendants used the Neo4j® Mark without Neo4j USA's authorization to promote ONgDB | <u>Fact 18:</u>   After Graph Foundation ("GFI") released ONgDB in July 2018, iGov continued to use "https://igovsol.com/neo4j.html" as a URL address to promote ONgDB until it deactivated that page sometime after July 27, 2020.  Ratinoff Decl., Exhs. 62-65; Exh. 13 at RFA No. 5.  While iGov replaced this url with "https://igovsol.com/graph.html," the contents of the page remained the same.  *Compare id.*, Exh. 65 *and* Exh. 66. | |
| | <u>Fact 19:</u>   iGov used the neo4j@igovsol.com email address on its "neo4j.html" page (*id.*, Exhs. 62-65) and "downloads.html" page (*id.*, Exhs. 67-69) as means for consumers to inquire about ONgDB until sometime in July 2020.  Ratinoff Decl., Exh. 13 at RFA Nos. 7-11. | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | Fact 20: GFI used a "Download Neo4j Enterprise" hyperlink on its "downloads" page to redirect consumers to download links for ONgDB until July 27, 2020. Ratinoff Decl., Exhs. 66-68 (highlighted in red), Exh. 13 at RFA Nos. 10, 14. | |
| | Fact 21: iGov continues to promote "ONgDB Enterprise," "Neo4j Enterprise" and "Neo4j Enterprise Edition" versions 3.5.x as open source Neo4j® EE that can be used for free under the AGPL. Ratinoff Decl., Exhs. 62-74. | |
| | Fact 22: iGov operated www.graphstack.io to further promote ONgDB using the Neo4j® Mark, and that "iGov Inc offers production support packages for Neo4j / ONgDB Enterprise open source distributions for US government agencies." Ratinoff Decl., Exh. 75. | |
| | Fact 23: The GraphStack website used hyperlinks to redirect consumers to Neo4j USA's official release notes and "What's New" page in conjunction with encouraging consumers to download ONgDB as an alleged "[d]rop in replacement for Neo4j Core and Enterprise 3.5.3." Ratinoff Decl., Exh. 75; Exh. 13 [RFA Nos. 42-43]. | |
| 4. The PT Defendants knew their uses of the Neo4j® Mark were unauthorized and violated Neo4j USA's Trademark Guidelines | Fact 24: The trademark guidelines the PT Defendants had agreed to be bound by in the Partner Agreement prohibited the use of the Neo4j® Mark: (1) with anything other than "the software in the exact binary form that it is distributed by [Neo4j], without modification of any kind;" and (2) "in a web page title, titletag, metatag, or other manner with the intent or the likely effect of influencing search engine rankings or results listings." Ratinoff Decl., Exh. 4 at § 4.1; Rathle Decl., ¶¶ 15-16, Exh. 5; *see also* Exh. 4 at §7.1; Exh. 3 at 67:18-24 | |
| | | |
| 5. The PT Defendants did not use the Neo4j® Mark to describe Plaintiffs' products | Fact 25: The PT Defendants used the Neo4j® Mark to promote their "Government Package for Neo4j" and "Government Development Package with Neo4j Enterprise" rather than comparatively describe Plaintiffs' Neo4j® EE. Ratinoff Decl., Exhs. 14-18, 21, 62-65. | |
| | Fact 26: The PT Defendants often used the Neo4® Mark to promote ONgDB instead of to comparatively describe Plaintiffs' Neo4j® EE. Ratinoff Decl., Exhs. 62-74; Exh. 13 [RFA Nos. 4-11, 14]. | |

842\3658210.3

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | Fact 27: The PT Defendants used the Neo4j® Mark on iGov's website as (1) an URL address for a page promoting their "Neo4j Enterprise" packages and ONgDB; (2) an email address for customers to obtain more information about their "Neo4j Enterprise" packages while referring to ONgDB; and (3) a hyperlink to redirect consumers to download ONgDB. Ratinoff Decl., Exhs. 14-18, 62-65, 67-69; Exh. 13 [RFA Nos. 4-11, 14, 33-34]. | |
| 6. Defendant's product was readily identifiable without use of plaintiffs' trademark | Fact 28: Rather than naming their version of Neo4j® EE something else without using the Neo4j® Mark, the PT Defendants used the mark to name and promote their "Neo4j Enterprise" packages and while referring to ONgDB, as well as using the Neo4j® Mark to offer related support services for ONgDB.  Ratinoff Decl., Exhs. 14-18, 62-65, 67-69; Exh. 13 [RFA Nos. 4-11, 14, 33-34]. | |
| | Fact 29: Rather than independently promoting ONgDB as a graph database software without use of Neo4j® Mark, the PT Defendants used the mark to promote ONgDB and related support services for ONgDB. Ratinoff Decl., Exhs. 62-65, 67-74; Exh. 13 [RFA Nos. 4-11, 14]. | |
| 7. The PT Defendants prominently used the Neo4j® Mark beyond what was reasonably necessary | Fact 30: The PT Defendants extensively used the Neo4j® Mark (without proper trademark usage and notices) on their website, and in direct solicitations beyond describing "Neo4j Enterprise" packages and ONgDB as a forks of Neo4j® EE.  Ratinoff Decl., Exhs. 14-18, 24-26, 42-47, 62-65, 67-74; Exh. 13 [RFA Nos. 4-11, 14, 33-34]. | |
| 8. The PT Defendant's use of the Neo4j® Mark suggested sponsorship or endorsement by Neo4j USA | Fact 31:  The PT Defendants claimed that (a) "By default, all Government Packages for Neo4j now comes with Neo4j Enterprise included under it's open source license!" [Ratinoff Decl., Exhs 14-15]; (b) "The packages on this page are compiled by iGov Inc using the official Neo4j source code repositories located at https://github.com/neo4j" [id., Exh. 16]; (c) "US Federal Government Packages for Neo4j Solutions" [id., Exh. 17]; (d) "Government Development Packages for Neo4j" [id.]; (5) "iGov Inc is now the only US Federal contractor providing Neo4j Enterprise binaries packaged with it's [sic] free Open Source license!" [id., Exh. 18]; (e) "Get the open source licensed Neo4j Enterprise distributions we package for our government customers" [id., Exh. 21]; (f) "We compile and packaged the open source licenced [sic] distributions from the same official Neo4j | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | Github Repositories as Neo4j Inc uses for their paid commercial licensed builds" [*id.*]; (g) "I manage the Neo4j open source distributions used by the Treasury, DHS, etc. If you don't know about Neo4j - here is their website: http://neo4j.com" [*id.*, Exh. 26]. *See also id.*, Exhs. 19-20, 62-66. | |
| | Fact 32: The PT Defendants also claimed on iGov's website that (a) "We only focus on only supporting 100% free and open source ONgDB Enterprise & Neo4j Enterprise open source licensed distributions." [Ratinoff Decl., Exh. 66]; (b) "ONgDB Enterprise is a drop In replacement for Neo4j Enterprise commercial packages downloaded from Neo4j.com" [*id.*]; (c) "The distributions we package for the federal government and community as a whole are drop in replacements for Neo4j Enterprise commercial packages you download from neo4j.com" [*id.*]; and (d) "ONgDB (AKA ONgDB Enterprise) 3.5.11 is Neo4j 3.5.11 Core + the enterprise features Neo4j Inc removed from the code base as of v3.5. All ONgDB and Neo4j Enterprise AGPL distributions can be used in production, in closed source projects, and with no limitations on # of cores or causal cluster instances." [*id.*, Exh. 74]. *See also, id.* at Exhs. 62-65, 71-73. | |
| | Fact 33: The PT Defendants solicited customers about ONgDB stating that (a) "I can explain why the foundation was created and how we package Neo4j Enterprise (We call ONgDB) distributions that are being adopted at IRS…" [Ratinoff Decl., Exh. 24]; (b) "the Graph Foundation was setup to ensure Neo4j/ONgDB remains free and open. It is Neo4j Core + Enterprise feature set added back in, so it is drop in replacement for a Neo instance of the same version. (Ex: 3.5.5)" [*id.*, Exh. 44]; (c) "ONgDB (Open Native Graph Database): Neo4j Enterprise OSS distribution downloads 3.5.8 will be up next week" and "ONgDB 3.5.8 is a drop-in replacement for Neo4j Enterprise 3.5.8" [*id.*, Exh. 46]; (d) "We compile Neo4j branded distributions for agencies who added Neo4j branded distributions instead of ONgDB branded distributions to their white lists. We have all versions of the Neo4j branded distributions up to 3.5 available" [*id.*,]; and (e) "Neo4j Enterprise open source distribution licenses and basic support. Aka: ONGDB" [*id.*, Exhs. 55, 131]. *See also, id.* Exhs. 43, 47, 54. | |
| | Fact 34: In its promotion of ONgDB software, iGov used hyperlinks on its website to redirect consumers to Neo4j USA's official release notes (https://neo4j.com/release-notes/neo4j-3-5-5/) and "What's New" page (https://neo4j.com/whats-new-in-neo4j/) until it removed | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | those references sometime in July 2020.  *See* Ratinoff, Exhs. 67-69 (highlighted in blue). | |
| 8. The PT Defendant's use of the Neo4j® Mark caused actual consumer confusion | Fact 35: The PT Defendant's use of the Neo4j® Mark to promote ONgDB resulted in customers choosing ONgDB and encountering compatibility issues.  Ratinoff Decl., Exh. 115-116; Exh 31 at 230:12-233:10; Exh. 3 at 207:12-209:3. | |
| | Fact 36: Defendants' interchangeable use of "Neo4j Enterprise" and "ONgDB" in marketing ONgDB misleads consumers into mistakenly believing that ONgDB and Neo4j EE were one and the same.  *See, e.g.,* Exhs. 35, 40, 42-44, 46, 53, 55, 76, 100, 130-131, 134-135. | |
| | Fact 37: The PT Defendant's use of the Neo4j® Mark to promote ONgDB as free open source and falsely it with commercially licensed Neo4j® EE created actual customer confusion.  Ratinoff Decl., Exh. 48-49, 117-120, 130-131, 134-135. | |
| | Fact 38: Consumers who have downloaded ONgDB rather than official Neo4j® EE have experienced technical issues with ONgDB.  Ratinoff Decl., Exh. 121-124, 133. In one instance, Suhy sent a user to Neo4j USA's operations manual for assistance. *Id.,* Exh. 125. | |
| **Claim 2: Trademark Infringement Against Graph Foundation Inc.** | | |
| 1. Plaintiff Neo4j Inc. ("Neo4j USA") owns a protectable trademark | Fact 39: Neo4j USA is the owner of U.S. Trademark Registration No. 4,784,280 for the word mark "NEO4J" covering the goods and services in International Classes, 009, 035, 041, 042 and 045 (the "Neo4j® Mark").  Declaration of Jeffrey M. Ratinoff, ("Ratinoff Decl."), Exh. 1. | |
| 3.  GFI used the Neo4j® Mark without Neo4j USA's authorization to promote ONgDB | Fact 40: Defendants copied the code, removed the commercial restrictions imposed by the Neo4j Sweden Software License from Neo4j® EE version 3.4 and began promoting ONgDB as the open source Neo4j® EE 3.4 under the AGPL.  Ratinoff Decl., Exh. 24-26, 28-29, 37, 62, 86; *see also* Exh. 3 at 28:25-29:11, 171:23-172:23, 199:22-200:20; Exh. 31 at 87:24-90:9. | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | Fact 41: GFI copied the landing page on Plaintiffs' GitHub repository without any overt reference to ONgDB.  GFI Dkt. No. 89, ¶ 18, Exh. 18; Ratinoff Decl., Exh. 31 at 81:14-20. | |
| | Fact 42: On January 17, 2019, GFI modified its landing page by changing the title to "ONgDB - Neo4j Enterprise Fork: Graphs for Everyone," adding references "ONgDB & Neo4j" and that "ONgDB & **Neo4j Enterprise** consist of modules from Neo4j Community Edition and modules licensed under AGPLv3 in this repository," but the content still remained almost identical to Plaintiffs' GitHub landing page and contained wide-spread misuse of the Neo4j® Mark.  Dkt. No. 89, ¶¶ 19-21, Exhs. 19-21 (emphasis added). | |
| | Fact 43:  On April 14, 2020, GFI started to remove the Neo4j® Mark and Neo4j USA's URLs from that page.  *Compare* GFI Dkt. No. 89, Exh. 22 *and* Exhs. 23-28.  However, GFI's landing page was still titled "ONgDB - Neo4j Enterprise Fork: Graphs for Everyone," still started off stating "Neo4j is the world's leading Graph Database," encouraged consumers to "Learn more on the Neo4j website," and continued to use the Neo4j® Mark throughout.  *Id.*, ¶¶ 29-31Exhs. 29-31. | |
| | Fact 44:   On April 21, 2020, GFI removed instances of the Neo4j® Mark and hyperlinks to Neo4j USA's website, but still used Plaintiffs' catch phrase "Graphs for Everyone" and mislabeling the Neo4j® Platform as the "neo4j project."  GFI Dkt. No. 89, Exhs. 32-33. | |
| | Fact 45: Rather than create its support documentation for ONgDB, GFI relied upon Neo4j USA's official documentation and used hyperlinks on its website to redirect users to Plaintiffs' official documentation, including Neo4j USA's copyrighted operation and developer manuals, located on its website.  Dkt. No. 89, ¶¶ 3-8, 13-16, Exhs. 3-8, 13-16; Ratinoff Decl., Exhs. 78-83, Exh. 129 [RFA Nos. 81-84, 88-89, 93-94, 98-100, 104, 108, 111, 123-126, 130-136]. | |
| | Fact 46: GFI's website directed users to **Plaintiffs'** change logs for each new release of ONgDB until GFI finally started its own change log with ONgDB v3.5.16.  Dkt. No. 89, ¶¶ 3-8, Exhs. 3-8; Ratinoff Decl., Exh. 84; Exh. 129 [RFA Nos. 87, 92, 97, 103, 107, 110]. | |
| | Fact 47: Up until April 14, 2020, GFI's GitHub landing page stated "To build the documentation see the Neo4j documentation" with an | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | embedded hyperlink: https://github.com/neo4j/neo4j-documentation/. Dkt. No. 89, Exhs. 18-19, 23. | |
| | <u>Fact 48:</u> GFI's document repository on GitHub also uses hyperlinks that send consumers to Neo4j USA's official documentation on Neo4j USA's corporate website. Dkt. No. 89, ¶¶ 9-16; Ratinoff Decl., Exhs. 82-83; Exh. 31 at 276:19-279:12, 284:2-285:18; Exhs. 128-129 [RFA Nos. 81-84, 115-126]. | |
| | <u>Fact 49:</u> The Neo4j USA developer and operation manuals are copyrighted by Neo4j USA and subject to the License: Creative Commons 4.0, which contains a hyperlink to the Attribution-NonCommercial-ShareAlike 4.0 International Public License, which expressly prohibits the use of Plaintiffs' documents for commercial purposes. Ratinoff Decl., Exh. 85, Exh. 31 at 286:1-288:13. | |
| | <u>Fact 50:</u> GFI used the Neo4j® Mark in the title tags of webpages on its website featuring ONgDB. Ratinoff Decl., Exhs. 128-129 [RFA Nos. 85-86, 90-91, 95-96, 101-102, 105-106]. | |
| | <u>Fact 51:</u> GFI did not seek or obtain Neo4j USA's authorization to use the Neo4j® Mark on GFI's website and GitHub repository in the foregoing manner. Ratinoff Decl., Exh. 31 at 181:6-182:3, Exh. 129 [RFA Nos. 5-9, 22-26, 69, 71, 73-76, 78]. | |
| | <u>Fact 52:</u> GFI used the Neo4j® Mark as a hashtag (#Neo4j) in tweets published from GFI's Twitter Account to promote ONgDB. Ratinoff Decl., Exhs. 89-92, 95-96, Exhs. 128-129 [RFA Nos. 149-150, 157-158, 165-166, 173-174, 181-182, 187-188]. | |
| 4. GFI's ONgDB product was readily identifiable without the Neo4j® Mark | <u>Fact 53:</u> ONgDB can be readily identified as such or as "Open Native Graph Database" without use of the Neo4j® Mark. Ratinoff Decl., Exh. 31 at 27:17-29:9, 172:23-173:16, 175:5-20, 176:7-19, 178:13-179:25. | |
| | <u>Fact 54:</u> GFI issued tweets promoting ONgDB without using the Neo4j® mark or the mark as hashtag. Ratinoff Decl., Exhs. 86, 88. | |
| 4. GFI did not use the Neo4j® Mark to describe Plaintiffs' Neo4j® products | <u>Fact 55:</u> GFI copied the landing page on Plaintiffs' GitHub repository without any overt reference to ONgDB and gratuitously used the Neo4j® Mark to describe and promote its own software. *See supra* Facts 41-44. | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | **Fact 56:** At the time that Plaintiffs filed suit, GFI's ONgDB repository still strongly resembled the landing page for Plaintiffs repository for the Neo4j® Platform, and repeatedly referred to "ONgDB & Neo4j" as if they were one and the same, and even used "Neo4j" *instead* of "ONgDB." *Compare* Ratinoff Decl., Exh. 58 *and* Exh. 59. | |
| | **Fact 57:** Rather than independently promoting ONgDB as a graph database software without use of Neo4j® Mark, GFI used the mark to promote ONgDB on its website and GitHub repository. *See supra* Facts 41-52. | |
| | **Fact 58:** GFI used a hashtag, **#Neo4j** that consists of nothing more than the Neo4j® Mark with a "#" before the mark to promote ONgDB on social media. Ratinoff Decl., Exhs. 1, 89-96 and Exh. 31 at 233:17-237:21. | |
| | **Fact 59:** GFI chose the following format that relied on using the Neo4j® Mark as a hashtag to announce its new releases of ONgDB: "**#ONgDB (#FOSS#Neo4j** Enterprise) 3.5.x support release is out," with no attempt to differentiate ONgDB and Neo4j® EE as separate, competing products.[1] Ratinoff Decl., Exhs. 89, 92, 94-95; Exh. 31 at 233:17-236:15, 240:12-241:25, 246:5-249:2. | |
| | **Fact 60:** GFI issued a tweet that stated "**#ONgDB**, Open **#Neo4j** Enterprise," and in another instance "Our **#ONgDB**/**#Neo4j** Enterprise CI server is up and running builds…." Ratinoff Decl., Exhs. 91, 93. | |
| | **Fact 61:** GFI used "**#Neo4j** Enterprise 3.5" to solicit end-users of official Neo4j® EE v3.5 to report bugs to GFI so that it could identify bugs in the closed enterprise directory for Neo4j® EE and attempt to mimic such fixes in ONgDB. Ratinoff Decl., Exh. 61, Exh. 31 at 161:23-163:12, 169:13-172:13 | |
| | **Fact 62:** GFI used **#Neo4j** to promote ONgDB without reference to Neo4j® EE: "Latest **#ONgDB** apoc 3.5.0.8 procedure release is out. https://github.com/graphfoundatio... **#Neo4j**." Ratinoff Decl., Exh. 96. | |
| | **Fact 63:** GFI admitted intentionally used the Neo4j® Mark as a hashtag "to inform users about ONgDB" and to make it more likely that potential customers would come across ONgDB in conducting searches | |

---

[1] "FOSS" stands for free open source software. Ratinoff Decl., Exh. 31 at 233:17-234:3.

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | in relation to Neo4j® EE.  Ratinoff Decl., Exh. 31 at 174:14-176:19, 236:4-11, 237:9-239:7, 242:14- 243:21. | |
| 7. GFI prominently used the Neo4j® Mark beyond what was reasonably necessary | <u>Fact 64:</u> GFI copied the landing page on Plaintiffs' GitHub repository without any overt reference to ONgDB and despite making modifications continued to use the Neo4j® Mark on its GitHub repository beyond merely describing ONgDB as a fork of Neo4j® EE. *See supra* Facts 41-55; *see also* Dkt. No. 89 at ¶¶ 17-33, Exhs. 17-33. | |
| | <u>Fact 65:</u> At the time that Plaintiffs filed suit, GFI's ONgDB repository still strongly resembled the landing page for Plaintiffs repository for Neo4j® Software, and repeatedly referred to "ONgDB & Neo4j" as if they were one and the same, and even used "Neo4j" instead of "ONgDB." *Compare* Ratinoff Decl., Exh. 58 *and* Exh. 59. | |
| | <u>Fact 66:</u> GFI's (1) use of "neo4j," "neo4j enterprise" and "Neo4j Enterprise" without proper trademark notices; (2) use of embedded "Neo4j" links to Neo4j USA's website and GitHub repository; (3) hyperlinking to Plaintiffs' build instructions, support documentation and change logs all containing the Neo4j® Mark rather than creating and hosting their own with the ONgDB name; and (4) interchangeable use of "Neo4j Enterprise" with "ONgDB" to promote ONgDB on its website and GitHub goes beyond what is reasonably necessary to identify ONgDB as a fork of Neoj4® EE.  *See supra* Facts 41-51, 56-58; *see also* Ratinoff Decl., Exhs. 37, 57-58; Dkt. No. 89, ¶¶ 3-16. | |
| | <u>Fact 67:</u>  GFI used the Neo4j® Mark as a hashtag, **#Neo4j**, to promote ONgDB rather than to merely describe ONgDB as a fork of Neo4j® EE.  *See supra* Facts 59-64. | |
| | <u>Fact 68:</u>  GFI admitted that it could have referred to "Neo4j Enterprise" without using the Neo4j® Mark as a hashtag to identify the product. Ratinoff Decl., Exh. 31 at 236:4-15. | |
| | <u>Fact 69:</u>  GFI It also conceded that it could have used a format where it described ONgDB as being a fork of Neo4j® EE rather than simply inserting "#Neo4j Enterprise" with "#ONgDB."  See id., Exh. 31 at 243:23-245:12; Exh. 93. | |
| 8. GFI's  use of the Neo4j® Mark suggested | <u>Fact 70:</u> GFI copied the landing page on Plaintiffs' GitHub repository without any overt reference to ONgDB and despite making modifications continued to use the Neo4j® Mark on its GitHub | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| sponsorship or endorsement by Neo4j USA | repository beyond merely describing ONgDB as a fork of Neo4j® EE. *See supra* Facts 41-55; *see also* Dkt. No. 89 at ¶¶ 17-33, Exhs. 17-33. | |
| | Fact 71: At the time that Plaintiffs filed suit, GFI's ONgDB repository still strongly resembled the landing page for Plaintiffs repository for Neo4j® Software, and repeatedly referred to "ONgDB & Neo4j" as if they were one and the same, and even used "Neo4j" instead of "ONgDB." *Compare* Ratinoff Decl., Exh. 58 *and* Exh. 59. | |
| | Fact 72: GFI (1) used "neo4j," "neo4j enterprise" and "Neo4j Enterprise" without proper trademark notices; (2) used embedded "Neo4j" links to Neo4j USA's website and GitHub repository; (3) stated on its GitHub repository for ONgDB for customers to "Learn more on the Neo4j website," and continued to use the Neo4j® Mark throughout that repository; (4) hyperlinked to Plaintiffs' build instructions, support documentation and change logs on GFI's website and GitHub repository all containing the Neo4j® Mark; (5) interchangeably used "Neo4j Enterprise" with "ONgDB" to promote ONgDB on its website and Github repository; and (6) used the Neo4j® as a hashtag on Twitter to promote ONgDB. *See supra* Facts 42-43, 56-70. | |
| | Fact 73: GFI's intended audience in using the Neoj4® Mark as a hashtag were users of Neo4j® EE. Ratinoff Decl., Exh. 31 at 174:14-176:19, 236:4-11, 237:9-239:7, 242:14- 243:21. | |
| 9. GFI's use of the Neo4j® Mark caused actual consumer confusion | Fact 74: GFI's use of the Neo4j® Mark to promote ONgDB resulted in customers choosing ONgDB and encountering compatibility issues. Ratinoff Decl., Exh. 115-116; Exh 31 at 230:12-233:10; Exh. 3 at 207:12-209:3. | |
| | Fact 75: GFI lead consumers to believe that ONgDB and Neo4j® EE were one and the same. *See, e.g.,* Exhs. 35, 40, 42-44, 46-47, 53, 55-58, 76, 100, 130-131, 134-135. | |
| | Fact 76: GFI's use of the Neo4j® Mark to promote ONgDB as free open source and falsely comparing it with commercially licensed Neo4j® EE created actual customer confusion, and diverted sales from Neo4j USA, including the IRS and Next Century/MPO. Ratinoff Decl., Exh. 48-50, 117-120, 127, 131, 134-135; Broad Decl., ¶¶ 20-24, Exhs. 12-13. | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| **Claim 3: False Advertising Against GFI and the PT Defendants** | | |
| 1. Defendants made a false statement of fact about a product in a commercial advertisement, which is (a) commercial speech; (b) made in commercial competition with Neo4j USA; (c) for the purpose of influencing consumers to buy their goods or services; and (d) sufficiently disseminated to the relevant purchasing public | <u>Fact 77:</u> Defendants made the following false statements interstate commerce via their websites and Twitter: (1) "ONgDB distributions are licensed under AGPLv3 as a free and open drop-in replacements of Neo4j Enterprise commercial licensed distributions with the same version number" [Ratinoff Decl., Exh. 57]; (2) "ONgDB and Neo4j Enterprise consists of modules from Neo4j Community Edition and modules licensed under the AGPLv3" [*id.*, Exh. 58]; (3) "ONgDB distributions are licensed under AGPLv3 as a free and open source alternative to currently available proprietary native graph offerings such as Neo4j Enterprise Edition" [*id.,* Exhs. 60, 113-114]; (4) "download ONgDB Enterprise as a drop in replacement for an existing commercial licensed distribution of the same version number." [*id.,* Exhs. 62-66]; (5) "ONgDB Enterprise is a drop in replacement for Neo4j Enterprise commercial packages downloaded from Neo4j.com" [*id.,* Exhs. 62-66, 71]; (6) "ONgDB Enterprise 3.5.5…. Drop in replacement for Neo4j Core and Enterprise 3.5.5. AGPLv3 Open Source License, no limitations on causal cluster instances, cores, or production usage" [*id.,* Exhs. 67-69, 75]; (7) "ONgDB is a drop in replacement for the Neo4j Community and Enterprise branded distributions" [*id.,* Exhs. 72-74]; (8) "[ONgDB] is an open source fork of #Neo4j" [*id.,* Exh. 93]; and (9) "You can use the ONgDB fork of Neo4j which adds enterprise code back into Neo4j core. It is 100% free and open." [*id.,* Exhs. 98-104, 108]. | |
| | <u>Fact 78:</u> The PT Defendants also stated on iGov's website that "[Neo4j Enterprise] is 100% free and open source" and "Neo4j Enterprise is released only under the standard AGPLv3 open source license that is managed by the free software foundation."  Ratinoff Decl., Exhs. 67-70; *see also* Exh. 21. | |
| | <u>Fact 79:</u> Defendants actively encourage actual and potential users of commercially licensed Neo4j® EE to adopt ONgDB and obtain support services from iGov and GraphGrid instead of Plaintiffs. Ratinoff Decl., Exhs. 23, 28-29, 40, 42-54, 76-77, 126, 134-135. | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | Fact 80: Neo4j Sweden is the owner of all copyrights in Neo4j® CE and Neo4j® EE, including the source code and has licensed said copyrights to Neo4j USA. Rathle Decl., ¶¶ 3-4. | |
| | Fact 81: Plaintiffs released Neo4j® EE v3.4 under a license that which included the terms from the AGPLv3 and additional restrictions provided by the Commons Clause ("Neo4j Sweden Software License"). Rathle Decl., ¶¶ 11-12, Exhs. 2-3. | |
| | Fact 82: The Neo4j Sweden Software License, while still allowing code to be publicly viewable and used within a certain licensed scope, prohibits commercial resale and certain commercial support services. Rathle Decl., ¶¶ 11-12, Exhs. 2-3. | |
| | Fact 83: After Plaintiffs released Neo4j® EE v3.4, the PT Defendants downloaded Neo4j's source code from Neo4j's GitHub repository, removed the commercial restrictions imposed by the Neo4j Sweden Software License, and began promoting it "free and open source" Neo4j Enterprise and offering commercial support services. Ratinoff Decl., Exh. 3 at 171:23-172:23, 199:22-200:20; Exh. 21. | |
| | Fact 84: Rather than develop ONgDB as an independent fork based off an earlier open source version of Neo4j® EE, Defendants stripped the commercial restrictions out of the Neo4j Sweden Software License from Neo4j EE version 3.4 and began promoting ONgDB as the open source equivalent of Neo4j® EE 3.4 under the AGPL. Ratinoff Decl., Exh. 24-26, 28; *see also* Exh. 31 at 87:24-90:9. | |
| | Fact 85: Plaintiffs officially released Neo4j® EE v.3.5 solely under a commercial license in November 2018, and were no longer publishing source code for Neo4j® EE on GitHub under any open source license. Rathle Decl., ¶ 13, Exh. 4. | |
| | Fact 86: Prior to its official release, Plaintiffs published several beta versions of Neo4j® EE v3.5 via their GitHub repository subject to the Neo4j Sweden Software License, with Neo4j® v3.5.0-RC1 being the last pre-release version available to Defendants via GitHub. Rathle Decl., ¶ 14; *see also* Ratinoff Decl., Exh. 31 at 158:18-159:20. | |
| | Fact 87: GFI's release of ONgGB v3.5.1, which contained at least 182 source code files that had only been previously released under the Neo4j Sweden Software License in the last beta version of Neo4j® EE 3.5 | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | made available by Plaintiffs via GitHub.  Ratinoff Decl., Exh. 38 at 6:22-7:1, 8:4-16:24; *see also* Rathle Decl., ¶ 29. | |
| | <u>Fact 88</u>: In order for Defendants to call ONgDB "free and open source" Neo4j® EE, they again replaced the more restrictive Neo4j Sweden Software License with a generic copy of the AGPL and stripped out valid legal notices identifying Neo4j Sweden as the copyright holder and licensor in 28 LICENSE.txt files. Ratinoff Decl., Exhs. 39-40; Dkt. No. 91 at 19:9-25; Exh. 31 at 159:3-10; Rathle Decl., ¶ 30. | |
| | <u>Fact 89</u>: The Neo4j Sweden Software License did not permit a licensees such as Defendants to remove "further restrictions," i.e. the Commons Clause, imposed by Neo4j Sweden as the copyright holder and original licensor.  Rathle Decl., Exh. 3 at §§ 7, 10; GFI Dkt. No. 88 at 5:23-8:9. | |
| | <u>Fact 90</u>: Defendants knew that they could not unilaterally replace the Neo4j Sweden Software License with the APGL without authorization. Ratinoff Decl., Exhs. 34-36, Exh. 31 at 183:14-184:24, 207:10-210:8. | |
| | <u>Fact 91</u>: Defendants' statements that ONgDB v3.5.x was "100% free and open" with no limitations or restrictions imposed by commercial licensed Neo4j® EE v3.5.x and the like were false because they knew that Neo4j Sweden owned the copyright for Neo4j® EE and never gave permission to remove Commons Clause and offer it as ONgDB under the AGPL.   Ratinoff Decl., Exh. 55-56; Exh. 3 at 183:12-183:1, 187:12-188:5, 189:1-191:3, 235:21-237:14, 240:22-243:22. | |
| | <u>Fact 92</u>: The Nussbaums also own GraphGrid and AtomRain, which share the same office and computers with GFI, and provide commercial training and consulting and support for users of ONgDB, and benefit from customers being able to use ONgDB for "free" and diverting available project funds to pay them for such services.  Ratinoff Decl., Exhs. 52-53; Exh. 31 at 22:24-23:3, 31:5-32:19, 35:3-13, 57:18-58:21, 65:20-70:16, 194:14-17; *see also* Exh. 28 ("If you are looking for a full shield of liability, we recommend using one of our supporters such as GraphGrid") and Exhs. 76, 134-135. | |
| | <u>Fact 93</u>: Defendants removed the Commons Clause without Neo4j Sweden's authorization as the copyright holder in an attempt to allow iGov, AtomRain and GraphGrid to commercially use and support ONgDB.  Ratinoff Decl., Exh. 23-26, 28-29, 39, 76-77, 126, 134-135; Exh. 3 at 28:25-29:11; Rathle Decl., ¶¶ 29-30. | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | | |
| | <u>Fact 94:</u> ONgDB v3.5.1 and later versions are not 100% identical to equivalent version numbers of Neo4j® EE. Ratinoff Decl., Exh. 31 at 158:18-163:5, 163:13-165:6; Exh. 3 at 124:2-126:2. Rather, ONgDB is a patchwork of code from the last public beta, Neo4j® EE 3.5.0-RC1, and Neo4j® Community Edition held together by "glue code" authored by Suhy, Brad Nussbaum and other GFI contributors. *See id.* | |
| | <u>Fact 95:</u> By splicing together source code for ONgDB in that manner, GFI is creating software that is not of the same quality as if it were compiled by Plaintiffs because GFI does not have access to the same rigorous build infrastructure for official Neo4j® Software, which goes beyond what is built into Neo4j® CC and carries out tens of thousands of functional, performance, load, stress, and other tests to ensure quality. Rathle Decl. ¶¶ 31-34; Ratinoff Decl., Exh. 31 at 168:14-169:6. | |
| | <u>Fact 96:</u> GFI is dependent on what patches are made available in Neo4j® CE and sought to redirect users of official Neo4j® EE to GFI and identify bugs in the closed enterprise directory for Neo4j® EE. Ratinoff Decl., Exh. 61, Exh. 31 at 161:23-163:12, 169:13-172:12. | |
| | <u>Fact 97:</u> Since GFI introduced modifications and patches to ONgDB 3.5.x in an attempt to keep pace with the closed Neo4j® EE releases, the potential for stability and compatibility issues with ONgDB increases. Rathle Decl., ¶ 34; Ratinoff Decl., Exh. 31 at 161:23-163:12. | |
| | <u>Fact 98:</u> Defendants had no way of knowing this after Plaintiffs closed off public access to the source code for enterprise-only features in November 2018 and had no visibility into Neo4j Sweden's proprietary testing and patches. Ratinoff Decl., Exh. 31 at 158:18-160:5; Exh. 3 at 223:1-224:9; Exh. 40; Rathle Decl., ¶¶ 31-34. | |
| | <u>Fact 99:</u> Defendants knew that ONgDB 3.5.x does not include every closed enterprise feature in equivalent Neo4j® EE 3.5.x. Ratinoff Decl., Exh. 38 at 2:12-17, 4:15-22, 5:4-6:21; Exh. 3 at 127:19-128:17. | |
| | <u>Fact 100:</u> GFI admitted that ONgDB v3.5.4 is not 100% identical to official Neo4j® EE v3.5.4. Ratinoff Decl., Exh. 31 at 158:18-163:5, 163:13-165:6; Exh. 3 at 124:2-126:23. | |
| | <u>Fact 101</u>: GFI admitted that after ONgDB v3.5.4, it could not "reliably guarantee that it was a drop-in replacement" for the same version | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | number of Neo4j® EE and was unwilling to do the testing to make such integration and compatibility guarantees because it became "too hard to demonstrate." Ratinoff Decl., Exh. 31 at 186:24-188:17, 188:23-189:23. | |
| | **Fact 102**: As a result, Defendants were leading consumers to believe they were downloading an exact copy of the same version of commercial-only releases of NEO4J® EE, which in actuality they were receiving an inferior ONgDB product that was not a true "drop in" replacement. *See supra* Facts 80-101. | |
| | **Fact 103**: Neo4j® EE has been subject to trademark policies and guidelines published on Plaintiffs' website, which along with the terms of the GPL, AGPL and Neo4j Sweden Software License, made clear that to the extent any authorized modifications are made to Neo4j® Software, such modified software should indicate so and no longer bear the Neo4j® Mark. Rathle Decl., ¶¶ 15-18. Exhs. 5-7. | |
| 2. Defendants' statements actually deceive or has the tendency to deceive a substantial segment of its audience | **Fact 104:** Defendants intentionally made the false statements publicly on their website and on Twitter that ONgDB is a "free and open" drop-in replacement/equivalent under the AGPL to convince customers to adopt ONgDB over Neo4j® EE, and pay iGov, Graph Grid and/or AtomRain for related consulting and support services. *See supra* Facts 78-80, 83-84, 86-93. | |
| | **Fact 105:** Consumers chose ONgDB over Neo4j® EE based on Defendants' misrepresentations about ONgDB being "free and open" drop-in replacement/equivalent under the AGPL, including NextCentury and the MPO, Tufin, the IRS, Department of Homeland Security (DHS) and others. Ratinoff Decl., Exhs. 35, 40, 48-51, 53, 100, 120, 127, 133-135; Exh. 3 at 54:17-55:1, 142:15-144:20, 227:3-8, Exh. 31 at 191:15-24, 194:23-25, 195:13-18, 196:22-197:24; Broad Decl., ¶¶ 20-24; Exhs. 12-13. | |
| 3. Defendants' deception is material | **Fact 106:** Defendants' false statements that ONgDB is a drop-in replacement/equivalent to paid-for, commercial licensed Neo4® EE was material to potential consumers' purchasing decision because Defendants were offering it for free under the AGPL, and unbeknownst to consumers, in violation of the Neo4j Sweden Software License and Neo4j Sweden's copyright. *See supra* Facts 78-93. | |
| | **Fact 107:** Defendants intentionally made the false statements publicly on their website and on Twitter that ONgDB is a "free and open" drop- | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | in replacement/equivalent under the AGPL to convince customers to adopt ONgDB over Neo4j® EE. *See supra* Facts 78-93. | |
| 4. Defendants caused the false statement to enter interstate commerce | Fact 108:  Defendants' false statements entered interstate commerce through the internet via their websites and Twitter, as well as emails sent to consumers.  Ratinoff Decl., Exhs. 18, 21, 25, 29, 42-46, 49-51, 54-55, 57-58, 60, 62-66, 67-70, 72-74, 93, 99-104, 108, 113-114. | |
| 5. Neo4j USA has been or is likely to be injured as a result of the false statement | Fact 109: Defendants' false statements diverted sales from Neo4j USA. Ratinoff Decl., Exhs. 35, 40, 47-51, 53, 100, 120, 127, 133-135; Exh. 3 at 54:17-55:1, 142:15-144:20, 227:3-8, Exh. 31 at 191:15-24, 194:23-25, 195:13-18, 196:22-197:24; Broad Decl., ¶¶ 20-24; Exhs. 12-13. | |
| | Fact 110: Neo4j USA lost multi-year deal with the IRS.  Broad Decl., ¶¶ 20-21. | |
| | Fact 111: Neo4j USA lost multi-year deal with Next Century/MPO adopting ONgDB, amounting to over over $2.2 million in lost revenue. Broad Decl., ¶¶ 22-24, Exhs. 12-13. | |
| **Claim 4: False Designation of Origin  Against GFI and the PT Defendants** | | |
| 1. used in commerce any word, false designation of origin, false or misleading description, or representation of fact | Fact 112:  Defendants' false and misleading statements that ONgDB is a "free and open" drop-in replacement under the AGPL for equivalent versions of paid-for commercially licensed Neo4® EE were made in commerce through the internet via their websites and Twitter, as well as emails sent to consumers. Ratinoff Decl., Exhs. 18, 21, 25, 29, 42-46, 49-51, 54-55, 57-58, 60, 62-66, 67-70, 72-74, 93, 99-104, 108, 113-114; *see also* Facts 78-80. | |
| | Fact 113:  Defendants' statements that ONgDB is a "free and open" drop-in replacement under the AGPL for equivalent versions of paid-for commercially licensed Neo4® EE were false and misleading because Defendants did not have the right to replace the Neo4j Sweden Software License with the AGPL.  *See* Facts 78-93. | |
| | Fact 114:  Defendants' statements ONgDB is a "free and open" drop-in replacement  under  the  AGPL  for  equivalent  versions  of  paid-for commercially licensed Neo4® EE were false and misleading because | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | ONgDB was not of the same quality as if it were compiled by Plaintiffs. Rathle Decl. ¶¶ 19-22, 29-34; Ratinoff Decl., Exh. 3 at 216:2-218:6; Exh. 31 at 161:23-163:12, 168:14-169:6. | |
| | Fact 115: Since GFI introduced modifications to ONgDB in an attempt to keep pace with the closed Neo4j® EE releases, the potential for stability and compatibility issues with ONgDB increases. *See* Rathle Decl., ¶¶ 29-24; *see also* Ratinoff Decl., Exh. 31 at 158:18-160:5, 161:23-163:12; Exh. 3 at 223:1-224:9; Exh. 40. | |
| | Fact 116: ONgDB does not include every closed enterprise feature in the equivalent version of Neo4j® EE. Ratinoff Decl., Exh. 38 at 2:12-17, 4:15-22, 5:4-6:21; Exh. 3 at 127:19-128:17. | |
| | Fact 117: GFI admitted that after ONgDB v3.5.4, it could not "reliably guarantee that it was a drop-in replacement" for the same version number of Neo4j® EE and was unwilling to do the testing to make such integration and compatibility guarantees. Ratinoff Decl., Exh. 31 at 186:24-188:17, 188:23-189:23. | |
| 2. which is likely to cause confusion or mistake, or to deceive, as to sponsorship, affiliation, or the origin of the goods or services in question. | | |
| (a) strength of the mark | The Neo4j® Mark is inherently distinctive and Plaintiffs have used it in commerce since 2007, and as a result has gained strong brand recognition via various awards and recognition in the graph database software market. Broad Decl., ¶¶ 2-19, Exhs. 1-11. | |
| (b) relatedness of the goods and similarity of sight, sound and meaning | Defendants promote ONgDB as Neo4j® EE except that they are free and licensed without restrictions under the AGPL. Ratinoff Decl., Exhs. 18, 21, 25, 29, 42-46, 49-51, 54-55, 57-58, 60, 62-66, 67-70, 72-74, 93, 99-104, 108, 113-114. | |
| (c) evidence of actual confusion; | Fact 118: Defendants' interchangeable use of "Neo4j Enterprise" and "ONgDB" misleads consumers into mistakenly believing that ONgDB | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Parties' Response/Supporting Evidence |
|---|---|---|
| | and Neo4j® EE were one and the same. Ratinoff Decl., Exhs. 35, 40, 42-44, 46-47, 53, 55-58, 76, 100, 130-131, 134-135. | |
| | <u>Fact 119:</u> Defendants' misrepresentations about ONgDB being "free and open" drop-in replacement/equivalent under the AGPL caused actual confusion over Defendants' unauthorized modification to the Neo4j Sweden Software License and justification for doing so. *See* Ratinoff Decl., Exhs. 40, 49, 55, 118-119, 131, 133-134. | |
| | <u>Fact 120:</u> GFI's use of the Neo4j® Mark to promote ONgDB resulted in customers choosing ONgDB over Neo4j® EE and encountering compatibility issues. Ratinoff Decl., Exh. 115-116; Exh 31 at 230:12-233:10; Exh. 3 at 207:12-209:3. | |
| | <u>Fact 121:</u> Consumers chose ONgDB over Neo4j® EE based on Defendants' misrepresentations about ONgDB being "free and open" drop-in replacement/equivalent under the AGPL, including NextCentury and the MPO, Tufin, the IRS, Department of Homeland Security (DHS) and others. Ratinoff Decl., Exhs. 35, 40, 47-51, 53, 100, 120, 127, 133-135; Exh. 3 at 54:17-55:1, 142:15-144:20, 224:13-23, 227:3-8, Exh. 31 at 191:15-24, 194:23-25, 195:13-18, 196:22-197:24; Exh. 38 at 23:14-24:4; Broad Decl., ¶¶ 20-24, Exhs. 12-13. | |
| (d) marketing channels and likelihood of expansion | <u>Fact 122:</u> Defendants continue to target the same potential users of graph database platforms and software and use the same channels via the internet. *See, e.g.,* Ratinoff Decl., Exhs. 14-15, 18, 25, 29, 37, 45-55, 57, 60-61, 65-66, 76-77, 118-119, 120, 127, 130-132, 134-135. | |
| | <u>Fact 123:</u> Neo4j USA and the PT Defendants competed for the same contracts in the government sector. Ratinoff Decl., Exhs. 42-51, 54-55, 100, 120, 127, 130-135; Broad Decl., ¶¶ 20-24, Exhs. 12-13. | |
| (e) intent | <u>Fact 124:</u> Defendants' use of the Neo4j® Mark to promote Plaintiffs' software with an improperly modified copyright license shows that they intend to copy them and confuse the public. *See supra* Facts 78-102. | |

I attest that the evidence cited herein fairly and accurately supports the facts as asserted by Plaintiffs Neo4j, Inc. and Neo4j Sweden AB.

Dated:  January 19, 2021                    By: _/s/ Jeffrey M. Ratinoff_

                                            Jeffrey M. Ratinoff, Attorney for Plaintiffs Neo4j, Inc. and Neo4j Sweden AB